

**JAMES E. JOHNSON**
*Corporation Counsel*

**The City of New York**
**LAW DEPARTMENT**
LABOR & EMPLOYMENT LAW
DIVISION
100 Church Street, 2nd Floor
NEW YORK, NEW YORK 10007

Rebecca G. Quinn
Phone: (212) 356-4382
Fax: (212) 356-2439
Email: rquinn@law.nyc.gov

July 17, 2020

**BY ECF**
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

                Re:    Uniformed Fire Officers Association, et al. v. Bill DeBlasio, et al.
                        20-cv-05441 (KPF) (RWL)

Dear Judge Failla:

        We are Assistants Corporation Counsel in the Office of James E. Johnson, Corporation Counsel for the City of New York assigned to represent the Defendants in the above-captioned action. We write to oppose the temporary restraining order and/or preliminary injunction sought by Plaintiffs in their Petition-Complaint dated July 14, 2020 to enjoin the release of certain records following the repeal of Civil Rights Law § 50-a. *See* Complaint, annexed as an Exhibit to Docket Entry #1. Defendants also request that the Court schedule a conference allowing the parties to be heard on Plaintiffs' temporary restraining order/preliminary injunction, in effect, lifting a stay issued by the state court following the removal of this matter to federal court. Alternatively, Defendants respectfully request that the Court compel Plaintiffs to file their application for a temporary restraining order/preliminary injunction before this Court so that the procedural safeguards inherent in such an application may commence.

        On June 12, 2020, the New York State Legislature and the Governor repealed Civil Rights Law § 50-a. The Plaintiff's are attempting to subvert the clear intent of that legislative action, which was to increase transparency by permitting the disclosure of the very disciplinary records (unsubstantiated, exonerated, and unfounded allegations) that the Plaintiff's now seek to enjoin. The law enforcement unions, including Plaintiffs, attempted to lobby the legislature to exclude unsubstantiated, exonerated and unfounded allegations from disclosure.

Had the legislature wanted to categorically exempt these records from disclosure, it would have done so in the legislation repealing § 50-a. Plaintiffs should not be permitted to contravene the legislature's purpose in repealing § 50-a through this litigation.

Defendants oppose Plaintiffs' application for a temporary restraining order/preliminary injunction on the basis that: (1) Plaintiffs have not identified a justiciable dispute with each of the Defendants; (2) Plaintiffs cannot demonstrate a likelihood of success on the merits of their claims and (3) they cannot identify an immediate, irreparable harm by the release of records contemplated by each of the Defendants. Each of these bases is discussed in further detail below.

Additionally, Defendants call the Court's attention to a stay issued in state court on July 14, 2020, which Plaintiffs filed at Docket Entry No. 3. *See also* Order, annexed hereto as Exhibit 1. This order, entered after the case was properly removed to federal court, stays the public release of disciplinary documents containing Unsubstantiated and Non-Final Allegations or that regard settlement agreements entered into prior to June 12, 2020 by Defendants and those in concert with them *pending the issuance of a stay* by this Court. Defendants respectfully request that the Court hold that the state court order does not have the effect of a temporary restraining order or preliminary injunction as it was issued without Defendants having the opportunity to be heard on the merits and was consented to on the record with the understanding that it would remain in effect only until the federal court could hear Plaintiffs' application. For the reasons detailed below, Defendants request that this Court deny Plaintiff's request for a temporary restraining order/preliminary injunction and that a stay not be entered by this Court. As such the denial of the temporary restraining order/preliminary injunction would have the effect of lifting the stay.

Alternatively, should this Court find that it is not able to effect a lift of the stay entered by the state court through denying Plaintiffs' application for a temporary restraining order in the Complaint, Defendants respectfully request that the Court order Plaintiffs to file their application for a temporary restraining order/preliminary injunction within 24 hours so that Defendants can be afforded the procedural protections inherent in such an application. As noted above, through the issuance of the stay in state court, along with Plaintiffs' failure to seek a temporary restraining order/preliminary injunction in this Court, Defendants have been, in effect, subject to a restraint without having had an opportunity to be heard on the merits of Plaintiffs' application.

A.  Plaintiffs' Request for a Temporary Restraining Order Must be Denied

To obtain a preliminary injunction, Plaintiffs must show: (1) that they will be irreparably harmed if the injunction is not granted; and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of the claims to make them a fair ground of litigation, and a balance of hardships tipping decidedly in their favor. *Forest City Daly Hous., Inc. v. Town of North Hempstead*, 175 F.3d 144, 149 (2d Cir. 1999). Plaintiffs are unable to meet either factor.

1. Irreparable Harm

Plaintiffs will not be irreparably harmed if a preliminarily injunction is not granted. The types of records Plaintiffs seek to prevent from disclosure – Unsubstantiated and Non-Final Allegations or that regard settlement agreements entered into prior to June 12, 2020 (hereinafter, "records") (Complaint, WHEREFORE paragraph, subparts 1 and 2) – have, for years, already been released for other public employees. Despite this, Plaintiffs fail to identify any examples where the release of the exact same disciplinary files has resulted in irreparable harm to any employee. For example, the Report and Recommendations of the New York City Office of Trials and Administrative Hearings ("OATH") which include disciplinary determinations of firefighters and correction officers have been public for many years. Notably, these decisions detail allegations against individuals and include whether the allegations are unsubstantiated or otherwise unfounded.[1] Given that this type of material has long been publically available, and Plaintiffs failure to point to even one instance where the public disclosure resulted in harm to other individuals, it is clear that the release of the records Plaintiffs seek to prevent disclosure of, will not cause irreparable harm.

Moreover, Plaintiffs have not actually identified a dispute with each of the City agencies named in this matter. Throughout their complaint, Plaintiffs refer to publication of such documents along with pending disciplinary complaints on internet databases. *See e.g.*, Complaint, ¶ 56. This is mere speculation on the part of Plaintiffs. Without any evidence that each of the Defendant agencies named plan to publicize the records in question on an internet database, Plaintiffs have only speculated that something needs to be enjoined. Defendants should not be subject to a preliminary injunction enjoining them from disclosing records, online or otherwise since Plaintiffs cannot establish they are intending to publish the record that they are opposed to. For example, the New York City Police Department intends to publish only Charges and Specifications, dispositions and penalties. By the Plaintiffs' admission, Charges and Specifications do not reflect "unsubstantiated" or non-final allegations. As Plaintiffs state in their Complaint, Charges and Specifications are served when "the investigation concludes that the conduct occurred in whole or in part and was at least somewhat improper." (Complaint, ¶ 44). Thus, Plaintiffs are seeking to enjoin NYPD from taking an action it does not plan to take. Further, Plaintiffs have not indicated what, if anything, they believe the Fire Department or the Department of Corrections intends to publish.

Significantly, Plaintiffs cannot obtain the relief they seek from the Civilian Complaint Review Board. Since the repeal of Civil Rights Law §50-a on June 12, 2020, CCRB has been releasing records, including of complaints that were ultimately unfounded, unsubstantiated or exonerated, in response to FOIL requests. Additionally, as of July 13, 2020, the CCRB released officer histories pursuant to a FOIL request. The response contained the officer histories of every active and retired member of the NYPD, which included unsubstantiated, exonerated and unfounded complaints. The response did not disclose any pending or open cases.

---

[1] The public can search for OATH decisions through their website: http://a820-isys.nyc.gov/ISYS/ISYS.aspx.

2. Likelihood of Success on the Merits

Because Plaintiffs have failed to establish that they would suffer irreparable harm in the absence of an injunction, the Second Circuit has held that there is "no need to reach the second portion of the preliminary injunction analysis." *Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir. 1995) 66 F.3d at 38-39.  Nonetheless, Plaintiffs' claims lack merit. With regard to Plaintiffs' claims pursuant to CPRL Article 75 concerning the breach of their collective bargaining agreement, such disputes are subject to mandatory arbitration. *See e.g.,* Police Benevolent Association Collective Bargaining Agreement, annexed hereto as Exhibit 2[2]. Additionally, Plaintiffs have alleged that some of their members have already filed and otherwise intend to file grievances to prevent the release of these records. (Complaint, ¶5). As such, the process for Plaintiffs' complaints to be heard via arbitration has already commenced.  Therefore, the court does not have jurisdiction over any breach of the collective bargaining agreements.

As to Plaintiffs' due process violation claims pursuant to §1983 and the New York State Constitution, Plaintiffs have not alleged that any settlement agreements were entered into without notice of the charges and an opportunity to be heard.  Plaintiffs merely allege that if they had known that Civ. Rights Law §50-a would be repealed, they may not have entered into the settlement agreements. That contention is completely speculative. Further, following Plaintiffs' argument to its conclusion would mean that no settlement agreement is valid under Section 1983 because there might be a subsequent change in law that alters its terms. That cannot be. For these same reasons, Plaintiffs' breach of contract claims also fails. Furthermore, Plaintiffs have not identified any property interest or liberty that will be harmed by the disclosure of these records; but rather speculatively contend that their reputation and privacy would be harmed.

Plaintiffs' Equal Protection violation claims under §1983 and the New York State Constitution fail as well. Plaintiffs allege that if Defendants release these records they will be treated differently from other public employees who they claim Defendants "treat fairly by protecting their privacy." (Complaint, ¶6). Specifically, they allege that unsubstantiated or exonerated allegations against other employees[3] are not made public. (Complaint, ¶63, 64). This is incorrect. As stated above, OATH, who adjudicates disciplinary charges for the majority of City employees, including DOC, FDNY and some NYPD cases, Reports and Recommendations are publically available online and contain charges that are ultimately adjudicated as not-guilty. Through the repeal of §50-a, Plaintiffs are in fact now treated similarly to other City employees.

As to Plaintiffs claims under CPLR Article 78, Plaintiff alleges that Defendants will make an error of law by disregarding other laws, aside from the repeal of §50-a, that prevent

---

[2] The CBA was attached as an exhibit to Plaintiffs' Memorandum of Law in support of their Petition-Complaint filed in state court and therefore contains Plaintiffs' exhibit designations.

[3] Notably, the types of employees who Plaintiffs reference (i.e., acupuncturists, dental hygienists, architects, athletic trainers) are not public employees.  Additionally, their citation to the status of licensed professionals is also inapplicable, as Plaintiffs are not licensed professionals. Their reliance on the status of these employees is a complete mischaracterization of how the City treats public employees in terms of the disclosure of disciplinary histories.

disclosure of private or personal information. This, again, is speculative. Plaintiffs offer no basis for their allegation that Defendants would disregard the law. Furthermore, any agency determination to release these records would not be arbitrary and capricious, but rather, a rational determination based upon the legislature's decision to repeal §50-a in the interest of government transparency. Moreover, Plaintiff's challenge is not ripe for an Article 78 proceeding. Plaintiff cannot point to any agency determination to release records without regard to privacy or FOIL laws that Plaintiffs could challenge through an Article 78 proceeding and thus Defendants made no arbitrary or capricious decision, and no decision that was effected by an error of law.

For these reasons, there is no likelihood of success on the merits and thus the temporary restraining order/preliminary injunction should be denied.

Respectfully submitted,

/s/

Rebecca G. Quinn
Assistant Corporation Counsel

/s/

Dominique Saint-Fort
Assistant Corporation Counsel

cc:    Anthony Coles (by ECF)
       DLA Piper
       *Attorney for Plaintiffs*