

DLA Piper LLP (US)
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Anthony Paul Coles
T (212) 335-4844
E anthony.coles@us.dlapiper.com

July 17, 2020
*VIA ECF*

Hon. Katherine Polk Failla
United States District Court, Southern District of New York
40 Foley Square
New York, NY 10007

**Re:** *Uniformed Fire Officers Association, et al. v. Bill de Blasio, et al.*
**20-cv-05441 (KPF)(RWL)**

Dear Judge Failla:

We represent the Plaintiffs/Petitioners ("Plaintiffs" or the "Officer Unions") and write in response to the letter dated July 17, 2020 (the "Letter") from the City of New York and the other Defendants/Respondents (the "Defendants" or the "City") concerning a TRO issued by State Supreme Court Justice Carol R. Edmead on July 15, 2020 (the "TRO", attached below as Exhibit 1 and filed as ECF No. 3). Plaintiffs will submit a more detailed response to the City's Letter no later than Monday July 20, unless the Court directs otherwise. As a preliminary response:

This case challenges the Defendants' unilateral pronouncements that they will immediately release information regarding unsubstantiated, unfounded, exonerated, or pending disciplinary matters ("Unsubstantiated and Non-Final Allegations") against thousands of firefighters, police officers, correction officers and other law enforcement personnel in the wake of the repeal of Civil Rights Law § 50-a. The Defendants have indicated their intent to publish and promote all active and retired police officer disciplinary records on the internet without regard for the fact that those records indisputably include Unsubstantiated and Non-Final Allegations that are meritless, constitute unwarranted invasions of privacy, and may destroy the reputations and imperil the safety of those affected officers and their families. Judge Edmead's TRO stayed the release of any Unsubstantiated and Non-Final Allegations.

The City removed this action to this Court after Justice Edmead made her initial rulings on July 15. Plaintiffs have outstanding requests for further TRO and preliminary injunctive relief that have not yet been ruled upon, which are explained in the State court Order to Show Cause and its supporting papers that are being filed in this Court in connection with the removal.

1. **The TRO issued July 15**. The TRO is valid and in effect, as Defendants' Letter acknowledges when it states that the TRO "was consented to on the record with the understanding that it would remain in effect only until the federal court could hear Plaintiffs' application." (Letter at 2.) Plaintiffs commenced this action in New York Supreme Court, New



York County, on July 14, 2020, by Order to Show Cause seeking a Temporary Restraining Order and preliminary and permanent injunctive relief to prevent the City from publicly releasing a "data-dump" of certain confidential individual records of New York City firefighters, police officers, and corrections officers. State Supreme Justice Carol R. Edmead heard argument from counsel for all parties the morning of July 15 and issued rulings. In the middle of the argument, the City announced that it was removing this case to federal court. The City then asserted to Justice Edmead that her rulings on a temporary restraint were not valid. After considering the matter, Justice Edmead determined that her rulings preceded the removal and issued the attached TRO against all Defendants and "those acting in concert with them":

> **ORDERED** that pending the issue of an Interim Stay before the United States District Court for the Southern District of New York, the Defendants/Respondents, and those acting in concert with them, are *Stayed* from publicly disclosing any records concerning Unsubstantiated and Non-Final Allegations or settlement agreements as defined in the instant Petition, entered into prior to June 12, 2020, relating to the repeal of N.Y.C. Civ. Rights Law §50-a(1).

The TRO remains in effect restraining Defendants and those acting in concert with them, until further order by this Court. The Court should rule after a full hearing and full briefing.

2. **The City is mistaken on the law**. The City asserts that Plaintiffs' Petition for temporary, preliminary and permanent relief should be denied, but the City is wrong on the law. Much of this is explained in the Memorandum of Law and other papers submitted in the State court on Plaintiffs' Order to Show Cause, which are being concurrently filed in this Court with this Letter. Additional arguments will be explained in Plaintiffs' fuller response to be sent on Monday, July 20. Full argument to this Court can be made in briefs under a schedule set by the Court. The need for temporary and preliminary relief is also supported by court orders in New Jersey on similar issues. *See* Order on Motion, *State Troopers Fraternal Assoc. v. State of New Jersey, et al.*, Superior Court of New Jersey, Appellate Div., No. A-003950-19T-4, July 8, 2020, attached hereto as Exhibit 2.

3. **Expedited discovery and prevention of any further release of information covered by the TRO**. The City's Letter asserts that some information at issue may have been released by the Civilian Complaint Review Board (CCRB) on July 13, 2020, but it is not clear what that was. Plaintiffs now, in this letter, request the CCRB and other Defendants to disclose immediately and clearly to Plaintiffs exactly and in full what has been released, when, and to whom. Plaintiffs also seek immediate expedited discovery, which will be explained more fully in the letter to be sent to the Court on July 20.



       4. **<u>A hearing on a preliminary injunction</u>**. At a conference next week, the Court should set a date for a preliminary injunction hearing and a briefing and expedited discovery schedule.

       We are available, of course, if the Court desires further information.

                    Respectfully submitted,

                    **DLA Piper LLP (US)**

                    Anthony P. Coles

rm

cc:     All counsel of record (*via* ECF)