# Exhibit 1

# SERGEANTS BENEVOLENT ASSOCIATION

## POLICE DEPARTMENT, CITY OF NEW YORK

35 Worth Street, New York, NY 10013
212.226.2180 FAX 212.431.4280
www.sbanyc.org

Edward D. Mullins
President

Vincent J. Vallelong
Vice President

Paul A. Capotosto
Treasurer

John Dorst
Recording Secretary

Anthony Borelli
Financial Secretary

Vincent Guida
Health & Welfare Secretary

Edmund Small
City-Wide Secretary

July 13, 2020

**VIA E-MAIL & HAND DELIVERY**
John P. Beirne
Deputy Commissioner
Office of Labor Relations
New York City Police Department
One Police Plaza, Room 304
New York, NY 10038

Re:    **Group Grievance - Publication of Personnel/Disciplinary Records**

Dear Deputy Commissioner Beirne:

Please accept this letter as the formal filing of a grievance on behalf of the S.B.A.  This is a group grievance on behalf of all S.B.A. members and is accordingly submitted at Step III of the grievance procedure pursuant to Article XX, Section 4, of the 2005 – 2011 collective bargaining agreement, as amended by the 2011 – 2018 memorandum of agreement (collectively "CBA").

**Statement of Grievance:**
The City violated Article XV, Sections 7(c) and 8, of the CBA currently in full force and effect between the parties, when it announced the imminent publication of information regarding unsubstantiated, unfounded, exonerated, and unadjudicated departmental allegations against active and retired S.B.A. members, thus depriving them of the benefit of these contractual provisions.

INDEX NO. 154982/2020
RECEIVED NYSCEF: 07/14/2020

Case 1:20-cv-05441-KPF   Document 10-3   Filed 07/17/20   Page 3 of 40

**Remedy Requested**:
Cease and desist.

Kindly respond to this grievance within the time frame provided in Article XX of the CBA.  As always, please feel free to contact me should you have any questions or wish to discuss this matter further.

Very truly yours,

Edward Mullins
President



**OFFICE OF THE PRESIDENT**

July 13, 2020

**VIA E-MAIL & HAND DELIVERY**
John P. Beirne
Deputy Commissioner
Office of Labor Relations
New York City Police Department
One Police Plaza, Room 304
New York, NY 10038

**Re:    Group Grievance, Release of Police Officer Personnel Records, Violation of Article XVI, Section 7(c) and Section 8 of the Collective Bargaining Agreement**

Dear Commissioner Beirne:

We write on behalf of all members of the Police Benevolent Association of the City of New York Inc. ("PBA") to object to the City of New York ("City") and New York City Police Department ("NYPD" or "Department") imminent publication of information regarding unsubstantiated, unfounded, exonerated and unadjudicated allegations against active and retired police officers. The City's release of such information would be in violation of Article XVI, Sections 7(c) and Section 8 of the Collective Bargaining Agreement between the PBA and the City of New York ("Agreement").

On June 12, 2020, Chapter 96 of the Laws of 2020 ("Chapter 96") was signed into law. Chapter 96 repealed Civil Rights Law 50-a, which, in sum, made police officer personnel records confidential, and exempt from disclosure, inspection or review absent the subject police officer's consent, or authorization by a court. Chapter 96 did not rescind or amend other exemptions to disclosure provided pursuant to New York State's Freedom of Information Law ("FOIL", Public Officer's Law § 84, *et seq.*), except that it amended the FOIL law to require agencies to redact certain personal information, and to permit agencies to redact information regarding technical infractions, from law enforcement records prior to disclosure. Chapter 96 also did not amend or in any way disturb the rights of public employees or their collective bargaining agents pursuant to the Taylor Law (Civil Service Law § 200, *et seq.*), the New York City Collective Bargaining

1

Law (New York City Administrative Code § 12-301, *et seq.*) or the agreements collectively bargained pursuant to those laws.[1]

At a press conference on June 17, 2020, Mayor Bill De Blasio announced that the City planned to release to the public all new NYPD Trial Room decisions, and information regarding approximately 1,100 disciplinary cases relating to members of the service, including the accused's names, charges, hearing dates and final dispositions. Mayor De Blasio also declared that the City planned to publish an online database containing detailed information regarding members' personnel records and disciplinary history.

On or about June 25, 2020, the NYPD sent an email message to all uniformed members of the service regarding Chapter 96 and other recently enacted legislation affecting law enforcement (the "June 25th Message"). The June 25th Message stated in part that "the new law [Chapter 96] requires the release of substantiated, unsubstantiated, unfounded and exonerated allegations." In response, on June 29, 2020 PBA President Patrick J, Lynch and General Counsel Michael T. Murray wrote to Police Commissioner Dermot Shea objecting to the Department's announced policy and urging it to apply the various exemptions allowed under FOIL to lawfully withhold documents related to unsubstantiated, unfounded, exonerated and unadjudicated allegations against police officers.

On or about July 2, 2020, the NYPD's Chief of Personnel's office summoned representatives of all of the uniformed unions for a meeting.[2] At the meeting, NYPD representatives informed the unions that the Department intended, as a first step in relation to what it viewed as its new disclosure obligations, to release summaries of all charges and specifications currently pending against uniformed members of the service. The PBA and the other uniformed unions strongly objected to the announcement on various legal and practical bases. In a subsequent meeting on July 9, 2020, the Department reiterated its prior position and again informed the unions that the summaries of pending disciplinary charges would be released on or about July 15, 2020, and that publication of additional information regarding all manner of personnel records, including unsubstantiated, unfounded and exonerated allegations, would follow at an as-yet undetermined, but imminent date.

I.   **The City Will Violate Article XVI Section 7(c) of the Agreement if it Releases Personnel Records**

Article XVI, Section 7(c) of the Agreement provides:

---

[1] The PBA expressly reserves all rights under the Taylor Law, the NYCCBL, FOIL and other applicable law to enforce any rights that have been infringed upon by the City and the Department's policies relating to the release of personnel records.

[2] The Department initially informed the unions that the purpose of the meeting was to discuss recently passed legislation regarding the use of chokeholds when effecting arrests. The unions were informed only just before arriving for the meeting that the Department instead intended to discuss the disclosure of personnel records.

> The Department will, upon written request to the Chief of Personnel
> by the individual employee, remove from the Personal Folder
> investigative reports which, upon completion of the investigation,
> are classified "exonerated" and/or "unfounded."

The Personal Folder acts as a central repository for the personnel records of a police officer throughout his or her career. The purpose of Article XVI, Section 7(c) is to protect police officers from adverse consequences that may result from allegations of misconduct that have been determined to be false or unproven. The City's publication of final Trial Room decisions, databases or any other personnel record that includes information regarding unsubstantiated, unfounded and exonerated allegations would effectively nullify Article XVI, Section 7(c). Once the allegations are published by the Department and available to anyone for any purpose, removing them from the Personal Folder would be futile. The public allegations could be used by the Department to influence personnel decisions, including determinations relating to promotions, transfers, detail assignments and overtime eligibility. More troubling, the information will undoubtedly be used by members of the public, including anti-police advocates, to harm the reputation of police officers, undermine their ability to continue to effectively perform police work, prevent them from obtaining employment outside of the Department, and subject them and their families to harassment, and possibly violence.

The City's imminent publication of all *pending* disciplinary charges, or any summary, database or record containing information regarding those pending charges, would also negate the rights provided by Article XVI, Section 7(c). Many pending charges will ultimately result in a finding that the allegations are exonerated or unfounded. Yet the City intends to release the allegations, purportedly without any exception or practical consideration of the potential harm to police officers, before the officers even have an opportunity to defend against the charges and request that the record of the allegations be removed from their Personal Folders pursuant to Article XVI. Section 7(c). Information regarding those pending charges will be used to harm police officers, who will have no longer have an opportunity to clear their record by having them expunged.

## II. The City Will Violate Article XVI Section 8 of the Agreement if it Releases Personnel Records

Article XVI, Section 8 of the Agreement provides:

> Where an employee has been charged with a "Schedule A"
> violation as listed in Patrol Guide 118-2 and such case is heard in
> the Trial Room and disposition of the charge at trial or on review
> or appeal therefrom is other than "guilty", the employee concerned
> may, after 2 years from such disposition, petition the Police
> Commissioner for a review for the purpose of expunging the
> record of the case. Such review will be conducted by a board
> composed of the Deputy Commissioner - Trials, Department
> Advocate, and the Chief of Personnel, or their designees.  The
> Board will make a recommendation to the Police Commissioner.

The employee concerned will be notified of the final decision of the Police Commissioner by the Deputy Commissioner - Trials.

The City's planned publication of Trial Room decisions, pending charges and any other records relating to Schedule A violations where there has been any disposition other than a guilty finding is in violation of Article XVI, Section 8. If the City releases records relating to Schedule A violations, whether the allegations are final or pending, the records will be available to anyone wishing to harm the career or reputation of a police officer. Police officers will be irreversibly deprived of their right under the Agreement to have those records expunged.

\*\*\*

For the reasons set forth above, the City and NYPD's plan to imminently publish Trial Room decisions, pending disciplinary charges or summaries of such charges, databases or any other records that include information regarding unsubstantiated, unfounded and exonerated allegations, as well as records relating to Schedule A violations with dispositions other than guilty, will, if executed, be in clear violation of Article XVI Sections 7(c) and 8 of the Agreement. Accordingly, we request that the City and Department cease and desist from publishing that information.

Please contact me if you would like to discuss.

Very truly yours,

Patrick J. Lynch

cc: John Puglissi
Michael T. Murray

4

INDEX NO. 154982/2020

RECEIVED NYSCEF: 07/14/2020

LAW OFFICES OF

# GREENBERG BURZICHELLI GREENBERG P.C.

HARRY GREENBERG
ROBERT J. BURZICHELLI *
SETH H. GREENBERG *
____
DANIEL DOESCHNER
SANDY JAINAUTH-BARONE *+

3000 MARCUS AVENUE, SUITE1W7
LAKE SUCCESS, NEW YORK 11042
PHONE: 516-570-4343
FAX: 516-570-4348
* * * * *
225 BROADWAY, SUITE 1515
NEW YORK, NEW YORK 10007
PHONE: 516-570-4343

WWW.GBGLAWOFFICE.COM
E-MAIL: FIRST INITIAL AND
LAST NAME@GBGLAWOFFICE.COM

*ALSO ADMITTED IN NEW JERSEY
+ ALSO ADMITTED IN PENNSYLVANIA

July 13, 2020

***VIA ELECTRONIC & FIRST CLASS MAIL***

Hon. Dermot Shea
Commissioner
New York City Police Department
One Police Plaza, 14th Floor
New York, New York 10038

Deputy Commissioner John Beirne
Chairman, Personnel Grievance Board
New York City Police Department
One Police Plaza, 7th Floor
New York, New York 10038
E-mail: jbeirne@nypd.org

**Re:    LBA Grievance re: Disclosure of Names, Records, and Other Information**

Dear Commissioners Shea and Beirne:

This office is counsel to the Lieutenants Benevolent Association ("LBA"). Please consider this correspondence the filing of a group grievance on behalf of all affected LBA represented employees, pursuant to Article XXI of the LBA's Collective Bargaining Agreement with the City of New York.[1]

On or about June 23, 2020, Police Department representatives informed representatives of the five uniformed unions that the Police Department was planning to release information to the public consisting of complaints of police misconduct that resulted in disciplinary charges, including complaints and charges which are pending as well as those that have been investigated and/or heard but where the result was classified as "exonerated," "unsubstantiated," "unfounded," and "not guilty." I am informed that included among this bulk information release will be complaints filed with the Civilian Complaint Review Board ("CCRB"). In a second meeting held days later, the Police Department's Legal Bureau informed the five uniformed

---

[1] Article XXI, Section 4 provides that where adjustments to grievable disputes at Step I and Step II of the grievance procedure are impracticable, such grievances "may be instituted at Step III." Additionally, "[g]rievances which affect substantial numbers of employees may be compressed by elimination of the fourth Step of the grievance procedure." Accordingly, this grievance is being filed at Steps III and IV simultaneously.

1

unions that, beginning on or about July 15, 2020, the Department would be publicly disclosing approximately 600 names of uniformed members of the service, of all ranks, who have charges pending, as well as potentially other information.

If and when effectuated, the actions of the Police Department would result in various violations of LBA represented employees' rights, in that it would: (1) improperly release information (alleged) about an officer while charges are pending, notwithstanding that such officer had not be afforded due process and the rules governing such process require such information be deemed confidential pending adjudication; (2) improperly disclose information regarding complaints and charges, including those classified as other than "guilty," to the extent they are required to have been sealed, removed, expunged, and/or otherwise destroyed from Police Department records; and (3) improperly disclose information regarding Schedule "A" and Schedule "B" command discipline to the extent to which they are required to have been sealed, removed, expunged, and/or destroyed from Police Department records.

These actions, therefore, violate the LBA's Collective Bargaining Agreement, NYPD Patrol Guide, and Rules of the CCRB incorporated by reference in the NYPD Patrol Guide. Specifically, but without limitation, the actions above, violate: Article XVI of the LBA's Collective Bargaining Agreement, including but not limited to Section 7(c) ("Personal Folder"), Section 8 ("Disciplinary Records"), and Section 9 ("Disciplinary Procedures"); relevant and applicable Patrol Guide Procedures, including but not limited to Patrol Guide Procedure Nos. 206-02, 206-03, 206-14, 206-15, 206-18, 211-14, and all other rules, regulations, or procedures of the Police Department affecting terms and conditions of employment applicable to investigations and disciplinary procedures; as well as Rules of the CCRB which only permit disclosure to a complainant and only with such information "[i]f an allegation is substantiated and charges are recommended by the Board." (CCRB Rules, §1-53(c), related to "communications with and notifications to complainants regarding status of complaint.") Further, this grievance is intended to cover the failure of the Police Department to remove, destroy, expunge, and/or seal those complaints, charges, command disciplines, or other records which were required to have been removed, destroyed, expunged, and/or sealed and were not.

As a remedy, the LBA requests the Police Department: (1) cease and desist from the planned public disclosure or other release of any and all such information and/or records; (2) forthwith remove, destroy, expunge, and/or destroy all records required to be destroyed pursuant to the LBA's Collective Bargaining Agreement and/or applicable Patrol Guide or other rules and regulations; (3) comply with the applicable contractual provisions and Department rules, regulations, or procedures; and (4) take such further and other steps to ensure no such further actions or planned actions to disclose such information and/or records without the specific knowledge and consent of affected LBA represented employees.

By this correspondence, I am also requesting that the LBA and its affected represented employees be notified whenever a request for information is received by the Police Department involving such employees' personnel or other records is made and before any such information/record is disclosed.

INDEX NO. 154982/2020
Case 1:20-cv-05441-KPF   Document 10-3   Filed 07/17/20   Page 12 of 40
RECEIVED NYSCEF: 07/14/2020

As I am sure you can appreciate, once released, such disclosure cannot be undone. This may result in irreparable harm to employees affected, including with regard to their reputation, privacy, and right to due process. Thus, given the time sensitive nature of the matters addressed in this grievance and request, I ask that a response be provided forthwith.

Should you have any questions or seek to discuss this matter further, the LBA is or will make itself available to meet in-person or by phone. We eagerly await your reply.

Very truly yours,

Harry Greenberg

cc:   Louis Turco, LBA President
       Sgt. Jesse Smith, NYPD Office of Labor Relations (via e-mail only)

Case 1:20-cv-05441-KPF   Document 10-3   Filed 07/17/20   Page 13 of 40

LAW OFFICES OF

# GREENBERG BURZICHELLI GREENBERG P.C.

HARRY GREENBERG
ROBERT J. BURZICHELLI *
SETH H. GREENBERG *
————
DANIEL DOESCHNER
SANDY JAINAUTH-BARONE *+

*ALSO ADMITTED IN NEW JERSEY
+ ALSO ADMITTED IN PENNSYLVANIA

3000 MARCUS AVENUE, SUITE1W7
LAKE SUCCESS, NEW YORK 11042
PHONE: 516-570-4343
FAX: 516-570-4348
* * * * *
225 BROADWAY, SUITE 1515
NEW YORK, NEW YORK 10007
PHONE: 516-570-4343

WWW.GBGLAWOFFICE.COM
E-MAIL: FIRST INITIAL AND
LAST NAME@GBGLAWOFFICE.COM

July 13, 2020

**_VIA ELECTRONIC & FIRST CLASS MAIL_**
Hon. Dermot Shea
Commissioner
New York City Police Department
One Police Plaza, 14th Floor
New York, New York 10038

Deputy Commissioner John Beirne
Chairman, Personnel Grievance Board
New York City Police Department
One Police Plaza, 7th Floor
New York, New York 10038
E-mail: jbeirne@nypd.org

Re:   **CEA Grievance re: Disclosure of Names, Records, and Other Information**

Dear Commissioners Shea and Beirne:

This office is counsel to the Captains' Endowment Association ("CEA"). Please consider this correspondence the filing of a group grievance on behalf of all affected CEA represented employees, pursuant to Article XVIII of the CEA's Collective Bargaining Agreement with the City of New York.[1]

On or about June 23, 2020, Police Department representatives informed representatives of the five uniformed unions that the Police Department was planning to release information to the public consisting of complaints of police misconduct that resulted in disciplinary charges, including complaints and charges which are pending as well as those that have been investigated and/or heard but where the result was classified as "exonerated," "unsubstantiated," "unfounded," and "not guilty." I am informed that included among this bulk information release will be complaints filed with the Civilian Complaint Review Board ("CCRB"). In a second meeting held days later, the Police Department's Legal Bureau informed the five uniformed

---

[1] Article XVIII, Section 4 provides that where adjustments to grievable disputes at Step I and Step II of the grievance procedure are impracticable, such grievances "may be instituted at Step III." Additionally, "[g]rievances which affect substantial numbers of employees may be compressed by elimination of the fourth Step of the grievance procedure." Accordingly, this grievance is being filed at Steps III and IV simultaneously.

1

unions that, beginning on or about July 15, 2020, the Department would be publicly disclosing approximately 600 names of uniformed members of the service, of all ranks, who have charges pending, as well as potentially other information.

If and when effectuated, the actions of the Police Department would result in various violations of LBA represented employees' rights, in that it would: (1) improperly release information (alleged) about an officer while charges are pending, notwithstanding that such officer had not be afforded due process and the rules governing such process require such information be deemed confidential pending adjudication; (2) improperly disclose information regarding complaints and charges, including those classified as other than "guilty," to the extent they are required to have been sealed, removed, expunged, and/or otherwise destroyed from Police Department records; and (3) improperly disclose information regarding Schedule "A" and Schedule "B" command discipline to the extent to which they are required to have been sealed, removed, expunged, and/or destroyed from Police Department records.

These actions, therefore, violate the CEA's Collective Bargaining Agreement, NYPD Patrol Guide, and Rules of the CCRB incorporated by reference in the NYPD Patrol Guide. Specifically, but without limitation, the actions above, violate: Article XIV of the CEA's Collective Bargaining Agreement, including but not limited to Section 7(c) ("Personal Folder"); relevant and applicable Patrol Guide Procedures, including but not limited to Patrol Guide Procedure Nos. 206-02, 206-03, 206-14, 206-15, 206-18, 211-14, and all other rules, regulations, or procedures of the Police Department affecting terms and conditions of employment applicable to investigations and disciplinary procedures; as well as Rules of the CCRB which only permit disclosure to a complainant and only with such information "[i]f an allegation is substantiated and charges are recommended by the Board." (CCRB Rules, §1-53(c), related to "communications with and notifications to complainants regarding status of complaint.") Further, this grievance is intended to cover the failure of the Police Department to remove, destroy, expunge, and/or seal those complaints, charges, command disciplines, or other records which were required to have been removed, destroyed, expunged, and/or sealed and were not.

As a remedy, the CEA requests the Police Department: (1) cease and desist from the planned public disclosure or other release of any and all such information and/or records; (2) forthwith remove, destroy, expunge, and/or destroy all records required to be destroyed pursuant to the CEA's Collective Bargaining Agreement and/or applicable Patrol Guide or other rules and regulations; (3) comply with the applicable contractual provisions and Department rules, regulations, or procedures; and (4) take such further and other steps to ensure no such further actions or planned actions to disclose such information and/or records without the specific knowledge and consent of affected LBA represented employees.

By this correspondence, I am also requesting that the CEA and its affected represented employees be notified whenever a request for information is received by the Police Department involving such employees' personnel or other records is made and before any such information/record is disclosed.

As I am sure you can appreciate, once released, such disclosure cannot be undone. This may result in irreparable harm to employees affected, including with regard to their reputation,

privacy, and right to due process.  Thus, given the time sensitive nature of the matters addressed in this grievance and request, I ask that a response be provided forthwith.

Should you have any questions or seek to discuss this matter further, the CEA is or will make itself available to meet in-person or by phone.  We eagerly await your reply.

Very truly yours,

Harry Greenberg

cc:    Christopher Monahan, CEA President
       Sgt. Jesse Smith, NYPD Office of Labor Relations (via e-mail only)

FILED: NEW YORK COUNTY CLERK 07/14/2020 09:50 PM INDEX NO. 154982/2020

NYSCEF DOC. NO. 2 RECEIVED NYSCEF: 07/14/2020



## CORRECTION OFFICERS' BENEVOLENT ASSOCIATION, INC.
"PATROLLING THE TOUGHEST PRECINCTS IN NEW YORK"

**BENNY BOSCIO JR.**
President

**JOSEPH BRACCO**
1st Vice President

**GLENN MORGAN**
2nd Vice President

**KEISHA WILLIAMS**
3rd Vice President

**MICHAEL MAIELLO**
Treasurer

**LIONEL CUMBERBATCH**
Financial Secretary

**HERMAN JIMINIAN**
Legislative Chairman

**ANTOINETTE ANDERSON**
Corresponding Secretary

**ANGEL CASTRO**
Recording Secretary

**FELIX SANCHEZ**
Sergeant-At-Arms

**ASHAKI ANTOINE**
First City-Wide Trustee

**CHARLES WINGATE**
Manhattan Borough Trustee

**EDWARD YATES**
Brooklyn Borough Trustee

**MATTHEW ROMANO**
Bronx Borough Trustee

**NEIL RENOIS**
Queens Borough Trustee

**BISHOP WILLIAM
RAYMOND WHITAKER II**
Chaplain

**WILLIAM KWASNICKI**
Retiree Consultant

**KOEHLER & ISAACS, LLP**
COBA Attorney

July 13, 2020

Renee Campion
Commissioner
Office of Labor Relations
22 Cortlandt Street
New York, NY 10007

**RE: COBA GRIEVANCE NO. 2020-04**
**CLASS ACTION – COMMAND DISCIPLINE**

Dear Commissioner Campion:

The Correction Officers Benevolent Association, Inc. submits the above-referenced grievance directly to Step III level of the grievance procedure in accordance with the Collective Bargaining Agreement, Article XXI, Section 4.

Please forward your response in accordance with the COBA contract.
Thanking you in advance for your assistance and cooperation in this matter.

Sincerely,

Benny Boscio
President









**CORRECTION OFFICERS' BENEVOLENT ASSOCIATION, INC.**
*"PATROLLING THE TOUGHEST PRECINCTS IN NEW YORK"*
*77-10 21ˢᵗ Avenue*
*East Elmhurst, NY 11370*
*Phone 212-274-8000/ Fax 212-274-8255*
**GRIEVANCE FORM**

*Please Refer To The C.O.B.A. Contract, Rules & Regulations, Directives & Operation Orders To Determine If Your Complaint Is In Fact Grievable*

| Date<br>July 13, 2020 | Command<br>All | |
|---|---|---|

| Grievant's Name: Benny Boscio, et al. | Shield # | Grievant's Signature |
|---|---|---|
| For Office Use Only<br><br>Grievance Number: | | Cite Contract, Rules and Regulations, Directives & Operation Orders violated<br>CBA Article XVI, Section11, DOC Directive 4257R-A, VI(6) and X. |

**Submitted By Check One: Self __ Delegate ___ Union _X_**

Witness

Statement of Facts, include date(s) of occurrence (Use additional sheets if necessary)

Under CBA Article XVI, any member may have removed from her or his personnel folder investigative reports which are classified exonerated or unfounded. Under DOC Directive 4257R-A, VI(6), when at a command disciplinary hearing a Hearing Officer determines that the allegations are not substantiated, no record of the command disciplinary charges are to be maintained except in the command discipline log. Under that same directive, article X, a substantiated command discipline shall be expunged from the member's personnel folder after one year if they have not been penalized thereafter in a separate disciplinary matter during that time

The City and this Agency have violated the above provisions by permitting the public access to unsubstantiated or unfounded allegations, or founded command discipline which will be expunged from their personnel folder.

**Remedy Being Sought: (Use Additional Sheets If Necessary)**
Find that the City violated the above provisions of the CBA. Order the City to cease and desist, and make the grievant whole in every way.

*In accordance with the Collective Bargaining Agreement Article XXI Section 2, AThe Head of the facility shall take any steps necessary to a proper disposition of the grievance and shall reply in writing by the end of the third work day following the date of submission. Section 7, cites A The City shall notify the Union in writing of all grievances filed by employees, all grievance hearings, and all determinations. The Union shall have the right to have a representative present at any grievance hearing and shall be given forty-eight (48) hours notice of all grievance hearings.*

**Warden's Response: (Use Additional Sheets If Necessary)**

| Date of Warden's Response: | Warden's Signature: | |
|---|---|---|
| For Office Use Only: | Received By: | Date: |

Case 1:20-cv-05441-KPF  Document 10-3  Filed 07/17/20  Page 20 of 40

### Section 11. Personnel Folder

The Department will upon written request to the Chief of Administration by the individual employee, remove from the personnel folder, investigative reports which upon completion of the investigation are classified exonerated and/or unfounded.

### Section 12. Disciplinary Record

The past disciplinary or work record of an employee may not be revealed during a Section 75, Civil Service Law, disciplinary proceeding until a determination as to guilt or innocence of the member has been determined.

### Section 13. Thirty-Day Suspension Review Committee

a. There shall be a Thirty (30) Day Suspension Review Committee to review appeals of suspensions of Correction Officers suspended for a period of greater than thirty (30) days without pay for involvement in impermissible use of force or line of duty incidents. All such suspensions will be heard by the committee on a case-by-case basis.

b. The Suspension Review Committee shall be headed by a Chairperson designated by the Commissioner, whose duty it shall be to convene the committee.

c. The Committee will consist of five (5) voting members:
 I.   The Chairperson
 II.  The Chief of Department or designee;
 III. Warden from the facility to which the suspended officer is assigned;
 IV.  Investigation Division Representative;
 V.   Union or Line Representative.

d. The Committee shall meet on a monthly basis, or more often if necessary, to review any suspensions of greater than thirty (30) days for involvement in impermissible use of force or line of duty incidents, which have not been revoked under the existing procedures.

e. The Committee will issue a recommendation to the Commissioner as to whether the member should be returned to regular or modified duty after serving the first thirty (30) days of the suspension.

f. Final authority to return a suspended officer to duty will remain within the sole and exclusive discretion of the Commissioner.

### Section 14. Short Sleeve Shirts

Correction Officers may wear short sleeve shirts and no ties on inside posts all year around.

415R



THE CITY OF NEW YORK
DEPARTMENT OF CORRECTION

## DIRECTIVE

| [ ] NEW    [ ] INTERIM    [x] REVISED | SUBJECT | |
|---|---|---|
| EFFECTIVE DATE **12/22/05**     *TERMINATION DATE   /   / | **COMMAND DISCIPLINE** | |

| CLASSIFICATION # **4257R-A** | SUPERSEDES **4257** | DATED **05/05/88** | APPROVED FOR WEB POSTING [ ] YES   [X] NO | DISTRIBUTION **A** | PAGE **1** OF 17 PAGES |
|---|---|---|---|---|---|

| RECOMMENDED FOR APPROVAL BY REVIEW BOARD MEMBER | AUTHORIZED BY THE COMMISSIONER |
|---|---|
| ROBERT N. DAVOREN, CHIEF OF DEPARTMENT    SIGNATURE | MARTIN F. HORN         SIGNATURE |

## I. PURPOSE

To permit a Commanding Officer to adjudicate minor violations by uniformed members without resorting to formal charges and Administrative Hearings.

## II. DEFINITION

Command Discipline is informal, non-adversarial, non-judicial punishment available to a Commanding Officer to correct minor deficiencies and to maintain discipline among uniformed members within his/her Command.

Command Disciplines are processed by Hearing Officers:

A.  Within Facilities and/or Divisions commanded by a Warden, the Warden may designate a Deputy Warden as a Hearing Officer to process Command Discipline. Otherwise the Warden shall function as the Hearing Officer.

B.  Within facilities commanded by a Deputy Warden or below, this responsibility is charged to the Commanding Officer.

C.  When a Deputy Warden is the subject of the Command Discipline, the interview shall be conducted by a Warden assigned to a different command within the same division, who shall function as the Hearing Officer.

## III. APPLICATION

This directive applies to all pending Departmental disciplinary matters eligible for processing pursuant to this Directive. This Directive shall have no retroactive effect upon disciplinary matters which have already been disposed of pursuant to Section 75 of the Civil Service Law, negotiated settlements or by previous Command Discipline applications.

416R

| | EFFECTIVE DATE **12/22/05** | SUBJECT | | |
|---|---|---|---|---|
| | CLASSIFICATION # **4257R-A** | **COMMAND DISCIPLINE** | | |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **2** OF **17** PAGES | |

## IV.   VIOLATIONS SUBJECT TO COMMAND DISCIPLINE

If a Hearing Officer determines that the nature of a violation is such that a corrective interview or other non-disciplinary measures would be inappropriate, he or she must propose Command Discipline <u>except</u> in the following situations where formal disciplinary charges must be commenced:

1.   The violation involves any of the following allegations:

    a.   Erroneous discharge of an inmate;

    b.   Escape of an inmate;

    c.   Excessive or unnecessary use of force against an inmate;

    d.   Failure to report excessive or unnecessary use of force against an inmate;

    e.   Use, sale or possession of drugs or contraband;

    f.   Failure to exercise extreme care in the use or safekeeping of a personal or departmental firearm. However, after investigation, these cases may be returned to the Commanding Officer for Command Discipline and shall be classified as Schedule D violations;

    g.   Sleeping on duty.

2.   Any of the following circumstances is applicable:

    a.   The member is on probation pursuant to a previous disciplinary proceeding;

    b.   The member has been suspended without pay pending disciplinary charges because of the alleged violation;

    c.   The member has been found guilty of violations at three (3) or more Command Discipline proceedings or two (2) or more formal disciplinary proceeding within the twelve (12) months prior to the date of the current violation. Charges that have been administratively filed as a disposition are not to be considered as findings of guilt.

416R

| | EFFECTIVE DATE **12/22/05** | SUBJECT | | |
|---|---|---|---|---|
| | CLASSIFICATION # **4257R-A** | **COMMAND DISCIPLINE** | | |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **3** OF **17** PAGES | |

## IV.   VIOLATIONS SUBJECT TO COMMAND DISCIPLINE (cont.)

3.   Even in those situations where Command Discipline is required by this Directive, if the Commanding Officer determines that aggravating facts and circumstances warrant the filing of formal disciplinary charges he/she may do so.  In such a case, the Hearing Officer shall include in the Memorandum of Complaint a statement explaining why Command Discipline is inappropriate. Nothing in this Directive shall impede the right or discretion of the Investigation Division or the Trials and Litigation Division to revert any Memorandum of Complaint to a Command Discipline in the form of a Negotiated Plea Agreement.

## V.   PENALTIES

A.   A Hearing Officer may impose the following penalties upon a member who agrees to accept Command Discipline:

1.   A written or an oral reprimand.

2.   Forfeiture of up to five (5) vacation days.

3.   Forfeiture of accrued compensatory time in amount not to exceed five (5) tours of duty.

4.   Revocation of permission to engage in outside employment for a fixed period of time, not to exceed thirty (30) days, when the violation is related to outside employment.

5.   Change of assignment and/or loss of a steady tour within the Command for a fixed or indefinite period of time.

B.   Penalties for violations specified in Schedules A through D shall be uniformly imposed as follows for members who have not been found guilty of a violation at any Command Discipline or formal disciplinary proceeding during the previous twelve (12) months.

1.   SCHEDULE A VIOLATIONS

a.   Reprimand, or loss of

b.   One (1) vacation day, or

c.   One (1) day compensatory time.

d.   Change of assignment and/or loss of a steady tour.

416R



| | EFFECTIVE DATE<br>**12/22/05** | SUBJECT<br><br>**COMMAND DISCIPLINE** | |
|---|---|---|---|
| | CLASSIFICATION #<br>**4257R-A** | | |
| | DISTRIBUTION<br>**A** | APPROVED FOR WEB POSTING<br>☐ YES  ☒ NO | PAGE **4** OF<br>**17** PAGES |



## V.   PENALTIES (cont.)

2.   SCHEDULE B VIOLATIONS

a.   Loss of two (2) vacation days, or

b.   Two (2) days compensatory time.

c.   Change of assignment and/or loss of a steady tour.

3.   SCHEDULE C VIOLATIONS

a.   Loss of three (3) vacation days, or

b.   Three (3) days compensatory time.

c.   Change of assignment and/or loss of a steady tour.

4.   SCHEDULE D VIOLATIONS

a.   Loss of four (4) vacation days, or

b.   Four (4) days compensatory time.

c.   Change of assignment and/or loss of a steady tour.

C.   INCREASED PENALTIES

If however, the member has been found guilty of violations at one (1) or two (2) Command Discipline proceedings and/or one (1) formal disciplinary proceeding within the twelve (12) months prior to the date of the current violation, the penalty imposed shall be increased as follows:

1.   A finding of guilt at one (1) Command Discipline proceeding within the previous twelve (12) months. Increase the penalty by one (1) day.

EXAMPLES

a.   Schedule A: One (1) day becomes two (2) days.

b.   Schedule B: Two (2) days becomes three (3) days.

416R

| | EFFECTIVE DATE<br>**12/22/05** | SUBJECT | | |
| --- | --- | --- | --- | --- |
| | CLASSIFICATION #<br>**4257R-A** | **COMMAND DISCIPLINE** | | |
| | DISTRIBUTION<br>**A** | APPROVED FOR WEB POSTING<br>☐ YES  ☒ NO | PAGE **5** OF<br>**17** PAGES | |

## V.   PENALTIES (cont.)

c.   Schedule C: Three (3) days becomes four (4) days.

d.   Schedule D: Four (4) days become five (5) days.

2.   A finding of guilt at two (2) Command Discipline proceeding within the previous twelve (12) months and/or a finding of guilt at a formal disciplinary proceeding within the previous twelve (12) months.  Increase the penalty by·two (2) days, except for Schedule D Violations which, in this situation, require formal charges.

EXAMPLES

a.   Schedule A: One (1) day becomes three (3) days.

b.   Schedule B: Two (2) days becomes four (4) days.

c.   Schedule C: Three (3) days becomes five (5) days.

d.   Schedule D: Command Discipline is inapplicable. Formal charges must be commenced.

3.   Note that if the member has been found guilty of violations at three (3) or more Command Discipline proceedings or two (2) or more formal disciplinary proceedings within the twelve (12) months prior to the date of the current violation, Command Discipline is inapplicable and formal disciplinary charges must be commenced.

EXAMPLES

a.   The member has been found guilty of violations at three (3) Command Discipline proceedings during the twelve (12) months prior to the date of the current violation. Command Discipline is inapplicable. Formal charges must be commenced for the fourth (4th) violation.

b.   The member has been found guilty of violations at two (2) formal disciplinary proceedings during the twelve (12) months prior to the date of the current violation. Command Discipline is inapplicable. Formal charges must be commenced for the third (3rd) violation.

416R

| | EFFECTIVE DATE **12/22/05** | SUBJECT | | |
|---|---|---|---|---|
| | CLASSIFICATION # **4257R-A** | **COMMAND DISCIPLINE** | | |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **6** OF **17** PAGES | |

## V.  PENALTIES (cont.)

D.  The following grid incorporates all of the above:

PENALTY GUIDELINES GRID

DISCIPLINARY HISTORY
(within prior 12 months)

| | 0 | 1 | 2 | 3 or more* |
|---|---|---|---|---|
| Command Discipline | 0 | 1 | 2 | 3 or more* |
| Formal Discipline | 0 | 0 | 1 | 2 or more* |

VIOLATION SEVERITY

| Schedule A | Reprimand | 1 | 2 | 3 |
|---|---|---|---|---|
| Schedule B | | 2 | 3 | 4 |
| Schedule C | | 3 | 4 | 5 |
| Schedule D | | 4 | 5 | * |

*Command Discipline is inapplicable.
Formal charges must be commenced.

E.  EXCEPTIONS

If the Hearing Officer believes there are mitigating or aggravating facts and circumstances that would justify a decrease or increase in the prescribed penalty, the Hearing Officer may impose that penalty subject to the member's acceptance and the approval of the Commanding Officer and Assistant Chief of the respective Command. The Hearing Officer shall set forth the justification for the variation in Section #2, "Disposition by Hearing Officer," of Form #454, "Charges, Specification and Disposition." Note that any increase from a prescribed penalty may not exceed five (5) vacations days, five (5) tours of compensatory time, or thirty (30) days of outside employment.

NOTE: See Section VI for instructions regarding Form #454.

416R

| | EFFECTIVE DATE **12/22/05** | SUBJECT | |
|---|---|---|---|
| | CLASSIFICATION # **4257R-A** | **COMMAND DISCIPLINE** | |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **7** OF **17** PAGES |

## V.   PENALTIES (cont.)

EXAMPLES

a.   A member with prior finding of guilt at two (2) Command Discipline proceedings during the previous twelve (12) months would be subject to a five (5) day penalty for a third (3rd) violation that falls within Schedule C. If there are mitigating factors the Hearing Officer may offer a lesser penalty to the member. If the member accepts the lesser penalty the justification for the variation must be set forth in Section #2, "Disposition by Hearing Officer," of Form #454, "Charges, Specification and Disposition."

b.   A member with one (1) prior finding of guilt at a formal disciplinary proceeding during the previous twelve (12) months would be subject to a three (3) day penalty for a Schedule A violation. If there are aggravating factors the Hearing Officer may offer a greater penalty (for example, a four (4) or five (5) day penalty) to the member. If the member accepts the increased penalty the justification for the variation must be set forth in Section #2, "Disposition by Hearing Officer," of Form # 454, "Charges, Specification and Disposition."

F.   The following are the Schedules of violations:

Each violation included in a Schedule can encompass one or more specific violations of Department rules.

EXAMPLE

Schedule D-c. "Failure to perform, or the negligent performance of, a search of inmates, visitors, packages and/or facility areas."

This violation encompasses a number of rules. For example, rule 4.10.100 - when prisoners are received they must be searched at once; rule 4.25.010 - court detention facilities shall be searched for contraband; etc.

A member alleged to have been negligent in searching an inmate who has no findings of guilt in the previous twelve (12) months would be offered a four (4) day penalty.

1.   Schedule A

a.   Improper uniform, unprofessional demeanor or acts.

b.   Inefficiency in performance of duties, including failure to be properly equipped for duty and failure to maintain a sanitary condition on post.

FILED: NEW YORK COUNTY CLERK 07/14/2020 09:50 PM
INDEX NO. 154982/2020
NYSCEF DOC. NO. 2
Case 1:20-cv-05441-KPF  Document 10-3  Filed 07/17/20  Page 28 of 40
RECEIVED NYSCEF: 07/14/2020

416R



| | EFFECTIVE DATE<br>**12/22/05** | SUBJECT | | |
|---|---|---|---|---|
| | CLASSIFICATION #<br>**4257R-A** | **COMMAND DISCIPLINE** | |  |
| | DISTRIBUTION<br>**A** | APPROVED FOR WEB POSTING<br>☐ YES  ☒ NO | PAGE **8** OF<br>**17** PAGES | |

## V.   PENALTIES (cont.)

   c. Permitting persons in unauthorized places.

   d. Prohibited or unauthorized relations or communications with persons or entities outside the Department.

  2. Schedule B

   a. Lack of punctuality.

   b. Absence without authorization for no more than one (1) tour.

   c. Unauthorized use or unsafe operation of departmental vehicles or operation in violation of law.

   d. Failure to follow procedures on count of inmates.

   e. Failure to follow procedural requirements dealing with inmate discharge, admission, transfer or lineup.

   f. Failure to report inmate infractions, where required, and any violations of rules and regulations or conduct prejudicial to good order and discipline.

   g. Failure to follow procedures regarding the reporting of unusual incidents.

   h. Failure to perform or negligent performance of routine security checks.

   i. The use of tobacco related products* within any Departmental facility, office or vehicle.

    *Tobacco related products include, but are not limited to: cigarettes, cigars, loose tobacco, chewing tobacco, and lighting materials such as matches or lighters.

  3. Schedule C

   a. Unauthorized use, possession and/or conversion of inmate and/or departmental property.

   b. Failure to safeguard inmate and/or departmental property.

   c. Failure to notify the Department of arrest and/or the disposition thereof.

416R

| | EFFECTIVE DATE **12/22/05** | SUBJECT | | |
|---|---|---|---|---|
| | CLASSIFICATION # **4257R-A** | **COMMAND DISCIPLINE** | | |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **9** OF **17** PAGES | |

## V.    PENALTIES (cont.)

    d.    Failure to remain constantly alert and vigilant while on duty. Note that "sleeping on duty," rule 3.20.040, requires formal charges.

    e.    Failure to appear to answer, or having appeared, failure to answer questions relating to one's official duties.

  4.  Schedule D

    a.    Loss of shield or ID and/or failure to follow attendant procedures.

    b.    Undue familiarity and/or association with, and/or unauthorized actions on behalf of, inmates.

    c.    Failure to obey a lawful order of a supervisor, and/or treating a supervisor with contempt or disrespect.

    d.    Failure to perform, or the negligent performance of, a search of inmates, visitors, packages, and/or facility areas.

    e.    Failure to effectively supervise and safeguard inmates.

    f.    Absence without authorization for more than one (1) tour of duty but less than five (5).

    g.    Abuse of sick leave, or failure to follow procedures on attendance, including vacation and leave procedures.

    h.    Failure to exercise care in the use or safekeeping of a Personal or Departmental firearm. (Must be referred for formal charges in the first instance, but may be returned for Command Discipline in appropriate cases and processed as a Schedule D violation.)

## VI.    PROCEDURE

Form #454, "Charges, Specifications and Disposition," shall be used in all cases where a supervisor is preparing a Supervisor's Complaint Report concerning a member of his/her command, regarding violation(s) of Departmental Rules/Regulations. THE USE OF ANY OTHER FORM FOR THIS PURPOSE IS PROHIBITED. The supervisor shall complete Section #1, "Supervisor's Complaint Report," and submit Form #454 to the Hearing Officer for disposition according to the following procedure.

416R

| | EFFECTIVE DATE **12/22/05** | SUBJECT | | |
|---|---|---|---|---|
| | CLASSIFICATION # **4257R-A** | **COMMAND DISCIPLINE** | | |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **10** OF **17** PAGES | |

## VI.   PROCEDURE (cont.)

A.   Investigation

1.   Upon receiving Form #454 concerning a member of his or her command, which must be filed within thirty (30) days of the incident involved, the Hearing Officer shall:

a.   Determine if the alleged violation(s) is/are appropriate for Command Discipline according to the guidelines established in Section IV.

1.   If Command Discipline is inappropriate, the Hearing Officer shall prepare and sign a Memorandum of Complaint (Form #7502-AR), in accordance with the provisions of Directive #7502, "Disciplinary Process for Uniformed Personnel," dated 02/14/83.

NOTE:   If formal charges are to be preferred, Form #7502-AR, must be completed. Do not use Form #454 for this purpose. On Form #454, in Section #2, "Disposition by Hearing Officer," the Hearing Officer shall check the "NO" box under "Appropriate for CD?" and the "Referred M.O.C." box under "Determination."

2.   If Command Discipline is determined to be appropriate, the Hearing Officer shall:

a.   Cause the appropriate entries to be recorded in the Command Discipline log in accordance with Section VIII of this Directive.

b.   Investigate to determine if the allegation warrants a hearing.

c.   If the allegation does not warrant a hearing, the Hearing Officer's findings shall be entered in Section #2, "Disposition by Hearing Officer," of Form #454 and returned to the Supervisor who completed the form, with a copy to the member. The Command Discipline shall be entered into the Command Discipline log in accordance with Section VIII of this Directive. No record of the charges shall be maintained by the Department, except in the Command Discipline log as noted above.

FILED: NEW YORK COUNTY CLERK 07/14/2020 09:50 PM     INDEX NO. 154982/2020
NYSCEF DOC. NO. 2     Case 1:20-cv-05441-KPF     Document 10-3     Filed 07/17/20     Page 31 of 40     RECEIVED NYSCEF: 07/14/2020

416R

| | EFFECTIVE DATE **12/22/05** | SUBJECT | |
|---|---|---|---|
| | CLASSIFICATION # **4257R-A** | **COMMAND DISCIPLINE** |  |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **11** OF **17** PAGES |

## VI.  PROCEDURE (cont.)

B.  COMMAND DISCIPLINE INTERVIEW

1.  If the allegation warrants a hearing the Hearing Officer shall transmit a copy of Form #454 to the member and an institutional representative of a line organization.

2.  The Hearing Officer shall schedule the Command Discipline interview within thirty (30) days of the filing date as noted in Section 2 of Form #454. Said period may be extended if a delay is caused by the member or the union. The member and an institutional representative of a line organization shall be given twenty-four (24) hours notice prior to the Command Discipline interview as to the time and place of said interview.

3   a.  The member shall have the right to have one institutional representative of his/her line organization present at the interview as a full participant with a voice in the proceedings unless the member waives that right in writing on Form #454, Section #2, "Disposition by Hearing Officer." Members are encouraged to exercise their right to representation. In no case, shall a member receive an increased penalty because he/she exercised that right. It is expected that in exercising representation rights, only matters pertinent to the issues at hand and related to the employee's performance are to be brought forward, in a manner which is professional and non-argumentative.

b.  Every effort shall be made to schedule the interview when a local union representative (delegate/alternate) is available. In the absence of the local delegate, the alternate delegate shall be contacted. In the event that neither the local delegate nor the alternate delegate is available, the member may contact the union for central representation. In such a case, the union must notify the Department of Correction's Office of Labor Relations in sufficient time to allow that office to make the necessary arrangements for an Executive Board representative to be present at the interview.

4.  Command Discipline interviews are not to be conducted as adversarial proceedings. No attorney shall be permitted to attend and no recorded or written transcript shall be made.

5   The member shall be afforded the opportunity to make a statement in rebuttal and to request the Hearing Officer to obtain additional information.

416R

| | EFFECTIVE DATE **12/22/05** | SUBJECT | | |
|---|---|---|---|---|
| | CLASSIFICATION # **4257R-A** | **COMMAND DISCIPLINE** | | |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **12** OF **17** PAGES | |

## VI.   PROCEDURE (cont.)

      a.    The Hearing Officer may adjourn the interview to conduct a further investigation.

      b.    Upon the adjourned date, the Hearing Officer shall inform said member and the representative of the line organization as to the result of the investigation.

  6    If the allegation(s) is/are not substantiated, the Hearing Officer's findings shall be indicated on Form #454 by checking the "NO" box under "Charge Substantiated" in Section #2, Disposition by Hearing Officer." Form #454 shall be given to the member, with a copy to the Supervisor who filed the complaint. No record of the charges shall be maintained by the Department, except in the Command Discipline log.

  7.    If the allegation(s) is/are substantiated, the Hearing Officer shall inform the member of the proposed penalty.

  8.    The Hearing Officer shall advise the member of the following options:

      a.    To accept the findings and proposed penalty; or

      b.    To accept the findings and appeal the proposed penalty according to the provisions of the Command Discipline Review Process (see Section VII); or

      c.    To decline to accept Command Discipline and, instead, have the matter referred through channels for formal charges and specifications.

C.   If the member accepts the findings and proposed penalty:

  1.    The Hearing officer shall advise the member that his or her acceptance of the findings and proposed penalty waives the following rights as it pertains to this matter;

      a.    Written notice of the charges preferred against member.

      b.    A disciplinary hearing pursuant to Section 75 of the Civil Service Law.

      c.    Representation by counsel.

      d.    To summon witnesses in the member's behalf.

416R

| | EFFECTIVE DATE **12/22/05** | SUBJECT | | |
|---|---|---|---|---|
| | | **COMMAND DISCIPLINE** | | |
| | CLASSIFICATION # **4257R-A** | | | |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **13** OF **17** PAGES | |

## VI.   PROCEDURE (cont.)

      e.   To cross-examine witnesses.

      f.   A transcript of the hearing.

      g.   To appeal the findings and proposed penalty to be imposed.

2.   The Hearing Officer shall have the member accepting Command Discipline execute Form #454's Section #3, "Notice to Respondent Regarding Acceptance," and Section #4, "Respondent's Decision," checking the appropriate box, in the presence of the Hearing Officer. The Hearing Officer shall sign the form as a witness in Section #5 "Witness to Respondent's Decision."

3.   The Hearing Officer shall complete Section #2, "Disposition by Hearing Officer," of Form #454. The Commanding Officer shall complete Section #6, "Commanding Officer Determination," unless the Commanding Officer conducted the hearing. The original copy of the form shall be maintained at the Command and a copy shall be forwarded to that command's Assistant Chief for review. Those Divisions and/or units not under the jurisdiction of an Assistant Chief shall forward a copy to the Chief of Department.

4.   The Commanding Officer shall cause the accepted penalty to be implemented immediately.

5.   The Commanding Officer's findings and penalty are final and shall not be changed, altered or otherwise modified except when the Assistant Chief, or the Chief of Department, in the case of a Division and/or unit not under the jurisdiction of a Assistant Chief determines that the application of the Command Discipline process in an individual case was inappropriate, AND SHOULD HAVE BEEN MADE THE SUBJECT OF A FORMAL MEMORANDUM OF COMPLAINT OR THAT THE PROPOSED PENALTY WAS EXCESSIVE AND SHOULD BE REDUCED.

D.   If the member accepts the findings but appeals the proposed penalty because he or she finds it excessive, the member may request a review of proposed penalty pursuant to the provisions of the Command Discipline Review Process (Section VII).

E.   If the member rejects Command Discipline, the Hearing Officer shall prepare and sign a Memorandum of Complaint and process it in accordance with Directive #7502, entitled "Disciplinary Process for Uniformed Personnel," dated 02/14/83 and existing rules and regulations.

416R

| | EFFECTIVE DATE **12/22/05** | SUBJECT **COMMAND DISCIPLINE** | | |
| --- | --- | --- | --- | --- |
| | CLASSIFICATION # **4257R-A** | | | |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **14** OF **17** PAGES | |

## VI.  PROCEDURE (cont.)

F.   The acceptance of Command Discipline by a member of the uniformed force shall not result in the loss of points on promotional examinations.

G.   Command Discipline proceedings and dispositions shall be recorded on Form #22R- Employees Performance Service Report and Form #15A - Employees Request for Transfer.

H.   Command Discipline procedures do not preclude the exercise of management prerogatives such as assignment and/or transfer.

## VII.  COMMAND DISCIPLINE REVIEW PROCESS

1.   When the member accepts the findings at Command Discipline, but objects to the proposed penalty as being excessive, he or she may request a review of the proposed penalty.

2.   The only basis for said review shall be mitigating factors which warrant a reduction in the penalty.

3.   The facts and circumstances that the member asserts in support of his or her request for review must have been presented at the Command Discipline interview.

4.   The member shall complete the request for review of the penalty proposed in Section #4 of Form #454, "Respondent's Decision," checking the appropriate box, and sign the form. At the same time, the member shall execute Section #3 of Form #454, "Notice to Respondent Regarding Acceptance." The member thereby formally agrees to Command Discipline and the Review Process and agrees to accept any reduced penalty imposed by the reviewing authority or, if the proposed penalty is not reduced, the original penalty proposed by the Hearing Officer.

5.   The Hearing Officer shall sign the form as witness on Section #5, "Witness to Respondent's Decision," of Form #454. The Commanding Officer shall complete Section #6, "Commanding Officer's Determination," of Form #454, unless the Commanding Officer conducted the hearing. The original form shall be sent to the command's Assistant Chief or to the Chief of Department if the unit is not under the jurisdiction of an Assistant Chief. The Hearing Officer shall retain a copy and furnish one each to the member and the union representative. In appropriate cases, the Varied Penalty parts of Section #2, "Disposition by Hearing Officer," of Form 454 shall be completed and forwarded to the Assistant Chief or the Chief of Department.

416R

| | EFFECTIVE DATE **12/22/05** | SUBJECT | | |
|---|---|---|---|---|
| | CLASSIFICATION # **4257R-A** | **COMMAND DISCIPLINE** | | |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **15** OF **17** PAGES | |

## VII.   COMMAND DISCIPLINE REVIEW PROCESS (cont.)

6.    The Assistant Chief, or the Chief of Department, where applicable, shall review the proceedings and complete Section #7, "Assistant Chief/Chief of Department's Review," of Form #454.. They may order a reduced penalty, but in no event shall the penalty be increased. If the proposed penalty is not reduced, the penalty proposed by the Commanding Officer shall be imposed. The original Form #454, indicating the result of the review and the penalty to be imposed, shall be signed and returned to the Commanding Officer.

7.    Upon receipt of the form, the Commanding Officer shall notify the member and the union representative of the results and implement the penalty unless the member requests a further review in the Legal Division by completing Section #8, "Respondent's Request for Legal Division Review," of Form  #454. In such a case, the Commanding Officer shall forward the original copies of the relevant documents to the Legal Division.

8.    The Legal Division shall assign an attorney to review the proceeding. The review, if requested, shall be in the form of a conference with a union representative who shall be provided with copies of the relevant documents. The member shall not be present.

9.    After conducting the review the Legal Division attorney may order a reduction in the penalty. In no event shall the penalty be increased. If the proposed penalty is not reduced, the penalty proposed by the Commanding Officer, Assistant Chief or Chief of Department shall be imposed. The original Form #454, indicating the results of the review and the penalty to be imposed shall be signed by the Legal Division attorney in Section #9, "Legal Division Review," of Form #454 and returned to the Commanding Officer. The Legal Division attorney shall notify the Assistant Chief or Chief of Department and the union representative of the result of the review.

## VIII.   COMMAND DISCIPLINE LOG

A.    Each facility and division shall maintain a Command Discipline Log.

1.    The Command Discipline (C.D.) Log shall be numbered serially commencing with the number one (#1) for each calendar year.

2.    The serial number (C.D.#) from the Command Discipline Log shall be entered on the top right hand corner of Form #454.

3.    The following entries shall be made in the Command Discipline Log:

416R



| EFFECTIVE DATE **12/22/05** | SUBJECT |  |
|---|---|---|
| CLASSIFICATION # **4257R-A** | **COMMAND DISCIPLINE** | |

| DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES  ☒ NO | PAGE **16** OF **17** PAGES |

### VIII. COMMAND DISCIPLINE LOG (cont.)

    a.    Name of member;

    b.    Rank;

    c.    Shield number;

    d.    Gender and ethnicity of member who is the subject of the violation(s);*

    e.    Date of violation(s);

    f.    Gender and ethnicity of member proposing discipline;*

    g.    Charge and specification;

    h.    Filing Date

    i.    Date of interview(s);

    j    Findings;

    k    Proposed penalty, if any;

    l.    Final disposition;

    m.    Processing time (total number of calendar days elapsed between date of violation and date of disposition).

*This material is relevant solely for statistical purposes.

Codes:    M - Male

                F - Female

                W - White

                B - Black

                H - Hispanic

                A - Asian

                O - Other

| | EFFECTIVE DATE **12/22/05** | SUBJECT | | |
|---|---|---|---|---|
| | CLASSIFICATION # **4257R-A** | **COMMAND DISCIPLINE** | | |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **17** OF **17** PAGES | |

416R

## IX.  COMMAND DISCIPLINE REPORTS

A.  Assistant Chiefs shall review all applications of Command Discipline within their respective Divisions and shall submit their findings and actions, in a monthly report, on the prescribed form – Command Discipline Monthly Report (Form #454A) - to the Chief of Department.

B.  The Office of the Chief of Department shall submit a monthly report to the Commissioner containing an overview of Command Discipline action, within the Divisions of the Department. The report shall also contain appropriate information for those Commands/Units not under the jurisdiction of an Assistant Chief.

## X.  REMOVAL OF COMMAND DISCIPLINE FORMS FROM A MEMBER'S INSTITUTIONAL PERSONNEL FOLDER

Form #454 shall be expunged from a member's institutional personnel folder after one (1) calendar year of the occurrence of the violation, if the member has not been penalized as a result of any subsequent Command Discipline proceeding or Departmental Disciplinary trial.

## XI.  REFERENCES

A.  Directive #7502, entitled "Disciplinary Process for Uniformed Personnel," dated 02/14/83.

B.  Operations Order #38/88, entitled "Command Discipline Reports for Commands/ Units not Under the Jurisdiction of a Supervising Warden," dated 05/31/88.

## XII.  ATTACHMENTS

A.  Form #454 – Charges, Specification and Disposition Form, revised 11/15/05.

B.  Form #454A – Command Discipline Monthly Report, revised 11/15/05.

## XIII.  SUPERSEDES

Directive #4257, entitled "COMMAND DISCIPLINE," dated 05/05/88 (as amended).

FILED: NEW YORK COUNTY CLERK 07/14/2020 09:50 PM
NYSCEF DOC. NO. 2     Case 1:20-cv-05441-KPF   Document 10-3   Filed 07/17/20   Page 38 of 40

INDEX NO. 154982/2020
RECEIVED NYSCEF: 07/14/2020

| | CORRECTION DEPARTMENT<br>CITY OF NEW YORK | FORM #454 | REVISED<br>12/22/05 |
|---|---|---|---|

## CHARGES, SPECIFICATIONS AND DISPOSITION

| INSTRUCTIONS: FILL OUT ALL APPLICABLE SECTIONS. IF<br>ADDITIONAL SPACE IS REQUIRED, ATTACH<br>600AR | COMMAND: | C.D. LOG #:<br>(IF APPLICABLE) |
|---|---|---|

## SECTION #1 - SUPERVISOR'S COMPLAINT REPORT

**I HEREBY CHARGE THE FOLLOWING NAMED RESPONDENT WITH VIOLATING DEPARTMENT RULES & REGULATIONS, AS INDICATED BELOW:**

| RESPONDENT'S LAST NAME: | RESPONDENT'S FIRST NAME: | MIDDLE INITIAL: |
|---|---|---|

| RANK/TITLE: | SHIELD/I.D. NUMBER: | DATE OF VIOLATION(S):<br>/ / |
|---|---|---|

| CHARGE | RULE NUMBER | RULE & REGULATION |
|---|---|---|
| # 1 | | |
| # 2 | | |
| # 3 | | |
| # 4 | | |

**SPECIFICATIONS:**

| SUPERVISOR'S NAME: (Print) | RANK/TITLE: | SHIELD/I.D.#: |
|---|---|---|

| SIGNATURE OF SUPERVISOR: | DATE SUBMITTED:<br>/ / |
|---|---|

## SECTION #2 - DISPOSITION BY HEARING OFFICER

**COMMAND DISCIPLINE INTERVIEW DATE (IF APPLICABLE):** / /     **FILING DATE:** / /

| CHARGE | APPROPRIATE<br>FOR C.D. ? | HEARING<br>WARRANTED? | SCHEDULE VIOLATION<br>(CHECK ONLY ONE) | CHARGES<br>SUBSTANTIATED? | SCHEDULED GRID<br>PENALTY<br>(CHOOSE HIGHEST<br>CHARGE): | NUMBER OF PRIOR<br>FINDINGS OF GUILT<br>(FORMAL OR<br>INFORMAL): |
|---|---|---|---|---|---|---|
| # 1 | ☐ Yes ☐ No | ☐ Yes ☐ No | ☐A ☐B ☐C ☐D | ☐ Yes ☐ No | | |
| # 2 | ☐ Yes ☐ No | ☐ Yes ☐ No | ☐A ☐B ☐C ☐D | ☐ Yes ☐ No | | |
| # 3 | ☐ Yes ☐ No | ☐ Yes ☐ No | ☐A ☐B ☐C ☐D | ☐ Yes ☐ No | TOTAL PENALTY: | VARIED PENALTY ? |
| # 4 | ☐ Yes ☐ No | ☐ Yes ☐ No | ☐A ☐B ☐C ☐D | ☐ Yes ☐ No | | ☐ Yes * ☐ No |

| * VARIED PENALTY:<br>(SPECIFY) | * JUSTIFICATION FOR VARIED PENALTY: |
|---|---|

**DETERMINATION:** (CHECK ONE)

☐ CORRECTIVE INTERVIEW   ☐ REFERRED M.O.C.   ☐ M.O.C. - EMPLOYEE REFUSED COMMAND DISCIPLINE

| ☐ | THE RESPONDENT WAS<br>ASSISTED BY AN OFFICIAL<br>OF HIS/HER UNION. | ☐ | THE RESPONDENT WAIVED THE<br>RIGHT TO ASSISTANCE BY AN<br>OFFICIAL OF HIS/HER UNION. | RESPONDENT'S INITIALS<br>CONFIRMING: _____ |
|---|---|---|---|---|

## SECTION #3 - NOTICE TO RESPONDENT REGARDING ACCEPTANCE

I HAVE BEEN ADVISED OF MY RIGHTS TO A DISCIPLINARY HEARING PURSUANT TO SECTION 75 OF THE CIVIL SERVICE LAW. IF I ACCEPT THE COMMAND DISCIPLINE, I WILL AGREE TO WAIVE MY RIGHT TO SUCH A HEARING, TOGETHER WITH ALL PROCEDURAL RIGHTS PERTAINING THERETO, AND TO ACCEPT IN LIEU THEREOF COMMAND DISCIPLINE AND THE RECOMMENDED PENALTY IN CONNECTION WITH THE VIOLATIONS SPECIFIED IN SECTION #1 OF THIS FORM. IF I ACCEPT THIS COMMAND DISCIPLINE I WILL DO SO WITH FULL KNOWLEDGE THAT IT IS SUBJECT TO THE REVIEW FOR APPROPRIATENESS OF COMMAND DISCIPLINE BY THE COMMANDING OFFICER, ASSISTANT CHIEF OR THE CHIEF OF DEPARTMENT. I UNDERSTAND THAT ANY DECISION IN THIS CASE IS APART FROM AND DOES NOT PRECLUDE THE EXERCISE OF MANAGEMENT PREROGATIVES, SUCH AS TRANSFER, REASSIGNMENT, ETC..

| RESPONDENT'S NAME: (Print) | RANK/TITLE: | SHIELD/I.D. NUMBER: |
|---|---|---|
| SIGNATURE OF RESPONDENT: | DATE: / / | |

## SECTION #4 - RESPONDENT'S DECISION

☐ I HEREBY ACCEPT THE FINDINGS AND PENALTY AND WAIVE MY RIGHTS AS SPECIFIED IN THE NOTICE IN SECTION #3.        ☐ I DO NOT ACCEPT THE FINDINGS AND HEREBY REQUEST A FORMAL HEARING.

☐ I HEREBY ACCEPT THE FINDINGS, BUT APPEAL THE PENALTY. ON APPEAL, I AGREE TO ACCEPT THE PENALTY UPHELD OR IMPOSED BY THE ASSISTANT CHIEF OR THE CHIEF OF DEPARTMENT. I UNDERSTAND THAT I CAN REQUEST A REVIEW OF THEIR PENALTY BY THE LEGAL DIVISION. I HAVE READ AND SIGNED THE WAIVER OF DISCIPLINARY HEARING AND ACCEPTANCE OF COMMAND DISCIPLINE FORM. THE PENALTY PROPOSED SHOULD BE REDUCED FOR THE FOLLOWING REASONS:

_____
_____
_____

| RESPONDENT NAME: (Print) | RANK/ TITLE: | SHIELD/I.D. NUMBER: |
|---|---|---|
| SIGNATURE OF RESPONDENT: | DATE: / / | |

## SECTION #5 - WITNESS TO RESPONDENT'S DECISION (SEE SECTION #4)

WITNESSED THIS _____ DAY OF   MONTH:                    YEAR:

| SIGNATURE OF WITNESS: (HEARING OFFICER) | RANK/TITLE: | SHIELD/I.D. NUMBER: |
|---|---|---|

## SECTION #6 - COMMANDING OFFICER'S DETERMINATION
### (If the Commanding Officer is conducting hearing this section need not be completed)

☐ INAPPROPRIATE FOR COMMAND DISCIPLINE, INITIATE FORMAL CHARGES        ☐ PROPOSED PENALTY AFFIRMED

☐ PROPOSED PENALTY REDUCED TO: _____

COMMENTS: _____

| SIGNATURE OF THE COMMANDING OFFICER: | DATE: / / |
|---|---|

## SECTION #7 - ASSISTANT CHIEF/CHIEF OF DEPARTMENT'S REVIEW

☐ INAPPROPRIATE FOR COMMAND DISCIPLINE, INITIATE FORMAL CHARGES        ☐ PROPOSED PENALTY AFFIRMED

☐ PROPOSED PENALTY REDUCED TO: _____

COMMENTS: _____

| SIGNATURE OF THE ASSISTANT CHIEF OR CHIEF OF DEPARTMENT: | DATE: / / |
|---|---|

## SECTION #8 - RESPONDENT'S REQUEST FOR LEGAL DIVISION REVIEW

I HEREBY REQUEST A REVIEW BY THE LEGAL DIVISION

| SIGNATURE OF RESPONDENT: | DATE: / / |
|---|---|

## SECTION #9 - LEGAL DIVISION REVIEW

☐ PROPOSED PENALTY AFFIRMED        ☐ PROPOSED PENALTY REDUCED TO:

COMMENTS: _____
_____

| SIGNATURE OF ATTORNEY: | DATE: / / |
|---|---|

# CORRECTION DEPARTMENT - CITY OF NEW YORK

## COMMAND DISCIPLINE MONTHLY REPORT

Form: #454A
Ref.: Dir. 4257R-A
Rev.: 12/22/05

PAGE_____
OF
_____PAGES



DIVISION:_____ DATE OF REPORT:_____ FOR MONTH OF:_____

FACILITY:_____ ASSISTANT CHIEF:_____

| CD # | MEMBER'S NAME | RANK | SHIELD | GENDER | ETHNICITY | DATE OF VIOLATION | MEMBER PROPOSING DISCIPLINE GENDER | ETHNICITY | VIOLATION(S) | DATE OF HEARING | PROPOSED PENALTY | FINAL DISPOSITION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  | / / |  |  |  | / / |  |  |
|  |  |  |  |  |  | / / |  |  |  | / / |  |  |
|  |  |  |  |  |  | / / |  |  |  | / / |  |  |
|  |  |  |  |  |  | / / |  |  |  | / / |  |  |
|  |  |  |  |  |  | / / |  |  |  | / / |  |  |
|  |  |  |  |  |  | / / |  |  |  | / / |  |  |
|  |  |  |  |  |  | / / |  |  |  | / / |  |  |
|  |  |  |  |  |  | / / |  |  |  | / / |  |  |
|  |  |  |  |  |  | / / |  |  |  | / / |  |  |
|  |  |  |  |  |  | / / |  |  |  | / / |  |  |
|  |  |  |  |  |  | / / |  |  |  | / / |  |  |
|  |  |  |  |  |  | / / |  |  |  | / / |  |  |
|  |  |  |  |  |  | / / |  |  |  | / / |  |  |
|  |  |  |  |  |  | / / |  |  |  | / / |  |  |
|  |  |  |  |  |  | / / |  |  |  | / / |  |  |
|  |  |  |  |  |  | / / |  |  |  | / / |  |  |
|  |  |  |  |  |  | / / |  |  |  | / / |  |  |
|  |  |  |  |  |  | / / |  |  |  | / / |  |  |
|  |  |  |  |  |  | / / |  |  |  | / / |  |  |
|  |  |  |  |  |  | / / |  |  |  | / / |  |  |