SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| Uniformed Fire Officers Association; Uniformed Firefighters Association of Greater New York; Correction Officers' Benevolent Association of the City of New York; Police Benevolent Association of the City of New York, Inc.; Sergeants' Benevolent Association; Lieutenants' Benevolent Association; Captains' Endowment Association; and Detectives' Endowment Association, <br><br>               Petitioners, <br><br>   -against- <br><br>Bill de Blasio, in his official capacity as Mayor of the City of New York; the City of New York; Fire Department of the City of New York; Daniel A. Nigro, in his official capacity as the Commissioner of the Fire Department of the City of New York; New York City Department of Correction; Cynthia Brann, in her official capacity as the Commissioner of the New York City Department of Correction; Dermot F. Shea, in his official capacity as the Commissioner of the New York City Police Department; the New York City Police Department; Frederick Davie, in his official capacity as the Chair of the Civilian Complaint Review Board; and the Civilian Complaint Review Board, <br><br>               Respondents. | Index No.: <br><br>**AFFIRMATION IN SUPPORT OF EMERGENCY RELIEF** <br><br>**CPLR ARTICLE 75; UNITED STATES AND NEW YORK CONSTITUTIONS; COMMON LAW; CPLR ARTICLE 78** |

     ANDREW QUINN, a member of the bar of this Court, hereby affirms as follows:

     1. I submit this affirmation in support of the Petitioner's motion for emergency relief pursuant to CPLR 6301, for an order to show cause, with temporary restraints, as set forth in the accompanying Verified Petition and Complaint. I am fully familiar with the facts and circumstances set forth herein, based upon my personal knowledge, or, where indicated, on information and belief.

### The Nature of This Action and Need for Immediate Relief

     2. Since on or about July 1, I have either participated in, and been informed of, discussions with representatives of the Respondent New York City Police Department concerning the NYPD's release of law enforcement personnel information to the public in the wake of the repeal of NYS Civil Rights Law § 50a. I have been informed by the Respondents that no later than July 15, 2020, and potentially earlier, the City and the NYPD will start releasing law enforcement personnel records that including records of unsubstantiated, unfounded, exonerated, and pending disciplinary matters ("Unsubstantiated and Non-Final Allegations") covering thousands of firefighters, police officers, correction officers and other law enforcement personnel. It is my understanding that the first release to be made on or before July 15 will include Unsubstantiated and Non-Final Allegations relating to members of the NYPD, and that the other records of law enforcement officers will follow thereafter.

     3. These Unsubstantiated and Non-Final Allegations will be promoted and published by the NYPD and the City on the internet, violating the rights of thousands of law enforcement officers, as set forth in the accompanying Verified Petition. Although the repeal of Civil Rights Law § 50-a eliminates a categorical prohibition to the public review of law enforcement records, it does not obliterate pre-existing contractual rights and constitutional and common law protections that all citizens, including the Petitioners, share and which forbid the City Respondents from promoting unproven, defamatory allegations to the world at large.

     4. The need for immediate emergency relief is confirmed by the Respondent Mayor's

public statements: "Today, we're going to start a massive effort to make public information regarding to police discipline. And this information will move very quickly and ultimately all of it will be available online. I'm going to describe to you three phases that we'll undertake immediately." (6/17/20, Mayoral Press Conference)

5. The Respondents have not identified whose records will be released or made any determination of the consequences to the safety, reputation or privacy of the implicated officers. Pending a determination of the claims asserted in this action, the Respondents must be restrained from the release and promotion on the internet of Unsubstantiated and Non-Final Allegations—otherwise, the Respondents would make this lawsuit an empty ritual, incapable of protecting the reputation, privacy and safety of hundreds of New York City's firefighters, police and corrections officers. There would be no material prejudice to the Respondents from the entry of provisional relief, but in the absence of provisional relief, the damage to the Petitioners would be irreversible.

6. A Temporary Restraining Order is necessary and appropriate under the facts and circumstances here.

7. No prior request for this or similar relief has been made.

Dated: July 14, 2020

_____
ANDREW QUINN

WEST\291257337.1