

**JAMES E. JOHNSON**
*Corporation Counsel*

**The City of New York**
**LAW DEPARTMENT**
LABOR & EMPLOYMENT LAW
DIVISION
100 Church Street, 2nd Floor
NEW YORK, NEW YORK 10007

Rebecca G. Quinn
Phone: (212) 356-4382
Fax: (212) 356-2439
Email: rquinn@law.nyc.gov

July 20, 2020

**BY ECF**
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

        Re:    Uniformed Fire Officers Association, et al. v. Bill DeBlasio, et al.
                20-cv-05441 (KPF) (RWL)

Dear Judge Failla:

       We write in response to Plaintiffs' letter dated July 17, 2020 and in further support of Defendants' letter motion seeking a conference also dated July 17, 2020.

       Attached to this letter is the transcript of the conference before New York State Supreme Court Justice Carol Edmead on July 15, 2020 in which, without Defendants having the opportunity to submit papers, she entered an order staying the release of certain disciplinary records. Despite Plaintiffs' contention in their letter, it is evident from this transcript that the order entered by Judge Edmead was not a temporary restraining order, but rather a stay, and that it was contemplated and consented to by Defendants to remain in place only until the Plaintiff's request for a temporary restraining order /preliminary injunction could be heard by the District Court. *See* Exhibit A, at 7-9. Also contrary to Plaintiffs' contention in their letter, the parties were not heard on the issue of whether a temporary restraining order should be issued as Defendants informed the court that the case has been removed before either party was fully heard on this issue. *See id.* at 6-10.

       For these reasons, Defendants respectfully request that the Court either schedule a conference as soon as practicable to discuss the issues raised in Plaintiffs' letter or that the Court order a briefing schedule so that Defendants can be afforded an opportunity to be heard on

Plaintiffs' request for a temporary restraining order and/or a preliminary injunction. With the stay in place, Defendants are in effect, restrained from complying with the repeal of Civil Rights Law § 50-a without having been afforded an opportunity to be heard on the merits of Plaintiffs' argument that they are entitled to such relief, which they are not.

Defendants propose the following briefing schedule:

Plaintiffs file their papers seeking a preliminary injunction order by July 21, 2020;

Defendants file their response by July 23, 2020;

Plaintiffs file a reply by July 24, 2020.

Additionally, given that in our original letter, Defendants sought an order compelling Plaintiffs to file their request for a temporary restraining order/preliminary injunction order within 24 hours, Defendants respectfully request that the Court issue an order directing that if Plaintiffs do not file a motion for a temporary restraining order or a preliminary injunction by 4:00 p.m. on July 21, 2020, their request for injunctive relief will be deemed abandoned and that Justice Edmead's order will no longer be in effect.

Respectfully submitted,

/s/
Rebecca G. Quinn
Assistant Corporation Counsel

/s/
Dominique Saint-Fort
Assistant Corporation Counsel

cc: Anthony Coles (by ECF)
DLA Piper
*Attorney for Plaintiffs*