

| JAMES E. JOHNSON<br>*Corporation Counsel* | **The City of New York**<br>**LAW DEPARTMENT**<br>LABOR & EMPLOYMENT LAW<br>DIVISION<br>100 Church Street, 2nd Floor<br>NEW YORK, NEW YORK 10007 | Rebecca G. Quinn<br>Phone: (212) 356-4382<br>Fax: (212) 356-2439<br>Email: rquinn@law.nyc.gov |
|---|---|---|

July 21, 2020

**BY ECF**
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re: <u>Uniformed Fire Officers Association, et al. v. Bill DeBlasio, et al.</u>
         20-cv-05441 (KPF) (RWL)

Dear Judge Failla:

  Defendants write in response to Plaintiffs' letter dated July 20, 2020, Docket #12.

  As stated in Defendants' July 20, 2020 letter, Docket # 11, Defendants request an expedited briefing schedule to address Plaintiffs' application for a preliminary injunction[1]. Defendants maintain, however, that they need to be heard on Plaintiffs' request for a temporary restraining order ("TRO") as soon as practicable, before briefing on a preliminary injunction.

  In light of the transcript provided to the Court, the Plaintiffs' continued assertion that the stay issued by the state court intended to be a TRO borders on frivolous and should be immediately rejected by this Court. *See* Judge Edmead's Order, Docket #3. The City continues to dispute that the state court even had jurisdiction to issue that stay when it did, but, regardless, what can no longer be seriously disputed is that the state court was memorializing the understanding that the stay would only be in effect to prevent disclosure before this Court could

---

[1] Defendants reached out to Plaintiffs' counsel to discuss a briefing schedule via two emails on July 20, 2020 at 11:14 a.m. and 1:58 p.m.  However, both of those emails were not answered.  Rather, Plaintiffs filed their letter dated July 20, 2020 at 5:07 p.m.

hear the Plaintiffs further on their application for a TRO[2]. At no time did Judge Edmead state on the record or in the written stay that she was granting Plaintiffs application for a TRO and at no time did Defendants consent to, or argue about the merits of a TRO. *See* Docket # 11-1, at 5-10, 16-18. As such, Defendants are not seeking to re-litigate the stay as Plaintiffs suggest, but are seeking a conference to address Plaintiff's TRO or an order by this Court that will in effect lift the stay and provide Defendants with an opportunity to be heard on Plaintiffs' request for a TRO. That Plaintiffs seek a briefing schedule on their entitlement to a preliminary injunction indicates that they too believe that there is only a stay in place pending action by this Court.

Next, Plaintiffs' request for "discovery" is meritless. The Plaintiffs have consistently claimed that this action seeks to vindicate their legal rights, in essence, to require the Court to issue injunctive relief concerning their supposed legal rights to prevent disclosure of disciplinary information. This is purely a **legal** issue for which no discovery would be required. Rather, Plaintiffs' request for discovery appears to be nothing more than a transparent delay tactic to delay this Court issuing a decision on their preliminary injunction application and thus keep provisional relief that was put in place without both sides being heard and without any meaningful review as long as possible.

Plaintiffs have not provided good cause for expedited discovery on this issue, or any other issue, which would be required for them to brief their entitlement to a TRO or a preliminary injunction[3]. *See e.g. Digital Sin, Inc. v. Does 1-76*, 2012 U.S. Dist. LEXIS 10803, at *7 (S.D.N.Y Jan. 30, 2012). The question of whether the repeal of Civil Rights Law 50-a permits Defendants to disclose the disciplinary records of Plaintiffs members is a purely legal question. *See United States v. Santos*, 541 F.3d 63, 67 (2d Cir. 2008) ("Matters of statutory interpretation are questions of law.") Discovery is of no benefit here as it will not impact the legal question before the Court, and therefore Plaintiffs' request for discovery must be denied.[4]

---

[2] Plaintiffs also make much of the fact that the Defendants removed this action during the hearing before the State Court. Plaintiffs only have themselves to blame for that timeline. Despite requesting the papers at least a day prior, Defendants received the Plaintiffs papers only as Plaintiff was asking the Court to hear the TRO request. Once Defendants received Plaintiffs' papers and learned Plaintiffs' claims posed a federal question, the Defendants immediately exercised their statutory right to have this matter heard by this Court. Had Plaintiffs been more cooperative with the Defendants prior to the TRO application, the parties could have proceeded in a much more orderly fashion.

[3] Courts in this Circuit have also employed the *Notaro* standard in which courts examine a four-factor test when deciding whether to permit discovery in a preliminary injunction proceeding, which requires considering: "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." *North Atl. Operating Co. v Evergreen Distribs., LLC*, 2013 U.S. Dist. LEXIS 143948 (E.D.N.Y. Oct. 3, 2013). Other courts in this Circuit have combined the two standards. *Id.* Because Plaintiff's have failed to show good cause for the requested discovery, they would also fail the more restrictive test in *Notaro* and are clearly not entitled to discovery to establish their entitlement to a preliminary injunction.

[4] In their letters dated July 17 and July 20, 2020, Plaintiffs indicated that they needed information about what records CCRB disclosed, however, they provide no explanation as to why this information is relevant to their claim. These disclosures were made *before* Plaintiffs even sought injunctive relief and Plaintiffs are clearly aware of what categories of information the CCRB has based on their submissions.

Finally, as briefly addressed in Defendants' letter dated July 17, 2020, Docket #7, Defendants also urge this court to hold that Plaintiffs are not entitled to a TRO and a preliminary injunction. Defendants are prepared to address the merits of Plaintiffs' TRO application immediately and to expeditiously submit papers in opposition to Plaintiffs' request to a preliminary injunction, and request that the Court approve Defendants' expedited briefing schedule to permit the Court to fully hear Defendants' arguments.

Respectfully submitted,

/s/

Rebecca G. Quinn
Assistant Corporation Counsel

/s/

Dominique Saint-Fort
Assistant Corporation Counsel

cc: Anthony Coles (by ECF)
DLA Piper
*Attorney for Plaintiffs*