```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
UNIFORM FIRE OFFICERS ASSOC., et. al,         :
                                       `      :
                Plaintiffs,                    :
                                               :
        -versus-                               :    20 Civ. 5441 (KPF)
                                               :
BILL DE BLASIO, et. al,                        :
                                               :
                Defendants.                    :
---------------------------------------------------------------x
```

## DECLARATION OF CHRISTOPHER DUNN

I, Christopher Dunn, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am the legal director of the New York Civil Liberties Union. I submit this declaration in support of the NYCLU's request that the Court remove the NYCLU from the temporary restraining order it issued in this matter on July 22, 2020.

2. The NYCLU is a non-partisan, not-for-profit advocacy organization that is the New York State affiliate of the American Civil Liberties Union. Founded in 1951, the NYCLU now has about 120,000 members and supporters with nine offices around New York State.

3. For decades the NYCLU has been involved in work to promote government accountability and transparency. An important part of that work has been directed at law-enforcement agencies, most notably the New York City Police Department. This work has included litigation, legislative advocacy, and public education.

4. The NYCLU routinely files requests for documents and data sets under the New York Freedom of Information Law and the federal Freedom of Information Act. It also regularly releases to the public the information it obtains through its FOIL and FOIA

1

        requests as part its advocacy and public-education. It also produces and makes public reports it prepares as the result of obtaining such information. To take one relevant example, the NYCLU filed a FOIL request in 2007 seeking the NYPD's database of stop-and-frisk activity; filed suit and prevailed when the NYPD refused to produce the database, *see NYCLU v. NYPD*, Index No. 115154/07 (May 29, 2008) (ordering production of database); and then published an extensive report based upon the database it obtained, *see* https://www.nyclu.org/sites/default/files/field_documents/20190314_nyclu_stopfrisk_singles.pdf

5. As part of its police-accountability work, the NYCLU has been deeply involved in civilian oversight of the NYPD. The NYCLU played a leading role in advocating for the passage of the 1993 legislation that created the Civilian Complaint Review Board (CCRB) as an independent agency and has committed substantial resources to monitoring the CCRB's work since then. We have issued many reports about the agency's work, and I have attended monthly meetings of the CCRB for nearly 20 years. As a result of this work, I have extensive knowledge of CCRB operations, including its data systems.

6. The NYCLU also has done substantial work concerning section 50-a of New York's Civil Rights Law. In its FOIL work the NYCLU frequently encountered government agencies invoking section 50-a, and the NYCLU has brought several cases challenging the application of section 50-a to its FOIL requests. The NYCLU also was centrally involved in the recent repeal of section 50-a by the New York State Legislature.

7. The repeal of section 50-a made publicly available vast amounts of records and data bearing on police accountability that previously had been secret, including large amounts

of information I have known to be in the possession of the CCRB. On July 9, 2020, I submitted a FOIL request seeking the CCRB's database the contains information about complaints filed by civilians about misconduct by NYPD officers. I attach a true copy of the request as Exhibit A.

8. At 12:33 p.m. on July 14, 2020, I received by email a response to my FOIL request, and that email included a link to download an Excel spreadsheet. I attach a true copy of that email as Exhibit B.

9. After downloading and reviewing the spreadsheet, NYCLU staff immediately started to work with the database to prepare the information for public release. This included creating a tool that would make it easy for members of the public to search the database.

10. The NYCLU was ready to make the search tool available to the public at noon today (Thursday, July 23, 2020) so that searches could commence. In conjunction with that, the NYCLU planned to release information about initial analyses it had done of the database during the brief period it had needed to do the technical work to make the information available to the public. The NYCLU also planned to provide to the public the ability to download the database to do whatever analysis they wished to.

11. As a result of the temporary restraining order the Court issued the evening of July 22, the NYCLU is barred from making to the public the information it had been prepared to release today. It intends to proceed with its plans to public this information as soon as the order is lifted.

_____
Christopher Dunn

Dated: July 23, 2020
       New York, N.Y.

3

# EXHIBIT A



New York Civil Liberties Union
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300
www.nyclu.org

Christopher Dunn
Legal Director

VIA ELECTRONIC MAIL

July 9, 2020

Jonathan Darche
Executive Director
New York City Civilian Complaint Review Board
100 Church Street
New York, N.Y. 10007

      *Re:* Request for NYPD Officer Allegation Histories

Dear Mr. Darche:

  On behalf of the New York Civil Liberties Union, I write to request, pursuant New York's Freedom of Information Law (FOIL), that the CCRB produce from the agency's case tracking system the complete allegation histories of every active and retired member of the New York City Police Department. Given the extraordinary importance of this information to current public debates about police misconduct, it is imperative this information be made available as quickly as possible, and we therefore ask the CCRB to respond to this request immediately. And because these records are maintained in readily-accessible electronic form, I assume they can be produced quickly and efficiently.

  To the extent you have any questions about this request, please let me know. Otherwise, I ask that you assure that the CCRB responds to this request as soon as possible.

           Sincerely,

           Christopher Dunn

# EXHIBIT B

**From:** donotreply@records.nyc.gov <donotreply@records.nyc.gov>
**Sent:** Tuesday, July 14, 2020 12:33 PM
**To:** Chris Dunn <cdunn@nyclu.org>
**Subject:** [OpenRecords] Response Added to FOIL-2020-054-00281 - File

Chris Dunn,

Below is a link to a .csv file for all CCRB officer histories, as requested in your July 9, 2020 FOIL request. To facilitate the production of this file, I am sending it via the OpenRecords portal, as it is too large a file to email directly.

The file(s) listed below will not be publicly available on the OpenRecords portal.

- CCRB Officer Histories: OfficerHistories_2020-07-14.csv

Please visit FOIL-2020-054-00281 to view additional information and take any necessary action.

If you have trouble accessing the file, please let me know.

Sincerely,

Jacqueline Levy, Esq.

Records Access Officer