

DLA Piper LLP (US)
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Anthony Paul Coles
T  (212) 335-4844
E  anthony.coles@us.dlapiper.com

July 24, 2020

*VIA ECF*

Hon. Katherine Polk Failla
United States District Court, Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Uniformed Fire Officers Association, et al. v. Bill DeBlasio, et al.*
         **20-cv-05441 (KPF)(RWL)**

Dear Judge Failla:

Plaintiffs (or the "Officer Unions") write to request Your Honor's assistance with the contemplated expedited discovery ordered by the Court on July 22, 2020. In light of what appears to be the Defendants' intent to proceed at a pace inconsistent with expedition, we ask that the Court order Defendants to comply with the document requests and deposition notice attached as Exhibits 1 and 2 within one week. Plaintiffs request immediate direction from the Court because Defendants have indicated that they will not respond to identify their objections until sometime early next week, and they have not agreed to any time when they will produce any documents.  (*See* Exhibit 3.)

Plaintiffs have been trying to meet and confer on discovery issues with the City since the day of the hearing and, to date, the City has refused to provide any meaningful responses and has indicated that it will not respond until early next week.  (*See* Exhibit 3.)  After this Court's Order, Plaintiffs narrowed the scope of the document requests Plaintiffs had previously shared with the City in an attempt to make them more focused and manageable and, on July 23, shared a draft of those requests with the City.  At the same time, Plaintiffs requested a meet and confer on those drafts in order to address any issues that the City foresaw.  Consistent with Local Rule 26.4, Plaintiffs sought to cooperate with Defendants to facilitate expedited discovery effectively and efficiently, understanding that Defendants have superior knowledge of the types of documents and information Defendants maintain.  Plaintiffs anticipated either revising the requests to accommodate the City (if possible) or seeking Court intervention – all with the goal of completing discovery within the allotted expedited window.  Before the meet and confer, Plaintiffs also provided a draft notice of a Rule 30(b)(6) deposition.

On today's meet and confer call, the City indicated that it had begun work to respond to discovery within the scope of the Court's Order, but counsel refused to share any information about the scope of that work.  The City also refused to articulate any reactions to the draft



Hon. Katherine Polk Failla
July 24, 2020
Page Two

document and deposition requests because they were not final.  Plaintiffs asked them to treat them as final so that we could continue to move things forward and the City refused.  During the call, Plaintiffs converted the drafts to final and propounded them, in an effort to move the parties forward.  (*See* Exhibits 1 and 2.)  Once received, the City indicated that it would not confer on specifics relating to the requests, but rather needed to formally respond in writing.  The City indicated categorically that it would not consent to any deposition.  The City further refused to commit to a schedule for formal objections and a subsequent meet and confer, insisting on responding by email.  When Plaintiffs followed up by email, the City responded that it would provide formal objections early next week and then would be prepared to meet and confer.  (*See* Exhibit 3.)

Plaintiffs have repeatedly sought to work with the City to move things forward quickly so that the parties can complete discovery within the allotted expedited timeframe, but it already seems clear that the City intends to use formality to proceed at a pace that will not comport with the Court's schedule.  As a result, we seek the Court's assistance and ask that the Court order the City to comply with the discovery requests as drafted and the notice of deposition within one week.

Each document request is well founded.  Requests 1–4 fall directly within the categories articulated by the Court:

- Request 1:  All Disciplinary Records publicly released by the CCRB, whether by FOIL or otherwise, for the period June 12, 2020 to the present.
- Request 2:  All documents, including but not limited to communications with NYCLU, concerning the release of Disciplinary Records by the CCRB, or any of the Defendants, for the period June 12, 2020 to the present.
- Request 3:  For the period July 7, 2020 to the present, all documents and communications between CCRB and NYCLU, and any internal City communications, concerning the release to NYCLU of Disciplinary Records.
- Request 4:  All documents concerning the release to the public of Disciplinary Records by the City, including but not limited to documents concerning the format, manner of release, scope, or type of the Disciplinary Records to be released, for the period June 12, 2020 to the present.

Despite that requests 1–4 fall squarely within the discovery contemplated by the Court's Order, Defendants would not provide an answer as to whether they would comply with these requests.



Hon. Katherine Polk Failla
July 24, 2020
Page Three

The remaining requests are necessary for Plaintiffs to develop the record for the hearing, demonstrate serious questions on the merits, and understand the contours of Defendants' positions. Requests 5–7 go directly to Defendants' violations of the Due Process Clauses, Equal Protection Clauses, and Article 78:

- Request 5:  All documents and communications relating to the denial, in whole or in part, of a public records request for Disciplinary Records on grounds other than the application of New York Civil Rights Law § 50-a, such as where disclosure of the requested records would constitute an unwarranted invasion of privacy or pose a risk to the safety of any person, such as, for example, those referenced in *Hughes Hubbard & Reed LLP v. Civilian Complaint Review Board*, 53 Misc. 3d 947, 950 (Sup. Ct., Kings Cnty. 2016), and *Luongo v. Records Access Officer*, 150 A.D.3d 13, 16 (1st Dep't 2017), for the period January 1, 2016 to the present.
- Request 6:  All documents and communications concerning or reflecting (a) the release to the public of Unsubstantiated or Non-Final Allegations against employees of the City other than law enforcement officers, or (b) the denial, in whole or in part, of a public records request encompassing Unsubstantiated or Non-Final Allegations against City employees other than law enforcement officers on the ground that disclosure of the requested records would constitute an unwarranted invasion of privacy, or pose a risk to the safety to any person, for the period January 1, 2016 to the present.
- Request 7:  All documents concerning protocols, policies, or other guidance developed by the Defendants relating to the privacy of personnel records of City employees.

Plaintiffs believe documents responsive to these requests will show that the City has a history, separate and apart from Civil Rights Law § 50-a, of treating certain disciplinary records as private and exempt from disclosure such that the refusal to provide due process now is contrary to law and arbitrary and capricious.  Similarly, Plaintiffs believe that the City's treatment of non-law enforcement employees' records (which never were subject to § 50-a) will show violations of due process, equal protection, and Article 78.

Request 8 is necessary in light of the confusion at the hearing and otherwise as to how Defendants apply key terminology:

- Request 8:  All documents explaining or defining the terminology used by the City to describe the status of Allegations made against any firefighter, corrections officer, or police officers or explaining or defining the standards of proof applied to Allegations.  This includes, for example, the terms used in the Law Department's July 17, 2020 Letter to the Court at page 3.

Case 1:20-cv-05441-KPF   Document 21   Filed 07/24/20   Page 4 of 4



Hon. Katherine Polk Failla
July 24, 2020
Page Four

Finally, requests 9 and 10 are necessary to understand what allegations the NYPD and CCRB intends to in fact release:

- Request 9:  All Unsubstantiated or Non-Final Allegations made against police officers that are currently tracked or maintained by the NYPD, for the period January 1, 2016 to the present.
- Request 10:  All Unsubstantiated or Non-Final Allegations made against police officers that are currently tracked or maintained by the CCRB, for the period January 1, 2016 to the present.

With respect to the request for a 30(b)(6) deposition, the main impetus for that request was to obtain "[a] final answer from each of the organizational defendants concerning precisely what materials are contemplated to be disclosed, in what format, where they will be disclosed, and when that disclosure is likely to take place." (7/22/2020 Hr'g Tr. 83:19-23.)  It seemed to Plaintiffs that, in light of the evolving and conflicting answers, the best approach would be to have one or more representatives explain each organizational defendant's final answers to these questions under oath.  On today's meet and confer, the City indicated that there were no final answers to provide, which reinforces the need for a 30(b)(6) deposition to conclusively determine what Defendants intend to do.

Plaintiffs respectfully request that the Court order Plaintiffs to comply with the propounded document requests and notice of deposition within one week.  Thank you for your attention to this matter.  We are available, of course, if the Court desires further information.

Respectfully submitted,

**DLA Piper LLP (US)**

/s/ *Anthony P. Coles*

Anthony P. Coles


cc: Dominique Saint-Fort (*via* ECF)
Rebecca Quinn (*via* ECF)