

| | **The City of New York** | |
|---|---|---|
| **JAMES E. JOHNSON** | **LAW DEPARTMENT** | **Rebecca G. Quinn** |
| *Corporation Counsel* | LABOR & EMPLOYMENT LAW | Phone: (212) 356-4382 |
| | DIVISION | Fax: (212) 356-2439 |
| | 100 Church Street, 2nd Floor | Email: rquinn@law.nyc.gov |
| | NEW YORK, NEW YORK 10007 | |

July 25, 2020

**BY ECF**
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

                Re:    <u>Uniformed Fire Officers Association, et al. v. Bill DeBlasio, et al.</u>
                        20-cv-05441 (KPF) (RWL)

Dear Judge Failla:

      We write today in response to the letter filed last night by plaintiffs concerning the Court's authority to enjoin the New York Civil Liberties Union ("NYCLU"). While the letter purports to address the NYCLU's letter, there are so many legal and factual misstatements regarding the City's conduct and the law governing this case that we feel compelled to submit a response, lest the Court be misled by plaintiffs' empty and unsupported rhetoric.

      First, we wish to dispel the false notion – once and for all – that the timing of the disclosure of Civilian Complaint Review Board ("CCRB") data to the NYCLU was the result of some untoward conspiracy between the City of New York, CCRB and the NYCLU. The only thing untoward here is the sleight of hand in plaintiffs' recapitulation of the timeline to the Court. Following the death of George Floyd, a nationwide protest and advocacy effort arose to demand greater accountability in matters of police misconduct. In New York state, one of the key barriers identified by government officials was the protections New York State Civil Rights Law Section 50-a provided against public disclosure of police disciplinary records under the New York State Freedom of Information Law ("FOIL"). In order to ensure greater transparency and accountability, the New York State legislature passed a law repealing the protections of Civil

Rights Law Section 50-a, which Governor Cuomo signed into law, requiring these records to be disclosable under FOIL absent a FOIL exception.

It was unambiguously the intent of the Legislature and the Governor to allow for immediate public access into past records of police misconduct, as well as allow for greater public access to unsubstantiated allegations and to pending proceedings.[1]  Indeed, the repeal represented a mandate by the state to the City and other municipalities to allow public access to this information without any further obstacle and delay, given the identified importance of such access to police reform efforts.

The repeal was signed on June 12, 2020 and the City agencies that had applicable records, including the CCRB, all separately began to determine ways that they could provide the public the information and data within their possession, which included unsubstantiated, exonerated, and unfounded cases, that would be subject to FOIL.  The CCRB immediately began efforts to provide the information that would now be disclosable under FOIL to the public, to fulfill the legislature's mandate.  These agencies immediately began receiving FOIL requests.  Indeed, CCRB received more FOIL requests in the weeks following the repeal then they had almost the entire previous year.  They understood there would continue to be heavy immediate demand for this information on a large scale by individuals and organizations and that prompt compliance with such requests was critical.

The CCRB worked, over the course of several weeks, with its own staff reviewing applicable legal and technical issues to create its database.  Upon completion of this work the CCRB **publicly** announced at this Board meeting that the data would be available shortly.  Following this announcement, various individuals and organizations inquired about how to gain access to the data.  The NYCLU is the only organization that submitted a FOIL request for the entire database. Prior to that, the CCRB had provided subsets of the database to various organizations, including ProPublica, which received information about 4,059 NYPD officers.[2]  The CCRB was able to respond quickly because it had been working for weeks following the repeal of 50-a to figure out how best to efficiently provide access to this information.

None of this is even remotely unlawful or conspiratorial.  Plaintiffs' reliance on some prior FOIL requests not answered for an extended period is completely misplaced.  As can be seen above, the CCRB had been preparing for weeks for a request such as the NYCLU's because the June 12, 2020 repeal of 50-a created a legislative mandate for these sorts of requests to be

---

[1] In his press release upon signing the repeal of 50-a, Governor Cuomo noted "The current law prevents access to both records of the disciplinary proceedings themselves and the recommendations or outcomes of those proceedings, leading to records of complaints or findings of law enforcement misconduct that did not result in criminal charges against an officer almost entirely inaccessible to the public.  Repealing 50-a will allow for the disclosure of law enforcement disciplinary records, increasing transparency and helping the public regain trust that law enforcement officers and agencies may be held accountable for misconduct."  See https://www.governor.ny.gov/news/governor-cuomo-signs-say-their-name-reform-agenda-package (last visited July 25, 2020).  Both unsubstantiated and pending cases were included amongst the information to be made available.

[2] The ProPublica request was for the entire CCRB officer history for every officer with at least one substantiated case.  The officer histories included unsubstantiated, exonerated, and unfounded allegations. This data was sent by the CCRB on June 30, 2020.

honored.  References to unexpected requests when Civil Rights Law Section 50-a was in existence are utterly irrelevant and, indeed, misleading.

Plaintiffs' ridiculous conspiracy theory is also undermined by the fact that the City is not at all breaking the law or in any way violating its employees' rights.  Indeed, the City has been acting to **comply** with the law, namely FOIL, in light of the repeal of Civil Rights Law Section 50-a.  Much like their factual assertions, each and every one of the supposed "rights" invoked by plaintiffs to claim that they "outweigh" the First Amendment rights invoked by NYCLU are, in fact, weak and often contradicted by binding prior cases directly on point:

- **Sixth Amendment Rights** – it is well-settled law that the Sixth Amendment, which provides a right attendant to criminal proceedings, does not apply to administrative proceedings such as disciplinary investigations by the City, as employer, against its employees.  See e.g.  Madera v. Board of Education, 386 F.2d 778, 780 (2d Cir. 1967); Nonnenmann v. City of New York, Docket No. 02 Civ. 10131 (JSR) (AJP), 2004 U.S. Dist. LEXIS 8966, *80 (S.D.N.Y. 2004) ("NYPD disciplinary proceedings [are] not criminal prosecutions.")
- **Fourteenth Amendment Due Process** – In this case, plaintiffs claim disclosure of unfounded or pending disciplinary claims would violate their constitutionally protected liberty interest by damaging their reputation.  However, the disciplinary process in place satisfies those due process concerns. See generally. Segal v. City of New York, 459 F.3d 207 (2d. Cir. 2006).  Moreover, plaintiffs' analysis completely ignores the important "government interest . . . to execute and explain its personnel decisions", both positive and negative.  Id.  Moreover, with respect to unsubstantiated, unfounded or pending allegations, there is no "stigma plus" present that would allow for a due process claim. Martz v. Valley Stream, 22 F.3d 26, 32 (2d Cir. 1994).  The absurdity of plaintiffs' positon here is evident.  Saying the City is acting unlawfully by publishing disciplinary trial calendars is akin to saying that the Court publishing is criminal dockets is unconstitutional.  It is absurd to suggest that there should be greater protection against dissemination of disciplinary trials than if the employee were indicted in a federal case, in which the details of the allegations would be publicly available via the Court.  Thus, it is clear plaintiffs' members' due process rights are not implicated in the release of data pursuant to FOIL.
- **Contractual and Collective Bargaining Rights –** Plaintiffs' arguments that dissemination of information may impair their collective bargaining rights ignore the fact that police discipline and the dissemination of information related to that discipline is ***not*** a subject of collective bargaining.  See Patrolmen's Benevolent Assn. of City of N.Y., Inc. v. New York State Pub. Empl. Relations Bd., 6 N . Y . 3d 563 (2006).  Even if the repeal of FOIL and the statutory mandate to disclose that came with it changed a matter that was covered under collective bargaining, the City is obligation would be to bargain with the union over the impact of that change, not to refuse to comply with the law until the Union gives its say-so. Thus, dissemination pursuant to FOIL does not impair collective bargaining rights, as the Union maintains its ability to demand impact bargaining.

Plaintiffs, as the parties seeking injunctive relief here, have the burden of showing a strong likelihood of success on their legal claims and providing their factual claims with clear and convincing evidence. At the very least, however, one would expect plaintiffs to be honest with the Court about the underlying facts and do diligent enough legal research to adequately address the binding law on point with this Court. In their letter, plaintiffs did neither, leaving defendants with no choice but to respond in order to bring these facts and legal points to the Court's attention.

    We thank the Court for its consideration of these issues.

Respectfully submitted,

/s/
Rebecca G. Quinn
Assistant Corporation Counsel

/s/
Dominique Saint-Fort
Assistant Corporation Counsel

cc: <u>BY ECF</u>
Anthony Coles
Courtney Saleski
Michael Hepworth
DLA Piper
*Attorney for Plaintiffs*

Christopher Dunn
New York Civil Liberties Union