

**The City of New York**
**LAW DEPARTMENT**
LABOR & EMPLOYMENT LAW
DIVISION
100 Church Street, 2nd Floor
NEW YORK, NEW YORK 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

**Rebecca G. Quinn**
Phone: (212) 356-4382
Fax: (212) 356-2439
Email: rquinn@law.nyc.gov

July 25, 2020

**BY ECF**
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

       Re:    Uniformed Fire Officers Association, et al. v. Bill de Blasio, et al.
                20-cv-05441 (KPF) (RWL)

Dear Judge Failla:

        Defendants submit this letter in opposition to Plaintiffs' premature and baseless letter motion for discovery, filed on July 24, 2020, Dkt. #21.

        Plaintiffs' claim, both in emails to Defendants and now in two letters to the Court (Dkt. #21, Dkt. #22), that we will not promptly address their discovery requests and seek to delay the proceedings is utterly false, as Plaintiffs well know.  That Defendants properly chose not to capitulate to Plaintiffs' largely improper discovery requests is not a legitimate basis for Plaintiffs to seek blanket relief from the Court.  To be clear, the Court set a discovery deadline – August 7, 2020 – and Defendants endeavor to comply with that deadline. But flouting the Court's Order, Plaintiffs now effectively demand a shorter discovery deadline of July 31, 2020.  The Court must reject that bald request.  Further, Plaintiffs repeatedly misrepresent to the Court that Defendants have refused to cooperate with them and refuse to provide responses to their requests.  In fact, Defendants did not wait for a formal, final request from Plaintiffs to begin the process of obtaining relevant, responsive, non-privileged materials.  As Plaintiffs note in their letter motion, Defendants stated this in our meet and confer telephone call, held at 11:45 a.m. on July 24, 2020, and assured Plaintiffs that the morning immediately after the July 22, 2020 conference, we began seeking relevant, responsive and non-privileged materials in accordance with the Court's Order.  Defendants have made abundantly clear our interest in expeditiously completing relevant

discovery, in an email exchange on July 23, 2020, after Plaintiffs accused Defendants of "slow-roll[ing]."[1]  That email, conspicuously missing from Plaintiff's Exhibit 3, is annexed hereto, as Exhibit A.  Plainly, given the Court's issuance of a Temporary Restraining Order, Defendants do not seek to "slow-roll" discovery.  Plaintiffs' impertinent illogic aside, it simply is imperative that the present disruption to the proper release of records to the public be ended, particularly with the repeal of New York Civil Rights Law §50-a.  Critically, the public interest – and impetus – that led to that repeal demands no less.

Defendants were ordered to and, did, meet and confer with Plaintiffs.  To protect Defendants' rights to assert all appropriate privileges, to comport with the Federal Rules of Civil Procedure's favoring of proportionality, and to proceed in an orderly fashion, Defendants properly insisted upon final and formal discovery requests from Plaintiffs.  As shown in the email exchanges in Exhibit 3 to Plaintiffs' letter motion, Plaintiffs repeatedly described their requests as "draft," "proposed," and "subject to change."  Indeed, Plaintiffs sent Defendants three such drafts. The last draft was sent an hour before our scheduled call on July 24, 2020, which contained for the first time, 30(b)(6) deposition demands for witnesses from all Defendants, including the City at large.  *See* Exhibit B.  Defendants would expect, based on the Court's stated request, that Plaintiffs would consider discovery at this stage highly limited in scope, and would accordingly modify their discovery demands. *See* July 22, 2020 Conference Tr., at 91.  They clearly did not.  While Defendants did not anticipate demands limited to *only* the two items of discovery mentioned by the Court, we did expect demands would remain within the scope of those subject areas.  And we expected that Plaintiffs' discovery requests would not be a moving target, subject to change at their whim.

As noted by Plaintiffs, accurately for once, during the parties' July 24th meet and confer, Defendants declined to detail our view on each request as Plaintiffs improperly desired, assuring them instead that we would provide our formal responses to their newly converted formal requests in writing.  That is eminently proper.  Plaintiffs' aggrieved howl to the contrary is at odds with Rule 34 of the Federal Rule of Civil Procedure.  Defendants stated during the call that, without waiving our right to interpose formal written objections, their first three requests fell within the scope of the Court's order.  We stated that the fourth request was proportionally overbroad in its request for "all documents concerning the release to the public of Disciplinary Records by the City…"  We expressed that the remaining requests were proportionally overbroad, particularly those that requested records dating back to January 2016 (Requests 5, 6, 9 and 10).  Indeed, Plaintiffs seek four years of records.  Civil Rights Law §50-a was repealed approximately six weeks ago, but it appears clear that Plaintiffs did not internalize the Court's directive concerning the scope of discovery.  After the call, in writing, we assured Plaintiffs that Defendants would respond, in writing, to their discovery requests by early next week.  Somehow, despite the deadlines fixed by the Court and Defendants' repeated assurances against any desired delay, this is not soon enough for Plaintiffs, who have prematurely pressed a decided non-issue to gain the Court's immediate intervention.

Given this, and without waiving Defendants' right, under Rule 34,e to serve formal discovery responses and objections, Defendants' position on Plaintiffs' requests is outlined below.  As stated above, Defendants object to Plaintiff' request for an order that

---

[1] Plaintiffs again accuse Defendants of "slow rolling" in their letter regarding the TRO against NYCLU. (Dkt. #22).

Defendants respond to their requests by July 31, 2020, as the Court already has set a discovery deadline of August 7, 2020.

REQUEST NO. 1.      All Disciplinary Records publicly released by the CCRB, whether by FOIL or otherwise, for the period June 12, 2020 to the present.

      Response to Request No. 1: Defendants agree to produce relevant, responsive and non-privileged documents.

REQUEST NO. 2:      All documents, including but not limited to communications with NYCLU, concerning the release of Disciplinary Records by the CCRB, or any of the Defendants, for the period June 12, 2020 to the present.

      Response to Request No. 2: Defendants agree to produce relevant, responsive and non-privileged documents.

REQUEST NO. 3.      For the period July 7, 2020 to the present, all documents and communications between CCRB and NYCLU, and any internal City communications, concerning the release to NYCLU of Disciplinary Records.

      Response to Request No. 3: Defendants agree to provide relevant, responsive and non-privileged documents.

REQUEST NO. 4.      All documents concerning the release to the public of Disciplinary Records by the City, including but not limited to documents concerning the format, manner of release, scope, or type of the Disciplinary Records to be released, for the period June 12, 2020 to the present.

      Response to Request No. 4: Defendants object to this request on the basis that "all documents concerning the release to the public of Disciplinary Records by the City" is not proportional to the needs of the case under Rule 26(b)(1). Defendants propose disclosing the format, manner of release, and type of Disciplinary Records to be released as of July 15, 2020, the date the stay in state court was entered, in a form that discloses the planned disclosure as it existed at that time.  Any documents regarding proposed plans before that date are not relevant to Plaintiff's need for a preliminary injunction and may be subject to the attorney-client privilege.

REQUEST NO. 5.      All documents and communications relating to the denial, in whole or in part, of a public records request for Disciplinary Records on grounds other than the application of New York Civil Rights Law § 50-a, such as where disclosure of the requested records would constitute an unwarranted invasion of privacy or pose a risk to the safety of any person, such as, for example, those referenced in *Hughes Hubbard & Reed LLP v. Civilian Complaint Review Board*, 53 Misc. 3d 947, 950 (Sup. Ct., Kings Cnty. 2016), and *Luongo v. Records Access Officer*, 150 A.D.3d 13, 16 (1st Dep't 2017), for the period January 1, 2016 to the present.

      Response to Request No. 5: Defendants object to this request on the basis that it is not proportional to the needs of the case under Rule 26(b)(1), as it seeks all documents and

communications from January 1, 2016 to the present. Plaintiffs intend this discovery to aid in establishing their Article 78 claim that it was longstanding practice of the Defendants to protect the information it now intends to release, despite the repeal of § 50-a. Plaintiff has cited to two cases in an attempt to establish their claim and do not need documents to argue their legal point.

REQUEST NO. 6.      All documents and communications concerning or reflecting (a) the release to the public of Unsubstantiated or Non-Final Allegations against employees of the City other than law enforcement officers, or (b) the denial, in whole or in part, of a public records request encompassing Unsubstantiated or Non-Final Allegations against City employees other than law enforcement officers on the ground that disclosure of the requested records would constitute an unwarranted invasion of privacy, or pose a risk to the safety to any person, for the period January 1, 2016 to the present.

> Response to Request No. 6: Defendants object to this request on the basis that it is not proportional to the needs of the case under Rule 26(b)(1), as it seeks all documents and communications from January 1, 2016 to the present. Plaintiffs likely intend to use this discovery to establish their Equal Protection claim and as stated above regarding Request No. 5, this is a legal argument that does not require documents at the preliminary injunction stage. Plaintiffs have requested a vast amount of records ("All documents and communications") dating back to the arbitrary and distant date of January 1, 2016.

REQUEST NO. 7.      All documents concerning protocols, policies, or other guidance developed by the Defendants relating to the privacy of personnel records of City employees.

> Response to Request No. 7: Defendants object to this request on the basis that it is not proportional to the needs of the case under Rule 26(b)(1). This request is overly-broad and outside the scope of discovery.  Plaintiffs have argued that the records they seek to enjoin the release of are subject to other legal protections aside from § 50-a. To meet their burden on that claim, Plaintiffs must cite to these sources of law.  Plaintiffs have not demonstrated a need for documents from the City to establish this legal argument. Additionally, documents regarding protocols, polices or guidance related to the privacy of City employee's personnel records may be subject to the attorney-client privilege

REQUEST NO. 8.      All documents explaining or defining the terminology used by the City to describe the status of Allegations made against any firefighter, corrections officer, or police officers or explaining or defining the standards of proof applied to Allegations.  This includes, for example, the terms used in the Law Department's July 17, 2020 Letter to the Court at page 3.

> Response to Request No. 8: Defendants object to this request on the grounds that it is vague and ambiguous, particularly in the use of the term "status of Allegations." Defendants also object to this request on the basis that it is not proportional to the needs of the case under Rule 26(b)(1), particularly on the grounds that it requests "All documents explaining or defining…" This would cover a vast amount of documents which, if produced, would be far less helpful than Defendants simply providing definitions of the categories of documents Plaintiffs seek to enjoin from being released.

Nonetheless, Plaintiffs should be in a better position than Defendants to define what specific materials for which they seek an order enjoining their release.in.

REQUEST NO. 9.     All Unsubstantiated or Non-Final Allegations made against police officers that are currently tracked or maintained by the NYPD, for the period January 1, 2016 to the present.

> Response to Request No. 9: Defendants object to this request on the basis that it is not proportional to the needs of the case under Rule 26(b)(1). This request is overly-broad, requests documents dating back to the distant and arbitrary date of January 1, 2016, is outside the scope of discovery and not relevant to Plaintiffs' case.

REQUEST NO. 10.    All Unsubstantiated or Non-Final Allegations made against police officers that are currently tracked or maintained by the CCRB, for the period January 1, 2016 to the present.

> Response to Request No. 10: Defendants object to this request on the basis that it is not proportional to the needs of the case under Rule 26(b)(1). This request is overly-broad, requests documents dating back to the distant and arbitrary date of January 1, 2016 and is outside the scope of discovery and not relevant to Plaintiffs' case.

Demand for 30(b)(6) Deposition: "Please take notice that, in accordance with the July 22, 2020, order of Court authorizing Plaintiffs to take expedited discovery in advance of the hearing on their motion for a preliminary injunction, and pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs, by and through their undersigned attorneys, shall take the deposition upon oral examination, to be recorded stenographically, of Defendants the City of New York (the "City"), the Fire Department of the City of New York ("FDNY"), the New York City Department of Correction ("DOC"), the New York City Police Department ("NYPD"), and the Civilian Complaint Review Board ("CCRB") (collectively, the "Organizational Defendants")…"

> Response to Demand for 30(b)(6): Defendants object to this request on the basis that it is not proportional to the needs of the case under Rule 26(b)(1), particularly given the discovery deadline of August 7, 2020. Such a vast request for depositions is in no way feasible given the expedited nature of discovery in this case. Moreover, the topics for which Plaintiffs seek disclosure are duplicative of Request Nos. 1-4, 7-10, and thus the objections to those requests are incorporated by reference. The expedited discovery in this case is conducive to either paper discovery or discovery through depositions, but not both.

In short, the altogether manufactured discovery crisis instigated by Plaintiffs has no basis other than to obligate Defendants to redirect our limited time and resources to respond. We thank the Court for its consideration of the foregoing.

Respectfully submitted,

_____/s/_____

Rebecca G. Quinn
Assistant Corporation Counsel

_____/s/_____

Dominique Saint-Fort
Assistant Corporation Counsel

cc:     Anthony Coles (by ECF)
        DLA Piper
        *Attorney for Plaintiffs*