

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Anthony Paul Coles
T  (212) 335-4844
E  anthony.coles@us.dlapiper.com

July 26, 2020

Hon. Katherine Polk Failla
United States District Court
    for the Southern District of New York
40 Foley Square
New York, NY 10007

**Re:**   *Uniformed Fire Officers Association, et al. v. Bill de Blasio, et al.*
         **No. 20-cv-05441 (KPF) (RWL)**

Dear Judge Failla:

   We submit this Reply Letter in response to Defendants' Letter of July 25 concerning discovery.  (ECF No. 24.)

   We also request a conference to determine what efforts the City has made to respond to the Court's inquiry made at the July 22 Hearing to identify all FOIL requests for Disciplinary Records that the City has answered in addition to the NYCLU request.  (July 22, 2020 Hearing Transcript ("Tr.") at 11, 16.)  Prior to the Hearing, Defendants circulated a proposed discovery request demanding that the City identify all FOIL requests it has answered since June 12, 2020.  As the Court knows, the City said it would not respond until "early next week."  (ECF No. 21, Ex. 3.)  The reason for the City's delay now seems clear.  Yesterday, the City buried a reference in its letter to the Court on the NYCLU issue stating that it had responded to one FOIL request from ProPublica, a media organization, on June 30.  (ECF No. 23 at 2 & n.2.)  Today, ProPublica announced that it had already uploaded allegations relating to 4000 officers to the internet.  ***The vast majority of the allegations are admittedly unsubstantiated, and none of them have been finally adjudicated by the NYPD***.  It is simply outrageous that this information has not been provided to Plaintiffs but is now surfacing on internet databases.

Defendants' Request No. 1

   Request No. 1 seeks immediate identification and disclosure of all CCRB disclosures of Disciplinary Records over the past six weeks.  Defendants still have not identified or provided Plaintiffs, or this Court, complete information as to what Disciplinary Records the City itself has produced in response to FOIL requests.  Plaintiffs request that the Court order the City to identify and provide the demanded documents in response to Request 1 by 12:00 p.m. on Monday, July 27.

   Plaintiffs also ask the Court to order the City to produce all communications, including phone records, that directly or indirectly concern ProPublica's FOIL request, or ProPublica's release of documents over this weekend, by 6:00 p.m. on Monday, July 27.  Yesterday's belated disclosure by Defendants appears deeply suspicious in light of Defendants' failure to identify the ProPublica FOIL response to the Court at the July 22 Hearing.  Plaintiffs are entitled to conduct



Hon. Katherine Polk Failla
July 26, 2020
Page 2

an expedited inquiry into the circumstances in view of the TRO against Defendants (and those acting in concert with them) that is in effect, as well as appropriate remedies to prevent irreparable harm to Plaintiffs and preserve the status quo.  (ECF No. 23 at 2 & n.2.)

Defendants' Requests Nos. 2-3

These two Requests concern the CCRB's release of Disciplinary Records and were authorized by the Court.  (Tr. at 83-84.)  But the Defendants commit to producing only "relevant, responsive, non-privileged" documents—whatever that means.  (ECF No. 24.)  We request that the Defendants be directed to produce the demanded documents without amorphous conditions.  To the extent a privilege exists, a contemporaneous privilege log should be produced.  A "hedged" response to these requests is not appropriate.

Defendants' Request No. 4

This Request demands documents relating to Defendants' identification of which Disciplinary Records they plan to release after the repeal of § 50-a.  The request is limited to the period June 12 to the present.  Defendants propose to release only documents reflecting the Disciplinary Records to be released "as of July 15."  But Defendants show no justification for denying discovery of documents concerning options or decisions made prior to or post-July 15.

At the July 22 Hearing, Defendants admitted that "[t]here is still some discussion that is being—there's still some discussion about it, as to how specifically—or, excuse me, what specifically will be disclosed."  (Tr. at 16-17.)  Defendants are entitled to explore the reasons why the City is choosing to release certain categories of documents, and not others, and why the City apparently is reversing a longstanding practice of making individualized and particularized determinations before producing any personnel records, and instead engaging in a massive data release with no individualized or particularized review.  (*See* Tr. at 12-15.)

Defendants' primary objection is that the request is not "proportional to the needs of the case."  That argument fails because the Request seeks only information from June 12, 2020 to the present, and, as described, bears directly on Plaintiffs' claims, and is consistent with the already approved scope of discovery identified at the Hearing.

Defendants' Requests Nos. 5-7

These requests are relevant to show that the City has a longstanding practice of maintaining the privacy of Unsubstantiated and Non-Final Allegations separate and apart from § 50-a, as well as of maintaining the privacy of such records for other employees who were not covered by § 50-a.  At least two court opinions explicitly reference the existence of that policy as to police records.  *See Hughes Hubbard & Reed LLP v. Civilian Complaint Review Board*, 53 Misc. 3d 947, 950 (Sup. Ct., Kings Cnty. 2016); *Luongo v. Records Access Officer*, 150 A.D.3d 13, 16 (1st Dep't 2017).  The requested documents are direct evidence of this policy, and the reasons for it, and for any recent arbitrary reversal of that policy.

2



Hon. Katherine Polk Failla
July 26, 2020
Page 3

The time frame was reasonably based on the date of the two cited opinions, and the information is plainly material to Plaintiffs' claims. Nor has the City offered to stipulate as to the existence of the policy—a possible alternative to explore—it simply seeks to deny us relevant evidence.

Defendants' Request No. 8

This request seeks Defendants' definitions of the terminology it uses for characterizing Disciplinary Records and is directed in part to the terminology used by Defendants in their July 17 letter to the Court. (ECF No. 7 at 3.) For instance, that letter states that certain non-final determinations are in fact "substantiated," even if they are subsequently proven to be untrue—Plaintiffs must be able to analyze that tautology. Defendant's letter also states that the CCRB intends to release "ultimately unfounded, unsubstantiated or exonerated" Disciplinary Records. Plaintiffs are entitled to understand how the City is using these terms, and if they are using them consistently. Defendant's primary objection is that the request is "vague and ambiguous." It is not; what is vague and ambiguous is Defendants' definition and usage of these terms, and discovery of that is proper.

Defendants' Requests Nos. 9-10

These requests seek the Disciplinary Records, including pre-June 12 settlements, that the Defendants plan to release to the public. But the Defendants want to conceal these very documents from Plaintiffs, even though they have had no difficulty promptly and voluntarily providing similar information to NYCLU, ProPublica, and potentially others. Understanding and reviewing the documents to be produced is at the core of each of Plaintiffs' claims and will directly inform the proof of each cause of action. Concealing these documents would impair Defendants' ability to show harm flowing from their planned indiscriminate release. Defendants argue that the documents are "not relevant," an objection that should not withstand any serious scrutiny, particularly in light of the disclosures already made by the City.

Defendants' Rule 30(b)(6) Deposition

Plaintiffs have identified the specific deposition topics to be covered, which are all within the scope of matters raised at the Hearing. Plaintiffs are entitled to sworn, final answers as to the Defendants' contemplated release of data, as well as matters relating to the CCRB, to which we now add ProPublica. The deposition is necessary for sharpening the issues for trial, especially in light of the conflicting and evolving answers provided to date by Defendants. *See Reilly v. Natwest Markets Grp. Inc*., 181 F.3d 253, 268 (2d Cir. 1999) ("Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation *must* produce someone familiar with that subject." (emphasis added)).

We appreciate the Court's attention to the evolving circumstances over the weekend and its time.



Hon. Katherine Polk Failla
July 26, 2020
Page 4

                                        Respectfully submitted,

                                        Anthony P. Coles

cc:     All counsel of record (*via* ECF)
        failla_NYSDChambers@nysd.uscourts.gov