

**The City of New York**

| | | |
|---|---|---|
| **JAMES E. JOHNSON** | **LAW DEPARTMENT** | **Rebecca G. Quinn** |
| *Corporation Counsel* | LABOR & EMPLOYMENT LAW | Phone: (212) 356-4382 |
| | DIVISION | Fax: (212) 356-2439 |
| | 100 Church Street, 2nd Floor | Email: rquinn@law.nyc.gov |
| | NEW YORK, NEW YORK 10007 | |

July 27, 2020

**BY ECF**
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:  Uniformed Fire Officers Association, et al. v. Bill DeBlasio, et al.
20-cv-05441 (KPF) (RWL)

Dear Judge Failla:

We write in response to Plaintiffs' letter dated July 26, 2020, Dkt. # 25.

In that letter, Plaintiffs accuse Defendants of delaying their responses to Plaintiffs' discovery requests essentially to permit ProPublica to post information it received from the CCRB in response to a June 30, 2020 FOIL request.  This is false.  Defendants informed the Court at the July 22, 2020 hearing that CCRB had responded to FOIL requests, aside from the response to NYCLU, since the repeal of New York Civil Rights Law § 50-a on June 12, 2020. *See* July 22, 2020 Tr., 12:2-7 ("Since the repeal of 50-a, there have been a number of records that have been disclosed by the CCRB."). Defendants also informed the Court that they were not aware, at that time, who aside from NYCLU had received records from CCRB, but indicated that the CCRB had responded to FOIL requests other than that of NYCLU. *Id.* at 12:16-21 ("I believe there have been other FOIL requests in the interim that have been responded to. I cannot say specifically, but I am aware that there have been—to whom they have been made by and to whom the information was disclosed, but there have been other FOIL requests and responses.") Indeed, given this, the Court ordered discovery into this area, and Plaintiffs served a discovery request concerning what other disclosures had been made following the repeal of §50-a. *See* Plaintiff's Discovery Requests, Demand No. 1, Dkt. # 21-1. As stated in Defendants July

25, 2020 letter response, Defendants agree to produce relevant, responsive and non-privileged documents in response to that request. Remarkably, Plaintiffs assert that this is insufficient.

In the interim, when Defendants learned that the CCRB had provided ProPublica with materials in response to its FOIL request, they informed the Court in their July 25, 2020 letter. *See* Dkt. # 23. Defendants provided this information to dispel the notion that there was any secret, orchestrated plan with NYCLU to release records. Indeed, the CCRB responded to other FOIL requests, and did so prior to their response to NYCLU. As noted in Defendants' July 25, 2020 letter, § 50-a was repealed on June 12, 2020 and Defendants had been in the process of preparing certain disciplinary records for release. Presumably, news organizations and others interested in the repeal of § 50-a were eager to obtain such records. The CCRB did not need to orchestrate a plan to release the records with NYCLU, ProPublica, or any other individual or entity, as they could have legally released the records themselves. Plaintiffs filed their Temporary Restraining Order application on July 15, 2020, over a month since the repeal of § 50-a. By this time, many records had already been properly disclosed via FOIL. If Plaintiffs wanted to prevent the release disciplinary records following the repeal of § 50-a, they should have made a prompt application for a Temporary Restraining Order. It is unreasonable to expect the City to unwind every act it did in the more than 30 days that the *status quo* permitted FOIL disclosure following the repeal of § 50-a.

Finally, Defendants reserve their right to object to Plaintiffs' new discovery demands including Plaintiffs' request that Defendants respond to their discovery requests by noon and/or 6:00 p.m. today.

Respectfully submitted,

/s/

Rebecca G. Quinn
Assistant Corporation Counsel

/s/

Dominique Saint-Fort
Assistant Corporation Counsel

cc:    Anthony Coles (by ECF)
       DLA Piper
       *Attorney for Plaintiffs*

2