**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

D: +1 (212) 225 2283
racooper@cgsh.com

THOMAS J. MOLONEY
RICHARD S. LINCER
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
   RESIDENT PARTNERS

SANDRA M. ROCKS
JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
NEIL R. MARKEL
KENNETH S. BLAZEJEWSKI
LAURA BAGARELLA
SHIRLEY M. LO
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
   RESIDENT COUNSEL

LOUISE M. PARENT
   OF COUNSEL

July 28, 2020

**BY ECF**

Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, N.Y. 10007

Re: *Uniformed Fire Officers Ass'n, et al. v. de Blasio, et al.*, 20 Civ. 5441 (KPF)

Dear Judge Failla,

We write on behalf of The Legal Aid Society ("Legal Aid") to request leave to participate in writing and at hearings as *amicus curiae* in the above-captioned proceeding.

Legal Aid is the oldest and largest non-profit provider of legal services to low-income families and individuals in the United States. Founded in 1876, Legal Aid annually provides legal assistance to families and individuals in more than 300,000 legal matters in every borough of New York City. Access to officer disciplinary records is crucial to that mission and Legal Aid has long collected and stored such records for that reason. Legal Aid's criminal defense attorneys provide information about relevant prior officer misconduct to state criminal court judges when they are making critical decisions in criminal proceedings such as whether to grant bail or remand based on the statements of individual officers. Legal Aid's law reform units use officer misconduct records in civil rights litigation on behalf of victims of police misconduct and to support policy advocacy designed to strengthen systems of police supervision, discipline and accountability. In service of these goals, Legal Aid has for years maintained its Cop Accountability Program ("CAP") database, which tracks police misconduct by members of the NYPD, and is available to providers of public defense throughout New York City. A subset of this database, containing federal and civil rights lawsuits, is available to the general public through CAPstat.nyc.

Hon. Katherine Polk Failla, p. 2

Legal Aid has long advocated for the release of the records at issue in this action and for the repeal of Section 50-a of the New York Civil Rights Law ("Section 50-a"), which had consistently been identified as the primary impediment to the release of officer disciplinary records. Since 2016, when the City reversed its long-standing policy of making summaries of NYPD disciplinary records publicly available as a matter of course, Legal Aid repeatedly and unsuccessfully used the New York Freedom of Information Law ("FOIL") to challenge the City's decision to withhold officer disciplinary information.[1] In 2018, Legal Aid was granted leave to intervene in a state court proceeding brought by the Police Benevolent Association of the City of New York, which is a plaintiff in this action, against the City to prevent the City from voluntarily disclosing summaries of disciplinary records under Section 50-a. Legal Aid litigated the matter for more than two years in favor of release of disciplinary information.[2]

Most recently, Legal Aid was an active participant in the process that led to the repeal of Section 50-a; and since repeal, it has argued for proactive transparency on the part of the City. Leading up to the repeal of Section 50-a, Legal Aid testified and lobbied in favor of reform before defendant Civilian Complaint Review Board ("CCRB"),[3] the City Council[4] and the New York state legislature. As repeal efforts gained traction in the legislature, Legal Aid provided comments on the draft repeal bill in the New York Senate, many of which were adopted into law last month when New York overwhelmingly (101 Ayes to 43 Nays in the State Assembly and 40 Ayes to 22 Nays in the State Senate[5]) adopted Senate Bill S8496/Assembly Bill A10611 repealing Section 50-a.[6]

Following the repeal, Legal Aid called on the City to proactively release officer disciplinary information to all New Yorkers without further delay and without the need to file burdensome and time-consuming FOIL requests.[7] After years of advocacy, defendant Mayor de Blasio announced the City's intention to both publish pending complaints and create a comprehensive online system for active members of the police force.[8]

Legal Aid also attended the July 8, 2020, CCRB board meeting, where the CCRB held a public demonstration of their planned disciplinary database, as well as a follow-up meeting with

---

[1] *See, e.g.*, *Luongo v. Records Access Officer*, 150 A.D.3d 13, 16 (1st Dep't 2017) (denying Legal Aid access to records under Section 50-a). *Luongo* is the subject of Plaintiffs' Request for Production No. 5. *See* ECF No. 21.
[2] Attach. A (June 5th Hr'g Tr., *Patrolmen's Benevolent Ass'n of the City of N.Y. v. Bill de Blasio* (2018) (Index No. 153231/2018)) (recognizing Legal Aid's interest in the proceedings as an advocate for civil and criminal litigants).
[3] Bd. Meeting Broadcast at 58:00, *NYC Civilian Complaint Rev. Bd* (Dec. 11, 2019), https://livestream.com/accounts/8706161/events/3082869/videos/198899919.
[4] Attach. B (Memorandum of Support from The Legal Aid Society to N.Y. State Legislature (Feb. 19, 2020)).
[5] N.Y. State Assembly, *Assembly Session* at 7:55:17 (June 9, 2020), http://nystateassembly.granicus.com/MediaPlayer.php?view_id=7&clip_id=5533&meta_id=118598 (voting on A.10611); Sen. Bailey, *S.8496 Assembly Vote*, 2020 State Senate (N.Y. 2020), https://nyassembly.gov/leg/?default_fld=&leg_video=&bn=S08496&term=2019&Summary=Y&Floor%26nbspVotes=Y&Text=Y.
[6] *LAS Applauds Full Repeal of Police Secrecy Law 50-a*, The Legal Aid Society (June 12, 2020), https://legalaidnyc.org/news/las-applauds-full-repeal-police-secrecy-law-50-a/.
[7] Attach. C (Letter from Tina Luongo, Attorney-in-Charge, The Legal Aid Society Criminal Defense Practice to Mayor Bill De Blasio and City Council Speaker Corey Johnson (June 15, 2020)).
[8] NYC Press Office, *Mayor de Blasio Announces New Reforms to NYPD's Disciplinary System*, NYC Official Website (June 17, 2020), https://www1.nyc.gov/office-of-the-mayor/news/445-20/mayor-de-blasio-new-reforms-nypd-s-disciplinary-system.

Hon. Katherine Polk Failla, p. 3

CCRB staff where a further demonstration was conducted. Following the demonstrations, based on the understanding that the data was soon to be made public, Legal Aid staff obtained access to the database via the accessible URL used for the demonstration and downloaded the data. Legal Aid has not published this data. Legal Aid also submitted a FOIL request for this data. To Legal Aid's knowledge, no one at the CCRB was aware that Legal Aid possessed this data until yesterday, July 27, 2020. Upon being informed of this fact, CCRB promptly requested that Legal Aid destroy the data. Legal Aid has not agreed to this. However, out of consideration for the fact that the CCRB apparently did not intend to facilitate the manner in which Legal Aid obtained the data, and without prejudice to its pending FOIL request or arguments for public disclosure, Legal Aid has offered to temporarily refrain from public disclosure of any data obtained from the URL provided during the CCRB's demonstration, excepting any data that has otherwise been made public, and except to the extent that disclosure of specific information is needed for the effective representation of a client in an individual criminal case.[9]

These proceedings represent an attempt to use the courts to roll back landmark legislation brought about by years of advocacy for police reform, transparency and accountability. Public access to government records is essential to government accountability and the proper functioning of democracy, and by repealing Section 50-a, the legislature has declared that police disciplinary records are a matter of public importance and should be available to the public. Legal Aid's years of advocacy work on behalf of itself and its clients, as well as its direct understanding of the value of public disclosure of police disciplinary records, provide it with a unique perspective on the issues before the Court, and make it an appropriate amicus. *Andersen v. Leavitt*, No. 03-cv-6115, 2007 U.S. Dist. LEXIS 59108, at *7-8 (E.D.N.Y. Aug. 13, 2007) (permitting amicus to "offer insights not available from the parties, thereby aiding the Court"). If granted leave, Legal Aid would file its amicus brief on or before August 14, 2020, which is the deadline currently set by the Court for written amicus submissions.

For these reasons, Legal Aid respectfully requests leave to participate in the above-captioned action as *amicus curiae*.

---

[9] Other organizations, including the New York Civil Liberties Union and ProPublica, appear to have obtained similar datasets. *See* We're Publishing Thousands of Police Discipline Records That New York Kept Secret for Decades (July 26, 2020), https://www.propublica.org/article/nypd-civilian-complaint-review-board-editors-note.

Hon. Katherine Polk Failla, p. 4

Respectfully submitted,

| THE LEGAL AID SOCIETY | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
|---|---|
| By: /s/ Corey Stoughton<br>Corey Stoughton<br>The Legal Aid Society<br>199 Water St. 6th Floor<br>(212) 577-3300<br><br>*Counsel for Legal Aid* | By: /s/ Roger A. Cooper<br>Roger A. Cooper<br>Joseph M. Kay<br>Ye Eun Charlotte Chun<br>One Liberty Plaza<br>New York, NY 10006<br>(212) 225-2000<br>racooper@cgsh.com<br>jkay@cgsh.com<br>chchun@cgsh.com<br><br>*Of Counsel for Legal Aid* |

cc: All Counsel (via ECF)