# Attachment A

# EXHIBIT B

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK - CIVIL TERM - PART 37
-----------------------------------------------X

PATROLMEN'S BENEVOLENT ASSOCIATION OF
THE CITY OF NEW YORK, INC.

                    Plaintiff,

            -against-

BILL DeBLASIO, CITY OF NEW YORK, JAMES P. O'NEILL
and NEW YORK CITY POLICE DEPARTMENT,

                    Defendants.
-----------------------------------------------X
Index # 153231/2018                    Proceedings

                        60 Centre Street
                        New York, New York
                        June 5, 2018


B E F O R E:

              HONORABLE ARTHUR F. ENGORON,
                       Justice.



A P P E A R A N C E S:

      KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
      1633 Broadway
      New York, New York 10019
            BY:  MICHAEL J. BOWE, ESQ.
                 ALEXANDER SIMKIN, ESQ.
                 Attorneys for Plaintiff

      NEW YORK CITY LAW DEPARTMENT
      100 Church Street
      New York, New York 10007
            BY:  MAXWELL LEIGHTON, ESQ.
                 Attorney for Defendants


(Continued next page.)

2

1

2     A P P E A R A N C E S: (continued)

3

          CLEARY GOTTLIEB STEEN & HAMILTON, LLP
4         One Liberty Plaza
          New York, New York 10006
5              BY:   BEN SHARTSIS, ESQ.
                     Attorneys for Legal Aid Society
6
          LEGAL AID SOCIETY
7         199 Water Street
          New York, New York 10038
8              BY:   CYNTHIA CONTI-COOK, ESQ.
                     Attorney for Legal Aid Society
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23                        DEBORAH A. ROTHROCK, RPR
                          Official Court Reporter
24

25

26

Case 1:20-cv-05441-KPF   Document 33-1   Filed 07/28/20   Page 5 of 53

3

-Proceedings-

1

2          THE COURT:  On the record.

3          We are here on the case of Patrolmen's Benevolent

4     Association of The City of New York, Inc. against Bill

5     DeBlasio In His Official Capacity as Mayor of The City of

6     New York, et cetera; Index Number 153231/2008.

7          This is an Article 78 Proceeding -- or purports to

8     be and Legal Aid Society would like to intervene.

9          I would ask them to present their position on the

10     record at this time.

11          MR. SHARTSIS:  Certainly.

12          Your Honor, Legal Aid Society has a substantial

13     interest in this case and qualifies as an interested party.

14          The standards for intervention, as you are aware,

15     are highly discretionary.  We believe the Court should

16     exercise its discretion to intervene in this case.

17          This topic, of course, is a tremendous public

18     interest as to the ability of the People of New York to know

19     how and if officers are being disciplined for potential

20     misconduct and Legal Aid, in particular, has an interest in

21     this; as we have litigated a number of cases involving

22     ensuring that the courts are fully briefed on and correctly

23     interpret Section 50A.  And we have an interest in the City

24     publishing information about officers being permitted to do

25     so.  And, of course, this information may be relevant

26     ultimately in the representation of Legal Aid clients.

Case 1:20-cv-05441-KPF   Document 33-1   Filed 07/28/20   Page 6 of 53

4

-Proceedings-

On that basis, given the broad standard for
intervention, we believe Legal Aid should be permitted to
intervene.

It is also worth noting that Legal Aid is advancing
its positions and defending the City's actions on the
grounds that the City has not, at this point, advanced; that
is, that Legal Aid is advocating for essentially a broader
rejection of the PBA's petition. And, furthermore, has
substantively defended the records that the City proposes to
release as are not being subject to Section 50A and the
position not taken by the City. On that basis, Legal Aid is
requesting to intervene.

THE COURT: Okay.

I think it was described as a limited opposition?

MR. BOWE: Well, Judge, clearly they don't qualify
as interveners. It is something more than having an
interest in a litigation. You have to have a legally
cognizable right.

The parties that have rights here are the police
officers who are the protected class under the Civil Rights
Statute and the City is seeking to release those records and
is the subject of this lawsuit.

So, what you did not hear from counsel, very
simply, was, that we have a legally cognizable right. They
are not a protected class under 50, they are not the

DEBORAH A. ROTHROCK - OFFICIAL COURT REPORTER

1                    -Proceedings-

2   custodian of the records, they have no role in this

3   controversy at all other than they have an ancillary

4   interest in its outcome.

5        Quite clearly in the cases that we cite, the First

6   Department cases we have cited, that means they are not

7   --they don't qualified for intervention. We have no

8   objection to them putting in an Amicus brief and being

9   heard, but they don't qualify as a party to this action.

10       THE COURT: And --

11       MR. SHARTSIS: May I be heard on the standard?

12       THE COURT: Yes.

13       MR. SHARTSIS: That standard articulated is not a

14   strict requirement. We do not need a legally cognizable

15   interest to intervene. That is the one way that the

16   standard has been articulated in some cases. It doesn't

17   make a lot of sense to apply it to someone who is seeking to

18   intervene as a respondent.

19       In fact, the case THE MATTER OF THE NEW YORK

20   LAWYERS ASSOCIATION V BLOOMBERG, is a case very similar to

21   this one where a legal association wanting to intervene was

22   permitted to intervene because the outcome of the case could

23   have significant bearing on its clients. This case is

24   inline with that.

25       The standard is broad and discretionary.

26       THE COURT: Okay. The motion is granted.

Case 1:20-cv-05441-KPF Document 33-1 Filed 07/28/20 Page 8 of 53

6

1                          -Proceedings-

2              I read your papers which you both summarized very

3      well.

4              Intervention is a matter of discretion, or at least

5      some discretion.  I always say I like discretion to do what

6      I think is right.

7              I think the whole case is very important, as

8      probably reflected in the fact that there are a lot of

9      people out in the gallery.

10             Legal Aid does represent criminal defendants who I

11     think have some interest in this all.

12             There was a debate in the papers whether the

13     standard is do you need a legally cognizable right, or do

14     you need an interest -- I forgot exactly how interest is

15     defined.  I certainly think that Legal Aid has an interest

16     here and you are hereby granted to intervene as a party

17     respondent.

18             MR. SHARTSIS:  Thank you.

19             THE COURT:  Okay.

20             Now, let's move onto the Article 78 Proceeding.

21             I had issued a TRO.  Did anything happen between

22     then and now that changes anything and we could go into the

23     more substantive argument; petitioner?

24             MR. BOWE:  The only thing that is relevant, Judge,

25     is referred to in the papers, is that Justice Hagler had

26     dismissed a Section 50 body cam case on precisely the

```
                              -Proceedings-
 1
 2     issue -- the only issue the City raises here there's no
 3     private right of action; therefore, no Article 78 relief is
 4     available.  We immediately appealed that and took that to
 5     the First Department.
 6              The First Department not only stayed the order, but
 7     it enjoined the City from releasing any of that footage,
 8     which we think is a clear review to the patently inaccurate
 9     characterization of cases that deal with damages and private
10     rights of action as opposed to Article 78.
11              Other than that, I don't think there has been any
12     new developments.
13              THE COURT:  I am vagally aware of news reports.  I
14     think Buzz Feed had released certain records or something;
15     if that had any effect, that is fine.
16              MR. BOWE:  It is a different issue, your Honor, in
17     terms of the fact that somehow certain records got leaked,
18     illegally, we are dealing with that under a contract.  As to
19     the issue here, it doesn't; except that it would be an
20     example of one of the cases that they cite as support for
21     their position where stuff was leaked and someone brought a
22     claim for damages under the private right of action, that is
23     the Carpenter case, so that is not this case.
24              THE COURT:  Okay.
25              I could see why, even if were some records or
26     purported records were released, that wouldn't moot your
```

8

-Proceedings-

request here?

       MR. BOWE:  No, because it was leaked -- it was illegal.

       What they are proposing is a regularly ongoing role in the production of the summaries.

       THE COURT:  All right.

       Let's address the issue head on whether there is a private right of action here.  And perhaps the more complicated question, if there isn't a private right of action, can the petitioner get Article 78 relief?

       Now, you are City's attorney?

       MR. LEIGHTON:  Right.  Maxwell Leighton for respondents.

       THE COURT:  Let's address your motion to dismiss.

       MR. LEIGHTON:  Thank you, your Honor.

       We cross moved to dismiss as a threshold matter. We reserved our right to answer in the event that cross-motion is denied, we believe that.

       As to the merits, we don't speak to that in our cross-motion.  I know Legal Aid Society did answer and did speak to the position as to the summaries.

       As a threshold matter, I think it is very well established that there's no private right of action to sue for a violation of civil rights.  That is clear holdings of the First, Second, Third and maybe even the Fourth

DEBORAH A. ROTHROCK - OFFICIAL COURT REPORTER

9

1                       -Proceedings-

2    Department.

3              The First, Second and Third Department have all

4    held that police officers, or their unions, may not sue to

5    enjoin the publication of records.  They are certainly

6    shielded by 50A, the case that was dispositive to Justice

7    Hagler and we believe similarly should be dispositive here.

8              The Third Department case, MATTER OF DOE VERSUS

9    CITY OF SCHENECTADY 84 A.D.3d 1455 (2011.)

10             In that case two police officers and an association

11   represents police officers brought a Hybrid Article 78 and

12   declaratory judgment action seeking an order to permanently

13   enjoin the respondents, the City of Schenectady and the

14   Police Department, from conducting public hearings in

15   connection with police disciplinary proceedings.

16             Petitioners claimed, in that case, that the

17   proposed hearing would violate 50A and, thus, pursuant to

18   Article 78, the decision to hold such hearing was arbitrary

19   and capricious and was in violation of the law, the law

20   being 50A.  That is precisely what the PBA has argued here.

21             While the word "enjoined" and "injunction" may not

22   appear within their petition, and while they don't claim to

23   be seeking injunctive relief, that is what they are doing.

24             They are saying that the release or publication of

25   summaries --we will talk about summaries a little bit

26   later -- that that violates 50A and, therefore, they seek

10

1                        -Proceedings-

2      Article 78.

3            The Third Department dismissed in Doe, the

4      petitioner claimed first noted that no filed right of action

5      existed for claimed violations of 50A and stated that

6      because injunctive relief is granted only to protect the

7      legal right, the petitioners had no such legal right to

8      protect; for this reason alone the petitioner's complaint

9      should have been dismissed.

10           Now, I know already --I will not put words in their

11     mouths, and I know they will have some debate, opposing

12     counsel, as to that precise language, the words should have

13     been dismissed to that extent, which they believe somehow

14     modifies or narrows the nature of that holding.  Justice

15     Hagler disagreed.  He believed that the City, the respondent

16     believed here, that that was a determination that was

17     correct in seeking to prevent a municipality from doing

18     something that is precisely what is at issue here.  And they

19     are seeking to do it founded on a claim at its heart based

20     on Civil Rights Law 50A, yes, through a vehicle 78, but the

21     Third Department determined that that was not a legally

22     cognizable claim even under an Article 78 vehicle.

23           They did appeal.  And we did go to the First

24     Department where Justice Richter, on an emergency stay

25     application, set a schedule for briefing on a full motion

26     for preliminary injunction.  That motion is fully submitted

Case 1:20-cv-05441-KPF   Document 33-1   Filed 07/28/20   Page 13 of 53

1                      -Proceedings-

2        as of today.

3               She also issued an interim stay, that the first

4        time -- for the first time enjoined the respondents from

5        releasing body worn camera footage.

6               So I don't know that there's much that you could

7        draw at this stage from what Justice Richter decided,

8        perhaps there's more that you could draw from when a panel,

9        a motion panel makes, what I believe will be an expedited

10       decision on the PBA's motion for a TRO Preliminary

11       Injunction pending their appeal of Justice Hagler's

12       decision.

13              Nevertheless, putting aside even Justice Hagler's

14       decision, which is described in the transcript which we have

15       provided to the Court accompanying our cross-motion to

16       dismiss, that decision itself is based on authority from as

17       I noted the Third Department; also based on authority from

18       the First Department.

19              The First Department in a case called REALE VERSUS

20       KIEPPER, R-E-A-L-E versus K-I-E-P-P-E-R, 204 A.D.2d 72,

21       (1994 case).

22              The First Department reversed the preliminary

23       injunction that was issued by a trial court, which had

24       enjoined specifically the City from imposing discipline of

25       this Transit Authority police officer.

26              The First Department said and I'll quote, if you

12

-Proceedings-

1

2       will humor me:

3               "Regardless of whether the proposed postings would

4       violate the provisions of Civil Rights Law Section 50A, the

5       Legislator has not created either by an expressed or implied

6       bifurcated right of action on the part of the police

7       officers for claimed violations of Civil Rights Law 50A.

8       Since injunctive relief is granted only to protect the legal

9       rights, petitioners, therefore, were not entitled to this

10      relief based on cause of action under this statute."

11              That holding from the First Department in 1994 is

12      again echoed, again, by the First Department in a case from

13      2006, MATTER OF 35 NEW YORK CITY POLICE OFFICERS VERSUS CITY

14      OF NEW YORK, 34 A.D.3d 392.  That case, the First Department

15      reversed the granting of preliminary injunction because 50A

16      does not create a private right of action of police officers

17      and that concerned as well the release of certain records.

18              Not to leave the Second Department out.  The Second

19      Department also issued a decision on this case POUGHKEEPSIE

20      POLICE BENEVOLENT ASSOCIATION VERSUS CITY OF POUGHKEEPSIE,

21      184 A.D.2d 501 (1992).  There, the Poughkeepsie PBA claimed

22      the City of Poughkeepsie had released its summary of an

23      internal investigation of instances of police misconduct

24      and, therefore, sought to withdraw the enjoining of the City

25      from doing so in the future.  The Second Department denied

26      the petitioner, or plaintiff, I don't know that it really

1                         -Proceedings-

2         matters, frankly, but denied the preliminary injunction.

3              To that point it doesn't matter, where you have the

4         three departments, again, nothing from the Fourth Department

5         that I have seen, all echoing each other and saying on point

6         when it comes to this precise factual scenario, that there's

7         not a private right action even under, as set forth in the

8         Doe case from the Third Department, even under Article 78

9         Proceedings, we believe that there's clearly a basis for

10        dismissal as a threshold question without approaching the

11        merits, which respondents will do.  We will certainly file

12        an answer if, in the event that it is necessary, but we

13        don't believe it is necessary.

14             We think that Justice Hagler was correct and we

15        think that the First Department will agree; and with that,

16        your Honor, likewise, should dismiss this case for

17        substantially the same reasons.

18             THE COURT:  All right.  Thank you.

19             MR. BOWE:  Judge, I think counsel said it is not

20        what you could draw from the First Department stay.

21             What you could draw from the First Department stay

22        is that this is the precise argument Judge Richter disagreed

23        with and she disagreed with it for obvious reasons.

24             If he's right then tens of thousands of cases that

25        have been filed in New York for probably 75 years were

26        improperly filed.  Article 78 Proceedings are filed all the

14

```
 1                      -Proceedings-
 2      time against judges.  They are filed in all sorts of
 3      scenarios and there's never a private right of action.
 4      There's no private right of action for a convicted prisoner
 5      who has a problem with a sentence.  There's no private right
 6      of action.
 7              It is not a private right of action to bring an
 8      Article 78 against a judge for exceeding his jurisdiction or
 9      authority.  There's no private right of action written
10      anywhere to go down and file an Article 78 Proceeding in a
11      family court saying that family court is overstepping its
12      bounds of jurisdiction in Supreme.
13              Obviously there's an infinite number of scenario
14      where we deal with Article 78 Proceedings all the time where
15      they never have a private right of action, either explicitly
16      under the statute, or under the very separate analysis of
17      whether or not you imply a private right of action.
18              And what is absolutely mischaracterized in all of
19      the cases that the City depends on -- and they have one
20      defense to this case that they have raised -- and it is this
21      one, that we have no recourse.
22              The last time we were here, Judge, they said you
23      characterized correctly, their defense was trust us.
24              Their defense now is different; their defense now
25      is too bad.
26              Apparently under their characterization, police
```

15

1                          -Proceedings-

2       officers of the City of New York, are the only constituency

3       that has a statutory civil rights protection that they can't

4       enforce.  According to them there is no remedy whatsoever

5       for any violation of Section 50A for a police officer.  That

6       makes no sense and it is legally wrong.

7               We all know if a government agency, or a judge is

8       exercising --is acting illegally or beyond their

9       jurisdiction, Article 78 is available.

10              And what the City's position here is that apples

11      are bananas and bananas are apples.  Private rights of

12      action are different than administrative review and

13      mandamus, they have been from the beginning of American

14      English juris prudence.

15              Every one of the cases they rely on deal with a

16      private right of action.

17              The first --and in fact they cite each other all

18      along the way.  So Carpenter is the first case, New York

19      Court of Appeals.  That is like the situation your Honor

20      raised; personnel records got leaked, police officer sued

21      the City for damages, that is not Article 78, that is a

22      private right of action.

23              The Court went through the analysis you go through

24      to figure out is there, was there, there's no explicit right

25      of action, should we imply one?  Said, no.

26              The next case Simpson, another Court of Appeals

                DEBORAH A. ROTHROCK - OFFICIAL COURT REPORTER

Case 1:20-cv-05441-KPF   Document 33-1   Filed 07/28/20   Page 18 of 53

16

-Proceedings-

1

2    case once again sought damages, not mandamus, private right

3    of action, filed a complaint, not a petition, sought

4    damages.

5        Poughkeepsie once again, filed a complaint to

6    enjoin the release of summaries, not a petition.  It wasn't

7    an Article 78 Proceeding.  And what does it cite as

8    authority?  Simpson and Carpenter, both cases that were

9    clearly private rights of action.  You get to react.

10       The First Department case.  Once again, it is

11   ambiguous.  We put the petition in there.  The petition is,

12   obviously, a hybrid, because it seeks among other things

13   breach of contract.  It says a conduct here violates our

14   Collective Bargaining Agreement.  It is a hybrid.  Those

15   lawyers, for whatever reason, chose not to identify one way

16   or another in particular; but it is obvious that the Court

17   below and the Appellate Division deal with it as a private

18   right of action.

19       Because what they say is, since injunctive relief

20   is granted only to protect a legal right -- which is the

21   code word for a private right of action -- petitioner is not

22   entitled to this relief based on a cause of action under the

23   statute.  Citing Carpenter, Simpson, Poughkeepsie, all of

24   which are cases that deal with whether you have a private

25   right of action, not a mandamus issue under Article 78.

26       Then you get to Doe.  According to the Court, Doe

17

1                        -Proceedings-

2      is a quote "combined proceeding pursuant to Article 78 and

3      seeking declaratory judgment."

4              Declaratory judgment comes from equitable relief I

5      seek when I have a private right of action.  I could seek

6      damages and I could seek equitable relief.  It is different

7      from mandamus, which is Article 78 is a successor.

8              It talks about combined declaratory judgment action

9      Article 78, a combined petition and complaint.

10             Now, it cites Reale's language as I just cited to

11     you where it says:  No civil rights of injunctive relief

12     based upon a cause of action under the statute.

13             And then it says, for these reasons alone

14     petitioner's complaint should have been dismissed to that

15     extent.  So you have to read them together.

16             What it is saying is, there's no cause of action

17     --no right to relief based upon a cause of action under the

18     statute.  The petition should have been dismissed to that

19     extent; meaning, obviously, to the extent you're seeking

20     relief based on cause of action under the statute, the

21     petition should have been dismissed.  Does it stop?  No.

22             Then it goes through the actual Article 78

23     analysis; to sit there and say, okay, let's see if it is

24     illegal.  So this argument, Judge, is a complete

25     red-herring.

26             Like I said, if they are right, then Article 78

18

1                          -Proceedings-

2      would almost never be available to anyone; won't be

3      available to prisoners, to litigants, to all sorts of people

4      who bring Article 78 Proceedings all the time to seek relief

5      when the administrative agency is overstepping its bounds.

6      Because there has never been an explicit statement in a

7      statute that says, if you don't like this you could bring an

8      Article 78 Proceeding.  That is not the issue.

9              And when you looks at the analysis from Carpenter

10     and Simpson and you compare it to Article 78 cases, it is

11     obvious.

12             In Carpenter and Simpson they go through the

13     analysis that you go through when you're trying to figure

14     out whether there's no explicit right of action there, but,

15     perhaps, the Legislature intended it to apply.  Right?

16             There's a whole bunch of steps and a whole bunch of

17     analysis that judges do all the time to see if you have a

18     private right of action.

19             The analysis for Article 78 is entirely different

20     and very very simple and completely inconsistent with his

21     view.

22             The standard on Article 78 is very clear.  Article

23     78 relief is available with one exception; if the statute

24     explicitly and unequivocally makes it clear that judicial

25     review is not available.

26             Those are the bananas; he's talking about apples.

19

-Proceedings-

He doesn't argue here that this statute
unequivocally and explicitly says you can't seek Article 78
review because it doesn't.  And, therefore, we don't have a
private right of action for damages which is why we are not
suing Buzz Feed and the City for releasing the leak of those
other records.

What we do have is the right to come in here and
force the City to follow the law.  If that wasn't the case,
if his argument is correct, then we have a civil right --the
police officers of The City of New York are the only
protected class in New York City that don't have a right to
enforce the law that protects them and that can't be the
law.

And more importantly, if he's right, then there's
all sorts of cases that come before the Court seeking relief
under Article 78 for an abuse of governmental power that
can't be brought.

The City's position here is that, basically, they
could do whatever they want, they could violate any law and
statute they want; and unless it says in the statute that
someone actually can go get judicial review, they get to act
with impunity.  That is the complete opposite of the
standard.

The standard is everyone gets to come to a judge
when the City is breaking the law unless the statute says

Case 1:20-cv-05441-KPF   Document 33-1   Filed 07/28/20   Page 22 of 53

20

-Proceedings-

1

2    they cannot.  That is the law.  We have a right for review

3    and a right for the Court to force the City to comply with

4    the statute.

5        The City has raised no other arguments in response

6    to our petition.

7        The First Department has made it clear that an

8    Article 78 Proceeding is supposed to be a summary

9    proceeding.  It is not supposed to be a proceeding you bring

10   a motion, then you ask for an answer and you prolong it.

11       We are right on the law on this issue, they have

12   raised no other defense to the petition so the petition

13   should be granted a permanent mandamus should be imposed;

14   or, alternatively, Judge, the preliminary relief should be

15   entered and if people are going to deal with answers, we

16   will deal with that later.

17       THE COURT:  Well now you've intervened, would you

18   like to speak Legal Aid?

19       MR. SHARTSIS:  Certainly, your Honor.

20       I think Legal Aid's position may help clarify the

21   dispute that is going on over the procedure here.

22       In our view the case law is certainly uniform in

23   saying that police officers cannot prevent the City from

24   releasing information at their discretion.

25       I think it makes sense to focus not as much on the

26   procedural ins and outs of Article 78, but on Section 50A.

21

-Proceedings-

1

2          The real issue is that Section 50A simply does not

3     countless any restrictions on the City's conduct.

4          It is undisputed in the City's briefing and Legal

5     Aid's briefing that Section 50A was passed for a specific

6     purpose.

7          A few years before FOIL was passed, and there was a

8     common practice that civil litigants and criminal defendants

9     could just FOIL request of an officer's personnel file and

10    rifle through all documents.  The Legislature saw that

11    problem and they decided to put a stop to it.  They saw a

12    window was open and they decided they wanted to close the

13    window.  No one disputes that that was the purpose of

14    Section 50A.

15         PBA's position is not that they closed the window

16    but that they boarded up the entire building and prohibited

17    anyone from going in there without a Court Order and that is

18    not the statute that the Legislature passed.

19         This question of whether there's standing to

20    enforce, or whether there is a standing under this, the

21    issue is that what Section 50A does, it gives the state the

22    right to resist requests by civil litigants or criminal

23    defendants.  And it would give the PBA or officers the right

24    to intervene in a proceeding to compel the state to produce

25    records.

26         As the First Department has held, as all the case

22

-Proceedings-

1
2   law that has considered the matter has held, Section 50 does
3   not bind the activities of a governmental agency acting in
4   its official capacity, which is precisely what the City is
5   doing here.  If the City wants to publish the summaries it
6   can.  If it wanted to include the officer's name in the
7   summary it could.  Section 50A simply does not restrict
8   that.

9           In that sense, the PBA does not have standing to
10  bring this claim under Section 50A, on the same sense that
11  they could not bring the claim under the traffic law; it
12  just does not apply to the conduct of the City.

13          If--if the PBA were able to bring such a claim it
14  would be an incredibly expansive and incredibly restricted
15  imposition on the City.

16          Section 50A doesn't specifically say anything about
17  whether things are released to the public.  It says they
18  shall be kept confidential.

19          If the police department --if the PBA could bring
20  an Article 78 claim any time it didn't like what the City
21  was doing, it could attempt to restrict almost any internal
22  use.  There's no -- there is part of the statute that says
23  government can use for official purposes and the courts have
24  read that to mean the government may do whatever it wants
25  with the records.

26          If any time any information would be made public,

DEBORAH A. ROTHROCK - OFFICIAL COURT REPORTER

23

1                        -Proceedings-

2       if there were an officer involved shooting and the City

3       wanted to comment on it, the PBA would, theoretically, be

4       able to enjoin that activity and that simply cannot be what

5       Legislature intended.  No one has argued that is what the

6       Legislature intended.

7               Because this statute was passed for the narrow

8       purpose of preventing private parties from compelling the

9       production of government; because all the cases that have

10      the issues with rights and documents are protected by

11      Section 50A, those are all in the context of private parties

12      trying to compel the production of documents by the

13      government.

14              Section 50A has no impact when the government wants

15      to release its records.  That is not the statute that the

16      Legislature passed and that is not the statute that the

17      Court should enjoin; because of that the PBA's claim should

18      be dismissed on those grounds.

19              And we, of course, have briefed on the merits.  We

20      would be happy to discuss but appreciate it, it would make

21      sense to defer if the Court wishes.

22              THE COURT:  The exact language that they are

23      referring to, and I'm quoting from Civil Rights Law

24      Section 50A that says "the records at issue shall be

25      considered confidential and not subject to inspection or

26      review."

24

1                    -Proceedings-

2              Your position, as you've articulated it, and as I

3       read in the papers, is that this basically means an outsider

4       can't force the City to release it but the City can release

5       it/them.

6              You're certainly relying on the "not subject to

7       inspections or review." But I think it is tough to get

8       there "shall be considered confidential."

9              Something that is confidential is confidential, at

10      the risk of psychology. But I will not make any final

11      ruling on that at this point.

12             Does the City want to respond?

13             MR. LEIGHTON: I just wanted to --

14             THE COURT: Off the record.

15             (Whereupon, an off-the-record discussion was held.)

16             THE COURT: On the record.

17             City, you want to reply?

18             MR. LEIGHTON: Two things I will throw out there:

19             One, the City doesn't go as far as Legal Aid

20      Society and we've, in fact, we're sitting together at this

21      moment in time on the caption, we actually have litigation

22      together.

23             We also made clear in other litigation that our

24      position is that 50A is not something that could be ignored

25      by the City. Frankly, the fact that those cases exist at

26      all somewhat turns on its head. The PBA's contention that

25

1                        -Proceedings-

2       the City will ignore the law, release things, has some

3       license --said that it has some license to do that.

4       Frankly, the City has denied FOIL requests, FOIL records

5       that it believes are protected by 50A and litigating all the

6       way up to the Court of Appeals where there's case with the

7       New York Civil Liabilities Union.

8                I will echo Legal Aid on a point that they have

9       just made; where there's a question of how does the PBA

10      propose to enforce this?

11               What is it that they are saying the PBA has and an

12      officer has a right to do under 50A, in fact that they could

13      go to court.  And it seems what they are suggesting that 50A

14      contemplates a standalone process where courts may review

15      potentially covered records outside the context of pending

16      litigation or any other proceeding.  50A does not provide

17      for that.

18               The process, as your Honor noted at the outset,

19      that gives all interested parties an opportunity to be

20      heard.

21               Next, under the statute, determines whether the

22      requester has made a quote "clear showing of facts

23      sufficient to warrant the judge to request records to

24      review."

25               And then third, to review the records in camera

26      before making available those records that are quote

26

-Proceedings-

"relevant and material in the action before the court."

1    There won't be an action before anyone. There's

not an underlying disciplinary proceeding involving the

officer, there's not a criminal matters, which, frankly, is

in large part if you look at the Legislative history, or the

origin of 50A to prevent --and my apologies to Legal Aid --

overzealous cross-examination by defense attorney. And that

is where it originated and we set forth in length in our

papers and I believe Legal Aid does as well. Those cases

from the First, Second, Third Department, Court of Appeals

that deals point on, head on with 50A and from when did it

sprang and that is remarkable.

I think what we are dealing with is this unique

statute that comes out from the unique set of circumstances.

And those circumstances do not include the ability of the

PBA to weaponized that statute for use in civil litigation

even through Article 78.

THE COURT: Preliminarily, I disagree with that

point.

Because it seems to me that if the records are

released, anybody could use them or any defense attorney

could use them for zealous cross-examination. So I think we

understand, at least the people here, what the purpose of

the statute was. It says what it says for one thing. And I

think there would be an end run around it if A) could get

27

1                          -Proceedings-

2          the records, but then B) could use it for whatever B) wanted

3          to use it.

4                    But be that as it may, I wanted to address, I think

5          the PBA had mentioned in its papers, I'm not sure if they

6          have sort of danced around it a bit here, you don't want the

7          City to get a second bite of the apple?  Your view is they

8          moved to dismiss.  If the motion to dismiss is denied then

9          the petition should be granted?

10                   MR. BOWE:  That's right, Judge.  That is the --

11                   THE COURT:  If that is right you don't have to say

12         anymore.

13                   MR. BOWE:  Correct.

14                   THE COURT:  All right.

15                   In my experience over the years, and there have

16         been --this has come up often.  This is what the City does:

17         They move to dismiss.  If they lose that, they still fight

18         on the merits.  It seems to me they are entitled to that in

19         the normal course of litigation.

20                   MR. BOWE:  Judge, the difference would be one that

21         is disfavored in the First Department.

22                   More importantly, what is the defense other than a

23         legal defense?  And here they have articulated their legal

24         defense and it fails as a matter of law.

25                   THE COURT:  Well, I don't know that they have

26         articulated all of their legal defenses.  I only know they

28

```
 1                        -Proceedings-

 2     moved to dismiss on a single ground --

 3                 MR. LEIGHTON:  A threshold procedural question.

 4                 We would answer and if necessary, apply any

 5     defenses that are applicable, including the nature of the

 6     statute documents; and whether or not they are in fact

 7     protected by 50A, which is something that we discussed when

 8     we met with your Honor a couple months ago on the TRO

 9     application.  So it's not a mystery, I suppose, your Honor,

10     what our view is as to that.

11                 Particularly, with Justice Hagler's decision,

12     particularly with the First, Second and Third Department;

13     Third Department directly on point in our view, it is

14     clearly a threshold question that is appropriate in the

15     first instance to cross move on.

16                 THE COURT:  Okay.

17                 MR. BOWE:  Could I just respond?

18                 First of all, the cases are clear, we cite them.

19     There's the Malloy case (1st Dept. 2008) -- all in our

20     reply -- this is the police officers's right and the cases

21     make clear the City cannot waive it.

22                 Legal Aid's position, essentially, says the police

23     officer has a statute that protects his civil rights but he

24     can't actually enforce it and, in fact, the City has the

25     ability to violate it and waive it on his behalf.  That

26     makes nonsense of the statute and it is contrary to what the
```

DEBORAH A. ROTHROCK - OFFICIAL COURT REPORTER

29

1                          -Proceedings-

2          cases say.  It is the police officers' rights and cannot be

3          waived by the City.

4                    The argument next is, well, you know, we all know

5          this relates to criminal trials and limited to criminal

6          trials, and that is not what this is about.  That exact

7          argument was rejected by the Court of Appeals in the matter

8          of Gazette versus City of Schenectady where the news

9          organization wanted the records, there wasn't litigation,

10         there wasn't prosecution.  The news organization wanted

11         records related to disciplinary investigations with respect

12         to a bachelor party concerning police officers; and that

13         exact argument was made.

14                   What the Court of Appeals said is, that was the

15         purpose of statute but the statute has been written much

16         more broadly.  And that it goes beyond -- it extends

17         anywhere where it might degrade, embarrass, harass or

18         impeach the integrity of the police officer; doesn't have to

19         have litigation, doesn't have to be criminal prosecution, it

20         is why personal records are supposed to be held

21         confidential.

22                   They distinguish the Capital News case, another

23         similar case where the request was for a single police

24         officer.  They wanted the number of absences that that

25         police officer had for some period of time.  And so that is

26         neutral.  Where they in or out where they working or absent

30

1                        -Proceedings-

2    from work for a one month period of time.  That does not

3    impune or potentially impune an officer one way or the

4    other, it is neutral.

5            The idea that you need to have a litigation, or you

6    need to either have threatened or prosecution going forward

7    or threatened has simply been rejected.  Also has been

8    rejected by the First Department in Lugano.

9            And then you get to Section 4 of 50A, which makes

10   clear, that there's a subset of people who the City is

11   allowed to share it with.  If their rights --then why do

12   they have that subset?  The City could share with whomever

13   they want.

14           It is a very limited subset.  It is a very limited

15   subset of people who are allowed to see it and then only for

16   an official purpose, Judge.

17           So a DA can't just call up and say, hey, I would

18   like to see that stuff and I could release it.  No, if he's

19   working on the case he could see it, or the City is given

20   the discretion to show it to him; but only within the scope

21   of his official duties.  We can't release it, can't do

22   anything with it.  If he doesn't have a need to know, he's

23   not entitled to see it.

24           If what they are saying is true they put that in

25   there even though it is completely unnecessary.  Not only is

26   the City allowed to show it to those people for official

                 DEBORAH A. ROTHROCK - OFFICIAL COURT REPORTER

31

```
 1                        -Proceedings-

 2      purposes, the City could show it to the entire world for any

 3      reason the City wants.  Again, it makes nonsense of the

 4      statute.

 5              Finally, Judge, the City has admitted --the City's

 6      position has always been that it does not have discretion to

 7      do this.  That it is prohibited from releasing records that

 8      are subject of 50A.  It is litigating a case in this

 9      courtroom where it has taken that position, it has

10      represented that position to Court of Appeals for a pending

11      case where it has said we would like to release this

12      information, the statute prohibits us from doing so, so

13      there needs to either be a Legislative solution or the Court

14      of Appeals will have to impose some judicial exceptions.

15              That is the City's position.  That is correct.

16              And, so, as we stand here today, the arguments that

17      Legal Aid makes, are not arguments that find any support in

18      the statute.  In fact, they contradict the statute.  They

19      don't find any support in Legislative history.  They are

20      completely contrary to the Court of Appeals cases that dealt

21      with those precise issues.  And they are completely

22      inconsistent with the party that is actually the respondent

23      in this case, which is The City of New York, who has

24      admitted forever and is currently admitting in other courts,

25      that they are restricted from -- if it is under 50 they

26      can't release it.
```

32

1                          -Proceedings-

2              THE COURT:  I'm glad you mentioned the phrase

3      "Legislative solution."  I think it may have to be a

4      Legislative solution and I think there moves a foot for a

5      Legislative solution according to what I read in the paper.

6      But we have gone on for awhile about this.

7              Let me just pose the question, I guess it runs

8      through my mind as directly as possible to the City:

9              The motion to dismiss is predicated on the argument

10     that there's no private right of action under 50A, which I

11     believe certain courts have explicitly held, therefore there

12     can't be an Article 78 relief.  What can there be?

13             The statute says -- assuming that Legal Aid is

14     incorrect that the City could do whatever it wants, which

15     even you don't accept and you're the City, if these records

16     are confidential and you now say, well, we will release

17     them, they are summaries -- but that is an argument for

18     another day.  I learned in law school where there is a right

19     there is a remedy.

20             If there is a right to keep these records

21     confidential, what is the remedy here if not this type of

22     proceeding?

23             MR. LEIGHTON:  Understood, your Honor.

24             Anything you learned in law school that had a Latin

25     phrase attached to it was all the more profound.  Although I

26     don't recall the Latin for what you translated.

DEBORAH A. ROTHROCK - OFFICIAL COURT REPORTER

33

1                          -Proceedings-

2                I think that I will answer your question as

3        directly as I can.

4                I think we are in a difficult situation with a

5        difficult statute that, as you just expressed and Justice

6        Hagler expressed, needs to be amended; the City of New York,

7        the Mayor and Police Commissioner has said as much --

8                THE COURT:  Let me jump in one more second.

9                I will echo petitioner's phrase "too bad."

10               I think he liked the fact that last time it was

11       trust us.  He likes these two-word phrases.

12               Now his argument is saying you're saying "too bad".

13               Well, the law doesn't like too bad.  Sorry for

14       interpreting.

15               Let's hear why the statute says they are

16       confidential but the people who would be affected by the

17       un-confidential dealings about the records can't stop it.

18               MR. LEIGHTON:  So counsel for Legal Aid Society

19       noted the origin of the statute and I think that is

20       illustrative and, perhaps, will answer your Honor's

21       question;

22               Which is that, it arose out of a contents in

23       response to FOIL.

24               FOIL necessarily is the view that the actual

25       records of The City of New York should be produced unless

26       there is transparency, that is really the goal, unless

34

1                          -Proceedings-

2          there's an exception.  And the exception created a couple of

3          years after FOIL under 50A was recognizing abuse of FOIL and

4          it set out a particularized procedure, right?

5                    I'm familiar with the Daily Gazette case, the Court

6          of Appeals case where the question is if there's pending

7          litigation or actual litigation, the Court of Appeals says

8          that is not material under the precise facts of the case

9          which again is the FOIL case where a party is seeking to

10         release it.

11                   Here we have The City of New York, the police

12         department, looking to release information; information

13         that, as your Honor knows, and if you were to answer, we

14         would state fairly clearly is not subject to 50A.  But --

15                   THE COURT:  Why not?  Because the summaries have

16         been redacted?

17                   MR. LEIGHTON:  They are not redacted.

18                   I could change gears and say that the summaries

19         were -- I hesitate to call them summaries because in the

20         Longo, First Department, there's a statement as to summaries

21         and I'm sure opposing counsel for PBA would quote that at

22         length if I gave him the opportunity.

23                   These are carefully crafted summaries of the

24         outcomes of disciplinary proceedings better be identified,

25         do not give any information about the subject information

26         that is identifying in nature.

35

1                          -Proceedings-

2              THE COURT:  I opened the door and you walked

3      through it but you should really stick with --

4              MR. LEIGHTON:  I will stick with what the First

5      Department, Second Department and Third Department have

6      said; which is that, there is not a private right of action,

7      there is not the ability to enjoin, to prevent a

8      municipality from the release of certain materials that it

9      holds; that is essentially what First Department says,

10     Second Department and Third Department, about records of a

11     police department that are in many ways analogous to the

12     records that are challenged here.

13              I would say that here the records, our position,

14     they are not subject to 50A, hence the reason that we wish

15     to publish them.

16              But that to answer your question, this is a very

17     specific statute created for a specific purpose.  It has

18     certainly evolved over the years from FOIL case to FOIL case

19     to FOIL case.  Daily Gazette said what the Court of Appeals

20     has said, how it has been played with at the margins, how

21     facts have changed, some of the rulings expanded some of the

22     juris prudence.  But those cases while they will illustrate

23     certainly the Legislative history, some of the bounds of the

24     statute, that is not the issue here.  Those are FOIL cases

25     where there's a request and the City is resisting release.

26              Here the City wishes to release and the precise

Case 1:20-cv-05441-KPF   Document 33-1   Filed 07/28/20   Page 38 of 53

36

1                          -Proceedings-

2          question is, can 50A be used not as an exception or an

3          exception with FOIL but rather as a mechanism for making the

4          claim that the PBA is seeking to make.

5                    The First Department, Second Department and Third

6          Department have said no.

7                    THE COURT:  I guess I should give Legal Aid a

8          chance and then petitioner a chance, and we will take a

9          quick break and I will tell you what I will do and what I

10         will not do.

11                   MR. SHARTSIS:  Quick point, I would like to note,

12         in a democracy, provided information under the workings of

13         government and transparency into its system, is an official

14         purpose of the government.  So we think that that language

15         is certainly broad enough and courts have recognized that

16         every court that has considered that language has recognized

17         it is broad enough to permit the government to do what it

18         wants with it.

19                   Second to your Honor's question and comment

20         regarding the specific language "shall that be kept

21         confidential."

22                   First of all, we think that should be understood,

23         in the context of shall be considered confidential and not

24         subject to inspection and review.  It is part of defining

25         what confidential means.  Confidential is not otherwise

26         defined.

1                          -Proceedings-

2          On top of this, every court that has interpreted

3    this, including both the Court of Appeals and the First

4    Department under Longo has held that Section 50A possesses

5    no restriction on --within the agency's discretion to

6    disclose such records with or without identifying details if

7    it so chooses; that is Capital Newspapers, Court of Appeals.

8          Thus, the idea that there may be a way under which

9    a very specific reading of the text and a very particular

10   portrayal of what "shall be kept confidential" means could

11   get you to the PBA's position but that is at odds both with

12   the Legislative history, the context of how the remainder of

13   the description of confidential and the press from both

14   Court of Appeals and First Department.

15          Another issue is that the PBA has sort of raised an

16   issue of estoppel; that the City has in other cases and has

17   taken a particular position and, therefore, the City should

18   be bound by that position here.

19          First of all we would note that estoppel cannot be

20   applied against a governmental agency.  And, if it could,

21   the City actually spent 40 years publishing information

22   about officer's discipline complete with officer's names, it

23   only stopped that practice two years ago.

24          So the idea, to our knowledge, PBA never filed an

25   Article 78 during that entire period; so the idea that this

26   is some unprecedented complete shift in policy and a new

38

-Proceedings-

1                         -Proceedings-

2   interpretation of rights is not consistent.

3         And, finally, I think I want to address the

4   question of rights and what the rights are. Because we

5   actually don't dispute that Section 50A does give an officer

6   some rights. The way Section 50 is drafted, it gives

7   officers the right to resist having their documents

8   compulsively produced by the government.

9         It does not give them the right to tell their

10   employers what their employers are allowed to do with their

11   employers' own records.

12         It does let them intervene in all of the cases

13   where this comes up -- all of the cases where officers have

14   been recognized as having a right to intervene has been

15   entitled to joined proceedings.

16         Every single case that suggests officers actually

17   do have a right under Section 50A has been a case where a

18   private party sought to compel the disclosure of records and

19   the officer sought to intervene to present that.

20         Certainly we don't dispute that if someone

21   requested records and the City said, whatever, we are not

22   going to impose you, then the officers would have a right to

23   intervene. But where the City has affirmatively said we

24   want to provide records, they do.

25         Finally, on the question of what does this

26   exception mean?

39

                              -Proceedings-

1

2              How could it mean, you know, it must really mean

3      this small internal question between the DA and if you need

4      it for a very specific purpose you get it.

5              The exception simply says, the provisions of the

6      section shall not apply if a government agency requires the

7      information.  And that means that if one government agency

8      that may have conflicting interests with another government

9      agency requests the records, the agency can't deny on the

10     grounds of Section of 50A.

11             So even if the government does have the right to do

12     whatever it wants with the record, there is a significant

13     clarification created by that exception and, indeed, that

14     exception, as it has been interpreted by the Courts

15     reaffirms the fact that the government could do whatever it

16     wants with the records, Subparagraph 4, without violating

17     the section.

18             MR. BOWE:  He just made the case, Judge.

19             He said that, okay, so up until this moment it has

20     been --we have no ability to get reviewed.  Well, now we do.

21             He limits it in some way not evidence to anything.

22             Apparently if the City is indifferent to a request

23     and the City is not doing anything, then we get to intervene

24     to force the City to comply with Section 50A; apparently, to

25     him, if the City is violating 50A we don't.

26             We either do or don't.

-Proceedings-

Everyone knows if the City-- the governmental

agency is acting beyond its authority in Article 78, review

is available; no one has addressed the standard, no one has

disputed the standard, the standard is unless the statute

explicitly and unequivocally says otherwise; it doesn't

here, therefore, Article 78 review is available.

And, in fact, there have been cases in the First

Department, FEERICK V SAFI, 297 A.D.2d 212. The First

Department reversed the dismissal of the Article 78 by a

police officer and granted the petition challenging the

police department's actions under 50A. If the police

department has unfettered discretion to do whatever it

wants, then that First Department case is wrong, it is not

the law. No governmental agency has unfettered discretion

to do anything.

There's also CROW V KELLY (sic), same result.

And so there were a lot of arguments on the

substance that are not raised in an answer from him or

otherwise. The only thing before the Court right now is a

motion to dismiss with respect to whether or not we have any

ability to get any relief, plainly we do. That is exactly

--this is exactly the argument they offered to Justice

Hagler. Justice Hagler agreed with it. The Second

Department, the First Department disagreed, stayed the order

and enjoined them --enjoined them from releasing that.

41

1                          -Proceedings-

2              So were you to adopt their position now, we would

3       be up there making the same exact argument.

4              There's an injunction from this Appellate Court,

5       which recognizing implicitly our right to be heard.  And I

6       think that is the probably the most compelling fact you have

7       to consider right now.

8              THE COURT:  Okay.

9              According to the court clock, which is more or less

10      accurate, it is 4:03.  Let's take a ten-minute break, as I

11      said and I will come back and tell you what I am doing and

12      not doing.

13              (Pausing.)

14              (Recess taken. )

15              THE COURT:  On the record.

16              A frequent legal or, in essence, philosophical

17      issue that judges and lawyers face is, honor the letter or

18      the spirit of the statute, the contract, whatever.  I'm

19      aware of the Legislative history of this statute to the

20      extent that it was put in the briefs, and there was that

21      particular focus on harassment and cross-examination of

22      police officers.  On the other hand the statute says what it

23      says.

24              It doesn't say and this only applies where a

25      zealous defense lawyer wants to cross-examine a police

26      officer.

42

1                          -Proceedings-

2              In general, just for the record, I tend to be very

3       strong on spirit rather than letters; but when the letter is

4       clear, you can't just ignore it.

5              In any event, I will take the City's motion to

6       dismiss under submission.

7              Frankly, I think I would most likely deny it, but I

8       have not had the chance to read all the cases upon which the

9       City is relying.

10             I will continue the TRO, of course, I will try to

11      issue a decision within a few weeks at most; that is the

12      story.

13             As I assume everyone realizes, sitting around the

14      table, the motion to dismiss is denied.  The City can, if it

15      wanted to, put in an answer, we could do a whole briefing

16      schedule and go from there.  But you will hear from me soon.

17             MR. BOWE:  Thank you, your Honor.

18             MR. LEIGHTON:  Thank you, your Honor.

19             MR. SHARTSIS:  Thank you, your Honor.

20             THE COURT:  The motion to intervene is granted and

21      I will write up what they call a gray sheet stating that.

22             (Whereupon, the proceedings concluded.)
                   *          *          *
23

24             It is hereby certified that the foregoing is a true
        and accurate transcript of the proceedings.
        _____
25             DEBORAH A. ROTHROCK, RPR
               Official Court Reporter
26

        DEBORAH A. ROTHROCK - OFFICIAL COURT REPORTER

dEbLASIO
June 05, 2018

## A

**ability (6)**
3:18;26:16;28:25;
35:7;39:20;40:22
**able (2)**
22:13;23:4
**absences (1)**
29:24
**absent (1)**
29:26
**absolutely (1)**
14:18
**abuse (2)**
19:17;34:3
**accept (1)**
32:15
**accompanying (1)**
11:15
**According (4)**
15:4;16:26;32:5;
41:9
**accurate (1)**
41:10
**act (1)**
19:22
**acting (3)**
15:8;22:3;40:3
**action (43)**
5:9;7:3,10,22;8:9,
11,24;9:12;10:4;12:6,
10,16;13:7;14:3,4,6,7,
9,15,17;15:12,16,22,
25;16:3,9,18,21,22,
25;17:5,8,12,16,17,
20;18:14,18;19:5;
26:2,3;32:10;35:6
**actions (2)**
4:6;40:12
**activities (1)**
22:3
**activity (1)**
23:4
**actual (3)**
17:22;33:24;34:7
**actually (7)**
19:22;24:21;28:24;
31:22;37:21;38:5,16
**AD2d (3)**
11:20;12:21;40:9
**AD3d (2)**
9:9;12:14
**address (4)**
8:8,15;27:4;38:3
**addressed (1)**
40:4
**administrative (2)**
15:12;18:5
**admitted (2)**
31:5,24
**admitting (1)**
31:24

**adopt (1)**
41:2
**advanced (1)**
4:7
**advancing (1)**
4:5
**advocating (1)**
4:8
**affected (1)**
33:16
**affirmatively (1)**
38:23
**again (8)**
12:12,12;13:4;16:2,
5,10;31:3;34:9
**against (4)**
3:4;14:2,8;37:20
**agency (10)**
15:7;18:5;22:3;
37:20;39:6,7,9,9;40:3,
15
**agency's (1)**
37:5
**ago (2)**
28:8;37:23
**agree (1)**
13:15
**agreed (1)**
40:24
**Agreement (1)**
16:14
**Aid (20)**
3:8;12,20,26;4:3,5,
8,12;6:10,15;8:21;
20:18;24:19;25:8;
26:7,10;31:17;32:13;
33:18;36:7
**Aid's (3)**
20:20;21:5;28:22
**allowed (4)**
30:11,15,26;38:10
**almost (2)**
18:2;22:21
**alone (2)**
10:8;17:13
**along (1)**
15:18
**alternatively (1)**
20:14
**Although (1)**
32:25
**always (2)**
6:5;31:6
**ambiguous (1)**
16:11
**amended (1)**
33:6
**American (1)**
15:13
**Amicus (1)**
5:8
**among (1)**
16:12

**analogous (1)**
35:11
**analysis (7)**
14:16;15:23;17:23;
18:9,13,17,19
**ancillary (1)**
5:3
**anymore (1)**
27:12
**apologies (1)**
26:7
**Apparently (3)**
14:26;39:22,24
**appeal (2)**
10:23;11:11
**appealed (1)**
7:4
**Appeals (15)**
15:19,26;25:6;
26:11;29:7,14;31:10,
14,20;34:6,7;35:19;
37:3,7,14
**appear (1)**
9:22
**Appellate (2)**
16:17;41:4
**apple (1)**
27:7
**apples (3)**
15:10,11;18:26
**applicable (1)**
28:5
**application (2)**
10:25;28:9
**applied (1)**
37:20
**applies (1)**
41:24
**apply (5)**
5:17;18:15;22:12;
28:4;39:6
**appreciate (1)**
23:20
**approaching (1)**
13:10
**appropriate (1)**
28:14
**arbitrary (1)**
9:18
**argue (1)**
19:2
**argued (2)**
9:20;23:5
**argument (12)**
6:23;13:22;17:24;
19:10;29:4,7,13;32:9,
17;33:12;40:23;41:3
**arguments (4)**
20:5;31:16,17;
40:18
**arose (1)**
33:22
**around (2)**

**26:26;27:6**
**Article (40)**
3:7;6:20;7:3,10;
8:11;9:11,18;10:2,22;
13:8,26;14:8,10,14;
15:9,21;16:7,25;17:2,
7,9,22,26;18:4,8,10,
19,22,22;19:3,17;
20:8,26;22:20;26:18;
32:12;37:25;40:3,7,
10
**articulated (5)**
5:13,16;24:2;27:23,
26
**aside (1)**
11:13
**Association (5)**
3:4;5:20,21;9:10;
12:20
**assuming (1)**
32:13
**attached (1)**
32:25
**attempt (1)**
22:21
**attorney (3)**
8:12;26:8,22
**authority (6)**
11:16,17,25;14:9;
16:8;40:3
**available (9)**
7:4;15:9;18:2,3,23,
25;25:26;40:4,7
**aware (3)**
3:14;7:13;41:19
**awhile (1)**
32:6

## B

**bachelor (1)**
29:12
**back (1)**
41:11
**bad (4)**
14:25;33:9,12,13
**bananas (3)**
15:11,11;18:26
**Bargaining (1)**
16:14
**based (8)**
10:19;11:16,17;
12:10;16:22;17:12,
17,20
**basically (2)**
19:19;24:3
**basis (3)**
4:2,12;13:9
**bearing (1)**
5:23
**beginning (1)**
15:13
**behalf (1)**

**28:25**
**believes (1)**
25:5
**below (1)**
16:17
**Benevolent (2)**
3:3;12:20
**better (1)**
34:24
**beyond (3)**
15:8;29:16;40:3
**bifurcated (1)**
12:6
**Bill (1)**
3:4
**bind (1)**
22:3
**bit (2)**
9:25;27:6
**bite (1)**
27:7
**BLOOMBERG (1)**
5:20
**boarded (1)**
21:16
**body (2)**
6:26;11:5
**both (5)**
6:2;16:8;37:3,11,13
**bound (1)**
37:18
**bounds (3)**
14:12;18:5;35:23
**BOWE (10)**
4:16;6:24;7:16;8:3;
13:19;27:10,13,20;
28:17;39:18
**breach (1)**
16:13
**break (2)**
36:9;41:10
**breaking (1)**
19:26
**brief (1)**
5:8
**briefed (2)**
3:22;23:19
**briefing (3)**
10:25;21:4,5
**briefs (1)**
41:20
**bring (8)**
14:7;18:4,7;20:9;
22:10,11,13,19
**broad (4)**
4:2;5:25;36:15,17
**broader (1)**
4:8
**broadly (1)**
29:16
**brought (3)**
7:21;9:11;19:18
**building (1)**

21:16
**bunch (2)**
  18:16,16
**Buzz (2)**
  7:14;19:6

## C

**call (2)**
  30:17;34:19
**called (1)**
  11:19
**cam (1)**
  6:26
**camera (2)**
  11:5;25:25
**can (8)**
  8:11;19:22;22:6,23;
  24:4;32:12;33:3;36:2
**Capacity (2)**
  3:5;22:4
**Capital (2)**
  29:22;37:7
**capricious (1)**
  9:19
**caption (1)**
  24:21
**carefully (1)**
  34:23
**Carpenter (6)**
  7:23;15:18;16:8,23;
  18:9,12
**case (49)**
  3:3,13,16;5:19,20,
  22,23;6:7,26;7:23,23;
  9:6,8,10,16;11:19,21;
  12:12,14,19;13:8,16;
  14:20;15:18,26;16:2,
  10;19:9;20:22;21:26;
  25:6;28:19;29:22,23;
  30:19;31:8,11,23;
  34:5,6,8,9;35:18,18,
  19;38:16,17;39:18;
  40:14
**cases (26)**
  3:21;5:5,6,16;7:9,
  20;13:24;14:19;
  15:15;16:8,24;18:10;
  19:16;23:9;24:25;
  26:10;28:18,20;29:2;
  31:20;35:22,24;
  37:16;38:12,13;40:8
**cause (6)**
  12:10;16:22;17:12,
  16,17,20
**certain (5)**
  7:14,17;12:17;
  32:11;35:8
**Certainly (11)**
  3:11;6:15;9:5;
  13:11;20:19,22;24:6;
  35:18,23;36:15;38:20
**cetera (1)**

3:6
**challenged (1)**
  35:12
**challenging (1)**
  40:11
**chance (2)**
  36:8,8
**change (1)**
  34:18
**changed (1)**
  35:21
**changes (1)**
  6:22
**characterization (2)**
  7:9;14:26
**characterized (1)**
  14:23
**chooses (1)**
  37:7
**chose (1)**
  16:15
**circumstances (2)**
  26:15,16
**cite (5)**
  5:5;7:20;15:17;
  16:7;28:18
**cited (2)**
  5:6;17:10
**cites (1)**
  17:10
**Citing (1)**
  16:23
**City (74)**
  3:4,5,23;4:7,10,12,
  22;7:2,7;9:9,13;
  10:15;11:24;12:13,
  13,20,22,24;14:19;
  15:2,21;19:6,9,11,12,
  26;20:3,5,23;22:4,5,
  12,15,20;23:22;24:4,4,
  12,17,19,25;25:2,4;
  27:7,16;28:21,24;
  29:3,8;30:10,12,19,
  26;31:2,3,5,23;32:8,
  14,15;33:6,25;34:11;
  35:25,26;37:16,17,21;
  38:21,23;39:22,23,24,
  25
**City- (1)**
  40:2
**City's (8)**
  4:6;8:12;15:10;
  19:19;21:3,4;31:5,15
**Civil (14)**
  4:21;8:25;10:20;
  12:4,7;15:3;17:11;
  19:10;21:8,22;23:23;
  25:7;26:17;28:23
**claim (10)**
  7:22;9:22;10:19,22;
  22:10,11,13,20;23:17;
  36:4
**claimed (5)**

9:16;10:4,5;12:7,21
**clarification (1)**
  39:13
**clarify (1)**
  20:20
**class (3)**
  4:21,26;19:12
**clear (10)**
  7:8;8:25;18:22,24;
  20:7;24:23;25:22;
  28:18,21;30:10
**clearly (6)**
  4:16;5:5;13:9;16:9;
  28:14;34:14
**clients (2)**
  3:26;5:23
**clock (1)**
  41:9
**close (1)**
  21:12
**closed (1)**
  21:15
**code (1)**
  16:21
**cognizable (5)**
  4:19,25;5:14;6:13;
  10:22
**Collective (1)**
  16:14
**combined (3)**
  17:2,8,9
**comment (2)**
  23:3;36:19
**Commissioner (1)**
  33:7
**common (1)**
  21:8
**compare (1)**
  18:10
**compel (3)**
  21:24;23:12;38:18
**compelling (2)**
  23:8;41:6
**complaint (5)**
  10:8;16:3,5;17:9,14
**complete (4)**
  17:24;19:23;37:22,
  26
**completely (4)**
  18:20;30:25;31:20,
  21
**complicated (1)**
  8:10
**comply (2)**
  20:3;39:24
**compulsively (1)**
  38:8
**concerned (1)**
  12:17
**concerning (1)**
  29:12
**conduct (3)**
  16:13;21:3;22:12

**conducting (1)**
  9:14
**confidential (15)**
  22:18;23:25;24:8,9,
  9;29:21;32:16,21;
  33:16;36:21,23,25,25;
  37:10,13
**conflicting (1)**
  39:8
**connection (1)**
  9:15
**consider (1)**
  41:7
**considered (5)**
  22:2;23:25;24:8;
  36:16,23
**consistent (1)**
  38:2
**constituency (1)**
  15:2
**contemplates (1)**
  25:14
**contention (1)**
  24:26
**contents (1)**
  33:22
**context (4)**
  23:11;25:15;36:23;
  37:12
**contract (3)**
  7:18;16:13;41:18
**contradict (1)**
  31:18
**contrary (2)**
  28:26;31:20
**controversy (1)**
  5:3
**convicted (1)**
  14:4
**correctly (2)**
  3:22;14:23
**counsel (5)**
  4:24;10:12;13:19;
  33:18;34:21
**countless (1)**
  21:3
**couple (2)**
  28:8;34:2
**course (4)**
  3:17,25;23:19;
  27:19
**COURT (62)**
  3:2,15;4:14;5:10,
  12,26;6:19;7:13,24;
  8:7,15;11:15,23;
  13:18;14:11,11;
  15:19,23,26;16:16,26;
  19:16;20:3,17;21:17;
  23:17,21,22;24:14,16;
  25:6,13;26:2,11,19;
  27:11,14,25;28:16;
  29:7,14;31:10,13,20;
  32:2;33:8;34:5,7,15;

35:2,19;36:7,16;37:2,
  3,7,14;40:20;41:4,8,9,
  15
**courtroom (1)**
  31:9
**courts (7)**
  3:22;22:23;25:14;
  31:24;32:11;36:15;
  39:14
**covered (1)**
  25:15
**crafted (1)**
  34:23
**create (1)**
  12:16
**created (4)**
  12:5;34:2;35:17;
  39:13
**criminal (7)**
  6:10;21:8,22;26:5;
  29:5,5,19
**cross (2)**
  8:17;28:15
**cross-examination (3)**
  26:8,23;41:21
**cross-examine (1)**
  41:25
**cross-motion (3)**
  8:19,21;11:15
**CROW (1)**
  40:17
**currently (1)**
  31:24
**custodian (1)**
  5:2

## D

**DA (2)**
  30:17;39:3
**Daily (2)**
  34:5;35:19
**damages (7)**
  7:9,22;15:21;16:2,
  4;17:6;19:5
**danced (1)**
  27:6
**day (1)**
  32:18
**deal (7)**
  7:9;14:14;15:15;
  16:17,24;20:15,16
**dealing (2)**
  7:18;26:14
**dealings (1)**
  33:17
**deals (1)**
  26:12
**dealt (1)**
  31:20
**debate (2)**
  6:12;10:11
**DeBlasio (1)**

3:5
**decided (3)**
11:7;21:11,12
**decision (7)**
9:18;11:10,12,14,
16;12:19;28:11
**declaratory (4)**
9:12;17:3,4,8
**defendants (3)**
6:10;21:8,23
**defended (1)**
4:10
**defending (1)**
4:6
**defense (11)**
14:20,23,24,24;
20:12;26:8,22;27:22,
23,24;41:25
**defenses (2)**
27:26;28:5
**defer (1)**
23:21
**defined (2)**
6:15;36:26
**defining (1)**
36:24
**degrade (1)**
29:17
**democracy (1)**
36:12
**denied (5)**
8:19;12:25;13:2;
25:4;27:8
**deny (1)**
39:9
**Department (55)**
5:6;7:5,6;9:2,3,8,
14;10:3,21,24;11:17,
18,19,22,26;12:11,12,
14,18,19,25;13:4,8,
15,20,21;16:10;20:7;
21:26;22:19;26:11;
27:21;28:12,13;30:8;
34:12,20;35:5,5,5,9,
10,10,11;36:5,5,6;
37:4,14;40:9,10,13,
14,25,25
**departments (1)**
13:4
**department's (1)**
40:12
**depends (1)**
14:19
**Dept (1)**
28:19
**described (2)**
4:15;11:14
**description (1)**
37:13
**details (1)**
37:6
**determination (1)**
10:16

determined (1)
10:21
**Division (1)**
16:17
**documents (5)**
21:10;23:10,12;
28:6;38:7
**DOE (5)**
9:8;10:3;13:8;
16:26,26
**door (1)**
35:2
**down (1)**
14:10
**drafted (1)**
38:6
**draw (4)**
11:7,8;13:20,21
**during (1)**
37:25
**duties (1)**
30:21

E

**echo (2)**
25:8;33:9
**echoed (1)**
12:12
**echoing (1)**
13:5
**effect (1)**
7:15
**either (5)**
12:5;14:15;30:6;
31:13;39:26
**embarrass (1)**
29:17
**emergency (1)**
10:24
**employers (2)**
38:10,10
**employers' (1)**
38:11
**end (1)**
26:26
**enforce (5)**
15:4;19:13;21:20;
25:10;28:24
**English (1)**
15:14
**enjoin (6)**
9:5,13;16:6;23:4,
17;35:7
**enjoined (6)**
7:7;9:21;11:4,24;
40:26,26
**enjoining (1)**
12:24
**enough (2)**
36:15,17
**ensuring (1)**
3:22
**entered (1)**

**determines (1)**
25:21
**developments (1)**
7:12
**difference (1)**
27:20
**different (5)**
7:16;14:24;15:12;
17:6;18:19
**difficult (2)**
33:4,5
**directly (3)**
28:13;32:8;33:3
**disagree (1)**
26:19
**disagreed (4)**
10:15;13:22,23;
40:25
**disciplinary (4)**
9:15;26:4;29:11;
34:24
**discipline (2)**
11:24;37:22
**disciplined (1)**
3:19
**disclose (1)**
37:6
**disclosure (1)**
38:18
**discretion (10)**
3:16;6:4,5,5;20:24;
30:20;31:6;37:5;
40:13,15
**discretionary (2)**
3:15;5:25
**discuss (1)**
23:20
**discussed (1)**
28:7
**discussion (1)**
24:15
**disfavored (1)**
27:21
**dismiss (10)**
8:15,17;11:16;
13:16;27:8,8,17;28:2;
32:9;40:21
**dismissal (2)**
13:10;40:10
**dismissed (8)**
6:26;10:3,9,13;
17:14,18,21;23:18
**dispositive (2)**
9:6,7
**dispute (3)**
20:21;38:5,20
**disputed (1)**
40:5
**disputes (1)**
21:13
**distinguish (1)**

29:22

20:15
**entire (3)**
21:16;31:2;37:25
**entirely (1)**
18:19
**entitled (5)**
12:9;16:22;27:18;
30:23;38:15
**equitable (2)**
17:4,6
**essence (1)**
41:16
**essentially (3)**
4:8;28:22;35:9
**established (1)**
8:24
**estoppel (2)**
37:16,19
**et (1)**
3:6
**even (10)**
7:25;8:26;10:22;
11:13;13:7,8;26:18;
30:25;32:15;39:11
**event (2)**
8:18;13:12
**everyone (2)**
19:25;40:2
**evidence (1)**
39:21
**evolved (1)**
35:18
**exact (4)**
23:22;29:6,13;41:3
**exactly (3)**
6:14;40:22,23
**example (1)**
7:20
**exceeding (1)**
14:8
**except (1)**
7:19
**exception (9)**
18:23;34:2,2;36:2,
3;38:26;39:5,13,14
**exceptions (1)**
31:14
**exercise (1)**
3:16
**exercising (1)**
15:8
**exist (1)**
24:25
**existed (1)**
10:5
**expanded (1)**
35:21
**expansive (1)**
22:14
**expedited (1)**
11:9
**experience (1)**
27:15

**explicit (3)**
15:24;18:6,14
**explicitly (5)**
14:15;18:24;19:3;
32:11;40:6
**expressed (3)**
12:5;33:5,6
**extends (1)**
29:16
**extent (5)**
10:13;17:15,19,19;
41:20

F

**face (1)**
41:17
**fact (14)**
5:19;6:8;7:17;
15:17;24:20,25;
25:12;28:6,24;31:18;
33:10;39:15;40:8;
41:6
**facts (3)**
25:22;34:8;35:21
**factual (1)**
13:6
**fails (1)**
27:24
**fairly (1)**
34:14
**familiar (1)**
34:5
**family (1)**
14:11,11
**far (1)**
24:19
**Feed (2)**
7:14;19:6
**FEERICK (1)**
40:9
**few (1)**
21:7
**fight (1)**
27:17
**figure (2)**
15:24;18:13
**file (3)**
13:11;14:10;21:9
**filed (8)**
10:4;13:25,26,26;
14:2;16:3,5;37:24
**final (1)**
24:10
**Finally (3)**
31:5;38:3,25
**find (2)**
31:17,19
**fine (1)**
7:15
**First (42)**
5:5;7:5,6;8:26;9:3;
10:4,23;11:3,4,18,19,

FILED: NEW YORK COUNTY CLERK 08/24/2018 03:56 PM    INDEX NO. 153231/2018
NYSCEF DOC. PB0. 50    Case 1:20-cv-05441-KPF    Document 33-1    Filed 07/28/20    Page 48 of 53    RECEIVED NYSCEF: 08/24/2018

dEbLASIO    June 05, 2018

22,26;12:11,12,14;
13:15,20,21;15:17,18;
16:10;20:7;21:26;
26:11;27:21;28:12,
15,18;30:8;34:20;
35:4,9;36:5,22;37:3,
14,19;40:8,9,14,25
**focus (2)**
20:25;41:21
**FOIL (14)**
21:7,9;25:4,4;
33:23,24;34:3,3,9;
35:18,18,19,24;36:3
**follow (1)**
19:9
**foot (1)**
32:4
**footage (2)**
7:7;11:5
**force (4)**
19:9;20:3;24:4;
39:24
**forever (1)**
31:24
**forgot (1)**
6:14
**forth (2)**
13:7;26:9
**forward (1)**
30:6
**founded (1)**
10:19
**Fourth (2)**
8:26;13:4
**frankly (4)**
13:2;24:25;25:4;
26:5
**frequent (1)**
41:16
**full (1)**
10:25
**fully (2)**
3:22;10:26
**furthermore (1)**
4:9
**future (1)**
12:25

**G**

**gallery (1)**
6:9
**gave (1)**
34:22
**Gazette (3)**
29:8;34:5;35:19
**gears (1)**
34:18
**gets (1)**
19:25
**given (2)**
4:2;30:19
**gives (3)**

21:21;25:19;38:6
**glad (1)**
32:2
**goal (1)**
33:26
**goes (2)**
17:22;29:16
**government (15)**
15:7;22:23,24;23:9,
13,14;36:13,14,17;
38:8;39:6,7,8,11,15
**governmental (5)**
19:17;22:3;37:20;
40:2,15
**granted (8)**
5:26;6:16;10:6;
12:8;16:20;20:13;
27:9;40:11
**granting (1)**
12:15
**ground (1)**
28:2
**grounds (3)**
4:7;23:18;39:10
**guess (2)**
32:7;36:7

**H**

**Hagler (3)**
6:25;9:7;10:15;
13:14;33:6;40:24,24
**Hagler's (3)**
11:11,13;28:11
**hand (1)**
41:22
**happen (1)**
6:21
**happy (1)**
23:20
**harass (1)**
29:17
**harassment (1)**
41:21
**head (3)**
8:8;24:26;26:12
**hear (2)**
4:24;33:15
**heard (4)**
5:9,11;25:20;41:5
**hearing (2)**
9:17,18
**hearings (1)**
9:14
**heart (1)**
10:19
**held (7)**
9:4;21:26;22:2;
24:15;29:20;32:11;
37:4
**help (1)**
20:20
**hence (1)**

35:14
**hereby (1)**
6:16
**hesitate (1)**
34:19
**hey (1)**
30:17
**highly (1)**
3:15
**history (5)**
26:6;31:19;35:23;
37:12;41:19
**hold (1)**
9:18
**holding (2)**
10:14;12:11
**holdings (1)**
8:25
**holds (1)**
35:9
**Honor (12)**
3:12;7:16;8:16;
13:16;15:19;20:19;
25:18;28:8,9;32:23;
34:13;41:17
**Honor's (2)**
33:20;36:19
**humor (1)**
12:2
**Hybrid (3)**
9:11;16:12,14

**I**

**idea (4)**
30:5;37:8,24,25
**identified (1)**
34:24
**identify (1)**
16:15
**identifying (2)**
34:26;37:6
**If-if (1)**
22:13
**ignore (1)**
25:2
**ignored (1)**
24:24
**illegal (2)**
8:4;17:24
**illegally (2)**
7:18;15:8
**illustrate (1)**
35:22
**illustrative (1)**
33:20
**immediately (1)**
7:4
**impact (1)**
23:14
**impeach (1)**
29:18
**implicitly (1)**

41:5
**implied (1)**
12:5
**imply (2)**
14:17;15:25
**important (1)**
6:7
**importantly (2)**
19:15;27:22
**impose (2)**
31:14;38:22
**imposed (1)**
20:13
**imposing (1)**
11:24
**imposition (1)**
22:15
**improperly (1)**
13:26
**impune (2)**
30:3,3
**impunity (1)**
19:23
**inaccurate (1)**
7:8
**Inc (1)**
3:4
**include (2)**
22:6;26:16
**including (2)**
28:5;37:3
**inconsistent (2)**
18:20;31:22
**incorrect (1)**
32:14
**incredibly (2)**
22:14,14
**indeed (1)**
39:13
**Index (1)**
3:6
**indifferent (1)**
39:22
**infinite (1)**
14:13
**information (12)**
3:24,25;20:24;
22:26;31:12;34:12,
12,25,25;36:12;
37:21;39:7
**injunction (7)**
9:21;10:26;11:11,
23;12:15;13:2;41:4
**injunctive (5)**
9:23;10:6;12:8;
16:19;17:11
**inline (1)**
5:24
**ins (1)**
20:26
**inspection (2)**
23:25;36:24
**inspections (1)**

24:7
**instance (1)**
28:15
**instances (1)**
12:23
**integrity (1)**
29:18
**intended (1)**
18:15;23:5,6
**interest (11)**
3:13,18,20,23;4:18;
5:4,15;6:11,14,14,15
**interested (2)**
3:13;25:19
**interests (1)**
39:8
**interim (1)**
11:3
**internal (3)**
12:23;22:21;39:3
**interpret (1)**
3:23
**interpretation (1)**
38:2
**interpreted (2)**
37:2;39:14
**interpreting (1)**
33:14
**intervene (15)**
3:8,16;4:4,13;5:15,
18,21,22;6:16;21:24;
38:12,14,19,23;39:23
**intervened (1)**
20:17
**interveners (1)**
4:17
**intervention (4)**
3:14;4:3;5:7;6:4
**into (2)**
6:22;36:13
**investigation (1)**
12:23
**investigations (1)**
29:11
**involved (1)**
23:2
**involving (2)**
3:21;26:4
**issue (16)**
7:2,2,16,19;8:8;
10:18;16:25;18:8;
20:11;21:2,21;23:24;
35:24;37:15,16;41:17
**issued (4)**
6:21;11:3,23;12:19
**issues (2)**
23:10;31:21
**it/them (1)**
24:5

**J**

**joined (1)**

38:15
**Judge (16)**
4:16;6:24;13:19,22;
14:8,22;15:7;17:24;
19:25;20:14;25:23;
27:10,20;30:16;31:5;
39:18
**judges (3)**
14:2;18:17;41:17
**judgment (4)**
9:12;17:3,4,8
**judicial (3)**
18:24;19:22;31:14
**jump (1)**
33:8
**juris (2)**
15:14;35:22
**jurisdiction (3)**
14:8,12;15:9
**Justice (12)**
6:25;9:6;10:14,24;
11:7,11,13;13:14;
28:11;33:5;40:23,24

**K**

**keep (1)**
32:20
**KELLY (1)**
40:17
**kept (3)**
22:18;36:20;37:10
**KIEPPER (1)**
11:20
**K-I-E-P-P-E-R (1)**
11:20
**knowledge (1)**
37:24
**knows (2)**
34:13;40:2

**L**

**language (6)**
10:12;17:10;23:22;
36:14,16,20
**large (1)**
26:6
**last (2)**
14:22;33:10
**later (2)**
9:26;20:16
**Latin (2)**
32:24,26
**law (22)**
9:19,19;10:20;12:4,
7;19:9,13,14,20,26;
20:2,11,22;22:2,11;
23:23;25:2;27:24;
32:18,24;33:13;40:15
**lawsuit (1)**
4:23
**lawyer (1)**

41:25
**LAWYERS (3)**
5:20;16:15;41:17
**leak (1)**
19:6
**leaked (4)**
7:17,21;8:3;15:20
**learned (2)**
32:18,24
**least (2)**
6:4;26:24
**leave (1)**
12:18
**Legal (32)**
3:8,12,20,26;4:3,5,
8,12;5:21;6:10,15;
8:21;10:7,7;12:8;
16:20;20:18,20;21:4;
24:19;25:8;26:7,10;
27:23,23,26;28:22;
31:17;32:13;33:18;
36:7;41:16
**legally (6)**
4:18,25;5:14;6:13;
10:21;15:6
**Legislative (9)**
26:6;31:13,19;32:3,
4,5;35:23;37:12;
41:19
**Legislator (1)**
12:5
**Legislature (6)**
18:15;21:10,18;
23:5,6,16
**Leighton (10)**
8:13,13,16;24:13,
18;28:3;32:23;33:18;
34:17;35:4
**length (2)**
26:9;34:22
**less (1)**
41:9
**letter (1)**
41:17
**Liabilities (1)**
25:7
**license (2)**
25:3,3
**liked (1)**
33:10
**likes (1)**
33:11
**likewise (1)**
13:16
**limited (4)**
4:15;29:5;30:14,14
**limits (1)**
39:21
**litigants (3)**
18:3;21:8,22
**litigated (1)**
3:21
**litigating (2)**

25:5;31:8
**litigation (11)**
4:18;24:21,23;
25:16;26:17;27:19;
29:9,19;30:5;34:7,7
**little (1)**
9:25
**Longo (2)**
34:20;37:4
**look (1)**
26:6
**looking (1)**
34:12
**looks (1)**
18:9
**lose (1)**
27:17
**lot (3)**
5:17;6:8;40:18
**Lugano (1)**
30:8

**M**

**makes (8)**
11:9;15:6;18:24;
20:25;28:26;30:9;
31:3,17
**making (3)**
25:26;36:3;41:3
**Malloy (1)**
28:19
**mandamus (5)**
15:13;16:2,25;17:7;
20:13
**many (1)**
35:11
**margins (1)**
35:20
**material (2)**
26:2;34:8
**materials (1)**
35:8
**MATTER (10)**
5:19;6:4;8:17,23;
9:8;12:13;13:3;22:2;
27:24;29:7
**matters (2)**
13:2;26:5
**Maxwell (1)**
8:13
**may (11)**
3:25;5:11;9:4,21;
20:20;22:24;25:14;
27:4;32:3;37:8;39:8
**maybe (1)**
8:26
**Mayor (2)**
3:5;33:7
**mean (4)**
22:24;38:26;39:2,2
**meaning (1)**
17:19

**means (5)**
5:6;24:3;36:25;
37:10;39:7
**mechanism (1)**
36:3
**mentioned (2)**
27:5;32:2
**merits (4)**
8:20;13:11;23:19;
27:18
**met (1)**
28:8
**might (1)**
29:17
**mind (1)**
32:8
**mischaracterized (1)**
14:18
**misconduct (2)**
3:20;12:23
**modifies (1)**
10:14
**moment (2)**
24:21;39:19
**month (1)**
30:2
**months (1)**
28:8
**moot (1)**
7:26
**more (10)**
4:17;6:23;8:9;11:8;
19:15;27:22;29:16;
32:25;33:8;41:9
**most (1)**
41:6
**motion (10)**
5:26;8:15;10:25,26;
11:9,10;20:10;27:8;
32:9;40:21
**mouths (1)**
10:11
**move (3)**
6:20;27:17;28:15
**moved (3)**
8:17;27:8;28:2
**moves (1)**
32:4
**much (4)**
11:6;20:25;29:15;
33:7
**municipality (2)**
10:17;35:8
**must (1)**
39:2
**mystery (1)**
28:9

**N**

**name (1)**
22:6
**names (1)**

37:22
**narrow (1)**
23:7
**narrows (1)**
10:14
**nature (3)**
10:14;28:5;34:26
**necessarily (1)**
33:24
**necessary (3)**
13:12,13;28:4
**need (7)**
5:14;6:13,14;30:5,
6,22;39:3
**needs (2)**
31:13;33:6
**neutral (2)**
29:26;30:4
**Nevertheless (1)**
11:13
**New (18)**
3:4,6,18;5:19;7:12;
12:13,14;13:25;15:2,
18;19:11,11;25:7;
31:23;33:6,25;34:11;
37:26
**news (4)**
7:13;29:8,10,22
**Newspapers (1)**
37:7
**next (3)**
15:26;25:21;29:4
**nonsense (2)**
28:26;31:3
**normal (1)**
27:19
**note (2)**
36:11;37:19
**noted (4)**
10:4;11:17;25:18;
33:19
**noting (1)**
4:5
**Number (4)**
3:6,21;14:13;29:24

**O**

**objection (1)**
5:8
**obvious (3)**
13:23;16:16;18:11
**Obviously (1)**
14:13;16:12;17:19
**odds (1)**
37:11
**Off (1)**
24:14
**offered (1)**
40:23
**officer (15)**
11:25;15:5,20;23:2;
25:12;26:5;28:23;

29:18,24,25;30:3;
38:5,19;40:11;41:26
**officers (19)**
3:19,24;4:21;9:4,
10,11;12:7,13,16;
15:2;19:11;20:23;
21:23;29:12;38:7,13,
16,22;41:22
**officers' (1)**
29:2
**officer's (4)**
21:9;22:6;37:22,22
**officers's (1)**
28:20
**Official (7)**
3:5;22:4,23;30:16,
21,26;36:13
**off-the-record (1)**
24:15
**often (1)**
27:16
**once (3)**
16:2,5,10
**one (20)**
5:15,21;7:20;14:19,
21;15:15,25;16:15;
18:23;21:13;23:5;
24:19;26:25;27:20;
30:2,3;33:8;39:7;
40:4,4
**ongoing (1)**
8:5
**only (15)**
6:24;7:2,6;10:6;
12:8;15:2;16:20;
19:11;27:26;30:15,
20,25;37:23;40:20;
41:24
**onto (1)**
6:20
**open (1)**
21:12
**opened (1)**
35:2
**opportunity (2)**
25:19;34:22
**opposed (1)**
7:10
**opposing (2)**
10:11;34:21
**opposite (1)**
19:23
**opposition (1)**
4:15
**order (4)**
7:6;9:12;21:17;
40:25
**organization (2)**
29:9,10
**origin (2)**
26:7;33:19
**originated (1)**
26:9

**otherwise (3)**
36:25;40:6,20
**out (9)**
6:9;12:18;15:24;
18:14;24:18;26:15;
29:26;33:22;34:4
**outcome (2)**
5:4,22
**outcomes (1)**
34:24
**outs (1)**
20:26
**outset (1)**
25:18
**outside (1)**
25:15
**outsider (1)**
24:3
**over (3)**
20:21;27:15;35:18
**overstepping (2)**
14:11;18:5
**overzealous (1)**
26:8
**own (1)**
38:11

**P**

**panel (2)**
11:8,9
**paper (1)**
32:5
**papers (6)**
6:2,12,25;24:3;
26:10;27:5
**part (4)**
12:6;22:22;26:6;
36:24
**particular (5)**
3:20;16:16;37:9,17;
41:21
**particularized (1)**
34:4
**Particularly (2)**
28:11,12
**parties (4)**
4:20;23:8,11;25:19
**party (7)**
3:13;5:9;6:16;
29:12;31:22;34:9;
38:18
**passed (5)**
21:5,7,18;23:7,16
**patently (1)**
7:8
**Patrolmen's (1)**
3:3
**Pausing (1)**
41:13
**PBA (15)**
9:20;12:21;21:23;
22:9,13,19;23:3;25:9,

11;26:17;27:5;34:21;
36:4;37:15,24
**PBA's (6)**
4:9;11:10;21:15;
23:17;24:26;37:11
**pending (4)**
11:11;25:15;31:10;
34:6
**People (9)**
3:18;6:9;18:3;
20:15;26:24;30:10,
15,26;33:16
**perhaps (4)**
8:9;11:8;18:15;
33:20
**period (3)**
29:25;30:2;37:25
**permanent (1)**
20:13
**permanently (1)**
9:12
**permit (1)**
36:17
**permitted (3)**
3:24;4:3;5:22
**personal (1)**
29:20
**personnel (2)**
15:20;21:9
**petition (14)**
4:9;9:22;16:3,6,11,
11;17:9,18,21;20:6,
12,12;27:9;40:11
**petitioner (6)**
6:23;8:11;10:4;
12:26;16:21;36:8
**Petitioners (3)**
9:16;10:7;12:9
**petitioner's (3)**
10:8;17:14;33:9
**philosophical (1)**
41:16
**phrase (3)**
32:2,25;33:9
**phrases (1)**
33:11
**plainly (1)**
40:22
**plaintiff (1)**
12:26
**played (1)**
35:20
**point (9)**
4:7;13:3,5;24:11;
25:8;26:12,20;28:13;
36:11
**police (33)**
4:20;9:4,10,11,14,
15;11:25;12:6,13,16,
20,23;14:26;15:5,20;
19:11;20:23;22:19;
28:20,22;29:2,12,18,
23,25;33:7;34:11;

35:11;40:11,12,12;
41:22,25
**policy (1)**
37:26
**portrayal (1)**
37:10
**pose (1)**
32:7
**position (20)**
3:9;4:12;7:21;8:22;
15:10;19:19;20:20;
21:15;24:2,24;28:22;
31:6,9,10,15;35:13;
37:11,17,18;41:2
**positions (1)**
4:6
**possesses (1)**
37:4
**possible (1)**
32:8
**postings (1)**
12:3
**potential (1)**
3:19
**potentially (2)**
25:15;30:3
**POUGHKEEPSIE (6)**
12:19,20,21,22;
16:5,23
**power (1)**
19:17
**practice (2)**
21:8;37:23
**precise (6)**
10:12;13:6,22;
31:21;34:8;35:26
**precisely (4)**
6:26;9:20;10:18;
22:4
**predicated (1)**
32:9
**Preliminarily (1)**
26:19
**preliminary (6)**
10:26;11:10,22;
12:15;13:2;20:14
**present (2)**
3:9;38:19
**press (1)**
37:13
**prevent (4)**
10:17;20:23;26:7;
35:7
**preventing (1)**
23:8
**prisoner (1)**
14:4
**prisoners (1)**
18:3
**private (31)**
7:3,9,22;8:9,10,24;
12:16;13:7;14:3,4,5,7,
9,15,17;15:11,16,22;
23:25;33:7;34:11;

16:2,9,17,21,24;17:5;
18:18;19:5;23:8,11;
32:10;35:6;38:18
**probably (3)**
6:8;13:25;41:6
**problem (2)**
14:5;21:11
**procedural (2)**
20:26;28:3
**procedure (2)**
20:21;34:4
**Proceeding (13)**
3:7;6:20;14:10;
16:7;17:2;18:8;20:8,
9,9;21:24;25:16;26:4;
32:22
**proceedings (7)**
9:15;13:9,26;14:14;
18:4;34:24;38:15
**Proceedings- (39)**
3:1;4:1;5:1;6:1;7:1;
8:1;9:1;10:1;11:1;
12:1;13:1;14:1;15:1;
16:1;17:1;18:1;19:1;
20:1;21:1;22:1;23:1;
24:1;25:1;26:1;27:1;
28:1;29:1;30:1;31:1;
32:1;33:1;34:1;35:1;
36:1;37:1;38:1;39:1;
40:1;41:1
**process (2)**
25:14,18
**produce (1)**
21:24
**produced (2)**
33:25;38:8
**production (3)**
8:6;23:9,12
**profound (1)**
32:25
**prohibited (2)**
21:16;31:7
**prohibits (1)**
31:12
**prolong (1)**
20:10
**propose (1)**
25:10
**proposed (2)**
9:17;12:3
**proposes (1)**
4:10
**proposing (1)**
8:5
**prosecution (3)**
29:10,19;30:6
**protect (4)**
10:6,8;12:8;16:20
**protected (6)**
4:21,26;19:12;
23:10;25:5;28:7
**protection (1)**
15:3

**protects (2)**
19:13;28:23
**provide (2)**
25:16;38:24
**provided (2)**
11:15;36:12
**provisions (2)**
12:4;39:5
**prudence (2)**
15:14;35:22
**psychology (1)**
24:10
**public (4)**
3:17;9:14;22:17,26
**publication (2)**
9:5,24
**publish (2)**
22:5;35:15
**publishing (2)**
3:24;37:21
**purported (1)**
7:26
**purports (1)**
3:7
**purpose (9)**
21:6,13;23:8;26:24;
29:15;30:16;35:17;
36:14;39:4
**purposes (2)**
22:23;31:2
**pursuant (2)**
9:17;17:2
**put (5)**
10:10;16:11;21:11;
30:24;41:20
**putting (2)**
5:8;11:13

## Q

**qualified (1)**
5:7
**qualifies (1)**
3:13
**qualify (2)**
4:16;5:9
**quick (2)**
36:9,11
**Quite (1)**
5:5
**quote (5)**
11:26;17:2;25:22,
26;34:21
**quoting (1)**
23:23

## R

**raised (6)**
14:20;15:20;20:5,
12;37:15;40:19
**raises (1)**
7:2

**rather (1)**
36:3
**react (1)**
16:9
**read (5)**
6:2;17:15;22:24;
24:3;32:5
**reading (1)**
37:9
**reaffirms (1)**
39:15
**real (1)**
21:2
**REALE (1)**
11:19
**R-E-A-L-E (1)**
11:20
**Reale's (1)**
17:10
**really (4)**
12:26;33:26;35:3;
39:2
**reason (4)**
10:8;16:15;31:3;
35:14
**reasons (3)**
13:17,23;17:13
**recall (1)**
32:26
**Recess (1)**
41:14
**recognized (3)**
36:15,16;38:14
**recognizing (2)**
34:3;41:5
**record (6)**
3:2,10;24:14,16;
39:12;41:15
**records (40)**
4:10,22;5:2;7:14,
17,25,26;9:5;12:17;
15:20;19:7;21:25;
22:25;23:15,24;25:4,
15,23,25,26;26:21;
27:2;29:9,11,20;31:7;
32:15,20;33:17,25;
35:10,12,13;37:6;
38:11,18,21,24;39:9,
16
**recourse (1)**
14:21
**redacted (2)**
34:16,17
**red-herring (1)**
17:25
**referred (1)**
6:25
**referring (1)**
23:23
**reflected (1)**
6:8
**regarding (1)**
36:20

**Regardless (1)**
12:3
**regularly (1)**
8:5
**rejected (3)**
29:7;30:7,8
**rejection (1)**
4:9
**related (1)**
29:11
**relates (1)**
29:5
**release (19)**
4:11,22;9:24;12:17;
16:6;23:15;24:4,4;
25:2;30:18,21;31:11,
26;32:16;34:10,12;
35:8,25,26
**released (5)**
7:14,26;12:22;
22:17;26:22
**releasing (6)**
7:7;11:5;19:6;
20:24;31:7;40:26
**relevant (3)**
3:25;6:24;26:2
**relief (19)**
7:3;8:11;9:23;10:6;
12:8;10;16:19,22;
17:4,6,11,17,20;18:4,
23;19:16;20:14;
32:12;40:22
**rely (1)**
15:15
**relying (1)**
24:6
**remainder (1)**
37:12
**remarkable (1)**
26:13
**remedy (3)**
15:4;32:19,21
**reply (2)**
24:17;28:20
**reports (1)**
7:13
**represent (1)**
6:10
**representation (1)**
3:26
**represented (1)**
31:10
**represents (1)**
9:11
**request (6)**
8:2;21:9;25:23;
29:23;35:25;39:22
**requested (1)**
38:21
**requester (1)**
25:22
**requesting (1)**
4:13

**requests (3)**
21:22;25:4;39:9
**requirement (1)**
5:14
**requires (1)**
39:6
**reserved (1)**
8:18
**resist (2)**
21:22;38:7
**resisting (1)**
35:25
**respect (2)**
29:11;40:21
**respond (2)**
24:12;28:17
**respondent (4)**
5:18;6:17;10:15;
31:22
**respondents (4)**
8:14;9:13;11:4;
13:11
**response (2)**
20:5;33:23
**restrict (2)**
22:7,21
**restricted (2)**
22:14;31:25
**restriction (1)**
37:5
**restrictions (1)**
21:3
**result (2)**
40:17
**reversed (3)**
11:22;12:15;40:10
**review (14)**
7:8;15:12;18:25;
19:4,22;20:2;23:26;
24:7;25:14,24,25;
36:24;40:3,7
**reviewed (1)**
39:20
**Richter (3)**
10:24;11:7;13:22
**rifle (1)**
21:10
**right (70)**
4:19,25;6:6,13;7:3,
22;8:7,9,10,13,18,24;
10:4,7,7;12:6,16;13:7,
18,24;14:3,4,5,7,9,15,
17;15:16,22,24;16:2,
18,20,21,25;17:5,17,
26;18:14,15,18;19:5,
8,10,12,15;20:2,3,11;
21:22,23;25:12;
27:10,11,14;28:20;
32:10,18,20;34:4;
35:6;38:7,9,14,17,22;
39:11;40:20;41:5,7
**rights (21)**
4:20,21;7:10;8:25;

10:20;12:4,7,9;15:3,
11;16:9;17:11;23:10,
23;28:23;29:2;30:11;
38:2,4,4,6
**risk (1)**
24:10
**role (2)**
5:2;8:5
**ruling (1)**
24:11
**rulings (1)**
35:21
**run (1)**
26:26
**runs (1)**
32:7

## S

**SAFI (1)**
40:9
**same (4)**
13:17;22:10;40:17;
41:3
**saw (2)**
21:10,11
**saying (9)**
9:24;13:5;14:11;
17:16;20:23;25:11;
30:24;33:12,12
**scenario (2)**
13:6;14:13
**scenarios (1)**
14:3
**schedule (1)**
10:25
**SCHENECTADY (3)**
9:9,13;29:8
**school (2)**
32:18,24
**scope (1)**
30:20
**Second (14)**
8:26;9:3;12:18,18,
25;26:11;27:7;28:12;
33:8;35:5,10;36:5,19;
40:24
**Section (26)**
3:23;4:11;6:26;
12:4;15:5;20:26;21:2,
5,14,21;22:2,7,10,16;
23:11,14,24;30:9;
37:4;38:5,6,17;39:6,
10,17,24
**seek (6)**
9:26;17:5,5,6;18:4;
19:3
**seeking (11)**
4:22;5:17;9:12,23;
10:17,19;17:3,19;
19:16;34:9;36:4
**seeks (1)**
16:12

**seems (3)**
25:13;26:21;27:18
**sense (6)**
5:17;15:6;20:25;
22:9,10;23:21
**sentence (1)**
14:5
**separate (1)**
14:16
**set (5)**
10:25;13:7;26:9,15;
34:4
**shall (7)**
22:18;23:24;24:8;
36:20,23;37:10;39:6
**share (2)**
30:11,12
**SHARTSIS (6)**
3:11;5:11,13;6:18;
20:19;36:11
**shielded (1)**
9:6
**shift (1)**
37:26
**shooting (1)**
23:2
**show (3)**
30:20,26;31:2
**showing (1)**
25:22
**sic (1)**
40:17
**significant (2)**
5:23;39:12
**similar (2)**
5:20;29:23
**similarly (1)**
9:7
**simple (1)**
18:20
**simply (6)**
4:25;21:2;22:7;
23:4;30:7;39:5
**Simpson (5)**
15:26;16:8,23;
18:10,12
**single (3)**
28:2;29:23;38:16
**sit (1)**
17:23
**sitting (1)**
24:20
**situation (2)**
15:19;33:4
**small (1)**
39:3
**Society (5)**
3:8,12;8:21;24:20;
33:18
**solution (4)**
31:13;32:3,4,5
**somehow (2)**
7:17;10:13

**someone (4)**
5:17;7:21;19:22;
38:20
**somewhat (1)**
24:26
**Sorry (1)**
33:13
**sort (2)**
27:6;37:15
**sorts (3)**
14:2;18:3;19:16
**sought (5)**
12:24;16:2,3;38:18,
19
**speak (3)**
8:20,22;20:18
**specific (6)**
21:5;35:17,17;
36:20;37:9;39:4
**specifically (2)**
11:24;22:16
**spent (1)**
37:21
**spirit (1)**
41:18
**sprang (1)**
26:13
**stage (1)**
11:7
**stand (1)**
31:16
**standalone (1)**
25:14
**standard (12)**
4:2;5:11,13,16,25;
6:13;18:22;19:24,25;
40:4,5,5
**standards (1)**
3:14
**standing (3)**
21:19,20;22:9
**state (3)**
21:21,24;34:14
**stated (1)**
10:5
**statement (2)**
18:6;34:20
**Statute (42)**
4:22;12:10;14:16;
16:23;17:12,18,20;
18:7,23;19:2,21,21,
26;20:4;21:18;22:22;
23:7,15,16;25:21;
26:15,17,25;28:6,23,
26;29:15,15;31:4,12,
18,18;32:13;33:5,15,
19;35:17,24;40:5;
41:18,19,22
**statutory (1)**
15:3
**stay (4)**
10:24;11:3;13:20,
21

**stayed (2)**
7:6;40:25
**steps (1)**
18:16
**stick (2)**
35:3,4
**still (1)**
27:17
**stop (3)**
17:21;21:11;33:17
**stopped (1)**
37:23
**strict (1)**
5:14
**stuff (2)**
7:21;30:18
**subject (9)**
4:11,23;23:25;24:6;
31:8;34:14,25;35:14;
36:24
**submitted (1)**
10:26
**Subparagraph (1)**
39:16
**subset (4)**
30:10,12,14,15
**substance (1)**
40:19
**substantial (1)**
3:12
**substantially (1)**
13:17
**substantive (1)**
6:23
**substantively (1)**
4:10
**successor (1)**
17:7
**sue (2)**
8:24;9:4
**sued (1)**
15:20
**sufficient (1)**
25:23
**suggesting (1)**
25:13
**suggests (1)**
38:16
**suing (1)**
19:6
**summaries (12)**
8:6,22;9:25,25;
16:6;22:5;32:17;
34:15,18,19,20,23
**summarized (1)**
6:2
**summary (3)**
12:22;20:8;22:7
**support (3)**
7:20;31:17,19
**suppose (1)**
28:9
**supposed (3)**

20:8,9;29:20
**Supreme (1)**
14:12
**sure (2)**
27:5;34:21
**system (1)**
36:13

**T**

**talk (1)**
9:25
**talking (1)**
18:26
**talks (1)**
17:8
**ten-minute (1)**
41:10
**tens (1)**
13:24
**terms (1)**
7:17
**theoretically (1)**
23:3
**therefore (8)**
7:3;9:26;12:9,24;
19:4;32:11;37:17;
40:7
**Third (14)**
8:26;9:3,8;10:3,21;
11:17;13:8;25:25;
26:11;28:12,13;35:5,
10;36:5
**though (1)**
30:25
**thousands (1)**
13:24
**threatened (2)**
30:6,7
**three (1)**
13:4
**threshold (5)**
8:17,23;13:10;28:3,
14
**throw (1)**
24:18
**thus (2)**
9:17;37:8
**today (2)**
11:2;31:16
**together (3)**
17:15;24:20,22
**took (1)**
7:4
**top (1)**
37:2
**topic (1)**
3:17
**tough (1)**
24:7
**traffic (1)**
22:11
**transcript (1)**

**11:14**
**Transit (1)**
11:25
**translated (1)**
32:26
**transparency (2)**
33:26;36:13
**tremendous (1)**
3:17
**trial (1)**
11:23
**trials (2)**
29:5,6
**TRO (3)**
6:21;11:10;28:8
**true (1)**
30:24
**trust (2)**
14:23;33:11
**trying (2)**
18:13;23:12
**turns (1)**
24:26
**two (3)**
9:10;24:18;37:23
**two-word (1)**
33:11
**type (1)**
32:21

**U**

**ultimately (1)**
3:26
**un-confidential (1)**
33:17
**under (31)**
4:21,26;7:18,22;
10:22;12:10;13:7,8;
14:16,16,26;16:22,25;
17:12,17,20;19:17;
21:20;22:10,11;
25:12,21;31:25;
32:10;34:3,8;36:12;
37:4,8;38:17;40:12
**underlying (1)**
26:4
**Understood (2)**
32:23;36:22
**undisputed (1)**
21:4
**unequivocally (3)**
18:24;19:3;40:6
**unfettered (1)**
40:13,15
**uniform (1)**
20:22
**Union (1)**
25:7
**unions (1)**
9:4
**unique (2)**
26:14,15

dEbLASIO

June 05, 2018

unless (5)
19:21,26;33:25,26;
40:5
unnecessary (1)
30:25
unprecedented (1)
37:26
up (7)
21:16;25:6;27:16;
30:17;38:13;39:19;
41:3
upon (2)
17:12,17
use (7)
22:22,23;26:17,22,
23;27:2,3
used (1)
36:2

**V**

vagally (1)
7:13
vehicle (2)
10:20,22
VERSUS (6)
9:8;11:19,20;12:13,
20;29:8
view (6)
18:21;20:22;27:7;
28:10,13;33:24
violate (4)
9:17;12:4;19:20;
28:25
violates (2)
9:26;16:13
violating (2)
39:16,25
violation (3)
8:25;9:19;15:5
violations (2)
10:5;12:7

**W**

waive (2)
28:21,25
waived (1)
29:3
walked (1)
35:2
wants (10)
22:5,24;23:14;31:3;
32:14;36:18;39:12,
16;40:14;41:25
warrant (1)
25:23
way (8)
5:15;15:18;16:15;
25:6;30:3;37:8;38:6;
39:21
ways (1)
35:11

weaponized (1)
26:17
whatsoever (1)
15:4
Whereupon (1)
24:15
whole (3)
6:7;18:16,16
whomever (1)
30:12
window (3)
21:12,13,15
wish (1)
35:14
wishes (2)
23:21;35:26
withdraw (1)
12:24
within (3)
9:22;30:20;37:5
without (4)
13:10;21:17;37:6;
39:16
word (2)
9:21;16:21
words (2)
10:10,12
work (1)
30:2
working (2)
29:26;30:19
workings (1)
36:12
world (1)
31:2
worn (1)
11:5
worth (1)
4:5
written (2)
14:9;29:15
wrong (2)
15:6;40:14

**Y**

years (7)
13:25;21:7;27:15;
34:3;35:18;37:21,23
York (16)
3:4,6,18;5:19;
12:13,14;13:25;15:2,
18;19:11,12;25:7;
31:23;33:6,25;34:11

**Z**

zealous (2)
26:23;41:25

**1**

1455 (1)

9:9
153231/2008 (1)
3:6
184 (1)
12:21
1992 (1)
12:21
1994 (2)
11:21;12:11
1st (1)
28:19

**2**

2006 (1)
12:13
2008 (1)
28:19
2011 (1)
9:9
204 (1)
11:20
212 (1)
40:9
297 (1)
40:9

**3**

34 (1)
12:14
35 (1)
12:13
392 (1)
12:14

**4**

4 (2)
30:9;39:16
4:03 (1)
41:10
40 (1)
37:21

**5**

50 (5)
4:26;6:26;22:2;
31:25;38:6
501 (1)
12:21
50A (45)
3:23;4:11;9:6,17,
20,26;10:5,20;12:4,7,
15;15:5;20:26;21:2,5,
14,21;22:7,10,16;
23:11,14,24;24:24;
25:5,12,13,16;26:7,
12;28:7;30:9;31:8;
32:10;34:3,14;35:14;
36:2;37:4;38:5,17;
39:10,24,25;40:12

**7**

72 (1)
11:20
75 (1)
13:25
78 (41)
3:7;6:20;7:3,10;
8:11;9:11,18;10:2,20,
22;13:8,26;14:8,10,
14;15:9,21;16:7,25;
17:2,7,9,22,26;18:4,8,
10,19,22,23;19:3,17;
20:8,26;22:20;26:18;
32:12;37:25;40:3,7,
10

**8**

84 (1)
9:9