# Attachment B



199 Water Street  
New York, NY 10038  
(212) 577-3300  
https://www.legalaidnyc.org/

John K. Carroll  
*President*

Janet E. Sabel  
*Attorney-in-Chief*  
*Chief Executive Officer*

Justine M. Luongo  
*Attorney-in-Charge*  
Criminal Practice

February 19, 2020

# MEMORANDUM OF SUPPORT

**LEGISLATION:** Resolution 0750-2019 (Williams)

**TITLE:** Resolution calling upon the New York State Legislature to pass, and the Governor to sign, A02513 which would repeal section 50-A of the New York Civil Rights Law in relation to the personnel records of police officers, firefighters, and correction officers.

**REASONS FOR SUPPORT:** The Legal Aid Society supports a full repeal of CRL 50-a because the law prevents public disclosure of a police officer's misconduct records. The law has been invoked to prevent the public from accessing misconduct complaints made to civilian oversight agencies like the Civilian Complaint Review Board (CCRB), outcomes of police department disciplinary trials, and even information on police officer misconduct and disciplinary responses where information identifying specific officers has been redacted.

In addition to shielding police misconduct from public oversight, CRL 50-a prevents people accused of crimes from fairly exercising their constitutional confrontation rights in court by concealing bad acts by police officers. Under 50-a, the only way for the accused to access an officer's records is to make an impossible argument: that the materials the defense can't access are relevant and material to the defense's case. Many judges reject that argument as speculative, denying those accused of crimes access to misconduct records that are available to the public in most states.

Officers are uniformed representatives of government who are trusted with the responsibility of arresting and prosecuting people for crimes that carry lifetime consequences. When officers testify, the trust the system puts in them is implicit to judges and juries. Juries may believe that if the officer had committed prior bad acts such as prior false statements, bias, aggression and abuses of their authority, that the government would not be relying on that officer's statements. However, we know that is not true. According to a letter from the Manhattan DA's office, the NYPD even refuses to give prosecutors access to officer disciplinary data before deciding to prosecute an arrest. We also know from a Buzzfeed article that many officers found guilty by NYPD of committing fireable offenses were instead given "disciplinary probation" and allowed to continue making arrests.

Repealing 50-a is crucial for increasing police transparency and accountability across the state. We therefore support full repeal of this law and urge the New York City Council to pass Resolution 0750-2019, sponsored by Public Advocate Williams.

**Contact**: Molly Griffard, Legal Fellow, mgriffard@legal-aid.org; 212-298-3242.

**Justice in Every Borough.**