UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Uniformed Fire Officers Association; Uniformed Firefighters Association of Greater New York; Correction Officers' Benevolent Association of the City of New York, Inc.; Police Benevolent Association of the City of New York, Inc.; Sergeants Benevolent Association; Lieutenants Benevolent Association; Captains Endowment Association; and Detectives' Endowment Association, <br><br> Petitioners/Plaintiffs, <br><br> -against- <br><br> Bill de Blasio, in his official capacity as Mayor of the City of New York; the City of New York; Fire Department of the City of New York; Daniel A. Nigro, in his official capacity as the Commissioner of the Fire Department of the City of New York; New York City Department of Correction; Cynthia Brann, in her official capacity as the Commissioner of the New York City Department of Correction; Dermot F. Shea, in his official capacity as the Commissioner of the New York City Police Department; the New York City Police Department; Frederick Davie, in his official capacity as the Chair of the Civilian Complaint Review Board; and the Civilian Complaint Review Board, <br><br> Respondents/Defendants. | Case No. 1:20-cv-05441-KPF <br><br> **DECLARATION OF ALEX V. CHACHKES IN SUPPORT OF COMMUNITIES UNITED FOR POLICE REFORM'S MOTION TO INTERVENE** |

I, Alex V. Chachkes, hereby declare as follows:

1. I am an attorney, a member of the bar of the State of New York, and a partner of the law firm Orrick, Herrington & Sutcliffe LLP ("Orrick").

2. Pursuant to Local Civil Rule 6.1, I submit this sworn statement in support of Communities United for Police Reform's ("CPR") Motion to Intervene.  I have personal knowledge of the facts contained in this declaration, and, if called as a witness, am competent to testify to those facts, except as to matters expressly stated to be upon information and belief.  As to those, I believe them to be true.

3. CPR is an organization and campaign whose mission is to advance police transparency and accountability, while reducing reliance on policing, for community safety, through civic engagement, policy reform, public advocacy, and community organizing.  Last month, after years of working on the front lines of the reform effort, a CPR-led coalition won a landmark victory, securing repeal of N.Y. C.R.L. § 50-a.  CPR now seeks, by Order to Show Cause, to intervene in this Action to defend its interest in the full and prompt effectuation of that legislative action; in its mission of ensuring ready public access to records of misconduct complaints, misconduct investigations, and discipline, including those at issue in this case; and in its current and future use of the judicially enforceable right of access to government records.

4. There are "good and sufficient reasons" for proceeding by order to show cause instead of by notice of motion.  *See* Local Rule 6.1(d).  This litigation is currently moving forward at an expedited pace.  On July 22, this Court granted Plaintiffs' request for a temporary restraining order; permitted limited discovery; set a due date of August 14, 2020 for the filing of papers on Plaintiffs' request for a preliminary injunction; and set a preliminary injunction hearing for August 18, 2020.  The Court has already held another hearing modifying the

restraining order and resolving discovery disputes.  If CPR proceeded by notice of motion, the applicable rules would push the briefing schedule and this Court's ultimate determination on CPR's motion past the preliminary injunction hearing, potentially precluding CPR's participation in that proceeding.  *See* Local Rule 6.1(b) (providing 14 days for a response and 7 days for a reply).  CPR's proposed briefing schedule—with responses due August 3, 2020 and any reply due August 6, 2020—will permit the Court to resolve the motion in time for CPR to participate in preliminary injunction proceedings.

5. Federal Rule of Civil Procedure 24, moreover, provides that a motion to intervene must be "timely."  Counsel for CPR prepared and filed CPR's motion to intervene as soon as practicable so as to comply with the rule, avoid prejudice to any party or any delay to resolution of this case.  Proceeding by order to show cause will further protect against prejudice and delay.

6. I have conferred with counsel for both parties.  Counsel for Defendants has indicated that it does not consent to CPR's Motion to Intervene, but does not oppose the proposed briefing schedule in the Order to Show Cause.  Counsel for Plaintiffs has indicated that Plaintiffs do not consent to CPR's Motion to Intervene nor to an expedited briefing schedule.

7. CPR has not previously made an application for similar relief in connection with this Action.

8. Attached hereto as Exhibit A is a true and correct copy of excerpts from the Reporter's Transcript of the July 22, 2020 hearing.

9. Attached hereto as Exhibit B is a true and correct copy of excerpts from the Reporter's Transcript of the July 28, 2020 hearing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July **29**, 2020 in New York, New York.

_____
Alex V. Chachkes