UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNIFORMED FIRE OFFICERS ASSOCIATION; UNIFORMED FIREFIGHTERS ASSOCIATION OF GREATER NEW YORK; CORRECTION OFFICERS' BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, INC.; POLICE BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, INC.; SERGEANTS BENEVOLENT ASSOCIATION; LIEUTENANTS BENEVOLENT ASSOCIATION; CAPTAINS ENDOWMENT ASSOCIATION; and DETECTIVES' ENDOWMENT ASSOCIATION, <br><br> Plaintiffs, <br><br> -against- <br><br> BILL de BLASIO, in his official capacity as Mayor of the City of New York; THE CITY OF NEW YORK; FIRE DEPARTMENT OF THE CITY OF NEW YORK; DANIEL A. NIGRO, in his official capacity as the Commissioner of the Fire Department of the City of New York; NEW YORK CITY DEPARTMENT OF CORRECTION; CYNTHIA BRANN, in her official capacity as the Commissioner of the New York City Department of Correction; DERMOT F. SHEA, in his official capacity as the Commissioner of the New York City Police Department; THE NEW YORK CITY POLICE DEPARTMENT; FREDERICK DAVIE, in his official capacity as the Chair of the Civilian Complaint Review Board; and THE CIVILIAN COMPLAINT REVIEW BOARD, <br><br> Defendants. | Case No. 1:20-CV-05441-KPF <br><br> **DECLARATION OF JUMAANE D. WILLIAMS IN SUPPORT OF COMMUNITIES UNITED FOR POLICE REFORM'S MOTION TO INTERVENE** |

Jumaane D. Williams declares under penalty of perjury as follows:

1. I submit this sworn statement in support of Communities United for Police Reform's Motion to Intervene. I have personal knowledge of the facts contained in this affidavit, and, if called as a witness, am competent to testify to those facts, except as to matters expressly stated to be upon opinion and belief. As to those, I believe them to be true.

2. I am the Public Advocate for the City of New York, a role in which I am a non-voting member of the New York City Council ("City Council") with the right to introduce and co-sponsor bills. Previously, I served as member of the City Council, representing Brooklyn's 45th District. I was first elected to the City Council in 2009 and was re-elected in 2013 and 2017.

3. I have worked on issues of police reform and transparency throughout my time in public office. During my first term on the City Council, I worked closely with Communities United for Police Reform ("CPR") on Local Laws 70 and 71 of 2013 (" the Community Safety Act"), which sought to end the NYPD's abusive use of stop, question and frisk. The Act, which passed despite a veto from then-Mayor Michael Bloomberg, mandated an end to unconstitutional policing practices typically used in communities of more color. The Act also created the first Inspector General for the NYPD, who is charged with investigating unlawful or unethical practices within the NYPD.

4. I have continued to work with CPR on issues of police reform. We have sought their input on proposed bills, and collaborated on policy advocacy, press outreach, public education, and direct action. CPR has unparalleled expertise in the police disciplinary and misconduct system, the policy considerations that underlie issues of transparency and accountability, and the impact of these issues on New York City communities, particularly black and brown communities.

5. For the past several years, I worked closely with a CPR-led coalition of organizations that sought—and ultimately obtained—full repeal of N.Y. Civil Rights Law § 50-a. CPR was the leading organization in that effort. With CPR input, I drafted and introduced City Council Res. 750, a resolution calling on the New York state legislature to repeal § 50-a.

6. Prompt and full effectuation of the § 50-a repeal requires dismantling the structures and policies that served to expand § 50-a's coverage and replacing them with ready and full public access. Defendants' proposed disclosures are a significant and necessary step toward that end. A categorical bar on Defendants' ability to create the sort of publicly accessible repository of misconduct and disciplinary records at issue in this case would be a daunting obstacle to full effectuation of the § 50-a repeal.

7. It is critically important that all misconduct and disciplinary records be publicly accessible. Excluding categories of records from disclosure would undermine the very public interests that animated the repeal of § 50-a. Full transparency is absolutely critical to further organizing, policymaking, and reform efforts. Proposing and garnering support by the public and elected officials for particular policy changes demands providing full, real time facts concerning past and present NYPD conduct. Shrouding large swathes of misconduct and disciplinary records from scrutiny would render it impossible to hold the NYPD accountable.

8. In my view, parties among Defendants have historically failed to protect the interests of the communities most affected by police misconduct and by the absence of transparency and accountability – communities of more color. In this case, Plaintiffs seek to establish rights that trump the public's interest in full disclosure – rights already granted by the full repeal of § 50-a. I am confident that granting CPR the right to intervene would assure an

uncompromised reflection of the public's interest in this dispute. CPR would serve as the sole Defendant without ties to New York City governance.

Executed on this 28th day of July 2020, in New York, New York.

Respectfully submitted,

_____
Jumaane D. Williams