



**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Anthony Paul Coles
T (212) 335-4844
E anthony.coles@us.dlapiper.com

July 29, 2020

Hon. Katherine Polk Failla
United States District Court
   for the Southern District of New York
40 Foley Square
New York, NY 10007

**Re:**    ***Uniformed Fire Officers Association, et al. v. Bill de Blasio, et al.***
         **No. 20-cv-05441 (KPF) (RWL)**

Dear Judge Failla:

      As counsel for Plaintiffs, we submit this emergency letter motion asking for reconsideration of the Court's July 29, 2020 Minute Order modifying the July 22, 2020 TRO. Reconsideration is proper because new evidence demonstrates that the release by the Defendants to the New York Civil Liberties Union of 81,000 CCRB Records of law enforcement officers took place on July 15, the date of Justice Edmead's TRO, and not before July 15 which is what Defendants have represented to the Court.

      The new information requiring reconsideration is the Corporation Counsel's letter to the Court of July 29, 2020 (the "July 29 Letter"; Dkt 36). In the July 29 Letter, the Defendants disclose for the first time that the CCRB Records were not accessed by NYCLU before July 15. The July 29 Letter admits at footnote 1 that the CCRB Records were posted to a share file by the City on July 14, and were not accessed by NYCLU until July 15. The Court made clear yesterday that its Order modifying the TRO was based the City's representations that the CCRB Records, in fact, were accessed by NYCLU before July 15. Here is the relevant colloquy from yesterday's Hearing:

        THE COURT: Do I understand correctly that you received the access to the portal
        on the 13th of July?

        MR. DUNN: No, I received it on the 14th.

        THE COURT: OK. I'm sorry. Is it dated the 13th?

        MR. DUNN: Well, here's my understanding. The attachment to my clarification
        shows the email that I got on the 14th. As I understand the process --

        THE COURT: Yes.



Hon. Katherine Polk Failla
July 29, 2020
Page 2

       MR. DUNN: -- the CCRB may have uploaded the data on the 13th, and it took a day to come through to me.

       THE COURT: I see. But you received and viewed – you accessed the portal on the 14th of July?

       MR. DUNN: That's correct.

(Tr. 17).

***

       THE COURT: More pointedly, the materials that you wish to publish that I am currently preventing you form publishing and that you've set up in a way to be text searchable, those were all received prior to July 15?

       MR. DUNN: That's correct your Honor.

(Tr. 22).

Based on the July 29 Letter, that representation appears to be false. In fact, Mr. Dunn's statement that "the CCRB may have uploaded the date on the 13th" also is contradicted by his own sworn Declaration of July 23 (ECF # ). Mr. Dunn's Declaration Exhibit B is an email from the City that shows that the City posted the Disciplinary Records to a share file on July 14, not July 13. The Corporation Counsel also has misstated to Court the date that the CCRB Records were released. At the July 22 Hearing, the following colloquy took place:

       THE COURT: Do you happen to know when this production was made?

       MS. SAINT-FORT: Yes, I do. It was made on July 13th.

(Tr.15-16).

The Court relied on the representations of NYCLU and Defendants that the CCRB Records were in NYCLU's possession before July 15 in ruling that while the Court recognized Plaintiffs' concerns about the significance of this litigation "I don't have the ability to reach retroactively and enjoin him [Mr. Dunn] …." The TRO should be reinstated as to the CCRB Records.

It is also significant that on July 14, 2020 counsel for the parties were in discussions about the matter, including a briefing schedule, and the City agreed it would not release Disciplinary Records. By email at 9:48 a.m., Corporation Counsel indicated it was inclined to

2



Hon. Katherine Polk Failla
July 29, 2020
Page 3

agree to a delay of the release of any of Disciplinary Records, and that "in order to gauge the amount of time we think is appropriate for a briefing, we'd like to review your papers today." Plaintiffs ultimately decided to file on July 14, and provided a set of the papers to Defendants' counsel that day. (A copy of the July 14 email exchange is attached at Exhibit A.)

Under the circumstances, we respectfully request that the TRO be reinstated forthwith as against NYCLU, and that Defendants be granted expedited discovery, including deposition testimony, as to the circumstance surrounding NYCLU's and Defendants' conduct, and such other relief as may be necessary to preserve Plaintiffs' rights.

We appreciate the Court's attention and time.

Respectfully submitted,

Anthony P. Coles

cc:    All counsel of record (*via* ECF)
       failla_NYSDChambers@nysd.uscourts.gov

Plaintiffs' above emergency letter motion for reconsideration of its modification of the temporary restraining order (Dkt. #54) is DENIED. It appears that all sides are in agreement that the materials at issue were disclosed by the CCRB to NYCLU on July 14, 2020, which is prior to any injunctive order being entered by the state court. (*See* Dkt. 16, 36, 54).

That said, the Court is concerned that Mr. Dunn may have been incorrect in his statements to the Court and it instructs him to file a letter by **July 30, 2020, at 5:00 p.m.** advising the Court as to whether any of the answers he provided to the Court at the hearing on July 28, 2020, and is contained in Plaintiff's letter of July 29, 2020, is incorrect or omits material information.

SO ORDERED.

Dated: July 29, 2020
       New York, New York

3      HON. KATHERINE POLK FAILLA
       UNITED STATES DISTRICT JUDGE