

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007-2601

**JAMES E. JOHNSON**
*Corporation Counsel*

KAMI Z. BARKER
Mobile: (216) 903-3610
kbarker@law.nyc.gov

July 29, 2020

**BY ECF**
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

           Re:    <u>Uniformed Fire Officers Association, et al. v. Bill DeBlasio, et al.</u>
                  20-cv-05441 (KPF) (RWL)

Dear Judge Failla:

        We write to respond to plaintiffs' July 29, 2020 letter requesting to reconsider the Court's Order lifting the TRO against the NYCLU and respectfully request to correct a typo in defendants' letter motion dated July 29, 2020.  Plaintiff's accusations should be ignored, and Mr. Dunn should not be required to confirm or clarify the record, becase plaintiff's letter, as demonstrated below, was clearly made in bad faith.

        In footnote one of defendant's July 29, 2020 letter motion, defendants inadvertently wrote that the CCRB sent NYCLU the database on July 14, 2020 and that the NYCLU received it on July 15, 2020. However, this was a *typo*, made in error, for which our office failed to catch. Given the case's established and lengthy record and plaintiffs' counsel's presence in these Court conferences, plaintiffs must have known that this was a mere typo. Therefore, plaintiffs knowingly provide an insufficient and improper basis for requesting the Court to reconsider its Order lifting the TRO against the NYCLU. And here's the proof:

        <u>First</u>, the transcript of the July 28, 2020 conference, relevant portions of which have been attached hereto as Exhibit "A," shows that it was only an error. Page 17 reads:

> **THE COURT:** Do I understand correctly that you received the access to the portal on the 13th of July?
>
> **MR. DUNN:** No, I received it on the 14th.

> **THE COURT:** OK. I'm sorry. Is it dated the 13th?
>
> **MR. DUNN:** Well, here's my understanding. The attachment to my clarification shows the email that I got on the 14th. As I understand the process --
>
> **THE COURT:** Yes.
>
> **MR. DUNN:** -- the CCRB may have uploaded the data on the 13th, and it took a day to come through to me.
>
> **THE COURT:** I see. But you received and viewed – you accessed the portal on the 14th of July?
>
> **MR. DUNN:** That's correct.

See lines 9-21.

Second, the transcript for the July 22 conference, relevant portions of which are attached as Exhibit "B," also confirms these facts. The transcript reads:

> **THE COURT:** I see.
> Do you happen to know when this production was made?
>
> **MS. SAINT-FORT:** Yes, I do. It was made on July 13th.

See p. 15, lines 24-25; p. 16, line 1. And later, page 47 reads:

> **THE COURT:** July 9th? Okay.
> When, if you recall, did you receive it?
>
> **MR. DUNN:** I believe we received the response to the official city portal late in the morning of the 14th.

See Exhibit "B" at lines 2-5.

Finally, as if that was insufficient to demonstrate the dates in defendants' footnote were simply a typo, defendants' July 28 letter, dkt. No. 31, also confirms the correct dates of the CCRB's disclosure to NYCLU. The relevant portion of the letter reads:

> On or about July 14, 2020, a dataset containing the complete allegation history in the CCRB's database was sent to the NYCLU in response to a request made on or about July 9, 2020.

See p. 6.

It is, therefore, without question that the dates contained in defendants' footnote were typographical errors. Nothing more, and nothing less. Thus, Mr. Dunn misrepresented nothing to the Court nor the plaintiffs and has no reason to correct or clarify the record.

Defendants request that the Court correct the typo found in footnote one of defendants' July 29, 2020 letter motion and excuse Mr. Dunn from having to respond to plaintiffs' accusations, pursuant to the Court's July 29, 2020 short-form Order, provided in dkt. No. 55. We thank the Court for considering this request.

Respectfully submitted,

By:    **ECF**:    _____/s/_____
                    Kami Z. Barker
                    Assistant Corporation Counsel

              _____/s/_____
              Rebecca G. Quinn
              Assistant Corporation Counsel

              _____/s/_____
              Dominique Saint-Fort
              Assistant Corporation Counsel

cc:    Anthony Coles (by ECF)
       DLA Piper
       *Attorney for Plaintiffs*