

New York Civil Liberties Union
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300
www.nyclu.org

Christopher Dunn
Legal Director

VIA ECF

July 30, 2020

Honorable Katherine Polk Failla
United States District Judge
United States District Court Southern District of New York
40 Foley Square
New York, N.Y. 10007

Re: *Uniformed Fire Officers Assoc. v. de Blasio*, 20 Civ. 5441 (KPF)

Dear Judge Failla:

  I write in response to the Court's July 29, 2020 text order concerning my representations about the timing of the NYCLU's receipt of the CCRB database, specifically "whether any of the answers [Mr. Dunn] provided to the Court at the hearing on July 28, 2020, and is contained in Plaintiff's letter of July 29, 2020, is incorrect or omits material information" (ECF 55). The short and direct answer to the Court's inquiry is that, as I have represented orally several times (including at the July 28 hearing) and attested to in my July 23 declaration and as is established by the email I attached to my declaration, I received the CCRB's response on July 14, 2020, and nothing about those representations is inaccurate or incomplete and nothing about that email is altered or fabricated.

  Beyond this confirmation, I wish to respond to the specifics of Mr. Coles's letter so as to address any concerns the Court may have. Mr. Coles asserts that my representation about when the NYCLU received the database "appears to be false" in light of a letter the City submitted yesterday morning that contained a footnote stating, the "CCRB sent the database to NYCLU on July 14, which it admits receiving electronically by July 15" (ECF 36 n.1). The City last night filed a letter informing the Court that the dates in that sentence were typographical errors and disclaiming any suggestion my representations to the Court about when the NYCLU received the database were inaccurate (ECF 57). The signatories to the City's letter containing the mistaken dates inform me that Mr. Coles did not contact them about the apparent discrepancy suggested by the footnote before he wrote to the Court. While I appreciate his attention to these dates, one might reasonably expect a minimal amount of due diligence before leveling such a serious charge in a court-filed document.

  Mr. Coles next suggests that my statement that "the CCRB may have uploaded the dat[a] on the 13[th]" is "contradicted" by the email I attached to my declaration, which according to Mr. Coles "shows that the City posted the Disciplinary Records to the share file on July 14, not July 13." Mr. Coles does not explain what in the email suggests something about the timing of the CCRB's actions, and I do not understand the email to indicate anything about that timing. Suffice it to say,

however, that I have not claimed any knowledge of when the CCRB did what it did. Moreover, the email I received has been before Mr. Coles and the Court since July 23, and I have no reason to question the accuracy of the City's representations about when the CCRB did whatever it did vis-à-vis the City's FOIL portal that culminated in my receiving the database on July 14.

Finally, Mr. Coles twice refers to the timing of the NYCLU having "accessed" the database, and in another letter last night asserts the NYCLU "did not obtain the documents until it accessed the website on July 15" (ECF 56), seeming to suggest a distinction between when the NYCLU received the July 14 email and when it accessed the database. Setting aside the relevance of this suggested distinction and that Mr. Coles does not identify the basis for his suggestion the NYCLU did not access the database until a day after receiving it, I confirm that the NYCLU in fact accessed and starting working on the database shortly after receiving it on July 14 (as I stated in my declaration). To be specific, within minutes of having received the email, I clicked the link (which is shown in the email attached to my declaration) and accessed the database. In addition, I then promptly spoke with our data analyst about the database and shortly thereafter forwarded the email to him so he could start working on the database that day so the NYCLU could prepare it for public release.

I hope this addresses any concerns the Court may have.

Respectfully submitted,

*/s/Christopher Dunn*

Christopher Dunn