**MEMO ENDORSED**



| JAMES E. JOHNSON<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | DOMINIQUE F. SAINT-FORT<br>*Assistant Corporation Counsel*<br>Labor & Employment Law Division<br>(212) 356-2444<br>dosaint@law.nyc.gov |
|---|---|---|

July 30, 2020

**BY ECF**
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

          Re:    Uniformed Fire Officers Association, et al. v. Bill DeBlasio, et al.
                  20-cv-05441 (KPF) (RWL)

Dear Judge Failla:

        Defendants write to request that the Court reconsider its Order regarding Document Request No. 5 of Plaintiffs' First Request for Documents and to provide additional support for Defendants' arguments regarding Request No. 6. As discussed, below, the Court should deny Plaintiffs' Request No. 5 as it applies to NYPD and FDNY, and deny Plaintiffs' Request No. 6 in its entirety.

**REQUEST NO. 5:** All documents and communications relating to the denial, in whole or in part, of a public records request for Disciplinary Records on grounds other than the application of New York Civil Rights Law § 50-a, such as where disclosure of the requested records would constitute an unwarranted invasion of privacy or pose a risk to the safety of any person, such as, for example, those referenced in *Hughes Hubbard & Reed LLP v. Civilian Complaint Review Board*, 53 Misc. 3d 947, 950 (Sup. Ct., Kings Cnty. 2016), and *Luongo v. Records Access Officer*, 150 A.D.3d 13, 16 (1st Dep't 2017), for the period January 1, 2016 to the present.

        Defendants are prepared to produce records responsive to this request within the parameters set by the Court during the July 28, 2020 conference as to CCRB and DOC. However, Defendants respectfully request that the Court reconsider its Order with respect to NYPD and FDNY, and not require those two agencies to respond to Request No. 5 because it will impose an extraordinary and unwarranted burden on those agencies, one that is clearly disproportionate to the needs of this case, particularly with respect to the discovery that Plaintiffs purportedly need for their preliminary injunction motion.

NYPD receives an astronomical amount of FOIL requests annually. In 2017, NYPD received 18,794 requests, which rose to 20,747 requests in 2018, and 23,490 requests in 2019. All of the FOIL requests received by NYPD are made through a request via a New York City public records online database, called Open Records. The FOIL requests for NYPD are handled by a central FOIL Unit, with two employees, a Records Access Officer and a Police Officer. The FOIL Unit does not track requests by the type of request, and many requests seek multiple types of documents, not just disciplinary records. Additionally, the FOIL Unit does not track requests by whether they were granted or denied, or the reason why they were denied.

In order to produce documents responsive to this request, the NYPD Records Access Officer would have to pull and review approximately 20,000 requests in their entirety to determine if the request is for, at least in part, disciplinary records and further review the requests to determine whether the request was for Unsubstantiated or Non-Final allegations. Finally, the Records Access Officer would have to review the denial to determine whether the denial was at least in part based on the release of Unsubstantiated, Non-Final allegations being an unwarranted invasion of privacy or a risk to the safety of any person. This would not only be extremely onerous, but would simply not be possible to accomplish by August 7, or any time shortly thereafter. Finally, the massive burden that it would impose on NYPD, all for the sake of perhaps finding a theoretically relevant needle in a haystack, makes this request disproportionate to Plaintiffs' needs for their preliminary injunction motion as well as on the merits of the case, should it proceed to further discovery. Defendants further note that before the repeal of Civil Rights Law §50-a, NYPD would deny requests for disciplinary records of members of the service solely on the basis that that they were protected from disclosure by § 50-a. Thus it is likely that even after preforming a review of almost 20,000 requests, the Records Access Officer would not find a substantial number, if any, responsive documents.

FDNY received approximately 8,000 FOIL requests during the time frame of this discovery request, June 12, 2019 – June 11, 2020. All of the FOIL requests received by FDNY are tracked through Open Records. The FOIL requests for FDNY are handled by two central offices depending on the overall nature of the request. The Public Records Unit handles FOIL requests related to building violations and tickets issued related to such violations. All other substantive requests, including any requests for disciplinary records, are handled by the Bureau of Legal Affairs FOIL Unit, which, similar to NYPD, has two employees, a Records Access Officer and civilian Public Records Aide. The Bureau of Legal Affairs FOIL Unit does not track requests it receives by the type of request. Additionally, the Bureau of Legal Affairs FOIL Unit does not track requests by whether they were granted or denied, or the reason why they were denied. Again similar to the NYPD, in order to produce documents responsive to this request, the FDNY Records Access Officer would have to pull and review approximately 8,000 requests in their entirety to determine if the request is for, at least in part, disciplinary records and thereafter review the requests to determine whether the request was for Unsubstantiated or Non-Final allegations. The Records Access Officer would have to review the denial to determine whether the denial was at least in part based on the release of Unsubstantiated, Non-Final allegations being an unwarranted invasion of privacy or a risk to the safety of any person. Notably, FDNY rarely receives requests for disciplinary records of firefighters. Responding to this request would not only be extremely onerous, but likely lead to no results. Again in the

short time frame for discovery here, it is simply not possible for FDNY to review its records for any documents responsive to this request.

Accordingly, Defendants respectfully request that the Court reconsider and modify its decision as to Plaintiffs' Document Request No. 5, and deny the Request as it applies to NYPD and FDNY as burdensome and disproportionate to the needs of this case.

**REQUEST NO. 6:** All documents and communications concerning or reflecting (a) the release to the public of Unsubstantiated or Non-Final Allegations against employees of the City other than law enforcement officers, or (b) the denial, in whole or in part, of a public records request encompassing Unsubstantiated or Non-Final Allegations against City employees other than law enforcement officers on the ground that disclosure of the requested records would constitute an unwarranted invasion of privacy, or pose a risk to the safety to any person, for the period January 1, 2016 to the present.

As we advised the Court during the conference, responding to this request would be extremely burdensome. We have obtained further information as to the nature and scope of that burden, request that the Court reconsider its Order, and upon reconsideration, deny that Request in its entirety.

The City has over 30 agencies that respond to FOIL requests, some of which receive thousands of requests per year. In particular, agencies such as the Department of Health and Mental Hygiene, Department of Buildings, Department of Transportation and Department of Environmental Protection, each receive several thousands of requests per year. Even to ascertain the average number of FOIL requests that each of the City's agencies receive would involve obtaining information from over 30 Records Access Officers. While each agency tracks its requests and responses, each agency does not necessarily categorize its requests by type of request, e.g., for "Disciplinary Records." Additionally, a single FOIL request may contain requests for various types of documents. As such, the requests could not be efficiently reviewed to quickly identify whether for the request is for disciplinary records, let alone whether the request seeks "Unsubstantiated or Non-Final Allegations" related to disciplinary records.

In many agencies, disciplinary measures may take place not because of a complaint or an "allegation" but based upon a violation of an agency rule or regulation that does not have as its source a complaint of some sort. Many City employees do not necessarily interact with the public in the manner that the Plaintiffs' members do, and are not subject to "allegations" from members of the public that are either substantiated or unsubstantiated. Requests for records related to Equal Employment Opportunity investigations would also have to be excluded from the review.

The denial of a request is also not categorized by the reason for the denial. An agency would not be able to easily gather denials based on the grounds of constituting an unwarranted invasion of privacy, or a risk to the safety of any person. Furthermore, to the extent that a denial is based on these factors, it could be because the records requested reveal information about a member of the public or someone that is not the subject of the discipline,

not necessarily because there is an invasion of the employee's privacy or risk to the safety of the employee.

In sum, each of the 30 City agencies would have to pull and review in their entirety thousands of FOIL requests to determine whether the request included a request for disciplinary records not related to an EEO complaint and whether the request sought records pertaining to "Unsubstantiated or Non-Final Allegations." At this time, we estimate that this would consume in excess of 1,000 employee hours. Given the magnitude of this effort, and that it is rank speculation on Plaintiffs' part that there even exist denials of requests for disciplinary records pertaining to Unsubstantiated and Non-Final allegations on the grounds of the request constituting an unwarranted invasion of privacy or risk to safety of the employee themselves, this request is plainly disproportionate to the needs of this case. Accordingly, Defendants request that the Court deny in full Plaintiff's Document Request No. 6.

Respectfully,

/s/
Dominique Saint-Fort
Assistant Corporation Counsel

/s/
Rebecca G. Quinn
Assistant Corporation Counsel

cc: All Attorneys of Records (by ECF)

The Court is in receipt of the above letter from Defendants. (Dkt. #60). Plaintiffs are hereby ORDERED to respond to this letter by **July 31, 2020.**

Dated: July 30, 2020
       New York, New York

SO ORDERED.

*[signature]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE