

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Anthony Paul Coles
T  (212) 335-4844
E  anthony.coles@us.dlapiper.com

July 31, 2020

Hon. Katherine Polk Failla
United States District Court
   for the Southern District of New York
40 Foley Square
New York, NY 10007

**Re:**   *Uniformed Fire Officers Association, et al. v. Bill de Blasio, et al.*
      **No. 20-cv-05441 (KPF) (RWL)**

Dear Judge Failla:

We submit this letter in response to Defendants' July 30 letter seeking reconsideration of the Court's Order regarding Plaintiffs' discovery Requests 5 and 6.  We respectfully request that the Court deny reconsideration or, in the alternative, consider the proposal explained at the end of this letter.

The Court thoughtfully went through the requests and already considered the alleged burdens associated with production, narrowing scopes and time frames to what the Court thought was necessary to the matter.  There is no need to reconsider those decisions at this time; rather, productions should begin immediately to facilitate litigation. Plaintiffs have still received no documents in response to the discovery ordered on July 22; the delay in productions is hindering Plaintiffs' ability to prepare for the hearing and causing a delay in the ability to schedule the 30(b)(6) deposition(s).

In short summary, Request 5 seeks documents relating to the denial of public records requests for Disciplinary Records, when such denials are for reasons other than 50-a, "such as where disclosure of the requested records would constitute an unwarranted invasion of privacy or pose a risk to the safety of any person." Plaintiffs' goal with this request is to show that the City has long believed there are other sources of protection for these records. This shows (among other things) that the City's sudden and unexplained decision to reverse course on *all* protections after the repeal of 50-a was an arbitrary and capricious decision that conflicted with their prior position.[1] Defendants claim this is unduly burdensome to produce these documents from the NYPD and FDNY. *See* July 30 Ltr. at 1.

Request 6 seeks documents "reflecting (a) the release to the public of Unsubstantiated or Non-Final Allegations against employees of the City other than law enforcement officers, or (b)

---

[1] *See F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009) (explaining that an agency may not "depart from a prior policy *sub silentio*" and "must show that there are good reasons for the new policy."); *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[A]n agency changing its course by rescinding a rule is obligated to supply a reasoned analysis for the change beyond that which may be required when an agency does not act in the first instance.").



Hon. Katherine Polk Failla
July 31, 2020
Page 2

the denial, in whole or in part, of a public records request encompassing Unsubstantiated or Non-Final Allegations against City employees other than law enforcement officers on the ground that disclosure of the requested records would constitute an unwarranted invasion of privacy, or pose a risk to the safety to any person." This discovery will show that (a) the City has not released other employees' disciplinary records, and (b) the City recognizes protections for disciplinary in other contexts where 50-a was never applicable. This goes to show, among other things, dissimilar treatment (proving our equal protection claim) and that the decision to make this sudden change was arbitrary and capricious. The City claims that this is unduly burdensome because it covers 30 agencies.

The Court has already limited the scope and timeframe for these requests to what the Court found to be relevant and not unduly burdensome. *See* July 28 Tr. at 52. Regarding Request 5, the denials of the NYPD and FDNY go to the core of this lawsuit, making the circumstances described by the Defendants not unduly burdensome because of how fundamental these records are to the matter. Because the processes of the NYPD and FDNY are computerized, we expect that some search could result in the denials requested. These denials should be produced without further delay.

With respect to Request 6, Your Honor invited the Defendants to seek reconsideration if the quantum of requests for the disciplinary records of City employees warranted reconsideration. The Defendants maintains that even discerning the quantum of requests for disciplinary records would be too burdensome. Plaintiffs propose that the Defendants pick 10 of the City agencies that use a computerized system and produce the requested denials based on searches reasonably designed to find denials of requests for disciplinary records. It is hard to believe that this cannot be done efficiently when the records are already for the limited time period of one year and are computerized.

As an alternative to providing the discovery that the Court has ordered, Plaintiffs propose a joint stipulation for the preliminary injunction hearing, as outlined on Exhibit A. That would ameliorate the City's burden issues. It would also streamline the preliminary injunction hearing, allowing the Court to focus on the important legal issues before it.



Hon. Katherine Polk Failla
July 31, 2020
Page 3

Thank you for Your Honor's continued attention to this matter.

Respectfully submitted,

Anthony P. Coles

cc:     All counsel of record (*via* ECF)
        failla_NYSDChambers@nysd.uscourts.gov