

DLA Piper LLP (US)
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Anthony Paul Coles
T  (212) 335-4844
E  anthony.coles@us.dlapiper.com

August 4, 2020



Hon. Katherine Polk Failla
United States District Court, Southern District of New York
40 Foley Square
New York, NY 10007

**Re:** *Uniformed Fire Officers Association, et al. v. Bill de Blasio, et al.*
   **No. 20-cv-05441 (KPF) (RWL)**

Dear Judge Failla:

   On behalf of Plaintiffs (the "Unions"), we write asking for the Court's attention and further order on two discovery issues. We have met and conferred with counsel for Defendants by letter and email on these issues, but have not been able to reach agreement. The Court previously ordered discovery to be completed by August 7, so these issues are of some urgency.

   1.   **Document Requests Nos. 5 and 6**. On July 28, the Court ordered Defendants to produce the documents sought by the Unions' document requests Nos. 5 and 6. On July 30, Defendants asked the Court to reconsider and withdraw the order requiring them to produce documents covered by requests Nos. 5 and 6 (ECF No. 60, Ex. 1 below). On July 31 the Unions opposed Defendants' request, and also proposed as a compromise a stipulation designed to provide some of the information requested (ECF No. 63, Ex. 2 below). Today, August 4, Defendants confirmed that they "do not agree to enter into the stipulation Plaintiffs proposed in their July 31, 2020 letter to the Court, annexed as Exhibit A. *See* ECF No. 63." (Ex. 3 below.) The Unions therefore request that the Court deny Defendants' request for reconsideration and direct Defendants to produce immediately on a rolling basis the documents sought by document requests Nos. 5 and 6. The reasons have already been fully presented to the Court in the Unions' July 31 letter responding to Defendants' July 30 letter. (*See* Exs. 2 and 1.)

   2.   **Defendants' failure to produce any documents, including those Defendants produced to NYCLU almost three weeks ago**. The Court ordered expedited discovery in this case two weeks ago on Wednesday, July 22, 2020 (Tr. 83:16-25), and ordered further discovery on July 28, 2020. But Defendants have not yet produced any documents to the Unions. Defendants have also not said when they will produce any documents, or when they will provide the declarations the Court ordered them to provide on discovery issues. Defendants' failure to provide any discovery is not consistent with the Court's orders.



Hon. Katherine Polk Failla
August 4, 2020
Page Two

      It is also not consistent with the demonstrated ability of the City and the CCRB to provide information at extraordinary speed to NYCLU.  NYCLU received records on 81,000 officers some two business days after NYCLU requested them.  But although the Defendants have had for weeks the same ready-at-hand means of producing those same documents to the Unions in compliance with this Court's order, the Defendants have failed to do so.

      The Defendants' refusal to provide ordered discovery has already prejudiced the Unions in preparing for the Rule 30(b)(6) depositions ordered by the Court, and continues to prejudice the Unions in preparing for both those depositions and for the preliminary injunction hearing.

      The Unions therefore ask the Court to order immediate production of the records provided weeks ago to NYCLU, as well as the other expedited discovery ordered by the Court, including production of the documents sought by Defendants' requests Nos. 5 and 6.

                                Very truly yours,

                                Anthony Paul Coles

rm

cc:    All Counsel of Record (*via* ECF)
       failla_NYSDChambers@nysd.uscourts.gov

The Court has reviewed Defendants' motion for reconsideration of the Court's discovery rulings (Dkt. #60), Plaintiffs' July 31, 2020 response letter (Dkt. #63), and Plaintiffs' August 4, 2020 letter (Dkt. #66).

Given the burdens that Defendants' have outlined with respect to Document Request #5, and Defendants' representation that "before the repeal of Civil Rights Law §50-a, NYPD would deny requests for disciplinary records of members of the service solely on the basis that that they were protected from disclosure by § 50-a" (Dkt. #60 at 2), the Court agrees that the Request as it applies to NYPD and FDNY is unduly burdensome and disproportionate to the needs of this case.  Accordingly, Defendants' motion for reconsideration of Document Request #5 is GRANTED:  Defendants shall produce responsive documents from the CCRB and DOC; but Defendants need not produce such documents from the NYPD and FDNY.

Defendants' request with respect to Document Request #6 is GRANTED IN PART AND DENIED IN PART.  Defendants are ORDERED to, as Plaintiff suggested, produce the responsive documents for 10 of the City agencies that use a computerized system and produce the requested denials based on searches reasonably designed to find denials of requests for disciplinary records.

Further, the Court is concerned that, three days before the discovery deadline, Defendants have yet to produce any documents to Plaintiffs.  Defendants should begin rolling out their document production as soon as possible.

Dated: August 4, 2020
       New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE