UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

Uniformed Fire Officers Association; Uniformed
Firefighters Association of Greater New York;
Correction Officers' Benevolent Association of the
City of New York, Inc.; Police Benevolent
Association of the City of New York, Inc.; Sergeants
Benevolent Association; Lieutenants Benevolent
Association; Captains Endowment Association; and
Detectives' Endowment Association,

            Plaintiffs,

     -against-

Bill de Blasio, in his official capacity as Mayor of the
City of New York; the City of New York; Fire
Department of the City of New York; Daniel A.
Nigro, in his official capacity as the Commissioner of
the Fire Department of the City of New York; New
York City Department of Correction; Cynthia Brann,
in her official capacity as the Commissioner of the
New York City Department of Correction; Dermot F.
Shea, in his official capacity as the Commissioner of
the New York City Police Department; the New York
City Police Department; Frederick Davie, in his
official capacity as the Chair of the Civilian
Complaint Review Board; and the Civilian
Complaint Review Board.,

            Defendants.

------------------------------------------------------------------------x

**STIPULATION AND CONFIDENTIALITY ORDER**

20 CV 05441 (KPF)

    **WHEREAS**, by Order dated July 22, 2020, the Court granted Plaintiffs motion for a temporary restraining order, enjoining Defendants from producing disciplinary records of Plaintiffs' members that resulted in an unsubstantiated or unfounded determination, those records in which the officer has been exonerated, and disciplinary records that are either pending or non-final; and

**WHEREAS**, by Order dated July 28, 2020, the Court ordered Defendants to disclose certain materials to Plaintiffs in discovery that are covered by the temporary restraining order, as well as other agency material related to Defendants' intended disclosure of disciplinary records of Plaintiffs' members that resulted in an unsubstantiated or unfounded determination, those records in which the officer has been exonerated, and disciplinary records that are either pending or non-final; now

**IT IS THEREFORE AGREED BY AND BETWEEN THE PARTIES THAT:**

1. As used herein, "Confidential Materials" shall mean all disciplinary records of Plaintiffs' members that resulted in an unsubstantiated or unfounded determination, those records in which the officer has been exonerated, and disciplinary records that are either pending or non-final, and other agency material of Defendants related to the foregoing.

2. A party receiving Confidential Information ("receiving party") and its attorney, if applicable, shall not use the Confidential Materials received by the receiving party for any purpose other than for the preparation or presentation of its case in this action and/or any appeal thereof.

3. The receiving party nor its attorneys shall disclose the Confidential Materials to any person except under the following conditions:

    (a) Disclosure may be made only if necessary to the preparation or presentation of receiving party's claim or defense in this action.

    (b) Disclosure before trial by the receiving party and/or its attorneys may be made only to an expert who has been retained or specially employed by

      the receiving party in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

   (c) Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), the receiving party shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit "A," not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by the receiving party and a copy shall be furnished to the disclosing party attorneys upon their request

4. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits which contain Confidential Materials referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. Any party wishing to file documents under seal must submit a specific request to the Court explaining the reasons for seeking to file that submission under seal and addressing the request in light of the Second Circuit's opinion in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006).

6. In filing Confidential Material with this Court, or filing a portion of any pleadings, motions, or other papers that disclose such Confidential Material ("Confidential Court

Submission"), the parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of the Court, and all Parties shall serve this Court and the opposing party or counsel with unredacted courtesy copies of the Confidential Court Submission.

7. Nothing in this Stipulation and Protective Order shall be construed to limit Defendant's use of the Confidential Materials produced by the producing party in any manner subject to the Court's July 22, 2020 Order.

8. Any party's production in this proceeding of any documents or other information protected by the attorney-client privilege, attorney work product protection or any other privilege or protection recognized by law as well as any non-party personally identifying information (collectively, "Protected Material"), whether inadvertent or otherwise, shall not constitute a waiver of any privilege or protection applicable to that information in this action or any other federal or state proceeding.

9. A party that produces Protected Material (the "Producing Party") may demand that any party receiving Protected Material (the "Receiving Party") return or destroy the Protected Material (the "Clawback Demand"). Such demand shall be made promptly after the Producing Party discovers that the Protected Material was produced and shall state on a privilege log pursuant to FRCP 26(b)(5)(A)(ii), the Protected Material to be returned or destroyed and the basis for the claim of privilege or protection.

10. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

11. Upon receiving a Clawback Demand, the Receiving Party shall within ten (10) business days, destroy the Protected Material or return it to the Producing Party, including any copies, and notify any third-party to whom the Receiving Party sent such identified Protected Material to return it to the Producing Party or destroy it. The Receiving Party shall provide written assurance of these actions within ten (10) days of receiving a Clawback Demand. If the document or information subject to the Clawback Demand contains protected material only in part, then the Producing Party shall, within ten (10) business days of the Clawback Demand, produce redacted versions of the documents subject to the Clawback Demand and the Receiving Party will similarly convey written assurance that the unredacted document has been returned or destroyed within ten (10) business days of the Clawback Demand.

12. If the Receiving Party identifies a document or record produced by the Producing Party that appears to be Protected Material it shall immediately notify the Producing Party of the existence of the document, including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document so that the Producing Party may make a Clawback Demand.

13. A party's compliance with the terms of this Order shall not operate as an admission by that party that any particular document or information is or is not (a) relevant, (b) privileged, or (c) admissible in this action.

14. Nothing in this Stipulation and Protective Order shall limit the Parties' own use of its Confidential Materials nor shall it serve to limit a party's right to review, withhold or redact documents and related information (including metadata) for relevance, responsiveness, as required by state or federal statute, or on the basis of privilege.

15. A facsimile or electronic signature on this Stipulation and Protective Order shall have the same effect as an original signature.

Dated: New York, New York
August 5, 2020

Anthony P. Coles
**DLA PIPER LLP (US)**
**Attorney for Plaintiffs**
1251 Avenue of the Americas
27th Floor
New York, NY 10020-1104
(212)335-4844
anthony.coles@us.dlapiper.com

By: _/s/ Tony Coles_
Anthony P. Coles

**JAMES E. JOHNSON**
Corporation Counsel of the
 City of New York
Attorney for Defendants
100 Church Street, Room 2-186
New York, New York 10007
Tel: (212) 356-2444
dosaint@law.nyc.gov

By: _/s/_
Dominique F. Saint-Fort
Assistant Corporation Counsel

**SO ORDERED:**

August 5, 2020, New York, NY
Date

_Katherine Polk Failla_
U.S.D.J.

```
This confidentiality agreement does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any time.  The
Court will retain jurisdiction over the terms and conditions of this
agreement only for the pendency of this litigation.  Any party wishing
to make redacted or sealed submissions shall comply with Rule 6(A) of
this Court's Individual Rules of Civil Procedure.
```