EXHIBIT "C"

July 31, 2020 | 3:30 pm

# Information on Novel Coronavirus

Coronavirus is still active in New York. We have to be smart. Wear a mask and maintain 6 feet distance in public.

GET THE FACTS ›



**State of New York
Department of State
Committee on Open Government**

One Commerce Plaza
99 Washington Ave.
Albany, New York 12231
(518) 474-2518
Fax (518) 474-1927
http://www.dos.ny.gov/coog/

**FOIL AO 19775**

By electronic mail only

July 27, 2020

The staff of the Committee on Open Government is authorized to issue advisory opinions. The ensuing staff advisory opinion is based solely upon the information presented in your correspondence, except as otherwise indicated.

Dear:

I am writing in response to your request for an advisory opinion regarding the obligations of the City of Syracuse (the "City") under the Freedom of Information Law (FOIL) in connection with requests for law enforcement disciplinary records, specifically relating to unsubstantiated and unfounded complaints against a police officer. In your inquiry, you note that Public Officers Law § 86(6)(a) defines "law enforcement disciplinary records" to include "complaints, allegations, and charges against an employee." You ask whether "an employer of a law enforcement employee could lawfully withhold unsubstantiated and unfounded complaints against an officer, or if the employer is obligated to disclose all complaints against an employee regardless of outcome." I note that yours is the first, but not the only, inquiry we have received in recent weeks asking this question.

As you know, until very recently, personnel records of police officers, corrections officers, and paid firefighters that were used to evaluate performance toward continued employment were specifically exempted from disclosure by state statute: Civil Rights Law § 50-a and, because of this, Public Officers Law § 87(2)(a). On June 12, 2020, however, Governor Andrew M. Cuomo signed into law Chapter 96 of the Laws of 2020 repealing Civil Rights Law § 50-a and amending FOIL to add certain provisions relating to law enforcement disciplinary records. Where prior to June 12, 2020, access to personnel records of a police officer was governed by § 50-a and the resulting FOIL exemption pursuant to § 87(a)(2), ending the FOIL analysis immediately, access is now governed by FOIL alone.

As a general matter, FOIL is based upon a presumption of access. All records of an agency are available except to the extent that records or portions thereof fall within one or more grounds for exemption appearing in § 87(2)(a) through (q) of the Law. Section 87(2)(b) of FOIL, a provision which until June 12, 2020, had not been applied to law enforcement disciplinary records because of Civil Rights Law § 50-a, permits an agency to withhold records or portions of records which "if disclosed would constitute an unwarranted invasion of personal privacy under the provisions of subdivision two of section eighty-nine of this article . . . ." As you note in your inquiry, the Committee on Open Government has frequently addressed issues relating to rights of access to disciplinary records of public employees pursuant to this subsection of the FOIL.

In FOIL Advisory Opinion 17195, staff of the Committee opined that a record of an unsubstantiated or unfounded complaint may be withheld under FOIL where the agency determines such complaint would constitute an unwarranted invasion of personal privacy:

> The exception of significance is § 87(2)(b), which authorizes an agency to withhold records insofar as disclosure would constitute "an unwarranted invasion of personal privacy." Although the standard concerning privacy is flexible and may be subject to conflicting interpretations, the courts have provided substantial direction regarding the privacy of public employees. It is clear that public employees enjoy a lesser degree of privacy than others, for it has been found in various contexts that they are required to be more accountable than others. The courts have found that, as a general rule, records that are relevant to the performance of one's official duties are available, for disclosure in such instances would result in a

permissible rather than an unwarranted invasion of personal privacy . . . . Conversely, to the extent that records are irrelevant to the performance of one's official duties, it has been found that disclosure would indeed constitute an unwarranted invasion of personal privacy . . . . [W]hen allegations or charges of misconduct have not yet been determined or did not result in disciplinary action, the records relating to such allegations may, in my view, be withheld, for disclosure would result in an unwarranted invasion of personal privacy [see e.g., Herald Company v. School District of City of Syracuse, 430 NYS 2d 460 (1980)]. Further, to the extent that charges are dismissed or allegations are found to be without merit, I believe that they may be withheld based on considerations of privacy.

Committee staff have issued similar opinions in FOIL AO 19771, FOIL AO 16764, FOIL AO 12802, FOIL AO 12722, FOIL AO 11747, FOIL AO 9463 , and FOIL AO 7602. In sum, Committee staff have long advised that where an agency determines that a record of an unsubstantiated or unfounded complaint would, if disclosed (even in a redacted form (*see, e.g.*, FOIL AO 19771)), constitute an unwarranted invasion of personal privacy, such record need not be disclosed.

The new provisions of FOIL did not make changes to provisions concerning personal privacy as defined in § 87(2)(b). Based on our long-standing interpretation that requires an agency to determine if an unsubstantiated or unfounded complaint against an employee would, if disclosed, constitute an unwarranted invasion of personal privacy, and absent language expressing that the legislature intended that law enforcement disciplinary records should enjoy *less* protection than the disciplinary records of other government employees, we do not impute such an intent. Moreover, while no court has yet issued an opinion formally answering the question whether unsubstantiated complaints against law enforcement personnel must be disclosed pursuant to FOIL, at least two have recently temporarily enjoined the disclosure of such complaints pending a final determination. [1]

In further support of this interpretation, there is a suggestion in the new FOIL provisions that some law enforcement disciplinary records, which the legislature calls "technical infractions" (FOIL § 89(2-c)), enjoy *greater* (rather than less) protection than such infractions contained in the disciplinary records of other government employees. In other words, while there is some express language in the statute to render certain records of law enforcement agency employees *less* available than those of other government employees, there is nothing in the statute to suggest that the legislature intended that any of the records of law enforcement agency employees be *more* available than the records of other government employees.

Accordingly, it is our opinion, in the absence of judicial precedent or legislative direction, that the law does not require a law enforcement agency to disclose "unsubstantiated and unfounded complaints against an officer" where such agency determines that disclosure of the complaint would constitute an unwarranted invasion of personal privacy, but also does not require an agency to withhold such a record. Rather, as with all of the FOIL exemptions except § 87(2)(a), which no longer applies to this situation since the repeal of § 50-a, an agency may, but not must, withhold as exempt a record meeting the criteria for such exemption. In light of the repeal of § 50-a, a request for disciplinary records relating to a police officer must be reviewed in the same manner as a request for disciplinary records of any other public employee. As such, based on our prior analyses of the disclosure requirements relating to disciplinary records of government employees generally, when allegations or charges of misconduct have not yet been determined or did not result in disciplinary action, the records relating to such allegations may in our view be withheld where the agency determines that disclosure would result in an unwarranted invasion of personal privacy. In addition, to the extent that charges are dismissed, or allegations are found to be without merit, we believe that those records also may be withheld based on considerations of privacy.

---

[1] *See* https://gothamist.com/news/federal-judge-blocks-release-nypd-misconduct-records-orders-nyclu-keep-records-secret (U.S. District Court for the Southern District of New York) and https://buffalonews.com/news/local/crime-and-courts/city-of-buffalo-blockedfrom-releasing-portions-of-police-disciplinary-records/article_2acfc25c-cde6-11ea-8d7f-3b130bc09a73.html (New York State Supreme Court).

Thank you for your inquiry.

Very truly yours,

/s/ Shoshanah Bewlay

Shoshanah Bewlay
Executive Director

SVB/ko

FOIL-AO-f19775
19775