UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

Uniformed Fire Officers Association; Uniformed
Firefighters Association of Greater New York; Correction
Officers' Benevolent Association of the City of New York,
Inc.; Police Benevolent Association of the City of New
York, Inc.; Sergeants Benevolent Association; Lieutenants
Benevolent Association; Captains Endowment Association;
and Detectives' Endowment Association,

No.: 20-Civ.-05441-KPF

Petitioners/Plaintiffs,

- against -

Bill de Blasio, in his official capacity as Mayor of the City
of New York; the City of New York; Fire Department of
the City of New York; Daniel A. Nigro, in his official
capacity as the Commissioner of the Fire Department of the
City of New York; New York City Department of
Correction; Cynthia Brann, in her official capacity as the
Commissioner of the New York City Department of
Correction; Dermot F. Shea, in his official capacity as the
Commissioner of the New York City Police Department;
the New York City Police Department; Frederick Davie, in
his official capacity as the Chair of the Civilian Complaint
Review Board; and the Civilian Complaint Review Board,

Respondents/Defendants.

------------------------------------------------------------------------ x

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO COMMUNITIES UNITED FOR POLICE REFORM'S MOTION TO INTERVENE

**JAMES E. JOHNSON**
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007

*Of Counsel:*
Dominique F. Saint-Fort
Rebecca Gibson Quinn
Kami Zumbach Barker

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................... ii

PRELIMINARY STATEMENT ................................................................................ 1

BACKGROUND ....................................................................................................... 1

ARGUMENT

      POINT I

            CPR IS NOT ENTITLED TO INTERVENTION
            AS A MATTER OF RIGHT ............................................................. 2

            A.    CPR Is Not a Necessary Party ............................................. 3

            B.    CPR Does Not Have a Cognizable Interest in
                  the Litigation ........................................................................ 4

            C.    CPR's Interests Will Not Be Impaired by Its
                  Absence From the Litigation ................................................ 5

            D.    CPR's Claims of Inadequate Representation
                  Fail Both in Logic and in Law ............................................. 6

      POINT II

            THE COURT SHOULD NOT ALLOW
            PERMISSIVE INTERVENTION ................................................... 8

CONCLUSION ....................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                     **Pages**

*Battle v. City of N.Y,*
  No. 11-CV-3599, 2012 U.S. Dist. LEXIS 5256 (S.D.N.Y. Jan. 12, 2012) .......................... 9-10

*Brennan v. N.Y.C. Bd of Educ.,*
  260 F.3d 123 (2d Cir. 2001)......................................................................................4

*British Airways Bd. v. Port Authority of N.Y. & N.J.,*
  71 F.R.D. 583 (S.D.N.Y. 1976) ................................................................................9

*Bush v. Viterna,*
  740 F.2d 350 (5th Cir 1984) ...................................................................................10

*Butler, Fitzgerald & Potter v. Sequa Corp.,*
  250 F.3d 171 (2d Cir. 2001)......................................................................................6

*Catanzano by Catanzano v. Wing,*
  103 F.3d 223 (2d Cir. 1996)......................................................................................3

*Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay,*
  868 F.3d 104 (2d Cir. 2017)......................................................................................5

*D'Amato v. Deutsche Bank,*
  236 F.3d 78 (2d Cir. 2001)........................................................................................3

*Diamond v. Charles,*
  476 U.S. 54 (1986)....................................................................................................4

*Eddystone Rail Co., LLC v. James Transfer Servs., LLC,*
  289 F. Supp. 3d 582 (S.D.N.Y. 2018) .....................................................................8

*ExteNet Sys. v. Vill. of Lake Success,*
  No. 19-CV-3471, 2020 U.S. Dist. LEXIS 31344 (E.D.N.Y. Feb. 21, 2020)............................9

*Farmland Dairies v. Commissioner,*
  847 F.2d 1038 (2d Cir. 1988).....................................................................................3

*Floyd v. City of N.Y.,*
  302 F.R.D. 69 (S.D.N.Y. 2014),
  *aff'd in part, appeal dismissed in part,* 770 F.3d 1051 (2d Cir. 2014) .....................................4

*Floyd v. City of N.Y.,*
  770 F.3d 1051 (2d Cir. 2014)......................................................................................4

*H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc.,*
  797 F.2d 85 (2d Cir. 1986).........................................................................................9

**Cases**                                                                                      **Pages**

*Matter of Luongo v. Records Access Officer*,
    161 A.D.3d 1079 (2d Dep't 2018) ..................................................................... 4-5

*Matter of Luongo v. Records Access Officer, Civilian Complaint Review Bd.*,
    150 A.D.3d 13 (1st Dep't 2017) ......................................................................... 5

*MacDermid, Inc. v. Raymond Selle & Cookson Grp. PLC*,
    535 F. Supp. 2d 308 (D. Conn. 2008) ................................................................ 3

*Marriott v. Cty. of Montgomery*,
    227 F.R.D. 159 (N.D.N.Y. 2005) ....................................................................... 9

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*,
    471 F.3d 377 (2d Cir. 2006) ............................................................................... 3

*Matter of N.Y. Civ. Liberties Union v. N.Y.C. Police Dep't*,
    32 N.Y.3d 556 (2018) ......................................................................................... 4

*Nat. Res. Def. Council, Inc. v. N.Y. State Dep't of Environmental Conserv.*,
    834 F.2d 60 (2d Cir. 1987) ................................................................................. 7

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*,
    732 F.2d 452, 463-64 (5th Cir. 1984) ................................................................ 4

*New York News, Inc. v. Kheel*,
    972 F.2d 482 (2d Cir. 1992) ............................................................................... 3

*New York v. U.S. Dep't of Educ.*,
    No. 20-CV-4260, 2020 U.S. Dist. LEXIS 122489 (S.D.N.Y. July 10, 2020) ...... 5, 8

*Oneida Indian Nation of Wis. v. New York*,
    732 F.2d 261 (2d Cir. 1984) ............................................................................... 6

*Ragin v. Harry Macklowe Real Estate*,
    6 F.3d 898 (2d Cir. 1993) ................................................................................... 5

*Simon v. Eastern Ky. Welfare Rights Org.*,
    426 U.S. 26 (1976) ............................................................................................. 5

*State Comm. of Independence Party v. Berman*,
    No. 03-CV-4123, 2003 U.S. Dist. LEXIS 21147 (S.D.N.Y. Nov. 21, 2003) ........... 8

*Trbovich v. United Mine Workers*,
    404 U.S. 528 (1972) ........................................................................................... 6

**Cases**                                                                                 **Pages**

*U.S. Postal Service v. Brennan,*
    579 F.2d 188 (2d Cir. 1978)........................................................................6, 9

*United States v. City of N.Y.,*
    198 F.3d 360 (2d Cir. 1999)........................................................................8

*United States v. Yonkers Bd. of Educ.,*
    902 F.2d 213 (2d Cir. 1990)........................................................................7

*Verizon New York Inc. v. Jewish People for Betterment of Westhampton Beach,*
    556 F. App'x 50 (2d Cir. 2014) ..................................................................6

*Washington Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.,*
    922 F.2d 92 (2d Cir. 1990)..........................................................................3

**Statutes**

Fed. R. Civ. P. 19(a) ...........................................................................................3

Fed. R. Civ. P. 19(a)(1) .......................................................................................3

Fed. R. Civ. P. 19(a)(1)(A) ..................................................................................3

Fed. R. Civ. P. 24 ................................................................................................4

Fed. R. Civ. P. 24(a) ...........................................................................................4, 8

Fed. R. Civ. P. 24(a)(2) .......................................................................................1, 2, 3

Fed. R. Civ. P. 24(b) ...........................................................................................8, 9

Fed. R. Civ. P. 24(c) ...........................................................................................9

N.Y. Civil Practice Law Article 75.......................................................................1

N.Y. Civil Practice Law Article 78.......................................................................1

N.Y. Civil Rights Law § 50-a ..............................................................................2, 4, 5, 6, 7

Public Officers Law §§ 86-89...............................................................................2

## PRELIMINARY STATEMENT

Defendants oppose the motion to intervene by Communities United for Police Reform ("CPR") because it fails to meet the standard for either intervention as a matter of right or permissive intervention.  CPR fails to show that it has a cognizable interest in this litigation, that its absence from the litigation will impair its interest, and that Defendants' existing counsel is unable to provide adequate representation.  Because it fails to meet the standard for intervention under Federal Civil Procedure Rule 24(a)(2), CPR should also be denied permissive intervention.  Critically, CPR does not identify any claim or defense that shares a factual or legal issue with those already before the Court.  Accordingly, for the reasons set forth more fully below, CPR's motion to intervene should be denied in its entirety.

## BACKGROUND

Plaintiffs, Uniformed Fire Officers Association; Uniformed Firefighters Association of Greater New York; Correction Officers' Benevolent Association of the City of New York, Inc.; Police Benevolent Association of the City of New York, Inc.; Sergeants Benevolent Association; Lieutenants Benevolent Association; Captains Endowment Association; and Detectives' Endowment Association (collectively, "Plaintiffs"), seek to enjoin Defendants from releasing unsubstantiated, exonerated, and non-final law enforcement disciplinary records. Specifically, Plaintiffs assert that the release of such records would violate the Due Process and Equal Protection Clauses of the United States and New York State Constitutions, would violate collective bargaining agreements between Plaintiffs and Defendants, would constitute a breach of settlement agreements between Plaintiffs and Defendants, and should be subject to review pursuant to Articles 75 and 78 of the New York Civil Practice Law and Rules ("CPLR").  *See* Dkt. No. 5-1.

Defendants, Bill de Blasio, in his official capacity as Mayor of the City of New York; the City of New York; Fire Department of the City of New York ("FDNY"); Daniel A. Nigro, in his official capacity as the Commissioner of the Fire Department of the City of New York; New York City Department of Correction ("DOC"); Cynthia Brann, in her official capacity as the Commissioner of the New York City Department of Correction; Dermot F. Shea, in his official capacity as the Commissioner of the New York City Police Department; the New York City Police Department ("NYPD"); Frederick Davie, in his official capacity as the Chair of the Civilian Complaint Review Board; and the Civilian Complaint Review Board ("CCRB") (collectively, "Defendants") are committed to ensuring access to accurate data to enhance public confidence in the City and its uniformed services.   Defendants have and will continue to zealously oppose Plaintiffs' claims.   While the defendants may not always be in 100% alignment, there is no disagreement that with the repeal of N.Y. Civil Rights Law § 50-a on June 12, 2020, the only bases for withholding records from the public exist in New York's Freedom of Information Law ("FOIL"), N.Y. Public Officers Law §§ 86-89.

## ARGUMENT

### POINT I

### CPR IS NOT ENTITLED TO INTERVENTION AS A MATTER OF RIGHT.

To qualify for intervention as of right pursuant to Federal Civil Procedure Rule 24(a)(2), a proposed intervenor bears the burden of demonstrating that:

> (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties.

- 2 -

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006) (citation omitted); *see D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001); *New York News, Inc. v. Kheel*, 972 F.2d 482, 485-88 (2d Cir. 1992).  All four conditions must be satisfied.  *See Washington Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96 (2d Cir. 1990).  "Failure to satisfy any *one* of these requirements is a sufficient ground to deny [intervention]."  *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996) (quoting *Farmland Dairies v. Commissioner*, 847 F.2d 1038, 1043 (2d Cir. 1988)).  Further, "if a party is not 'necessary' under Rule 19(a), then it cannot satisfy the test for intervention as of right under Rule 24(a)(2)."  *MasterCard Int'l Inc.*, 471 F.3d at 389.

## A.      CPR Is Not a Necessary Party

Under Federal Civil Procedure Rule 19(a)(1), a party is considered "necessary" only if that party's absence renders the Court unable to accord 'complete relief . . . among those already parties.'"  *MasterCard Int'l Inc.*, 471 F.3d at 385 (quoting Fed. R. Civ. P. 19(a)(1)).  As an initial matter, CPR fails to address how its absence from the instant litigation prevents the Court from granting "complete relief . . . among those already parties."  Plaintiffs assert nine causes of action against Defendants.  These causes of action implicate only the duties and responsibilities of the City of New York, its agencies, and its officials.  Thus, the absence of CPR does not prevent this Court from granting complete relief among Plaintiffs and Defendants.  *See MacDermid, Inc. v. Raymond Selle & Cookson Grp. PLC,* 535 F. Supp. 2d 308, 312 (D. Conn. 2008) (finding party not necessary under Rule 19(a)(1)(A) where "[t]he two counts alleged against [the named defendant] implicate his obligations alone").  Consequently, CPR cannot establish that it is a necessary party under the standard set forth in Federal Civil Procedure Rule 19(a)(1).

**B.      CPR Does Not Have a Cognizable Interest in the Litigation**

The Second Circuit has "made it clear that, for an interested to be cognizable under Rule 24, it must be direct, substantial, and legally protectable." *Floyd v. City of N.Y.*, 770 F.3d 1051, 1060 (2d Cir. 2014) (per curiam) (internal quotation marks and alterations omitted) (quoting *Brennan v. N.Y.C. Bd of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001)). "Generally, a legally protectable interest is one which the law 'accord[s] some degree of legal protection.'" *Floyd v. City of N.Y.*, 302 F.R.D. 69, 116 (S.D.N.Y. 2014), *aff'd in part, appeal dismissed in part,* 770 F.3d 1051 (2d Cir. 2014) (quoting *Diamond v. Charles,* 476 U.S. 54, 75 (1986) (O'Connor, J. concurring)). "In particular, a Rule 24(a) applicant must be authorized to enforce that interest, and the interest must be capable of being enforced through the law." *Id.* (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 463-64 (5th Cir. 1984)).

CPR identifies itself as a "non-partisan, multi-strategy campaign to end discriminatory and abusive policing practices, reduce reliance on policing and build meaningful community safety in New York." Memorandum of Law of Proposed Intervenor CPR in Support of Motion to Intervene, Dkt. No. 42 (PI's MOL), at 3. CPR claims interests in (1) "the full and prompt effectuation of [the] legislative action" repealing N.Y. Civil Rights Law § 50-a; (2) "its mission of ensuring ready public access to records of misconduct complaints, misconduct investigations, and discipline"; and (3) "its current and future use of the judicially enforceable right of access to government records" under the FOIL provisions of the New York Public Officers Law. Dkt. No. 42, at 1. CPR's claimed interests are not direct or unique to CPR. Indeed, *amici* New York Civil Liberties ("NYCLU") and the Legal Aid Society ("LAS") share these interests and have repeatedly brought litigation against the defendants seeking to further and enforce those interests. *See e.g.*, *Matter of N.Y. Civ. Liberties Union v. N.Y.C. Police Dep't*, 32 N.Y.3d 556 (2018); *Matter of Luongo v. Records Access Officer*, 161 A.D.3d 1079 (2d Dep't

2018); *Matter of Luongo v. Records Access Officer, Civilian Complaint Review Bd.*, 150 A.D.3d 13 (1st Dep't 2017).

CPR's reliance on *Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 868 F.3d 104 (2d Cir. 2017) is misplaced. *See* Dkt. No. 42, at 11-12. In that case, the Workplace Project, the organization whose standing was at issue, had suffered three independent injuries following the passage of a Town ordinance. *See Centro De La Comunidad Hispana De Locust Valley*, 868 F.3d at 110-11. Those concrete, economic and non-economic injuries were the basis for the Second Circuit's finding that the Workplace Project had standing to challenge the Town ordinance. *Id.* Yet, in this case, CPR does not claim to have suffered any concrete injury. Dkt. No. 42, at 11-12. CPR's concern that the success of its effort to the repeal of N.Y. Civil Rights Law § 50-a will be diminished if Plaintiffs prevail in this lawsuit is speculative and abstract. Where, as here, a party's interests are tantamount to an "abstract concern with a subject that could be affected by an adjudication," they "do not substitute for the concrete injury required" for a party to have standing. *Ragin v. Harry Macklowe Real Estate*, 6 F.3d 898, 905 (2d Cir. 1993) (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 40 (1976)).

CPR's assertion that this case threatens to drain its resources because it will assign resources to continued lobbying and advocating for transparency is similarly unavailing. Such speculative economic harm is insufficient to establish the requisite interest. *See New York v. U.S. Dep't of Educ.*, No. 20-CV-4260, 2020 U.S. Dist. LEXIS 122489, at *10-11 (S.D.N.Y. July 10, 2020).

**C.      CPR's Interests Will Not Be Impaired by Its Absence From the Litigation**

Even assuming that CPR has a cognizable interest in the instant litigation, CPR cannot establish that its interest will be impaired by its absence. The issues presently before the

Court have no bearing on CPR's ability to request City records and seek remedial action were such a request denied.  Indeed, no disposition by this Court would foreclose CPR's ability to initiate a separate suit challenging a decision denying a FOIL request for City records. Accordingly, CPR's stated interests will not be "adversely affected . . . by principles of *stare decisis*, arising out of the final judgment to be entered in this case."  *Oneida Indian Nation of Wis. v. New York*, 732 F.2d 261, 265 (2d Cir. 1984).

**D.      CPR's Claims of Inadequate Representation Fail Both in Logic and in Law**

The burden of demonstrating the inadequacy of an existing party's representation for a proposed intervenor's interests is generally "minimal."  *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972).  The burden is "more rigorous," however, where the intervenor shares the same ultimate objective as an existing party.  *Verizon New York Inc. v. Jewish People for Betterment of Westhampton Beach*, 556 F. App'x 50, 52 (2d Cir. 2014) (summary order); *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179-80 (2d Cir. 2001).  Where the proposed intervenor shares the same objective as an existing party, there is a presumption that the proposed intervenor's interest will be adequately represented.  *U.S. Postal Service v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978).  To overcome such a presumption, the proposed intervenor is generally required to provide "evidence of collusion, adversity of interest, nonfeasance, or incompetence[.]"  *Butler, Fitzgerald & Potter v. Sequa Corp.,* 250 F.3d 171, 180 (2d Cir. 2001).

CPR fails to assert any claims or defenses in this action.  Rather, it appears that CPR's sole purpose for intervention is to oppose Plaintiffs' attempt to subvert the New York State Legislature's intent in repealing N.Y. Civil Rights Law § 50-a.  And that is precisely what Defendants seek to do in this action: "oppose the temporary restraining order and/or preliminary injunction sought by Plaintiffs in their Petition-Complaint dated July 14, 2020 to enjoin the

release of certain records following the repeal of Civil Rights Law § 50-a." Dkt. No. 7, at 1. Defendants' opposition is unequivocal and unambiguous. Indeed, CPR concedes this point in its motion for intervention: "Defendants now oppose the ultimate relief Plaintiffs seek." Dkt. No. 42, at 2. By opposing the relief Plaintiffs seek, Defendants are, in effect, protecting the interests that CPR asserts.[1]

While CPR complains about certain defendants' positions on the repeal of N.Y. Civil Rights Law § 50-a prior to June 12, 2020, it does not, nor could it, provide any evidence of collusion, current adversity of interests, nonfeasance, or incompetence. While CPR speculates that Defendants will be constrained to "advance certain positions," Dkt. No. 42, at 20, it notably does not clearly and specifically identify what these constraints are, what the positions are, or what effect CPR contends they will have in this litigation. And the remote possibility that CPR may disagree with Defendants' litigation strategy does not, without more, establish inadequate representation. *See United States v. Yonkers Bd. of Educ.*, 902 F.2d 213, 218 (2d Cir. 1990). Nor does the possibility that CPR may disagree with any of the defendants' future assertions of appropriate exemptions from disclosure that are permitted under FOIL demonstrate a conflict among the defendants.

To the extent that CPR suggests it should be granted intervenor status because it would litigate the case differently, this argument also fails. Representation is not inadequate simply because the proposed intervenor and "the existing party have different views on the facts,

---

[1] Even if CPR's motives are not identical to Defendants' reasons for defending against Plaintiffs' claims, the Second Circuit has clearly stated that a proposed intervenor cannot demonstrate that it will not be adequately represented because it has a different motive to litigate than the existing parties. *Nat. Res. Def. Council, Inc. v. N.Y. State Dep't of Environmental Conserv.*, 834 F.2d 60, 61-62 (2d Cir. 1987).

the applicable law, or the likelihood of success of a particular litigation strategy." *United States v. City of N.Y.*, 198 F.3d 360, 367 (2d Cir. 1999).

For the foregoing reasons, CPR fails to establish that it is entitled to intervention as a matter of right.

## POINT II

### THE COURT SHOULD NOT ALLOW PERMISSIVE INTERVENTION.

As an initial matter, the Court should deny the motion for permissive intervention for the same reasons that intervention as of right should be denied. *See New York v. U.S. Dep't of Educ.*, 2020 U.S. Dist. LEXIS 122489, at *13; *Eddystone Rail Co., LLC v. James Transfer Servs., LLC*, 289 F. Supp. 3d 582, 595 (S.D.N.Y. 2018) ("[T]he considerations that render [the proposed intervenors] ineligible for intervention as of right under Rule 24(a) here militate strongly as well against granting permissive intervention under Rule 24(b).") (quoting *State Comm. of Independence Party v. Berman*, No. 03-CV-4123, 2003 U.S. Dist. LEXIS 21147, at *1 (S.D.N.Y. Nov. 21, 2003).

Permissive intervention is allowed only "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b). The court exercises discretion in determining whether to permit intervention, while considering "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). "Additional relevant factors 'include the nature and extent of the intervenors' interests,' the degree to which those interests are 'adequately represented by other parties,' and 'whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication

of the legal questions presented.'" *H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc.*, 797 F.2d 85 (2d Cir. 1986) (quoting *Brennan*, 579 F.2d at 191-92).

CPR raises no claim or defense demonstrating the existence of a question of law or fact that it shares common to the main action. This is evidenced by CPR's failure to annex a pleading to its motion to intervene. *See* Fed. R. Civ. P. 24(c) (requiring that motion to intervene "be accompanied by a pleading setting forth the claim or defense for which intervention is sought"). Further evidence of this is that CPR does not seek to become either a plaintiff or a defendant.

Because CPR identifies no question of law or fact in common with the main action, intervention is improper. *See* Fed. R. Civ. P. 24(b); *Marriott v. Cty. of Montgomery*, 227 F.R.D. 159, 167-68 (N.D.N.Y. 2005). Having failed to meet this threshold requirement, there is no basis for CPR to expend judicial resources on collateral issues that may not be implicated by the parties' litigation.

CPR seeks to intervene only to "make sure that the defendants litigate the case to their satisfaction," which "is not a basis for permissive joinder." *ExteNet Sys. v. Vill. of Lake Success*, No. 19-CV-3471, 2020 U.S. Dist. LEXIS 31344, at *8-9 (E.D.N.Y. Feb. 21, 2020). Defendants' existing counsel can defend against Plaintiffs' claims and otherwise educate the Court about why the relief Plaintiffs seek is not appropriate. Accordingly, the Court should not grant CPR's application for permissive intervention.

Despite CPR's failure to satisfy the requirements for intervention, if the Court, nevertheless, believes it would benefit from CPR's perspective, CPR should be permitted to offer their views as *amicus curiae*, not as a party. *See, e.g.*, *British Airways Bd. v. Port Authority of N.Y. & N.J.*, 71 F.R.D. 583, 585 (S.D.N.Y. 1976); *Battle v. City of N.Y*, No. 11-CV-3599, 2012

U.S. Dist. LEXIS 5256, at *7 (S.D.N.Y. Jan. 12, 2012) ("[T]o the extent that Taxi Federation

members may have had relevant experiences with TRIP . . . the Taxi Federation may request to

participate as *amicus curiae*"); *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir 1984) ("Additional

parties always take additional time . . . . Where he presents no new questions a third party can

contribute usually most effectively and always more expeditiously by a brief *amicus curiae* and

not by intervention.").

## <u>CONCLUSION</u>

For the foregoing reasons, CPR's motion to intervene should be denied in its

entirety, together with such other relief as the Court deems just and proper.

Dated:          New York, New York
                August 7, 2020

                                        **JAMES E. JOHNSON**
                                        Corporation Counsel of the City of New York
                                        Attorney for Defendants
                                        100 Church Street
                                        New York, New York 10007

                                        By:    /s/ _____
                                                Dominique F. Saint-Fort
                                                Assistant Corporation Counsel


                                        By:    /s/ _____
                                                Rebecca Gibson Quinn
                                                Assistant Corporation Counsel


                                        By:    /s/ _____
                                                Kami Zumbach Barker
                                                Assistant Corporation Counsel