UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Uniformed Fire Officers Association; Uniformed
Firefighters Association of Greater New York;
Correction Officers' Benevolent Association of the
City of New York; Police Benevolent Association of
the City of New York, Inc.; Sergeants' Benevolent
Association; Lieutenants' Benevolent Association;
Captains' Endowment Association; and Detectives'
Endowment Association,

                Plaintiffs,

     v.

Bill de Blasio, in his official capacity as Mayor of the
City of New York; the City of New York;
Fire Department of the City of New York; Daniel A.
Nigro, in his official capacity as the Commissioner of
the Fire Department of the City of New York;
New York City Department of Correction; Cynthia
Brann, in her official capacity as the Commissioner
of the New York City Department of Correction;
Dermot F. Shea, in his official capacity as the
Commissioner of the New York City Police
Department; the New York City Police Department;
Frederick Davie, in his official capacity as the Chair
of the Civilian Complaint Review Board; and the
Civilian Complaint Review Board,

                Defendants.

No. 1:20-CV-05441 (KPF) (RWL)

---

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO COMMUNITIES UNITED FOR POLICE REFORM'S MOTION TO INTERVENE

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................1

ARGUMENT .....................................................................................................................2

    I.     CPR Lacks Article III Standing to Intervene .................................................2

    II.    Intervention of Right Is Improper Because CPR's Asserted Interests
          Are Not Legally Protectable .........................................................................5

    III.   CPR Is Not Entitled to Intervention of Right Because Defendants
          Adequately Represent Its Interests...............................................................7

    IV.   The Court Should Deny Permissive Intervention to Avoid Cumulative
          Presentation of Evidence, Undue Delay, and Injection of Collateral
          Issues ........................................................................................................10

    V.    The Motion Is Deficient Because No Pleading Was Attached ...................12

CONCLUSION.................................................................................................................13

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arizonans for Official English v. Arizona*,
    520 U.S. 43 (1997)..................................................................................................3

*AT&T Corp. v. Sprint Corp.*,
    407 F.3d 560 (2d Cir. 2005)................................................................................10

*In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*,
    No. 09-MD-2058, 2012 WL 1674299 (S.D.N.Y. May 14, 2012) ..........................12

*Butler, Fitzgerald & Potter v. Sequa Corp.*,
    250 F.3d 171 (2d Cir. 2001)...........................................................................7, 8

*Citizens Against Casino Gambling in Erie Cnty. v. Hogen*,
    No. 10-cv-2132, 2011 WL 1134316 (2d Cir. Mar. 28, 2011)................................11

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013)...................................................................................3, 4

*Floyd v. City of N.Y.*,
    770 F.3d 1051 (2d Cir. 2014) (per curiam)........................................................5, 6

*FTC v. First Capital Consumer Membership Servs.*,
    206 F.R.D. 358 (W.D.N.Y. 2001).........................................................................10

*Fund for Animals, Inc. v. Norton*,
    322 F.3d 728 (D.C. Cir. 2003) ............................................................................3

*G-I Holdings, Inc. v. Baron & Budd*,
    No. 01-cv-216, 2002 WL 1822929 (S.D.N.Y. Aug. 7, 2002)................................12

*Gonzalez v. Arizona*,
    485 F.3d 1041 (9th Cir. 2007) .............................................................................6

*Great Atl. & Pac. Tea Co. v. Town of E. Hampton*,
    178 F.R.D. 39 (E.D.N.Y. 1998) ..........................................................................9

*Hispanic Soc'y of N.Y. City Police Dep't Inc. v. N.Y. City Police Dep't*,
    806 F.2d 1147 (2d Cir. 1986)..............................................................................12

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992).........................................................................................3

*Maine v. Dir., U.S. Fish & Wildlife Serv.*,
    262 F.3d 13 (1st Cir. 2001)................................................................................9

*Nw. Forest Res. Council v. Glickman*,
  82 F.3d 825 (9th Cir. 1996) ...........................................................................9

*San Juan Cnty., Utah v. United States*,
  503 F.3d 1163 (10th Cir. 2007) (en banc) ...................................................8

*Sierra Club v. U.S. Army Corps of Eng'rs*,
  709 F.2d 175 (2d Cir. 1983)...........................................................................11

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016)....................................................................................3

*Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*,
  807 F.3d 472 (1st Cir. 2015) ..........................................................................9

*Town of Chester v. Laroe Estates, Inc.*,
  137 S. Ct. 1645 (2017)....................................................................................3

*Tummino v. Hamburg*,
  No. 12-cv-763, 2013 WL 3005554 (E.D.N.Y. Apr. 5, 2013) ....................12

*Tutein v. Daley*,
  43 F. Supp. 2d 113 (D. Mass. 1999) ............................................................10

*U.S. Postal Serv. v. Brennan*,
  579 F.2d 188 (2d Cir. 1978)...........................................................................10

*United States v. Bayer Cropscience LP*,
  No. 2:15-cv-13331, 2018 WL 3553413 (S.D. W. Va. July 24, 2018) .........3

*United States v. Ciba Corp.*,
  50 F.R.D. 507 (S.D.N.Y. 1970) .....................................................................7

*United States v. City of N.Y.*,
  198 F.3d 360 (2d Cir. 1999)............................................................5, 6, 7, 11

*United States v. Pitney Bowes, Inc.*,
  25 F.3d 66 (2d Cir. 1994)...............................................................................5

*Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*,
  454 U.S. 464 (1982)........................................................................................2

*Washington Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec.*,
  922 F.2d 92 (2d Cir. 1990).............................................................................5

**Rules**

Fed. R. Civ. P. 24(a)(2)............................................................................1, 2, 5

Fed. R. Civ. P. 24(b)(1)(B) .................................................................................1, 2, 10

Fed. R. Civ. P. 24(b)(3)...............................................................................................10

Fed. R. Civ. P. 24(c) ...................................................................................................12

**Other Authorities**

7C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1909 & nn.24-
    27 (3d ed. 2007 & supp. 2019) ............................................................................7

Dana Rubinstein, *Under Pressure on Policing, N.Y.C. Mayor Toughens
    Discipline*, N.Y. Times (June 17, 2020) ...............................................................8

Plaintiffs (or the "Unions") respectfully submit this memorandum of law in opposition to the motion to intervene filed by Communities United for Police Reform ("CPR") (ECF No. 42). As explained below, CPR is not entitled to intervene as of right under Fed. R. Civ. P. 24(a)(2), and the Court should not, in the exercise of its discretion, permit CPR to intervene under Fed. R. Civ. P. 24(b)(1)(B). Plaintiffs do not oppose CPR's participation as *amicus*.

## **INTRODUCTION**

Plaintiffs, eight New York City law enforcement unions ("Plaintiffs" or the "Unions"), challenge the City of New York's plan to indiscriminately release disciplinary records *en masse*— including allegations that are non-final, unsubstantiated, unfounded, exonerated, or that resulted in a finding of not guilty ("Unsubstantiated and Non-Final Allegations") and confidential settlement agreements—as a violation of their collective bargaining, contractual, and constitutional rights.

CPR, a third-party advocacy organization, now claims it has a role to play in this dispute, but its intervention would be improper for several reasons. First, CPR lacks standing to become a party under either Fed. R. Civ. P. 24(a)(2) or (b)(1)(B) because its purported injury is too speculative and remote to establish an Article III case or controversy. For similar reasons, CPR cannot show a legally protectable interest under Rule 24(a)(2) to be entitled to intervention of right. CPR's purported interests in this case fall short because they are speculative, indirect, and based on generalized grievances that do not differ from the interests of the general public.

Moreover, CPR's interests in the release of these records are aligned with those of Defendants, which is a separate basis for denying intervention of right. CPR is on the side of Defendants and seeks the same outcome. Its involvement as a party would be redundant. While CPR strains to highlight differences, Defendants and CPR share the same ultimate objective here: the dismissal of each of Plaintiffs' claims, which the City seeks because it wants to release law

enforcement disciplinary records to the public without regard for the Unions' members' rights. CPR's conspiratorial claim that the Unions and the City are aligned "against reform" that CPR has sought "for decades" (CPR Mem. of Law, ECF No. 42 ("Mot.") at 2) is unsupported by, and indeed inconsistent with, the record.  CPR's broader reform objectives may exceed those of Defendants, but this is not a forum for policy ideas, nor is it anything as grandiose as "the next front in a battle for transparency and public accountability that has been raging for decades."  (Mot. at 2.)  Rather, the case presents discrete factual questions about Defendants' planned disclosures and corresponding legal inquiries about how those actions will affect Plaintiffs' contractual and constitutional rights.   CPR cannot overcome the heavy presumption that the City and its democratically elected Mayor—both Defendants here—adequately represent the interests of the communities that CPR also purports to represent.  Thus, CPR is not entitled to intervention of right under Fed. R. Civ. P. 24(a)(2).

For many of the same reasons, the Court should not grant permissive intervention under Rule 24(b)(1)(B).  CPR's status as a party would not materially contribute to development of the key factual issues or adjudication of pertinent legal questions.  Its proposed contributions would be cumulative with the City's arguments in some cases, inject collateral issues into the case in others, and cause undue delay.  Because CPR's participation as a party will not inform the relevant inquiries, permissive intervention is inappropriate.  Finally, intervention should be denied because CPR did not attach a pleading to its motion.  Its role as an amicus is sufficient.

## ARGUMENT

### I.    CPR Lacks Article III Standing to Intervene.

At the outset, CPR cannot satisfy the rigors of constitutional standing to become a party and "invoke[] the court's authority" in this case.  *Valley Forge Christian Coll. v. Ams. United for*

*Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982).  This renders intervention under any subpart of Rule 24 inappropriate.

To invoke a federal court's authority, a party must show (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  The alleged injury-in-fact may not be "speculative" or "conjectural."  *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 401-02, 412 (2013).  "Standing to sue *or defend* is an aspect of the case-or-controversy requirement."  *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997) (emphasis added); *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 733 (D.C. Cir. 2003) (intervenor-defendant had standing because it would suffer a "concrete and imminent injury" from the relief plaintiff sought).  Because standing is an "irreducible constitutional minimum," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 576 (1992), it logically applies to both intervention of right and permissive intervention where, as here, the party asserts that its interests are not aligned with an existing party.  *See United States v. Bayer Cropscience LP*, No. 2:15-cv-13331, 2018 WL 3553413, at *9 (S.D. W. Va. July 24, 2018) (stating that "a permissive intervenor must have Article III standing when the intervenor does not join the side of an existing party with standing"); *cf. Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017) ("For all relief sought, there must be a litigant with standing.").

CPR contends Plaintiffs' requested relief will affect CPR's organizational mission and financial position, causing it to divert resources.  (Mot. at 11.)  But this is an entirely speculative injury based on unpredictable future outcomes in this litigation.  It does not pass constitutional muster.

As a proposed intervenor adopting the posture of a defendant, CPR claims it will be harmed by the Court's grant of relief for Plaintiffs in this case.  But there is no way to predict the shape that relief will take.  Setting aside Plaintiffs' likelihood of success on the merits, the mere

possibility that the Court will order particular remedies that might harm CPR is both too speculative and too conjectural to create constitutional standing.   CPR's posture cannot be compared to non-profit organizations that act as plaintiffs to challenge statutes or agency action, where the injury has either occurred or is imminent.  (*See* Mot. at 11-12 (citing *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104 (2d Cir. 2017)).)  In those cases, a concrete injury, fairly traceable to the defendant, empowers a federal court to redress the wrong.  Here, CPR takes issue with Plaintiffs' *requested* remedies, which may (or may not) be ordered, or that may be ordered in a different form.  That is the antithesis of a concrete injury-in-fact.  *See Clapper*, 568 U.S. at 412 (concluding that because a statute "at most *authorizes*—but does not *mandate* or *direct*—the surveillance that respondents fear, respondents' allegations are necessarily conjectural").

CPR also myopically focuses on a few indirect alleged effects of Plaintiffs prevailing in this case to explain how it will be injured as an organization.  But this lawsuit is not a collateral attack on the Legislature's decision to repeal § 50-a (which CPR championed), nor is it an attempt to "curtail ready public access" to documents (which CPR claims would divert its resources). (Mot. at 11.)  Each of Plaintiffs' claims arises from a common factual and legal core: Plaintiffs and their members are entitled to continued legal protections based on contractual and constitutional rights separate and apart from the protection previously afforded by § 50-a. Plaintiffs also allege that the City's determination not to withhold Unsubstantiated and Non-Final Allegations from public disclosure is an arbitrary and capricious reversal from past practices. Defendants' determinations to ignore these legal protections and past practices unquestionably harms Plaintiffs, but it does not follow that *CPR would be injured* if Plaintiffs avoid the threatened harm by prevailing in this case.  Because CPR lacks standing to insert itself into this litigation, the motion must be denied.

## II.     Intervention of Right Is Improper Because CPR's Asserted Interests Are Not Legally Protectable

For many of the same reasons that CPR cannot demonstrate standing, CPR also fails to show a legally protectable interest necessary to intervene of right.

To intervene of right under Fed. R. Civ. P. 24(a)(2), "an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *United States v. City of N.Y.*, 198 F.3d 360, 364 (2d Cir. 1999) (internal quotation marks omitted). A movant's "[f]ailure to satisfy any one of these requirements is a sufficient ground to deny the application." *Id.* (internal quotation marks omitted); *see also United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994) ("The intervention application will be denied unless all four requirements are met."). A proposed intervenor's "interest in the action" must be "direct, substantial, and legally protectable." *Washington Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec.*, 922 F.2d 92, 97 (2d Cir. 1990). "[A]n interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Floyd v. City of N.Y.*, 770 F.3d 1051, 1060 (2d Cir. 2014) (per curiam).

CPR claims to have a number of interests at stake in this case. First, it contends it must intervene to protect its organizational goals of advancing police transparency and reform. (Mot. at 10-11.) But the policy objectives outlined in CPR's motion and supporting declarations are tangential and largely irrelevant to this litigation. Plaintiffs' claims do not require the Court to consider policy issues such as police reform, nor do Plaintiffs aim for anything as audacious as "rolling back § 50-a repeal." (Mot. at 10-11, 16.) Intervention "cannot be used as a means to

inject collateral issues into an existing action." *United States v. City of N.Y.*, 198 F.3d at 365 (internal quotation marks and citation omitted).

CPR also claims a specific interest in ensuring "the full and expeditious dismantling of state and local policies that enforced § 50-a's now-overturned mandate." (Mot. at 12.)  Assuming CPR does not intend to advocate for the "dismantling" of Plaintiffs' independent legal rights, this asserted interest is not implicated by the litigation.  And CPR's involvement in a "coalition" that sought the repeal of § 50-a does not give rise to a legally protected interest in any lawsuit challenging disclosure of disciplinary records that were previously protected by § 50-a.  *See Gonzalez v. Arizona*, 485 F.3d 1041, 1051-52 (9th Cir. 2007) (affirming denial of intervention to "citizen group that put forth significant effort to ensure the passage" of a state law where the state was adequately defending the law and "[n]othing in the record . . . suggests that [the state government] defendants are unwilling or unable to defend" the law to the same extent).

CPR claims a separate interest in maintaining "rights of public access to documents, and similar interests of individuals on whose behalf CPR advocates." (Mot. at 14.)  If CPR's declarants encountered "difficulties" obtaining records from Defendants, that is a matter for affirmative FOIL litigation against the City, not this litigation.  (*See* Mot. 14-15.)  More importantly, this asserted interest is not at stake because no available remedy could possibly change CPR's statutory right under FOIL to access public records that are not subject to other protections.  That is the full extent of CPR's—and indeed anyone's—legal right to access government records in New York.  CPR does not have a legally protectable interest in gaining access to documents that are not subject to public disclosure.

The injection of these broader policy issues would make this case "unnecessarily complex, unwieldy or prolonged" and prejudice the parties' ability to try the true factual and legal issues in an expeditious manner.  *Floyd v. City of N.Y.*, 770 F.3d at 1057.

6

### III.   CPR Is Not Entitled to Intervention of Right Because Defendants Adequately Represent Its Interests.

Because CPR cannot overcome the heavy presumption that Defendants will adequately represent its interests in pursuit of this objective, CPR is not entitled to intervention of right.

When a proposed intervenor and an existing party share the same "ultimate objective" in litigation, the proposed intervenor must make "a more rigorous showing" than usual that the existing party will inadequately represent its interests.  *See Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179-80 (2d Cir. 2001) (requiring a "rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective").  This showing must be "particularly strong . . . where the government is acting as *parens patriae*."  *United States v. City of N.Y.*, 198 F.3d at 367; *United States v. Ciba Corp.*, 50 F.R.D. 507, 513 (S.D.N.Y. 1970) (analyzing cases and finding only "infrequent occasions" where intervention was permitted "in effect to interfere with or displace the normal official representatives of the public," such as a case where "the trial court found 'about a ninety per cent capitulation' by the government"); *see also* 7C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1909 & nn.24-27 (3d ed. 2007 & supp. 2019) ("The rare cases in which a member of the public is allowed to intervene in an action in which … [a] governmental agency[] represents the public interest are cases in which a very strong showing of inadequate representation has been made.").

Defendants have already demonstrated close alignment with CPR's interests and objectives of police transparency.  (ECF No. 23 at 1-2 (footnote omitted).)  Because Defendants and CPR both seek to defeat Plaintiffs' claims, which challenge public disclosure of Unsubstantiated and Non-Final Allegations and certain settlement agreements from law enforcement disciplinary records, CPR must overcome a presumption that Defendants will adequately represent its interests.

CPR does not sufficiently explain how continued forceful defense by the City would fail to vindicate its alleged interests.  It attempts to do so by raising the specter of a lack of sufficient

"adversity" between Plaintiffs and Defendants, as well as the possibility that Defendants may, at some point in this litigation, "fail[] to raise all colorable contentions" to defeat Plaintiffs' claims. (Mot. at 21; *see also Butler*, 250 F.3d at 180 (stating that "evidence of collusion, adversity of interest, nonfeasance, or incompetence may suffice to overcome the presumption of adequacy").) This argument is based on a speculative theory that the Law Department may be unable to reconcile the competing positions of Defendants, who allegedly took "disparate positions on § 50-a reform" in the past.  (Mot. at 20-21.)  It is also based on vague and unsupported allegations that "Defendants lack sufficient incentive to protect" CPR's rights and interests and may even "align with Plaintiffs[] . . . on issues of transparency and accountability."  (*Id.* at 2, 22.)

As an initial matter, any party's past position regarding "§ 50-a reform" is irrelevant to this case. There can be no dispute that Defendants have mounted an aggressive defense without a hint of division.  Defendants have gone so far as to suggest (erroneously) that the City and its agencies have *no choice* but to comply with the state's "mandate" to release disciplinary records.  (*See, e.g.*, ECF No. 23 at 2.)  But Defendants' actions speak even louder.  On June 16, 2020, the Mayor— who, of course, has ultimate control over each of the Defendant agencies and agency heads— announced that the City would be disclosing the full spectrum of disciplinary records.[1]  And, as CPR concedes, Defendant CCRB "supported full § 50-a repeal."  (Mot. at 5.)  Even accepting as true CPR's suggestion that the Unions and their respective agencies have seen eye-to-eye on some issues in the past, that does not reflect their current posture, which is plainly adversarial.

Moreover, any past differences between CPR and Defendants are irrelevant to a determination of whether Defendants adequately represent CPR's interests *in this case*.  *See San Juan Cnty., Utah v. United States*, 503 F.3d 1163, 1206 (10th Cir. 2007) (en banc) (rejecting

---

[1] Dana Rubinstein, *Under Pressure on Policing, N.Y.C. Mayor Toughens Discipline*, N.Y. Times (June 17, 2020), https://www.nytimes.com/2020/06/17/nyregion/police-reform-nypd.html.

inadequacy argument premised on proposed intervenor's past differences with governmental defendant because, when motion to intervene was filed, the government had "a single litigation objective" identical to the proposed intervenor's objective); *Maine v. Dir., U.S. Fish & Wildlife Serv.*, 262 F.3d 13, 18 (1st Cir. 2001) (rejecting argument that government agencies, "formerly [proposed intervenor's] antagonists, cannot be trusted to defend fully" an administrative decision "because they will not make an argument which [proposed intervenor] would make"); *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996) (rejecting inadequacy argument premised on proposed intervenor's past adversarial stance against government defendant because, "[i]n this case, . . . the [government defendants] and [the proposed intervenor] are seeking the same limited interpretation" of a statute); *Great Atl. & Pac. Tea Co. v. Town of E. Hampton*, 178 F.R.D. 39, 43 (E.D.N.Y. 1998) ("Even accepting as true the Group's characterization of these differing concerns, the interests of the Group coincide with the interests of the Town in terms of the single legal issue to be determined by this lawsuit[.]").  CPR fails to point to any conduct in this litigation suggesting Defendants will not "ensure that all arguments are before the court."  (Mot. at 21.)

The interests of Defendants and CPR are aligned, typified by their shared (incorrect) theme that the repeal of § 50-a is dispositive of Plaintiffs' constitutional and contractual claims that Unsubstantiated and Non-Final Allegations may not be released.  At bottom, CPR's "participation as a party is not needed to fill in a hole" in the defense.  *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 807 F.3d 472, 476 (1st Cir. 2015).  It is not entitled to intervention of right.[2]

---

[2] Because Defendants will provide adequate representation of each of CPR's proffered interests, the Court need not decide whether those interests are legally protected.  *See Students for Fair Admissions*, 807 F.3d at 475 n.1 ("Because we affirm the district court's denial of [proposed intervenor's] motion to intervene based on the fact that Harvard will provide adequate representation, we need not decide whether [proposed intervenor's] interests in this case are 'significantly protectable.'").

**IV.   The Court Should Deny Permissive Intervention to Avoid Cumulative Presentation of Evidence, Undue Delay, and Injection of Collateral Issues.**

Permissive intervention is also inappropriate because the special "expertise" CPR purports to offer will not contribute in a significant way to the Court's understanding of the relevant issues. The Court should exercise its broad discretion to deny permissive intervention, both to avoid undue delay in the adjudication of Plaintiffs' motion for a preliminary injunction and to avoid injection of issues that do not bear on claims or defenses in this action.

Permissive intervention is proper where the movant has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B). The Court has broad discretion in determining whether to grant permissive intervention. *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 561 (2d Cir. 2005) ("When a district court denies permissive intervention, our review is particularly deferential. A denial of permissive intervention has virtually never been reversed.") (internal quotation marks and citations omitted). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Courts consider whether the movant will "*significantly* contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 192 (2d Cir. 1978) (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)) (emphasis added). However, "where . . . intervention as of right is decided based on the government's adequate representation, the case for permissive intervention *diminishes or disappears entirely*." *Tutein v. Daley*, 43 F. Supp. 2d 113, 131 (D. Mass. 1999) (internal citations omitted and emphasis added); *see also FTC v. First Capital Consumer Membership Servs.*, 206 F.R.D. 358, 362 (W.D.N.Y. 2001) ("When an existing party is a government entity, representing the interests of the proposed intervenor, courts are unwilling to grant permissive intervention.").

10

CPR fails to establish that its participation would contribute to the Court's understanding of the issues at bar.  For example, CPR claims to possess "unique expertise concerning the police disciplinary system," (Mot. at 2), but it does not explain how that knowledge could transcend that of Defendants, who designed and operate the system.  CPR also claims to offer unmatched insight into "the law and policies governing disclosure of records," (*id.*), but the relevant policymakers are already parties to this litigation.  Similarly, CPR purports to have "unique expertise concerning … the interests of the public in disclosure of [disciplinary] records," (*id.*), but Defendant the City of New York and Defendant de Blasio, its democratically elected mayor, hardly require assistance representing the interests of the public.  Likewise, "CPR's role in § 50-a's repeal" and its "familiar[ity] with the legal arguments and policies at stake," (*id.* at 23), would not contribute to the just and equitable adjudication of Plaintiffs' claims.

Far from contributing to the development of pertinent factual and legal issues, CPR's intervention would threaten to delay adjudication of Plaintiffs' claims by unnecessarily complicating the inquiries, including at the preliminary injunction hearing that is currently just over a week away.  *See Sierra Club v. U.S. Army Corps of Eng'rs*, 709 F.2d 175, 177 (2d Cir. 1983) ("The trial court might properly consider the encumbering effect on the . . . proceeding of allowing intervention.").  CPR's participation as a party also would risk the injection of collateral issues.  *See, e.g.*, *Citizens Against Casino Gambling in Erie Cnty. v. Hogen*, No. 10-cv-2132, 2011 WL 1134316, at *1 (2d Cir. Mar. 28, 2011) (summary order) (affirming denial of permissive intervention where proposed intervenor "has the potential to inject collateral issues into this litigation and prejudice the parties"); *United States v. City of New York*, 198 F.3d at 367-68 (affirming denial of permissive intervention where "the claimed interests of the proposed intervenors, although broadly related to the subject matter of this action, are extraneous to the issues before the court ... intervention would indeed unduly delay the adjudication of the rights of

11

the existing parties to the action").

### V. The Motion Is Deficient Because No Pleading Was Attached.

Any motion for intervention must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c) ("The motion *must* state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." (emphasis added)); *Tummino v. Hamburg*, No. 12-cv-763, 2013 WL 3005554, at *2 (E.D.N.Y. Apr. 5, 2013) (stating that proposed intervenor's "memorandum of law, submitted with its motion for intervention, is not a pleading because the only filing properly characterized as a 'pleading' is a complaint or an answer"); *G-I Holdings, Inc. v. Baron & Budd*, No. 01-cv-216, 2002 WL 1822929, at *1 (S.D.N.Y. Aug. 7, 2002) ("A third party must serve a motion to intervene upon the parties to the action and a pleading setting forth the claim or defense for which intervention is sought. The Movants have failed to file a motion and pleading as required by Rule 24(c). This is sufficient to deny intervention."); *see also Hispanic Soc'y of N.Y. City Police Dep't Inc. v. N.Y. City Police Dep't*, 806 F.2d 1147, 1154 (2d Cir. 1986) ("The need for formal intervention is thus as great as the need for named plaintiffs or defendants to state a well-pleaded claim or defense."). This rule applies with equal force where the proposed intervenor proceeds through an order to show cause. *See In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*, No. 09-MD-2058, 2012 WL 1674299, at *3 (S.D.N.Y. May 14, 2012) (denying intervention where order to show cause did not include a pleading).

This is more than a mere technicality. Because CPR failed to attach a pleading to its proposed order to show cause, neither the parties nor the Court have the benefit of knowing the exact claims or defenses CPR intends to raise. In substance, CPR seeks to enjoy the benefits of a party, including the right to cross-examine witnesses and sit at the settlement table, without following the rules.

## <u>CONCLUSION</u>

For the foregoing reasons, the motion of proposed intervenor Communities United for Police Reform should be denied with prejudice.

Dated: August 7, 2020      **DLA PIPER LLP (US)**
      New York, New York

By: */s/ Anthony P. Coles*
     Anthony P. Coles
     Michael R. Hepworth
     1251 6th Avenue
     New York, NY 10020
     Telephone: (212) 335-4844
     Facsimile: (212) 884-8644
     Email: anthony.coles@dlapiper.com
     Email: michael.hepworth@dlapiper.com

     Courtney G. Saleski
       Admitted *pro hac vice*
     1650 Market Street, Suite 5000
     Philadelphia, PA 19103-7300
     Telephone: (215) 656-2431
     Facsimile: (215) 606-2046
     Email: courtney.saleski@dlapiper.com

     *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I, Anthony P. Coles, hereby certify that, on this 7th day of August, 2020, the foregoing

document was served via ECF on all counsel of record.


*/s/ Anthony P. Coles*
Anthony P. Coles
*Attorney for Plaintiffs*