

Brian S. Fraser

Akerman LLP
520 Madison Avenue
20th Floor
New York, NY  10022

D: 212 259 6472
T: 212 880 3800
F: 212 880 8965
DirF: 212 259 7197

August 10, 2020

**VIA ECF**
The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

> Re: <u>Uniformed Fire Officers Ass'n, et al. v. de Blasio, et al.,</u> 20 Civ. 5441 (KPF)

Dear Judge Failla:

We are writing on behalf of the Law Enforcement Action Partnership ("LEAP") to request leave to participate in writing and at hearings as an *amicus curiae* in the above-captioned proceeding.

LEAP is a nonprofit organization made up of current and former police officers, prosecutors, judges, corrections officials, and others with law enforcement backgrounds. LEAP uses its considerable experience in and knowledge of all parts of the law enforcement process to advocate for criminal justice and drug policy reforms that will make our communities safer and more just. Founded by five police officers in 2002 with an original focus on drug policy, today LEAP's speakers bureau numbers more than 200 criminal justice professionals who write, speak and advise on a host of related issues, including police-community relations, incarceration, harm reduction and drug policy, in the U.S. and abroad. The deep experience of its members and speakers allows LEAP to address these issues with credibility and insight. Through speaking engagements, media appearances, court and legislative testimony, and support of allied efforts, LEAP has been able to reach audiences across a wide spectrum of affiliations and beliefs, calling for more practical and ethical policies from a public safety perspective.

Through its efforts, LEAP has been able to: assist in passing Prop 1 in Michigan, which legalized and regulated adult use of marijuana in the state; successfully support Amendment 4 in Florida, which was aimed at restoring the voting rights of more than one million people who have served their time for felony convictions; speak out about Louisiana's Amendment 2, which ended non-unanimous juries in felony trials, taking a significant step in correcting disproportionate racial impact on juries; help defeat Measure 105 in Oregon, ensuring state and local law enforcement will not be compelled to enforce immigration policies; and work to pass Initiative 940 in Washington, which will require law enforcement to receive violence de-escalation, mental-health, and first-aid training; and change standards for use of deadly force.

Honorable Katherine Polk Failla
August 10, 2020
Page 2

_____

   LEAP's mission is to unite and mobilize the voice of law enforcement in support of criminal justice reforms that will make communities safer by focusing law enforcement resources on the greatest threats to public safety, promoting alternatives to arrest and incarceration, addressing the root causes of crime, and working toward healing police-community relations. Given the backgrounds and experience of its members and speakers, LEAP is of course keenly interested in the issue of the release of the records at issue in this case. LEAP supported the repeal of Section 50-a of the New York Civil Rights Law. It did so consistent with our often-expressed view that increased transparency in the area of police conduct is a critical aspect of restoring our communities' trust in law enforcement. The restoration and nurturing of that trust has long been a goal of LEAP, and that goal has never been more important than in these difficult times. For that reason, LEAP recently made increased transparency with regard to issues of police misconduct and increased accountability for police officers for use of deadly force the first items in its *National Policing Recommendations*, released on June 3, 2020 and available at:
https://lawenforcementactionpartnership.org/national-policing-recommendations/.

   As an organization that can convey the experience and perspectives of actors in all parts of the law enforcement process, LEAP can provide valuable information and insights on importance of the release of the records at issue in this case and can explain how, from the view of law enforcement professionals, such transparency will actually make police officers more able and effective in the long run, especially in terms of their relationships with the communities and citizens they serve and protect. *See Auto. Club of New York, Inc. v. Port Auth. of New York & New Jersey*, No. 11 CIV. 6746 (RJH), 2011 WL 5865296, at *2 (S.D.N.Y. Nov. 22, 2011) (quoting *Citizens Against Casino Gambling in Erie County v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007) ("An amicus brief should normally be allowed . . . when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.")). For that reason, and in the hopes that our participation can be of material assistance to the Court, LEAP respectfully requests leave to participate in this case as an *amicus curiae*. If granted leave, LEAP would file its amicus brief on or before August 14, 2020, which is the deadline currently set by the Court for written amicus submissions.

                     Respectfully,

                      */s/ Brian S. Fraser*

                      Brian S. Fraser