

| | THE CITY OF NEW YORK | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **KAMI Z. BARKER**<br>*Mobile  (216) 903-3610*<br>*kbarker@law.nyc.gov* |

August 7, 2020

**BY ECF**
Hon. Katherine Polk Failla
United States District Court
Southern District of New York

                Re:    <u>Uniformed Fire Officers Association, et al. v. Bill DeBlasio, et al.</u>
                        20-cv-05441 (KPF) (RWL)

Dear Judge Failla:

      Defendants request a pre-motion conference concerning their anticipated motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We have contacted plaintiffs counsel, Tony Coles, for his consent, but he never responded.

**Factual and Procedural Background**

      On June 12, 2020, New York Civil Rights Law § 50-a ("§ 50-a") was repealed thereby eliminating long-standing confidentiality of law enforcement disciplinary records. Personnel records of law enforcement personnel, including police officers, became available to the public pursuant to the New York Freedom of Information Law ("FOIL").

      On July 14, 2020, Plaintiffs filed this action in New York County Supreme Court seeking a temporary restraining order ("TRO") and/or preliminary injunction prohibiting defendants from releasing certain law enforcement disciplinary records,[1] alleging violations of their respective collective bargaining agreements ("CBA") and the United States and New York State Constitutions, breach of contract, and also seeking review under CPLR Articles 75 and 78. <u>See</u> Dkt. Nos. 1, 5. On July 15, 2020, Defendants removed the action to the Southern District of New York. <u>See</u> Dkt. Nos. 1, 5. Justice Edmead of the New York County Supreme Court, enjoined defendants from releasing disciplinary records, made previously confidential by § 50-a. <u>See</u> the July 15, 2020 Order attached hereto as Exhibit "A." On July 22, 2020, this Court granted a TRO

---

[1] Plaintiffs object to the publication of non-final, unsubstantiated, unfounded, exonerated, and not guilty allegations ("Unsubstantiated and Non-Final Allegations"). <u>See</u> ¶ 1 of Plaintiffs' Verified Petition/Complaint at Dkt. No. 1, 5.

and set a briefing schedule on Plaintiffs' application for a preliminary injunction which will be heard on August 18.

**The Complaint Fails to State a Fourteenth Amendment Claim**

To make a Fourteenth Amendment claim, plaintiffs must allege a personal injury, which is traceable to defendants' allegedly unlawful conduct and likely to be redressed by the requested relief. Allen v. Wright, 468 U.S. 737, 751 (1984). Plaintiffs must prove that they have standing to bring this type of claim on behalf of their members. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-61 (1920). However, unions do not have standing to bring these claims on behalf of their members because unions cannot assert the type of concrete and particularized injury that comports with constitutional standing requirements. Chicago Journeymen Plumbers' Local Union 130, U.A. v. Personnel Bd., 1996 U.S. Dist. LEXIS 7416 (N.D.I.L. 1996)(the union lacked individual and associational standing to bring a Due Process and Equal Protection claim on its members' behalf)(citing Warth v. Seldin, 422 U.S. 490, 515-516 (1975).

Moreover, the Fourteenth Amendment's guarantee of procedural due process applies only when a constitutionally protected property or liberty interest is at stake. Town of Castle Rock v. Gonzales, 545 U.S. 748, 756 (2005). To demonstrate such an interest, plaintiffs must show more than a mere abstract need or desire, but rather a legitimate entitlement to said interest. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). Since the repeal of § 50-a, plaintiffs' members' disciplinary records are no longer categorically shielded from disclosure.

To demonstrate that they will be deprived of a liberty interest without due process, plaintiffs allege reputational harm. See ¶ 6 of Plaintiff's Verified Complaint, Dkt. Nos. 1, 5. To prevail, they must establish the three elements of a "stigma-plus" claim. Segal v. City of New York, 459 F.3d 207, 212 (2006). However, plaintiffs cannot show, nor have they plead (1) that defendants made stigmatizing and defamatory statements about their members, which call into question their good names, reputations, honor or integrity; (2) that the stigmatizing statements were made public. or (3) that the stigmatizing records were published concurrently with, or in close proximity to, the loss of employment or other tangible employment action. Segal, 459 F.3d at 212-13 (2006). Notably, the complaint only alleges that the disputed records *may* be false or misleading. See Verified Complaint. ¶¶ 60, 69. Yet, accurate descriptions of personnel actions or decisions that are made public are not actionable "even when a reader might infer something unfavorable about the employee." Wiese v. Kelley, 2009 U.S. Dist. LEXIS 82307, at *13-15 (S.D.N.Y. 2009). Therefore, Plaintiffs cannot prove that the subject information is false, let alone defamatory, nor can they point to the loss of employment.

Moreover, the remote possibility that publishing this information could interfere with plaintiffs' members future job prospects is insufficient to support a "stigma-plus" claim. Valmonte, 18 F.3d at 1001; Sessom v. New York State Div. of Parole, 2017 U.S. Dist. LEXIS 177988 at *4-5 (S.D.N.Y. 2017)( "A negative effect of a bad reputation on one's career prospects in not enough to state a claim.")(quoting Vega v. Lantz, 596 F.3d 77, 81 (2d Cir. 2010)).

For their Fourteenth Amendment equal protection claim, plaintiffs allege that they are treated differently than similarly situated workers when applying the privacy and safety exemptions provided in § 87 of FOIL. See Verified Complaint ¶ 11  Dkt. Nos. 1, 5. First, plaintiffs are not similarly situated to the professionals or City and State workers. Indeed, accountants, teachers, and physicians are not similarly situated to uniformed members of service

in the Fire Department, Police Department or the Department of Correction. Moreover, the FOIL exemptions are permissive and do not compel suppression. For an agency to assert these exceptions, it must balance the employee's interests with the public's. Mtter of Harbatkin v. New York City Dept. of Records & Info. Servs., 19 N.Y.3d 373, 380 (2012). The complaint provides no facts to support their purely speculative assertions that disclosure of these records would trample on their members' right to privacy and security.

**The Complaint Fails to State a Claim Under CPLR Article 78**

Plaintiffs' claim that defendants will make an error of law by not asserting the FOIL exemptions set forth in N.Y. Public Officers Law§ 87 is without merit. Plaintiffs offer no basis for their allegation that defendants would disregard FOIL as it relates to issues of personal privacy and safety. Furthermore, any agency determination to release these records is rational, as it was based upon the legislature's decision to repeal §50-a and increase government transparency. Moreover, plaintiffs' challenge is not ripe for an Article 78 proceeding because they have not pointed to a single agency determination to release these records with a blatant disregard to their members' privacy or safety, such as including their personally identifying information. Article 78 is a vehicle to challenge final agency determinations; it is not a vehicle for seeking to impose a prior restraint.

**The Complaint Fails to State a Claim Under CPLR Article 75 or for Breach of Contract**

Plaintiffs allege that defendants violated their CBAs when they decided to publish unsubstantiated and non-final disciplinary records. However, as a matter of public policy, an agency cannot bargain away the public's right to access public records." LaRocca v. Board of Educ. of Jericho Union Free School Dist., 220 A.D.2d 424, 427 (2nd Dept. 1995); Washington Post Co. v. New York State Ins. Dept., 61 N.Y.2d 557, 565 (1984). Moreover, plaintiffs' CBAs contain grievance and arbitration proceduresIn New York, unions and their members must first exhaust their contractual remedies before proceeding to court. Cantres v. Bd. of Educ., 145 A.D.2d 359, 360 (1st Dep't 1988)(citing Plummer v. Klepak, 48 N.Y.2d 486, 489 (1979), cert. denied, 445 U.S. 952 (1980). Thus, because plaintiffs failed to exhaust these contractual remedies and permit arbitration to take its course, their Article 75 claim must be dismissed.

Respectfully submitted,

By:     **ECF**:               /s/               
Kami Z. Barker
Assistant Corporation Counsel

cc: Anthony Coles (by ECF)
DLA Piper
*Attorney for Plaintiffs*

The Court is in receipt of the above letter from Defendants seeking a pre-motion conference concerning their anticipated motion to dismiss the complaint. (Dkt. #75). Plaintiffs need not respond to the letter at this time, but should be prepared to discuss the contents of such letter at the preliminary injunction hearing on August 18, 2020.

Dated: August 7, 2020
      New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE