UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Uniformed Fire Officers Association; Uniformed Firefighters Association of Greater New York; Correction Officers' Benevolent Association of the City of New York, Inc.; Police Benevolent Association of the City of New York, Inc.; Sergeants Benevolent Association; Lieutenants Benevolent Association; Captains Endowment Association; and Detectives' Endowment Association,<br><br>        Petitioners/Plaintiffs,<br><br>        -against-<br><br>Bill de Blasio, in his official capacity as Mayor of the City of New York; the City of New York; Fire Department of the City of New York; Daniel A. Nigro, in his official capacity as the Commissioner of the Fire Department of the City of New York; New York City Department of Correction; Cynthia Brann, in her official capacity as the Commissioner of the New York City Department of Correction; Dermot F. Shea, in his official capacity as the Commissioner of the New York City Police Department; the New York City Police Department; Frederick Davie, in his official capacity as the Chair of the Civilian Complaint Review Board; and the Civilian Complaint Review Board,<br><br>        Respondents/Defendants. | Case No. 1:20-cv-05441-KPF |

**REPLY MEMORANDUM OF LAW OF PROPOSED INTERVENOR COMMUNITIES UNITED FOR POLICE REFORM IN SUPPORT OF MOTION TO INTERVENE**

Baher Azmy
Darius Charney
Guadalupe V. Aguirre
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway
New York, New York 10012
Tel: (212) 614-6464

Alex V. Chachkes
Rene Kathawala
Margaret Wheeler-Frothingham
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019
Tel: (212) 506-5100
Fax: (212) 506-5151

*Attorneys for Proposed Intervenor*

# TABLE OF CONTENTS

**Page**

I.  PRELIMINARY STATEMENT ........................................................................ 1

    A.  CPR has several legally protectible interests in this lawsuit that are at risk
         of permanent impairment. .................................................................................. 2

    B.  CPR's interests are not adequately protected under Rule 24(a)(2), and in
         any event CPR's participation would significantly aid in factual and legal
         development under Rule 24(b). ........................................................................ 6

    C.  CPR has complied with procedural requirements. ........................................... 10

II. CONCLUSION ........................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Matter of Capital Newspapers Div. of Hearst Corp. v. Burns*,
   67 N.Y.2d 562 (1986) ..........................................................................................6, 7

*Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*,
   868 F.3d 104 (2d Cir. 2017)....................................................................................4

*Friends of the E. Hampton Airport, Inc. v. Fed. Aviation Admin.*,
   No. 15-CV-0441(JS)(ARL), 2016 WL 792411 (E.D.N.Y. Feb. 29, 2016) ...........................10

*Klein v. Nu-Way Shoe Co.*,
   136 F.2d 986 (2d Cir. 1943)...................................................................................10

*Laroe Estates, Inc. v. Town of Chester*,
   137 S. Ct. 1645 (2017)............................................................................................2

*Laroe Estates, Inc. v. Town of Chester*,
   828 F.3d 60, 64-66 (2d Cir. 2016) .........................................................................2

*N.Y. Pub. Int. Research Grp., Inc. v. Regents of Univ. of State of N.Y.*,
   516 F.2d. 350 (2d Cir. 1975)..................................................................................8

*United States v. N.Y.C. Housing Authority*,
   326 F.R.D. 411 (S.D.N.Y. 2018) ............................................................................8

*United States v. Sineneng-Smith*,
   140 S. Ct. 1575 (2020)............................................................................................9

*Winter v. Natural Resources Defense Council, Inc.*,
   555 U.S. 7 (2008)....................................................................................................7

**Statutes and Rules**

Federal Rules of Civil Procedure 7 ...............................................................................10

Federal Rules of Civil Procedure 12 .............................................................................10

Federal Rules of Civil Procedure 19 ...........................................................................2, 3

Federal Rules of Civil Procedure 19(a)(1)......................................................................3

Federal Rules of Civil Procedure 19(a)(1)(B)(ii)............................................................6

Federal Rules of Civil Procedure 24 .........................................................................1, 3, 5

Federal Rules of Civil Procedure 24(a)(2) ...................................................................3, 6

Federal Rules of Civil Procedure 24(b) ..........................................................................6

Federal Rules of Civil Procedure 24(c) .......................................................................1, 10

**Other Authorities**

Office of the Inspector General for the NYPD, *Complaints of Biased Policing in New York City: An Assessment of NYPD's Investigations, Policies, and Training* (June 2019), https://on.nyc.gov/2F1bfq3 ...................................................9

Peter Zimroth, *Tenth Report of the Independent Monitor in* Floyd v. City of New York, *08-cv-1034 (S.D.N.Y.)* (Jan. 7, 2020), *available at* https://bit.ly/33Sadax (June 2019)...............................................................................................................9

Wright & Miller, *Federal Practice and Procedure* § 1914 (2020 ed.).........................................10

I.     **PRELIMINARY STATEMENT**

Plaintiffs and Defendants, who spent years fighting arm-in-arm to prevent disclosure of the records at issue in this litigation, still apparently have much in common.

Both really do not want CPR to be able to defend its own direct interest in full and ready access to misconduct and disciplinary records, and both raise baseless arguments to avoid it. From Article III standing (not required, satisfied nonetheless) to Rule 19(a) (duplicative of Rule 24, satisfied for the same reasons Rule 24 is) to Rule 24(c) (a technicality with nonsensical implications), the parties dream up a host of ways to avoid even confronting CPR's points.

When they do purport to address issues like CPR's three enumerated interests in this case, those interests' potential impairment, or Defendants' inability to protect them, both use labels like "speculative" or "remote" without even attempting to refute the veracity of several sworn declarations or the import of established case law recognizing the sufficiency of CPR's interests.  Both instead try to obscure what this case is plainly about:  Plaintiffs' attempt to permanently bar Defendants from disclosing presumptively public misconduct and disciplinary records in which CPR has a present, concrete, and legally protected interest.

Both parties also contend that Defendants' interests and expertise are sufficient to fully present all arguments and relevant facts in this case.  But neither disputes CPR's explicit contention that Defendants' institutional interests (e.g., the NYPD's interest in officer reputation) will prevent them from adequately refuting Plaintiffs' claims of reputational harm or from fully developing the public interest in community safety and agency accountability—two critical issues in the case.  Nor can the existing parties' dispute that CPR is well-positioned to develop just such points.  But in any event, this Court need not evaluate that question in the abstract. CPR can provisionally, and subject to the Court's ultimate decision on this motion, oppose Plaintiffs' request for a preliminary injunction on the parties' timetable, and the Court can decide

at that time whether CPR's contribution to legal and factual development warrants intervention.

A.   **CPR has several legally protectible interests in this lawsuit that are at risk of permanent impairment.**

CPR's motion detailed three independent interests at stake in this case, and then detailed precisely how Plaintiffs' claims and requested relief would directly impair those interests.  Mot. § II.A.2-3.[1]  Rather than confronting each head-on, the existing parties opt for misdirection on the legal standard and the stakes of this case.

**1.**   Plaintiffs and Defendants both assert threshold objections to intervention—for Plaintiffs (but not Defendants) it is Article III standing, Pls. Opp. 2-4, and for Defendants (but not Plaintiffs) it is Federal Rule of Civil Procedure 19, Defs. Opp. 3.  Each argument is so tenuous that the other party could not even bring itself to raise it.

Plaintiffs' Article III argument fails because a "case or controversy" already exists between the existing parties.  Thus, an intervenor who seeks no relief beyond that of a co-party—as is presently the case here—need not establish independent grounds for Article III standing.  That flows directly from *Laroe Estates, Inc. v. Town of Chester*, 137 S. Ct. 1645 (2017), which Plaintiffs cite but misread.  The Second Circuit there had found that intervenors need not independently establish standing where a justiciable dispute is properly before the court.  828 F.3d 60, 64-66 (2d Cir. 2016).  The Supreme Court granted review, held that a would-be intervenor must have standing "*if* the intervenor wishes to pursue relief not requested by a plaintiff," 137 S. Ct. at 1648. (emphasis added), and remanded for that determination—which of course would not have been necessary if the rule were, as Plaintiffs wish, that a would-be intervenor must establish standing in every case.  Plaintiffs' invocation of Article III is thus

---

[1] We cite CPR's Motion to Intervene, Dkt. 42, "Mot."; Plaintiffs' Opposition, Dkt. 78, "Pls. Opp."; and Defendants' Opposition, Dkt. 77, "Defs. Opp."

misplaced.  In any event, as the authority CPR cites demonstrates (at 11-12), CPR *does* have the sort of concrete interest in this dispute that satisfies Article III (and thus Rule 24).

As for Defendants' invocation of Rule 19, it is also based on a basic misreading of the relevant law.  Defendants note that Rule 19(a)(1)'s Required (formerly "Necessary") Party provision tracks the language of Rule 24(a)(2)'s intervention requirements.  Defs. Opp. 3.  But they ignore Rule 19(a)(1)'s full text.  They say that "CPR fails to address how its absence from the instant litigation prevents the Court from granting 'complete relief … among those already parties'" under (a)(1)(A).  *Id.*  But Defendants fail to read on to disjunctive subparagraph (a)(1)(B): "or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest."  CPR's motion addresses that precise topic—direct interests that will be impaired—under Rule 24(a)(2), the relevant rule here.

**2.**  Similarly unavailing are Plaintiffs and Defendants' attempts to poke holes in CPR's interest in this litigation and the extent to which those interests would be impaired.

***Organizational mission.***  CPR explained that its mission is to promote "transparency in the police misconduct and disciplinary process [a]s an end in itself" and "as a critical means through which CPR seeks reform" of police departments.  Mot. 10-11.  It explained that "ready public access" to misconduct and disciplinary materials is essential to that mission.  *Id.*  It then detailed how the rights asserted and relief sought here would harm that mission—diversion of monetary resources, inability to effectively shape and target policy proposals, risk of adverse binding precedent in future cases.  *Id.* at 16-19.  CPR did all of this by sworn declaration.

Without meaningfully discussing the above interests, Defendants claim they are distinguishable from what they call the "concrete, economic and non-economic injuries" at issue

in *Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 868 F.3d 104 (2d Cir. 2017). Defendants conspicuously fail to quote anything from that case, which defines the interest at issue as the plaintiffs' mission to "end the exploitation of Latino immigrant workers … by promoting full political, economic, and cultural participation of those workers," then describes the injuries as an "impact [on the organization's] ability to organize day laborers" and "diver[sion] of resources from other of its activities." *Id.* at 110. CPR asserts directly analogous interests and injuries. Perhaps recognizing as much, Defendants toss in the suggestion that diversion of resources is "speculative economic harm." Def. Opp. 5. But they do not contest the veracity of declarations attesting to precisely that harm, so their label is hollow.

Plaintiffs also have no real answer, so they too opt (at 5-6) for misdirection, arguing that their "claims do not require the Court to consider policy issues such as police reform." This is a red herring. CPR's fulfillment of its mission depends on ready public access to records. Plaintiffs' suit seeks to enjoin, for all time, access to those exact records. That is a direct interest under *Centro Comunidad*, which controls here and ends the analysis.

**Interest in § 50-a repeal.** CPR also documented the vital role it played in § 50-a's repeal and its direct interest in seeing the effectuation of that legislative accomplishment. Mot. 12-14. It cited five cases holding that this interest supports intervention. *Id.* Neither existing party contests any of this.

Plaintiffs claim (at 5) that they do not "aim for anything as audacious as 'rolling back § 50-a repeal.'" Defendants beg to differ, describing this lawsuit as an attempt "to subvert the clear intent of [§ 50-a's repeal], which was to increase transparency by permitting the disclosure of the very disciplinary records … that the Plaintiffs now seek to enjoin." Dkt. 7 at 1. The labels are unimportant. No one disputes that this lawsuit seeks to permanently enjoin disclosure of

broad categories of records that § 50-a's repeal only two months ago made presumptively public. CPR's central role in that legislative accomplishment gives it a direct interest in defending it here. Neither existing party cites a case saying otherwise.

Defendants' only response here is that CPR's interest in effectuation of § 50-a's repeal is not "unique," and it notes that other parties have advanced similar interests in disclosure in other cases. Def. Opp. 4. Rule 24 has no "uniqueness" requirement. In any event, Defendants do not dispute the several declarations establishing CPR's leading and vital role in the repeal of § 50-a. And Defendants' reference to other parties bringing other cases based on similar interests only supports intervention, because it confirms that CPR's interests are legally protectable.

**Public right of access.** Third, CPR explained that it relies on FOIL's judicially enforceable public right of access and that Plaintiffs' lawsuit asks the Court to directly curtail that right—relief CPR contends is legally erroneous and unavailable. Both Plaintiffs and Defendants tie themselves in knots trying to refute this obvious reality.

Plaintiffs say that CPR's interest is not at stake because "no available remedy could possibly change CPR's statutory right under FOIL to access public records that are not subject to other protections." Pls. Opp. 6. This is circular. It suggests that CPR has no interest in disclosure of records that are not subject to disclosure, and because (Plaintiffs say) those records are not subject to disclosure, CPR must have no interest. The question whether there is some independent limit on disclosure of presumptively public records is the very point of Plaintiffs' suit, and (erroneous) recognition of such a limit is what would impair CPR's interests.

For their part, Defendants do not dispute that Plaintiffs are attempting to enjoin FOIL disclosures. Yet they say (at 6) that "no disposition … would foreclose CPR's ability to initiate a separate suit challenging a decision denying a FOIL request." *See also* Pls. Opp. 6. This

contemplates a scenario where this Court enjoins disclosure; Defendants deny CPR's FOIL request as a result; and then CPR "initiate[s]" a challenge to that decision.  But that is precisely why CPR must intervene now: to protect its interest here lest this Court's decision impair it elsewhere.  And to the extent Defendants are suggesting that CPR could obtain, in its separate suit, a judgment requiring disclosure in contravention of the injunction Plaintiffs seek from this Court, they are conceding the "risk of [an existing party] incurring … inconsistent obligations," yet another factor that *supports* CPR's participation, Fed. R. Civ. P. 19(a)(1)(B)(ii).

**B.  <u>CPR's interests are not adequately protected under Rule 24(a)(2), and in any event CPR's participation would significantly aid in factual and legal development under Rule 24(b).</u>**

The existing parties try the same tactics on the question of adequacy of representation. They recharacterize, relabel, and ultimately obscure what the case is about, while devoutly avoiding any specific responses to CPR's arguments.

**1.**  Plaintiffs and Defendants advance the same straw man:  That CPR's argument boils down to "disagree[ment] with Defendants' litigation strategy."  Defs. Opp. 7; *see* Pls. Opp. 7-8. It does not.  This is a case about disclosure of presumptively public records.  Defendants have them, but act as gatekeeper in the FOIL process.  CPR wants access to those records.  Plaintiffs claim rights against anyone ever seeing them.  These are three fundamentally different positions, carrying different interests, appropriately represented by independent parties to litigation.  *Matter of Capital Newspapers Div. of Hearst Corp. v. Burns*, 67 N.Y.2d 562 (1986), is illustrative.  The petitioner there sought records in the government respondent's possession.  The respondent declined to disclose them.  And the police officer who was the subject of the records appropriately intervened to further what he claimed were his rights under § 50-a, which—despite the defendants' agreement with his position—would not be adequately protected otherwise.  *Id.* at 564-67.  This case is materially identical except that here the intervenor is the party asserting a

right to public access, not the party asserting a right against disclosure.

This is also responsive to Defendants' argument (at 6) that CPR's interests are adequately protected because they currently oppose Plaintiffs' ultimate relief.  As Plaintiffs candidly acknowledge, the "unpredictable future outcomes in this litigation" make it impossible to "predict the shape [any] relief will take."  Pls. Mot. 3.  That Defendants have assumed a particular posture at the outset of this litigation does not overcome their different and irreconcilable duties, interests, and entitlements under FOIL, which Defendants will of course pursue without regard to CPR's interests when they conflict.

**2.**  Defendants also try to paper over the current, irreconcilable conflicts of interests that will inevitably prevent them from raising all colorable arguments.  *See* Mot. 20.

Defendants say CPR failed to "clearly and specifically identify what these constraints are, what the positions are, or what effect CPR contends they will have in this litigation."  Defs. Opp. 7; *see* Pls. Opp. 8.  That is wrong.  CPR explained that Plaintiffs' arguments are based on the notion that disclosure will irreparably harm officer reputations; that Defendant NYPD has an interest in protecting those reputations; and that Defendants may, as a result, fail to "challeng[e] even baseless claims of reputational harm for fear of minimizing those concerns, or subjugating them to public interest in disclosure."  Mot. 20.  This goes to the heart of Plaintiffs' request for an injunction.  Defendants do not address this, nor do Defendants say a word about whether they can protect "the public interest in disclosure"—an essential prerequisite to injunctive relief.  *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).

Defendants also fail to deal with their conflicting institutional interests.  The most they are willing to concede (at 2) is that they "may not always be in 100% alignment."  This is not about "alignment."  Two of Defendants are the NYPD and the CCRB, the latter of which exists

as an institution to conduct oversight over the former.  These entities not only have inherently opposed interests, they are embroiled in current conflict.  Just last Thursday, the CCRB announced that more than "500 investigations" had been put hold because NYPD officers "refus[ed] to participate in lawful investigations," in contravention of the City Charter, https://on.nyc.gov/2PAVfgv.  It took CCRB's scheduling of an "emergency public Board meeting" for the NYPD to direct officers to appear.  And although Defendants have been less than precise in describing which records each views as public, they have conceded that the NYPD's view is far narrower than CCRB's—for example, NYPD would not release records for *any* unsubstantiated claims while CCRB would.  *See* Reply Decl. of A. Chachkes, ¶ 3, Ex. A. [Tr. 21-23].

This sort of conflict is nothing new.  Mot. 4-6, 20-22.  Plaintiffs suggest (at 8) that "any party's past position … is irrelevant to this case," but they miss the point—it is not about past disagreement itself, but what this disagreement reveals about Defendants' underlying institutional interests.  No one seriously disputes these rifts or the challenging dynamics they present.  And so as CCRB, NYPD, and the unions litigate this case or come to the "settlement table," *see* Pls. Opp. 12, they cannot be expected to protect CPR's interests.

Ultimately, Plaintiffs and Defendants both fall back on the presumption that a government party can protect others' interests.  But in light of the above, that presumption is plainly overcome under *N.Y. Pub. Int. Research Grp., Inc. v. Regents of Univ. of State of N.Y.*, 516 F.2d. 350, 352 (2d Cir. 1975), *see* Mot. 21.

**3.**  In any event, CPR's participation would "provide this Court with a fuller picture to evaluate the fairness, reasonableness, and equities," *United States v. N.Y.C. Housing Authority*, 326 F.R.D. 411, 415, 418-19 (S.D.N.Y. 2018), justifying permissive intervention.  Mot. 22-24.

Neither party disputes CPR's expertise in the central legal or factual issues in this case, nor could they. Instead they argue that Defendants have all the expertise that is needed. Pls. Opp. 11; Def. Opp. 9. Plaintiffs—who have repeatedly bashed Defendants' responses to discovery requests—here deliver a touching encomium, pledging that Defendants will fully place everything necessary before the Court, including the interests "of the public." Pls. Opp. 11. It would be somewhat more convincing to hear Defendants say it. They do not.

The parties also lack appropriate incentives to develop all points. For example, because the NYPD apparently does not intend to release records in unsubstantiated cases, Defendants have no incentive to note the existence of 2,946 discriminatory profiling complaints made from November 2014 through October 2019, none of which the NYPD substantiated. Peter Zimroth, *Tenth Report of the Independent Monitor in* Floyd v. City of New York*, 08-cv-1034 (S.D.N.Y.)*, at 73 (Jan. 7, 2020), *available at* https://bit.ly/33Sadax (June 2019).[2] And attempting to fill these gaps with *amici curiae*, as both parties suggest, risks running afoul of the principle of party presentation, *see generally United States v. Sineneng-Smith*, 140 S. Ct. 1575 (2020).

Fortunately, the posture of this litigation offers a ready way for this Court to make the determination. CPR will provisionally file papers opposing Plaintiffs' preliminary injunction request on the parties' timetable. If this Court finds that those papers raise significant legal arguments and meaningfully aid in development of a full record—as CPR contends—the Court should at a minimum allow permissive intervention. This approach is fair to all parties and solves any concerns that intervention would cause delay, *see* Pls. Opp. 11.

---

[2] These complaints also will not be publicly disclosed by the CCRB because civilian discriminatory profiling complaints are investigated internally by the NYPD, not the CCRB, and thus are not in the latter's custody or control. *See* Office of the Inspector General for the NYPD, *Complaints of Biased Policing in New York City: An Assessment of NYPD's Investigations, Policies, and Training*, at 14-16 (June 2019), https://on.nyc.gov/2F1bfq3.

C.    **CPR has complied with procedural requirements.**

The existing parties' remaining arguments against intervention are meritless.

**1.**  Defendants say CPR "raises no claim or defense demonstrating existence of a question of law or fact that it shares common to the main action," citing Fed. R. Civ. P. 24(b).  As CPR's motion explained, "[t]he phrase 'claim or defense' is not to be read technically and only requires 'some interest on the part of the applicant.'"  *Friends of the E. Hampton Airport, Inc. v. Fed. Aviation Admin.*, No. 15-CV-0441(JS)(ARL), 2016 WL 792411, at *8 (E.D.N.Y. Feb. 29, 2016).  CPR identified three such interests.  Defendants do not explain why this is insufficient.

**2.**  Both parties raise Federal Rule of Civil Procedure 24(c), arguing that CPR's motion should be denied for failure to affix a "pleading that sets out the claim or defense."  Pls. Opp. 12; Defs. Opp. 9.  Neither says which of the "Pleadings Allowed" by Rule 7 they think would have been appropriate at this stage.  The only plausible candidate would be "an answer to a complaint."  That would obviously be premature—indeed, Defendants have asked the Court for leave to file a motion to dismiss under Rule 12, which tolls the time to file an answer.  Neither party provides authority for denying a motion in this context.

The leading treatise on practice in the federal courts confirms that Rule 24(c) must be interpreted practically, rejecting a "needlessly literal reading of the rule."  Wright & Miller, *Federal Practice and Procedure* § 1914 (2020 ed.); *cf. Klein v. Nu-Way Shoe Co.*, 136 F.2d 986, 989 (2d Cir. 1943) (rejecting Rule 24(c) argument as "trivial").  The point of Rule 24(c) is to create parity between would-be intervenors and existing parties, not to impose nonsensical alternative pleading schedules inappropriate to the status of the case.  That CPR did not attach a plainly inappropriate pleading in no way justifies denying its participation.

II.    **CONCLUSION**

CPR respectfully requests that the Court grant its motion to intervene.

Dated: New York, New York
        August 10, 2020

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP

By: */s/ Alex V. Chachkes*

Baher Azmy                          Alex V. Chachkes
Darius Charney                      Rene Kathawala
Guadalupe V. Aguirre                Margaret Wheeler-Frothingham
CENTER FOR CONSTITUTIONAL RIGHTS    ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Broadway                        51 West 52nd Street
New York, New York 10012            New York, New York 10019
Tel: (212) 614-6464                 Tel: (212) 506-5100
                                    Fax: (212) 506-5151