# Exhibit A

```
     K7MKUFOC

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNIFORMED FIRE OFFICERS
     ASSOCIATION, et al.,
 4
                 Plaintiffs,
 5
            v.                             20 CV 5441 (KPF)
 6                                         Telephone Conference
     BILL de BLASIO, et al.,
 7
                 Defendants.
 8
     ------------------------------x
 9                                         New York, N.Y.
                                           July 22, 2020
10                                         4:25 p.m.

11   Before:

12                    HON. KATHERINE POLK FAILLA,

13                                         District Judge

14                            APPEARANCES

15   DLA PIPER LLP
          Attorneys for Plaintiffs
16   BY:  ANTHONY PAUL COLES
          COURTNEY SALESKI
17
     JAMES E. JOHNSON
18        Corporation Counsel of the City of New York
     BY:  DOMINIQUE F. SAINT-FORT
19        REBECCA GIBSON QUINN
          Assistant Corporation Counsel
20

21   NEW YORK CIVIL LIBERTIES UNION
          Amicus
22   BY:  CHRISTOPHER DUNN

23

24

25
```

1  quite the argument he once did. But you're telling me that
2  there is -- is there no category of information with respect to
3  complaints that you would be withholding from production?
4       MS. SAINT-FORT: Well, yes. Let me clarify.
5       THE COURT: Please.
6       MS. SAINT-FORT: There are categories. Depending on
7  the agency, there are categories of information that are being
8  withheld.
9       THE COURT: Okay.
10      MS. SAINT-FORT: Specifically for the NYPD, the only
11 information they intend to release are the charges and specs of
12 adjudicated cases.
13      THE COURT: Wait, wait, wait.
14      MS. SAINT-FORT: I'm sorry.
15      THE COURT: No, no, thank you. And, again, it's the
16 problem of being by video, that we have to have these
17 occasional stops and starts.
18      The charges and specifications that have been
19 adjudicated?
20      MS. SAINT-FORT: Yes.
21      THE COURT: Okay. So let's figure out what that
22 doesn't include.
23      For example, if I call 311 right now and complain
24 about a random police officer, and that exists, I suppose you
25 would say that's an open charge that won't be disclosed, but

K7MKUFOC

1    the 311 charges that go nowhere, that's not being disclosed?
2            MS. SAINT-FORT:  That's correct.
3            THE COURT:  Okay.
4            The anonymous emails to CCRB or to elsewhere saying, I
5    don't like this police officer or this firefighter, they're not
6    being disclosed, it's something that makes its way to charges
7    and specifications that get to the CCRB or to internal affairs?
8            MS. SAINT-FORT:  Well, as to NYPD.
9            THE COURT:  Yes, of course.
10           MS. SAINT-FORT:  Yes, but it's different from CCRB and
11   NYPD.
12           THE COURT:  Okay.  Thank you.  I really appreciate the
13   clarification.
14           So, for the NYPD, the charges and specifications that
15   have been adjudicated by whom?
16           MS. SAINT-FORT:  That have been adjudicated by the
17   NYPD, by their internal --
18           THE COURT:  Thank you.  And that, I now understand.
19           With respect to CCRB, please?
20           MS. SAINT-FORT:  So, as I mentioned earlier, CCRB has
21   released the complaints, the officer history that includes
22   complaints against the officer, the category of complaints --
23   as well as the category of complaints.
24           THE COURT:  Okay.  Thank you.
25           With respect to the fire department?

1    MS. SAINT-FORT: The fire department does not have any
2  intentions, as I'm aware, of releasing any information beyond
3  what is already in the OATH determinations that have been
4  public for years, as I explained earlier.
5    THE COURT: Thank you.
6    Correction officers, please?
7    MS. SAINT-FORT: The Department of Corrections intends
8  to create a website where they can release only substantiated
9  determinations against its officers. So, that will not include
10 any open investigations, no unsubstantiated allegations, and no
11 unfounded allegations.
12   THE COURT: Thank you. I appreciate that.
13   That's been very helpful for me, but I hope, as well,
14 it's helpful for Mr. Coles because I think he understands
15 better what is worth fighting over and what is not.
16   MR. COLES: Your Honor, I don't mean to -- there's a
17 lack of clarity on what she said that I would just think it
18 would be useful for all of us to understand.
19   THE COURT: All right. And perhaps I wasn't asking
20 the right questions, but let me understand what you need
21 clarification of, please.
22   MR. COLES: Okay. It's when defendants' counsel said
23 adjudication of charges and specifications, I take it what she
24 means is final adjudication and determination by the police
25 commissioner, so you have a final ruling on that particular