

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Anthony Paul Coles
T  (212) 335-4844
E  anthony.coles@us.dlapiper.com

August 11, 2020

*VIA ECF*

Hon. Katherine Polk Failla
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

*Re*:   *Uniformed Fire Officers Association, et al. v. Bill de Blasio, et al.*
        **No. 20-cv-05441 (KPF) (RWL)**

Dear Judge Failla:

      I write in regard to a significant deficiency in Defendants' document production that is impairing Plaintiffs' ability to prepare for the preliminary injunction hearing next week.  The discovery deadline has now passed and Defendants have failed to properly respond to Request No. 2.  Request No. 2 seeks "[a]ll documents, *including but not limited to* communications with NYCLU, concerning the release of Disciplinary Records by the CCRB, *or any of the Defendants*, for the period June 12, 2020 to the present."  (Pls.' First Request for Production of Documents at 4 (July 24, 2020) (attached as Exhibit A) (emphasis added).)  Defendants limited their collection and production in response to Request No. 2—which request they never sought to clarify and did not raise with the Court—by construing that request "as seeking communications between NYCLU and CCRB regarding the release of disciplinary records." Defendants did not advise Plaintiffs of this until there were two days left in the discovery period. (Defs.' Resp. & Obj. to Pls.' Doc. Requests at 4 (Aug. 5, 2020).)  Defendants' production did not contain any communications from NYPD, FDNY, or DOC regarding the potential release of disciplinary records, nor did it contain CCRB documents other than those that relate to NYCLU.  After yesterday's meet and confer, it is clear the parties are at an impasse.

      This is obviously not a reasonable construction of the request.  It ignores the use of "including but not limited to," which serves to highlight that "communications with NYCLU" is but one example of potentially responsive material.  It also ignores the use of "or any of the Defendants," which requires search and collection from each organizational defendant, not just CCRB.  And it renders Request No. 2 completely duplicative of Request No. 3, which seeks "[f]or the period July 7, 2020 to the present, all documents and communications between CCRB and NYCLU, and any internal City communications, concerning the release to NYCLU of Disciplinary Records," except as to a roughly three-week difference in the relevant time period.

      Defendants' limited production is indefensible, particularly in light of their failure to raise any concerns with the Court about scope.  At the July 28 hearing, Ms. Saint-Fort stated that the



Hon. Katherine Polk Failla
August 11, 2020
Page 2

City "ha[s] objections, but [is] providing responsive information" for Request No. 2.  (7/28/2020 Hr'g Tr. 34:10-18.)  Defendants' July 25 letter to the Court also failed to raise any specific objection or proposed limitation; it simply stated that "Defendants agree to provide relevant, responsive and nonprivileged documents."  (ECF No. 24 at 3.)  This is in stark contrast to Request No. 4, where the City proposed specific modifications to the request and the Court endorsed those modifications.  (*See* ECF No. 24 at 3; 7/28/2020 Hr'g Tr. 40:23-25 ("THE COURT: … On request No. 4, I am accepting for now the defendants' proposed modification of that response.").)

Defendants' production should include documents from each agency, not just CCRB, regarding the actual or potential release of Disciplinary Records, and CCRB files should not be limited to emails concerning NYCLU.  Internal discussions about the potential release of disciplinary records are directly relevant to Plaintiffs' motion for a preliminary injunction.

Plaintiffs respectfully request that the Court order Defendants to produce all documents, including but not limited to communications with NYCLU, concerning the release of Disciplinary Records by the CCRB, or any of the Defendants, for the period June 12, 2020 to the present, no later than 12:00 p.m. on Friday, August 14.  To the extent responsive documents contain privileged information, a privilege log should be provided contemporaneously with the production, and the log should include sufficiently specific information about each document to allow Plaintiffs to assess the claim of privilege.

    Sincerely,

    */s/ Anthony P. Coles*

    Tony Coles