# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Uniformed Fire Officers Association; Uniformed Firefighters Association of Greater New York; Correction Officers' Benevolent Association of the City of New York; Police Benevolent Association of the City of New York, Inc.; Sergeants' Benevolent Association; Lieutenants' Benevolent Association; Captains' Endowment Association; and Detectives' Endowment Association,<br><br>    Plaintiffs,<br><br> v.<br><br>Bill de Blasio, in his official capacity as Mayor of the City of New York; the City of New York; Fire Department of the City of New York; Daniel A. Nigro, in his official capacity as the Commissioner of the Fire Department of the City of New York; New York City Department of Correction; Cynthia Brann, in her official capacity as the Commissioner of the New York City Department of Correction; Dermot F. Shea, in his official capacity as the Commissioner of the New York City Police Department; the New York City Police Department; Frederick Davie, in his official capacity as the Chair of the Civilian Complaint Review Board; and the Civilian Complaint Review Board,<br><br>    Defendants. | No. 1:20-CV-05441 (KPF) (RWL) |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Please take notice that, in accordance with the July 22 order of Court authorizing Plaintiffs to take expedited discovery in advance of the hearing on their motion for a preliminary injunction, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Civil Rules 26.2, 26.3, and 26.4 of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York, Plaintiffs Uniformed Fire Officers Association,

1

Uniformed Firefighters Association of Greater New York, Correction Officers' Benevolent Association of the City of New York, Inc., Police Benevolent Association of the City of New York, Inc., Sergeants Benevolent Association, Lieutenants Benevolent Association, Captains Endowment Association, and Detectives' Endowment Association (collectively, "Plaintiffs" or the "Unions"), by and through their undersigned attorneys, hereby request that Defendants Bill de Blasio, the City of New York, the Fire Department of the City of New York, Daniel A. Nigro, the New York City Department of Correction, Cynthia Brann, Dermot F. Shea, the New York City Police Department, Frederick Davie, and the Civilian Complaint Review Board (collectively, "Defendants") produce and make available for inspection and copying by or on behalf of Plaintiffs each of the following documents, or categories of documents, in Defendants' possession, custody, or control, at the offices of Plaintiffs' counsel, DLA Piper LLP (US), 1251 Avenue of the Americas, 27th Floor, New York, NY 10020 (Attn: Anthony Coles, Esq.), no later than July 30, 2020.

## INSTRUCTIONS AND DEFINITIONS

1. Unless otherwise indicated in a specific Request, the time period covered by these requests encompasses the period from January 1, 2016 to the present, unless a shorter period is noted.

2. Documents stored electronically shall be produced in their native form, including all metadata.

3. "Allegations" means allegations and complaints lodged with the City against firefighters, corrections officers, and police officers.

4. "CCRB" means the Civilian Complaint Review Board of the City of New York.

5. The "City" means the City of New York and all agencies and subdivisions thereof, the Fire Department of the City of New York, the New York City Department of

Correction, the New York Police Department, the Civilian Complaint Review Board, and those acting in concert with them.

6. "Disciplinary Records" means any records or compilations of information contained in records maintained or created by the City that set forth one or more allegations or findings of misconduct by firefighters, corrections officers, and police officers, including but not limited to complaints, investigative reports and findings, charges, specifications, dispositions, reports and recommendations, and settlement agreements predating June 12, 2020, between police officers and the NYPD that relate to the settlement of one or more allegations of misconduct or disciplinary charges against the police officer.

7. "FOIL" means the Freedom of Information Law.

8. "NYCLU" means the New York Civil Liberties Union.

9. "NYPD" means the New York Police Department.

10. "Unsubstantiated or Non-Final Allegations" means allegations that are classified as non-final, unsubstantiated, unfounded, or exonerated, or that resulted in a finding of not guilty, or the equivalent of one of these classifications.

11. The definitions and instructions contained in Rule 26 of the Local Rules of the Southern District are incorporated as if fully set forth herein.

12. Each Defendant is under a continuing duty to promptly amend and/or update its responses to these requests and to produce additional documents or information if it learns that any response is in some material respect incomplete or incorrect.

## DOCUMENTS REQUESTED

**REQUEST NO. 1.**   All Disciplinary Records publicly released by the CCRB, whether by FOIL or otherwise, for the period June 12, 2020 to the present.

**REQUEST NO. 2.**    All documents, including but not limited to communications with NYCLU, concerning the release of Disciplinary Records by the CCRB, or any of the Defendants, for the period June 12, 2020 to the present.

**REQUEST NO. 3.**    For the period July 7, 2020 to the present, all documents and communications between CCRB and NYCLU, and any internal City communications, concerning the release to NYCLU of Disciplinary Records.

**REQUEST NO. 4.**    All documents concerning the release to the public of Disciplinary Records by the City, including but not limited to documents concerning the format, manner of release, scope, or type of the Disciplinary Records to be released, for the period June 12, 2020 to the present.

**REQUEST NO. 5.**    All documents and communications relating to the denial, in whole or in part, of a public records request for Disciplinary Records on grounds other than the application of New York Civil Rights Law § 50-a, such as where disclosure of the requested records would constitute an unwarranted invasion of privacy or pose a risk to the safety of any person, such as, for example, those referenced in *Hughes Hubbard & Reed LLP v. Civilian Complaint Review Board*, 53 Misc. 3d 947, 950 (Sup. Ct., Kings Cnty. 2016), and *Luongo v. Records Access Officer*, 150 A.D.3d 13, 16 (1st Dep't 2017), for the period January 1, 2016 to the present.

**REQUEST NO. 6.**    All documents and communications concerning or reflecting (a) the release to the public of Unsubstantiated or Non-Final Allegations against employees of the City other than law enforcement officers, or (b) the denial, in whole or in part, of a public records request encompassing Unsubstantiated or Non-Final Allegations against City employees other than law enforcement officers on the ground that disclosure of the requested records would

4

constitute an unwarranted invasion of privacy, or pose a risk to the safety to any person, for the period January 1, 2016 to the present.

**REQUEST NO. 7.** All documents concerning protocols, policies, or other guidance developed by the Defendants relating to the privacy of personnel records of City employees.

**REQUEST NO. 8.** All documents explaining or defining the terminology used by the City to describe the status of Allegations made against any firefighter, corrections officer, or police officers or explaining or defining the standards of proof applied to Allegations. This includes, for example, the terms used in the Law Department's July 17, 2020 Letter to the Court at page 3.

**REQUEST NO. 9.** All Unsubstantiated or Non-Final Allegations made against police officers that are currently tracked or maintained by the NYPD, for the period January 1, 2016 to the present.

**REQUEST NO. 10.** All Unsubstantiated or Non-Final Allegations made against police officers that are currently tracked or maintained by the CCRB, for the period January 1, 2016 to the present.

Dated: July 24, 2020  **DLA PIPER LLP (US)**
      New York, New York

By: _/s/ Anthony P. Coles_
Anthony P. Coles
Michael R. Hepworth
1251 6th Avenue
New York, NY 10020
Telephone: (212) 335-4844
Facsimile: (212) 884-8644
Email: anthony.coles@dlapiper.com
Email: michael.hepworth@dlapiper.com

          Courtney G. Saleski
            (*pro hac vice* to be filed)
          1650 Market Street, Suite 5000
          Philadelphia, PA 19103-7300
          Telephone: (215) 656-2431
          Facsimile: (215) 606-2046
          Email: courtney.saleski@dlapiper.com

          *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Anthony P. Coles, hereby certify that, on this 24th day of July, 2020, the foregoing document was served via email on the following counsel of record:

Rebecca G. Quinn
Assistant Corporation Counsel
Corporation Counsel of the City of New York
100 Church Street, 2nd Floor
New York, NY 10007
(212) 356-4382
rquinn@law.nyc.gov

Dominique F. Saint-Fort
Assistant Corporation Counsel
Corporation Counsel of the City of New York
100 Church Street, 2nd Floor
New York, NY 10007
(212) 356-4328
dosaint@law.nyc.gov

*Attorneys for Defendants*

*/s/ Anthony P. Coles*
Anthony P. Coles

*Attorney for Plaintiffs*