

**The City of New York**
<table>
<tr><td><strong>JAMES E. JOHNSON</strong><br><em>Corporation Counsel</em></td><td><strong>LAW DEPARTMENT</strong><br>LABOR & EMPLOYMENT LAW<br>DIVISION<br>100 Church Street, 2nd Floor<br>NEW YORK, NEW YORK 10007</td><td><strong>Rebecca G. Quinn</strong><br>Phone: (212) 356-4382<br>Fax: (212) 356-2439<br>Email: rquinn@law.nyc.gov</td></tr>
</table>

August 11, 2020

<u>BY ECF</u>
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re: <u>Uniformed Fire Officers Association, et al. v. Bill DeBlasio, et al.</u>
       20-cv-05441 (KPF) (RWL)

Dear Judge Failla:

   We write to provide the Court with additional information in connection with Plaintiffs' letter motion for discovery filed on August 11, 2020, Dkt. No. 90, and to respectfully request that the Court reconsider its order granting Plaintiff's motion as to document request number 2. ("Request 2").

   Plaintiffs seek additional records in response to Request 2. Discovery closed on August 7, 2020. Plaintiffs had Defendants' response to Request 2 since August 5, 2020. Plaintiffs also were made aware of Defendants' understanding of the meaning of Request 2 during the July 28, 2020 conference. Despite this timeline, Plaintiffs failed to raise their concern with Defendants until August 10, 2020, following the close of discovery.

   Request 2 is as follows: "All documents, including but not limited to communications with NYCLU, concerning the release of Disciplinary Records by the CCRB, or any of the Defendants, for the period June 12, 2020 to the present."

   Defendant responded to this request on August 5, 2020 as follows: "Defendants object to Document Request No. 2 on the ground that it is overly broad with respect to the scope of documents sought. Consistent with and without waiving the aforementioned general and specific

objections, and construing this request as seeking communications between NYCLU and CCRB regarding the release of disciplinary records following the repeal of Civil Rights Law §50-a on June 12, 2020, Defendants are still conducting a search for and will supplement their response with responsive information by August 7, 2020."

Defendants supplemented their response on August 7, 2020 as follows: "Defendants object to Document Request No. 2 on the ground that it is overly broad with respect to the scope of documents sought.  Consistent with and without waiving the aforementioned general and specific objections, and construing this request as seeking communications between NYCLU and CCRB regarding the release of disciplinary records following the repeal of Civil Rights Law §50-a on June 12, 2020, Defendants supplement their response by referring Plaintiffs to the documents produced herewith bearing Bates Stamp Nos. DEF_UFOA_E_000064-DEF_UFOA_000080."


Plaintiffs requested a meet and confer on August 10, 2020, five days after Defendants' initial response to Request 2, and 12 days after the July 28, 2020 conference where Defendants indicated that their interpretation of Request 2 was far narrower that what Plaintiffs now claim. *See* July 28, 2020 hearing transcript, pp. 34:23-35:7. During the meet and confer, Defendants became aware for the first time that Plaintiffs believed this request sought a broader production of documents.  During that meet and confer conversation, Plaintiffs conceded that Request 2 was not a model of clarity, but nonetheless argued that Defendants' interpretation as noted at the July 28, 2020 conference and in their response to Request 2 was unreasonable.

Defendants note that Request 2, read as Plaintiffs argue it should be, renders it duplicative of document request 4 ("Request 4") in that it seeks the same documents[1]. Under Plaintiffs reading of Request 2, both Requests 2 and 4 seek "all documents….concerning" the release of disciplinary records.  Defendants objected to Request 4 as being disproportional to the needs of Plaintiffs' motion for a preliminary injunction, especially given the burden of producing responsive documents before August 7, 2020. *See* Tr., at p. 35:8-36:4; 40:2-18. The Court accepted Defendants' objections and their proposed construction of producing a document disclosing the format, manner of release, and type of Disciplinary Records to be released as of July 15, 2020, the date the stay in state court was entered, in a form that discloses the planned disclosure as it existed at that time. *See* Tr., at p. 40:23-41:3.  Had Defendants interpreted Request 2 as broadly as Plaintiffs, they would have raised their objections to Request 2 at the conference on July 28, 2020, since it seeks the same documents as Request 4 and thus carries the same burden.  That burden has since enhanced, given that only four days remain before briefing on Plaintiffs' application for a preliminary injunction are due. It would be impossible for Defendants to identify custodians, of which there are several dozen, within each agency, collect the data, review for responsiveness and prepare to produce the documents by August 14, 2020.

In response to Request 4, Defendants produced declarations regarding the plans, as of July 15, 2020, of NYPD, FDNY, CCRB, and DOC to publish disciplinary records. As

---

[1] Request 4 seeks: "All documents concerning the release to the public of Disciplinary Records by the City, including but not limited to documents concerning the format, manner of release, scope, or type of the Disciplinary Records to be released, for the period June 12, 2020 to the present."

raised at the conference on July 28, 2020, and as recognized by the Court, any additional communications on this topic would be unnecessary to support Plaintiffs' argument that they would suffer irreparable harm in the absence of a preliminary injunction or that they are likely to succeed on the merits, given Defendants' offer to produce, and subsequent production of declarations addressing the Defendants' plans to release disciplinary records. *See* Tr., at p. 37:16-38:10. Plaintiffs offer no argument that such communications would be necessary, other than stating that they are necessary, without more. For the reasons that the Court expressed in denying Plaintiffs' Request 4 and granting Defendants construction of Request 4, we urge the Court to similarly deny Plaintiffs' interpretation of Request 2.

Defendants request that the Court reconsider its order granting Plaintiffs' letter motion for discovery and upon reconsideration, deny the motion.

Respectfully submitted,

/s/
Rebecca G. Quinn
Assistant Corporation Counsel

/s/
Dominique Saint-Fort
Assistant Corporation Counsel

cc:   Anthony Coles (by ECF)
      DLA Piper
      *Attorney for Plaintiffs*