**MEMO ENDORSED**

Katherine Polk Failla
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Uniformed Fire Officers Association et al v. DeBlasio et al,*
               *No. 20-cv-5441 (KPF) (S.D.N.Y.)*

Wednesday, August 12, 2020

Dear Judge Failla,

This is Towaki Komatsu. Docket number 65 in the case referenced above confirms that I filed a

letter motion dated 7/31/20 in it on 8/3/20 for authorization for permissive intervention in it or to

appear as an amicus curiae in it. In the 9 days since that submission was processed, there has

been no response from your side in regards to that.  By contrast, docket 64 in that case confirms

that you responded to an application that was submitted in it on 7/29/20 on behalf of a group that

sought to also intervene in it. The fact that you responded to that application within 2 days after

it was filed in that case, but haven't responded to my application to intervene in it is a clear

violation of my Fourteenth Amendment due process and equal protection rights as well as my

First Amendment right of access to the courts that you need to immediately rectify.


I'm also aware that docket number 102 in that case confirms that another group submitted an

application to appear as an amicus curiae in that case following my 8/3/20 letter motion in this

case. In the event that you issue a determination in response to that group's application before

you issue a determination in response to my 8/3/20 submission, that will further violate my

Fourteenth Amendment and First Amendment rights while also serving as sufficient grounds for

a sign to be removed from the first floor of the Thurgood Marshall federal courthouse that shows

the Bill of Rights on it.

From,

Towaki Komatsu

s_/Towaki Komatsu

802 Fairmount Pl., Apt. 4B
Bronx, NY  10460

Tel: 347-872-1205
E-mail: Towaki_Komatsu@yahoo.com

*A copy of this Order was mailed by Chambers to:*

Towaki Komatsu
802 Fairmont Pl., Apt 4B
Bronx, NY 10460

The Court is in receipt of the above letter from proposed intervenor-Towaki
Komatsu.  (Dkt. #106).  Mr. Komatsu filed a letter motion, which was received
by the Court on August 3, 2020, seeking permissive intervention in this
lawsuit, or in the alternative to appear as amicus.  (Dkt. #65).  The Court's
failure to respond to Mr. Komatsu's motion after 10 days violates neither his
Fourteenth Amendment nor First Amendment rights.

Rule 24(b) of the Federal Rules of Civil Procedure allows a court to exercise
its discretion and permit intervention under certain circumstances.  It
provides in pertinent part that "[o]n timely motion, the court may permit
anyone to intervene who ... has a claim or defense that shares with the main
action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B); *Police
& Fire Ret. Sys. of City of Detroit* v. *IndyMac MBS, Inc.*, 721 F.3d 95, 103 n.7
(2d Cir. 2013).  In exercising its discretion, the court must consider
"whether the intervention will unduly delay or prejudice the adjudication of
the rights of the original parties, ... the nature and extent of the
intervenors' interests, the degree to which those interests are adequately
represented by other parties, and whether parties seeking intervention will
significantly contribute to full development of the underlying factual issues
in the suit and to the just and equitable adjudication of the legal questions
presented."  *Citizens Against Casino Gambling in Erie Cty.* v. *Hogen*, 417 F.
App'x 49, 50 (2d Cir. 2011) (summary order) (quoting *H.L. Hayden Co. of N.Y.,
Inc.* v. *Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986)).  Permissive
intervention is wholly within the court's discretion.  *See St. John's Univ.,
N.Y.* v. *Bolton*, 450 F. App'x 81, 84 (2d Cir. 2011) (summary order) ("A
district court has broad discretion under Rule 24(b) to determine whether to
permit intervention[.]").

Mr. Komatsu claims he has a right to intervene because: (i) he experienced a
retaliatory criminal prosecution for defending himself against members of
the NYPD; (ii) he provided testimony before the City Council against the
CCRB and NYPD, which was recorded; and (iii) his Constitutional rights were
violated when he attended a proceeding at City Hall on March 18, 2019.  (See
Dkt. #65).  Mr. Komatsu does not meet the requirements for intervention as
of right under Rule 24(a) because he fails to show that he has a legally
cognizable interest in the subject matter of the pending action.  The
pending action is specifically about the personnel records of law
enforcement personnel, including police officers, which have become
accessible to the public by virtue of the repeal of New York Civil Rights
Law § 50-a.  Mr. Komatsu's motion does not present any common question of
law or fact with the above captioned action, the Court declines to exercise
its discretion to permit intervention under Rule 24(b).

To the extent that Mr. Komatsu would like to file an amicus brief on the
timeline set out by the Court for the parties, due **August 14, 2020,** he may
do so.

SO ORDERED.

Dated:  August 13, 2020
        New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE