Katherine Polk Failla
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    <u>Uniformed Fire Officers Association et al v. De Blasio et al,
                 No. 20-cv-5441 (KPF) (S.D.N.Y.)</u>

Friday, August 14, 2020

Judge Failla,

This letter is in response to the memo endorsement that you issued yesterday in the case referenced above that corresponds to docket number 108. Procedural due process requires judges to comply with the rights pursuant to the First Amendment and Fourteenth Amendment that people have to be heard by them in an orderly manner in the absence of compelling and valid reasons not to do so. In your memo endorsement, you stated the following irrelevant remark:

> The Court's failure to respond to Mr. Komatsu's motion after 10 days violates neither his Fourteenth Amendment nor First Amendment rights.

On 8/12/20, I submitted a letter motion in this case that was addressed to you in which I clearly objected about the fact that you were violating my procedural due process right by responding to applications that were submitted in it by groups that sought to intervene in it or otherwise appear as an amicus curiae in it **after** I had already submitting an application to intervene in it or otherwise appear as an amicus curiae in it. The fact that you responded to those subsequent applications prior to addressing my application indisputably violated my procedural due process rights. My objection about that wasn't about the length of time that you took to respond to my application. In this respect, it's analogous to any situation in which people wait in an orderly and lawful manner in line with others to receive a service or product and are dealt with in the order in

which they have waited in line. It's really that simple and straightforward.

You also materially mischaracterized the grounds that I presented for seeking to intervene in this case in your memo endorsement yesterday. Contrary to your remarks, the following is entirely true and accurate about my grounds for seeking to be granted intervention as of right pursuant to FRCP Rule 24(a)(2) or permissive intervention pursuant to FRCP Rule 24(b)(1)(B):

1. Both the parties in this case and I have records that the New York City Civilian Complaint Review Board ("CCRB") prepared that correspond to complaints that were reported to the CCRB against members of the NYPD that were determined to be unsubstantiated by the CCRB that doesn't necessarily mean that the members of the NYPD that those complaints concern aren't guilty of the acts and/or omissions that were reported against them to the CCRB.

2. Records that I received about NYPD Officers Saquoi Harris (badge #: 2350) and Steven Perez (badge # 23485) who are both assigned to the NYPD's 48th Precinct were prepared by the CCRB in response to valid complaints that I reported to the CCRB about illegal acts that they committed against me on 12/26/17 as I conducted myself in an entirely lawful manner in a public passageway and on a public sidewalk that are traditional public forums just 12 days after I was the last person to testify against the NYPD on 12/14/17 in the Committee Room inside of New York City Hall to Corey Johnson and Vanessa Gibson of the New York City Council during a public hearing that was conducted by the New York City Council's Committee on Public Safety that was recorded on video.

3. The records that I received about NYPD Officers Saquoi Harris and Steven Perez that the CCRB prepared were provided to me in response to an entirely fraudulent, frivolous, and

retaliatory prosecution that was commenced against me on 12/26/17 before I prevailed in it on 1/23/20 by virtue of its belated dismissal. Those CCRB records are comprised of valid claims that the CCRB both substantiated and didn't substantiate against NYPD Officers Saquoi Harris and Steven Perez that were reported against them by me and others on and after 12/26/17.

4. The records that I received about NYPD Officers Saquoi Harris and Steven Perez that the CCRB prepared that I received in response to the prosecution to which I just referred were provided to me without a protective order in place at the time that they were provided to me. Also, information that would have otherwise been confidential about NYPD Officers Saquoi Harris and Steven Perez appeared in the records that were provided to me.

5. It was only after realizing that I was lawfully exercising my First Amendment right to publicly share the CCRB records about NYPD Officers Saquoi Harris and Steven Perez that I received without a protective order in place for them and contained information about them that would have otherwise been confidential that a lawyer for the New York City Police Benevolent Association ("PBA") begged Bronx Criminal Court Judge Jeffery Zimmerman who Bill de Blasio appointed as a judge to promptly issue a patently illegal retroactive protective order partly for the CCRB records that I obtained in that case that would prohibit me from continuing to publicly share that information outside of litigation.

6. The repeal of New York Civil Rights Law § 50-a effectively caused the illegal retroactive protective order that Judge Zimmerman issued in the frivolous and retaliatory case against me to which I just referred to be void and unenforceable as a matter of law. The fact that members of the U.S. Marshals Service ("USMS") and federal court security officers ("CSOs") who are assigned to the federal courts in Manhattan continued to illegally display

an image of my face on a tablet computer in the Thurgood Marshall federal courthouse in a manner that was easily viewable by members of the public after 1/23/20 also equitably voided Judge Zimmerman's protective order in that case because that case was sealed on 1/23/20 by Bronx Criminal Court Judge Tara Collins and the image that was shown on that tablet computer was from the NYPD as a result of my having been illegally arrested by the NYPD on 12/26/17. In other words, the USMS and CSOs flagrantly violated Judge Collins' 1/23/20 sealing order in that case and that circumstance caused Judge Zimmerman's protective order in that case to be equally enforceable and void pursuant to the Fourteenth Amendment's prohibition against selective-enforcement.

The preceding facts sufficiently confirm that I have a legal right to intervene in *Uniformed Fire Officers Association et al v. De Blasio et al,* No. 20-cv-5441 (KPF) (S.D.N.Y.) pursuant to FRCP Rules 24(a)(2) because I clearly **a)** have an interest relating to the property and transactions that are the subject of this case and **b)** am so situated that the disposition of this case may as a practical matter impair or impede my ability to protect my interests.

The preceding facts also sufficiently confirm that I have a legal right to intervene in *Uniformed Fire Officers Association et al v. De Blasio et al,* No. 20-cv-5441 (KPF) (S.D.N.Y.) pursuant to FRCP Rules 24(b)(1)(B) because I clearly **a)** have a claim that shares with this case a common question of law or fact.

Furthermore, with respect to the following remarks that you stated in the memo endorsement that you issued yesterday in this case, I haven't been apprised of any timeline that you set for filing amicus briefs in this case and those remarks suggest that you have limited the time that I have to

file an amicus brief in this case to less than one day on account of the fact that I just learned about the memo endorsement that you issued yesterday in this case today:

> "To the extent that Mr. Komatsu would like to file an amicus brief on the timeline set out by the Court for the parties, due August 14, 2020, he may do so."

For this reason, I seek for you to comply with the U.S. Supreme Court's controlling findings about what due process requires that it issued in <u>Goldberg v. Kelly</u>, 397 U.S. 254, 90 S. Ct. 1011, <u>25 L. Ed. 2d 287 (1970)</u> as it confirmed that people have a right to be heard at a meaningful time in a meaningful way that is tailored to their circumstances and capacity to be heard. In other words, since I don't have a Pacer account, I am requesting that you arrange for me to be mailed or e-mailed a copy of the timeline that you issued for having amicus briefs filed in this case and to be accorded the exact same length of time thereafter as other amici groups in this case to prepare and submit an amicus brief in it while waiting for you to reverse your decision to not grant me intervention as of right and by permission in this case.

From,

Towaki Komatsu

s_/Towaki Komatsu

802 Fairmount Pl., Apt. 4B
Bronx, NY  10460

Tel: 347-872-1205
E-mail: Towaki_Komatsu@yahoo.com