# EXHIBIT E

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | HON. ARTHUR F. ENGORON | PART | IAS MOTION 37EFM |
| | Justice | | |

-----------------------------------------X

PATROLMEN'S BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, INC.,

              Petitioner,

- v -

BILL DE BLASIO, CITY OF NEW YORK, JAMES O'NEILL, NEW YORK CITY POLICE DEPARTMENT,

              Respondents,

- and -

THE LEGAL AID SOCIETY,

              Intervenor-Respondent.

| | |
|---|---|
| INDEX NO. | 153231/2018 |
| MOTION DATE | 06/05/2018 |
| MOTION SEQ. NO. | 001 |

**DECISION AND ORDER**

-----------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 9, 10, 11, 12, 13, 14, 15, 16, 17, 27, 28, 29, 30, 31, 32, 33, 34, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 55, 56, 57, 58, 59, 60
were read on this motion for               INJUNCTION/RESTRAINING ORDER

Upon the foregoing documents, petition to enjoin permanently respondents from releasing disciplinary record summaries is granted.

Background

Petitioner, the Patrolmen's Benevolent Association of the City of New York, Inc. (hereinafter, "the PBA"), commenced this action to restrain respondents, Bill De Blasio, the City of New York, James O'Neill, and the New York City Police Department (collectively hereinafter, "the City"), from releasing or otherwise making publicly available summaries of confidential police officer disciplinary records.

In March of 2018, the City advised the PBA that it intended to begin publishing selective information about the outcome of disciplinary trials of New York City Police Department ("NYPD") officers. To that end, and to apprise the PBA in advance of the types of content to be issued, the City provided the PBA with a sample of an intended publication, to be released under the name "Trial Decision Compendium" (hereinafter, "the Compendium"). On March 27, 2018, the City announced that it intended to begin publishing the Compendium.

The PBA filed the instant petition on April 9, 2018. Following commencement of this special proceeding, the Legal Aid Society (hereinafter, "Legal Aid") filed a motion to intervene, which

153231/2018   PATROLMEN'S BENEVOLENT vs. DE BLASIO, BILL
Motion No. 001

Page 1 of 3

7 of 12

the Court granted on June 5, 2018. The PBA argues that courts must prohibit publication of the Compendium because Civil Rights Law § 50-a ("CRL § 50-a") precludes the disclosure of an individual's confidential records. The PBA further argues that regardless of the title and origin of the documents that are ultimately published, the Compendium will contain information derived from confidential personnel records, thus violating CRL § 50-a.

The City asserts that the Compendium will consist of short, non-identifiable summaries of the outcomes of disciplinary trials of NYPD officers. The City further asserts that it would omit any information that would allow the public to identify the subject individual police officers. The City posits that because the Compendium itself is not a personnel record, nor is it used to evaluate any officer's performance, publication of the Compendium would not violate CRL § 50-a.

Discussion

CRL § 50-a provides, as here relevant, as follows:

> All personnel records used to evaluate performance toward continued employment or promotion, under the control of any police agency or department of the state or any political subdivision thereof… shall be considered confidential and not subject to inspection or review without the express written consent of such police officer… except as may be mandated by lawful court order.

The Court of Appeals contemplated a similar issue in its recent decision in NYCLU v NYPD, 32 NY3d 556 (2018). In NYCLU, the New York Civil Liberties Union sought the disclosure of personnel records from the NYPD pursuant to the Freedom of Information Law, contending that compliance with CRL § 50-a is unnecessary if an officer's identifying information is adequately redacted. The NYPD, contrary to its position in the instant case, denied the request, asserting that such records were protected by CRL § 50-a. Ironically, many of the policy arguments advanced by NYCLU in the Court of Appeals are the same arguments advanced by the NYPD in this proceeding; NYCLU argued, *inter alia*, that public access to NYPD disciplinary decisions is critical to maintaining public confidence in the integrity of the Police Department. Before arriving at its holding, the Court of Appeals summarized its previous CRL § 50-a holdings, taking us through a comprehensive legal journey from Matter of Prisoners' Legal Services of NY v NYS Dept. of Correction, 73 NY2d 26 (1988), to Matter of Daily Gazette Co. v City of Schenectady, 93 NY2d 145 (1999), through Matter of Karlin v McMahon, 96 NY2d 842 (2001), ultimately holding that CRL § 50-a mandates confidentiality and supplies no authority to allow redacted disclosure.

The City and Legal Aid attempt to distinguish the NYCLU holding by arguing that the Compendium "summaries are not personnel records, like the police disciplinary decisions in NYCLU" as they would be "created from the outset without any information that would identify the officer, they are not 'personnel record[s] used to evaluate performance toward continued employment or promotion.'" City's Letter Brief dated February 14, 2019. Accordingly, they argue that whereas NYCLU states that redacted personnel records violate CRL § 50-a, the City's

153231/2018 PATROLMEN'S BENEVOLENT vs. DE BLASIO, BILL         Page 2 of 3
Motion No. 001

2 of 3
8 of 12

INDEX NO. 153231/2018
NYSCEF DOC. NO. 64
RECEIVED NYSCEF: 04/11/2019

INDEX NO. 153231/2018
NYSCEF DOC. NO. 61
RECEIVED NYSCEF: 03/12/2019

proposed Compendium would not. This Court finds that to be a distinction without a difference. As Justice Garcia stated about redacted records—"[t]he parties' proposal would, instead, enable an agency to circumvent the host of statutory protections belonging to covered officers by simply applying redactions that the agency, in its sole discretion, deems adequate." NYCLU at Section II, C. Similarly, the City's Compendium would allow a City agency to circumvent the protections afforded by CRL § 50-a by allowing an agency, in its sole discretion, to pick and choose pieces from the NYPD disciplinary proceedings that it deems publishable. Furthermore, this Court cannot dismiss out of hand the PBA's plausible concern that summarization will not prevent identification.

While this Court finds that transparency of police personnel records is a sensible public policy, the legislature was well-aware of these policy arguments when it enacted CRL § 50-a. NYCLU at Section II, C. Accordingly, as Justice Garcia stated, "[t]o the extent the dissent would prefer to revoke civil rights protections afforded to police officers...., or others, those arguments are properly directed to the legislature." Id.

## Conclusion

In the final analysis, this Court adheres to the belief it had when it issued its TRO and granted a preliminary injunction, both in favor of the PBA, that the City's proposed action simply and clearly flies in the face of the law. For the reasons set forth herein, PBA's petition for a permanent injunction is granted, and the Clerk is hereby directed to enter judgment permanently enjoining the City from releasing the proposed Compendium.

3/11/2019
DATE

ARTHUR F. ENGORON, J.S.C.

CHECK ONE:
[X] CASE DISPOSED
[X] GRANTED  [ ] DENIED
[ ] NON-FINAL DISPOSITION
[ ] GRANTED IN PART  [ ] OTHER

APPLICATION:
[ ] SETTLE ORDER
[ ] SUBMIT ORDER

CHECK IF APPROPRIATE:
[ ] INCLUDES TRANSFER/REASSIGN
[ ] FIDUCIARY APPOINTMENT  [ ] REFERENCE

153231/2018 PATROLMEN'S BENEVOLENT vs. DE BLASIO, BILL
Motion No. 001
Page 3 of 3

3 of 3

INDEX NO. 153231/2018
NYSCEF DOC. NO. 64  Case 1:20-cv-05441-KPF   Document 135-5   Filed 08/14/20   Page 5 of 5  RECEIVED NYSCEF: 04/11/2019

FILED: NEW YORK COUNTY CLERK 03/13/2019 12:44 PM
INDEX NO. 153231/2018
NYSCEF DOC. NO. 62
RECEIVED NYSCEF: 03/13/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| Patrolmen's Benevolent Association of the City of New York, Inc., <br><br> Petitioner, <br><br> -against- <br><br> Bill de Blasio in his official capacity as Mayor of the City of New York, City of New York, James P. O'Neill in his official capacity as Commissioner of the New York City Police Department, and New York City Police Department, <br><br> Respondents. | Index No.: 153231/2018 <br><br> Hon. Arthur F. Engoron <br><br> Mot. Seq. No. 1 <br><br> **Notice of Entry** |

PLEASE TAKE NOTICE that the attached is a true and correct copy of the Order in this action dated March 11, 2019 and entered in the Office of the County Clerk of the County of New York on March 12, 2019.

Dated: New York, New York
       March 13, 2019

| | |
|---|---|
| MICHAEL T. MURRAY <br> Office of the General Counsel of the Patrolmen's Benevolent Association of the City of New York, Inc. <br> 125 Broad Street <br> New York, New York 10004 <br><br> Of Counsel: <br> David W. Morris <br> Andrew J. Dempster | KASOWITZ BENSON TORRES LLP <br> By: __/s/ Michael J. Bowe__ <br>    Michael J. Bowe <br>    Alexander B. Simkin <br><br> 1633 Broadway <br> New York, New York 10019 <br> (212) 506-1700 <br><br> *Attorneys for Petitioner Police Benevolent Association of the City of New York, Inc.*[1] |

To: All Counsel of Record (via NYSCEF)

---

[1] Subsequent to the filing of this lawsuit, Petitioner changed its name to the Police Benevolent Association of the City of New York, Inc.