# EXHIBIT H



# COBA PRESIDENT ELIAS HUSAMUDEEN'S TESTIMONY ON POTENTIAL LEGISLATIVE CHANGES TO SECTION 50-A OF THE CIVIL RIGHTS LAW

October 17, 2019

Sen. Jamaal T. Bailey
Chairman
Senate Standing Committee on Codes
250 Broadway
New York, NY 10007

Good afternoon Chairman Bailey and members of this committee. My name is Elias Husamudeen and I am President of the Correction Officers' Benevolent Association (COBA), the second-largest law enforcement union in the City of New York. My members, also known as New York City's Boldest, oversee the second-largest municipal jail system in the United States.

I thank you for inviting me to come before you and to share with you the grave concerns we have concerning the potential changes or proposed repeal of Section 50-A.

In 1981, an amendment was made to Section 50-adding local Correction Officers to the protected class of law enforcement officers, which highlighted the fact that statutory protection should be expanded because of the increasing number of legal actions brought by inmates and ex inmates of correctional facilities which had been accompanied by an increase in the number of requests from attorneys representing them for unlimited access to personnel records of Corrections Officers. Corrections Officers are concerned that such unrestricted examinations of their personnel records increase their vulnerability to harassment or reprisals. To help alleviate this concern and to promote better relations between Corrections Officers and their governmental employers, this legislation imposed reasonable limitations on access to personnel records in the custody of a sheriff's office or county department of corrections.

Additionally, this amendment, declared that the described abuses of personnel information, which the amendment was designed to prevent included 'harassment or reprisals' against an officer or his/her family.

Currently, Correction Officers facing disciplinary hearings have their cases adjudicated by the Office of Administrative Trials and Hearings (OATH). And the rulings and recommendations of OATH judges concerning Correction Officers disciplinary matters are made public.

A couple years ago, COBA's attorneys filed a lawsuit in State Supreme Court arguing that Section 50-A of New York State's civil rights law, which makes law enforcement records confidential should be extended to records about corrections officers that are now published by the city's administrative court, OATH.

Today's increased social media climate, coupled with the rise in gang activity in our jails, necessitates taking this action to protect our officers, their families and their loved ones from potential retaliatory action.

Our position in this debate over the potential repeal of 50-A is somewhat unique. Not only are we calling for the personnel records of law enforcement officers to remain private, we're also calling for added protections for our members to prohibit OATH from publishing the disciplinary reports and recommendations made by Administrative Law Judges concerning our members. In short, Correction Officers should have the same protections as Police Officers concerning the privacy of their personnel records.

Our members are exposed to dangerous gangs every day-gangs that communicate from jail to other gang members on the street. Increasing the accessibility of our members personnel records not only jeopardizes the safety of our members, it also jeopardizes the safety of their families, which was raised as legitimate concern dating back to 1981.

Sadly, our culture today is consumed with punishing and demonizing law enforcement officers, including Correction Officers. Criminal Justice Activists have made us all the enemy. The reality is we are the last line of defense between public safety and lawlessness. The very fact that the legislature is even considering this misguided measure that serves only to appeal to the criminal justice activists at the expense of our lives and the lives of our families as well is indeed disheartening.

Perhaps whenever an inmate who served time or was accused of a violent crime re-enters our community, the State of New York should post an online database detailing the extensive rap sheet of that individual so neighborhoods, schools, and after school programs could be made aware of the potential threat. We do that now for sexual predators, but we don't do it for all criminals.

In closing, on behalf of my 10,000 members who put their lives on the line every day on behalf of this city and on behalf of their families, I strongly urge you not to repeal 50-A and in fact, expand its protections to better protect my members from the clear and present dangers they face on and off the job. It's about safety and security. That's the bottom line. With that, I'm happy to answer any questions you may have.