# EXHIBIT I

Testimony of Franklin H. Stone

Board Chair, New York State Committee on Open Government

Presented before:

The New York State Senate Standing Committee on Codes

Hearing on Section 50-a of the NY Civil Rights Law

Thursday, October 17, 2019

My name is Franklin Stone and I am the Board Chair of the NYS Committee on Open Government. I am also a former federal prosecutor in the SDNY and am a former Board Chair of the NYC Civilian Complaint Review Board.

The Committee on Open Government is a unit housed in the Department of State that oversees and advises the government, public, and news media on Freedom of Information, Open Meetings, and Personal Privacy Protection Laws. The Committee offers guidance in response to phone inquiries, prepares written legal advisory opinions, and provides training to government and other interested groups. Recommendations to improve open government laws are offered in an annual report to Governor and the State Legislature.

The Committee's last six Annual Reports have highlighted the damage caused by Section 50-a and have called for its revision or repeal. We thank Chairperson Jamaal T. Bailey, along with his co-sponsors, for advancing S.3695/A.2513. This bill would repeal of section 50-a of the Civil Rights law and help to address the lack of transparency in law enforcement departments across the state and to promote accountability for police misconduct.

**Background: Section 50-a was never intended to shield all records relating to police conduct**

Section 50-a of the Civil Rights Law permits police departments to refuse to disclose any police personnel records that are "used to evaluate performance toward continued employment or promotion."   A review of its legislative history indicates that § 50-a was enacted in 1976 with a narrow purpose—to prevent criminal defense lawyers from rifling through police personnel folders in search of unproven or irrelevant information to use in cross examination of police witnesses.

The problem is that over time this narrow exception was expanded by the courts to allow police departments to withhold from the public virtually any record that contains any information that could conceivably be used to evaluate the performance of a police officer. This has turned a narrow FOIL exception into a virtually impenetrable statutory bar to the disclosure of information about the conduct of law enforcement officers. Section 50-a is now being used to prevent meaningful public oversight of law enforcement agencies. Its repeal or revision is long overdue.

**Repeal of §50-a would not be injurious to the safety of law enforcement personnel.**

The Committee and I personally have only the utmost respect for those who function daily to serve and protect every New Yorker.  We recognize the need to ensure their safety and security.

But courts have long recognized that public employees should enjoy little privacy protection for things they do on the job. The effect of §50-a is to make the public employees who have often the greatest power over the lives of New York's residents the least accountable to the public.

FOIL provides all public employees, including law enforcement officers, with the protections necessary to guard against unwarranted invasions of privacy and from disclosures that could jeopardize their security or safety.  One of FOIL's express exceptions, §87(2)(b), authorizes an agency to withhold records where disclosure would constitute an unwarranted invasion of personal privacy. This provision has long been held to allow "unsubstantiated allegations" against an employee to be withheld. Section 87(2)(f), permits an agency to deny access when disclosure "could endanger the life or safety of any person" and Section 89(7) permits the home address of a present or former public employee to be withheld.  A performance evaluation may also be withheld pursuant to §87(2)(g), concerning "intra-agency materials," insofar as it includes the opinions of agency officials concerning a public employee's performance.

In addition, the courts are adequately equipped to protect against improper cross-examination and to determine when records regarding a police officer's behavior are admissible in a trial. Between FOIL's exceptions and the inherent power of the courts, there are ample protections for the rights of all public employees to feel safe.

New York is virtually unique among the states in its refusal to apply the same transparency to police and other uniformed services as applies to all other public employees.  The Committee'sA review of the 48 states without provisions like Section 50-a does not reveal any greater challenges to the privacy and safety of law enforcement personnel. Indeed, following the creation and release of a police misconduct database in Chicago that makes all police discipline records available online, the Chicago police union confirmed that there was "no increase in threats against officers or their families" as a result of the public police misconduct database. The concerns being voiced claims by law enforcement representatives in New York are quite simply is irrational fearmongering that is not supported by facts.

**The NYS Committee on Open Government is a resource available to you.**

The annual reports of the Committee on Open Government address Section 50-a and many other compelling issues relating to open government. These reports contain citations to numerous scholarly articles, news reports and editorials decrying the unjust impact of Section 50-a.

We thank the Committee for the opportunity to speak on this issue and hope you will view the Committee on Open Government as a resource as we continue to promote more open government in New York State.

Withholding information about conduct - and especially misconduct – by law enforcement officers defeats accountability, increases public skepticism and foments distrust. We strongly recommend legislative action.