# EXHIBIT O

# REQUEST FOR ARBITRATION

| OFFICE OF COLLECTIVE BARGAINING<br>100 GOLD STREET, SUITE 4800<br>NEW YORK, N.Y. 10038<br>MAILING ADDRESS: PECK SLIP STATION, P.O. BOX 1018<br>NEW YORK, NY 10038<br>PHONE: (212) 306-7160 FAX: (212) 306-7167 | Docket Number |
|---|---|
| | Date Filed |

**INSTRUCTIONS:** Consult the New York City Collective Bargaining Law, Chapter 3, Title 12 of the Administrative Code of the City of New York ("NYCCBL"), § 12-312, and the Rules of the Office of Collective Bargaining (Rules of the City of New York, Title 61, Chapter 1) ("OCB Rules"), § 1-06. File original with OCB and serve one copy on the designated agent for the other party.

☐ **CHECK BOX IF YOU HAVE REQUESTED EXPEDITED ARBITRATION IN QUESTION 6(c).**

## 1. NAME OF PUBLIC EMPLOYEE ORGANIZATION AND LOCAL

Name: Captains Endowment Association

Address: 40 Peck Slip, New York, New York 10038

Phone: (212) 791-8292    Email: ctmonahan@nypdcea.com

## 2. NAME OF PUBLIC EMPLOYER

Name: City of New York (including the CCRB)    New York City Police Department

Address: 22 Cortlandt Street, New York, NY10007    One Police Plaza, New York, NY 10038

Phone: (212) 306-7210    Email:

## 3. NATURE OF DISPUTE

**(a)** Name(s) of agency which employ the grievant(s):

New York City Police Department

**(b)** Name(s) of grievant(s):

Chris Monahan and all Captains, Deputy Inspectors, Inspectors, Deputy Chief, Police Surgeon, Surgeon and Surgeons detailed as Deputy Chief Surgeon and Chief Surgeon.

**(c)** A precise and concise statement of the grievance to be arbitrated:

SEE ATTACHED GRIEVANCE DATED JULY 13, 2020

**(d)** Specify the remedy sought: Cease and desist from releasing any information to the public regarding personal information, including, but not limited to, complaints of police misconduct that resulted in disciplinary charges, including complaints and charges which are pending as well as those that have been investigated and/or heard where the result was classified as "exonerated", "unsubstantiated", "unfounded" and "not guilty". Compensatory and/or punitive money damages for any records that have been released in violation of the asserted contract provision and/or rules and regulations of the City, NYPD including, but not limited to the CCRB. SEE ATTACHED GRIEVANCE FOR A MORE COMPLETE DESCRIPTION AND REMEDY SOUGHT.

## 4. If this request is made by a municipal employee organization, are the waivers required by NYCCBL § 12-312(d) and OCB Rule § 1-06(b)(1)(iii) included? (see attached)

☑ Yes    ☐ No

**5.   ATTACH THE FOLLOWING** (check appropriate boxes). Failure to provide documents may delay processing of request.

| | |
|---|---|
| ☑ The written grievance, if any | July 13, 2020 |
| ☐ The Step II decision, if issued | Date issued |
| ☑ The Step III decision, if issued | Date issued   July 16, 2020 |
| ☐ The contract provision and/or the rule or regulation alleged to have been violated   SEE ATTACHED GRIEVANCE | |

**6.  (a)**   Do the parties use a designated contract arbitrator?          ☐ Yes     ☑ No

If "yes" please identify:

**(b)**   Do the parties use a rotating panel of arbitrators?          ☐ Yes     ☑ No

**(c)**   Is this a request for expedited arbitration under the terms of the parties' agreement?          ☐ Yes     ☑ No

**STATEMENT REQUESTING ARBITRATION:** The undersigned hereby requests impartial arbitration of the unresolved grievance described above.  A request is made for the designation of an arbitrator or arbitration panel to hear and decide the dispute.

**7.   PERSON FILING REQUEST**

| | |
|---|---|
| Name: Harry Greenberg | Title:  Counsel to CEA |
| Address:  3000 Marcus Avenue, Suite 1W7, Lake Success, New York 11042 | |
| Phone: (516) 570-4343 | Email: hgreenberg@gbglawoffice.com |
| Signature | Date  8/3/20 |

# WAIVER

| | |
|---|---|
| **OFFICE OF COLLECTIVE BARGAINING**<br>100 GOLD STREET, SUITE 4800<br>NEW YORK, N.Y. 10038<br>MAILING ADDRESS: PECK SLIP STATION, P.O. BOX 1018<br>NEW YORK, NY 10038<br>PHONE: (212) 306-7160 FAX: (212) 306-7167 | **Docket Number**<br><br>**Date Filed** |

**INSTRUCTIONS:** Consult the New York City Collective Bargaining Law, Chapter 3, Title 12 of the Administrative Code of the City of New York ("NYCCBL"), § 12-312(d), (as amended June 28, 2012) and the Rules of the Office of Collective Bargaining (Rules of the City of New York, Title 61, Chapter 1) ("OCB Rules"), § 1-06(b). File original with OCB and serve one copy on the designated agent for the other party.

**NOTE:** A separate waiver must be filed for each individual grievant unless this is a group grievance, in which case the waiver may be filed by the authorized union representative only.

**Description of grievance sought to be arbitrated:**

SEE ATTACHED GRIEVANCE.

The undersigned employee organization and employee(s) aggrieved in this matter waive the right, if any, to submit the contractual dispute being alleged under a collective bargaining agreement to any other administrative or judicial tribunal except for the purpose of enforcing the arbitrator's award. This subdivision shall not be construed to limit the rights of any public employee or public employee organization to submit any statutory or other claims to the appropriate administrative or judicial tribunal.

Captains Endowment Association
<br>_____
<br>Union

Chris Monahan, et al.
<br>_____
<br>Grievant (print name)

President
<br>_____
<br>Title of Grievant

_____
<br>Grievant (Signature)

Harry Greenberg
<br>_____
<br>Representative (print name)

_____
<br>Representative (signature)

Date: 8/3/20

OCB-7 Revised 10/2018



**POLICE DEPARTMENT**
OFFICE OF LABOR RELATIONS
ONE POLICE PLAZA   ROOM 304
NEW YORK, NEW YORK 10038

OLR   2020-00157
IG    3655

July 16, 2020

Mr. Harry Greenberg
Greenberg Burzichelli Greenberg P.C.
3000 Marcus Avenue, Suite 1w7
Lake Success, New York 11042

Re:   **CEA Grievance re: Disclosure of Names, Records, and Other Information**

Dear Mr. Greenberg:

The Step III grievance submitted by the association is denied. There has been no violation, misinterpretation, or misapplication of the rules or procedures of this Department nor has there been any violation, misinterpretation, or misapplication of the current collective bargaining agreement. Under, Article XVIII Section 4 of the CBA, which states "grievances which affect substantial numbers of employees may be compressed by elimination of the fourth step of the grievance procedure," this grievance may be brought to arbitration within 20 days.

Sincerely yours,

John P. Beirne
Deputy Commissioner

/js

cc:   Christopher Monahan, CEA President

COURTESY  •  PROFESSIONALISM  •  RESPECT
**Website: http://nyc.gov/nypd**

Misc. 243-73 (04-03)

LAW OFFICES OF
# GREENBERG BURZICHELLI GREENBERG P.C.

HARRY GREENBERG
ROBERT J. BURZICHELLI *
SETH H. GREENBERG *

DANIEL DOESCHNER
SANDY JAINAUTH-BARONE *

*ALSO ADMITTED IN NEW JERSEY

3000 MARCUS AVENUE, SUITE 1W7
LAKE SUCCESS, NEW YORK 11042
PHONE: 516-570-4343
FAX: 516-570-4348
* * * * *
225 BROADWAY, SUITE 1515
NEW YORK, NEW YORK 10007
PHONE: 516-570-4343

WWW.GBGLAWOFFICE.COM
E-MAIL: FIRST INITIAL AND
LAST NAME@GBGLAWOFFICE.COM

July 30, 2020

Deputy Commissioner John Beirne
Chairman, Personnel Grievance Board
New York City Police Department
One Police Plaza, 7th Floor
New York, NY 10038
jbeirne@nypd.org

Re:   **Corrected CEA Grievance re: Disclosure of Names, Records and Other Information, dated July 13, 2020**

Dear Commissioner Beirne:

This office represents the Captains Endowment Association ("CEA").  This correspondence is to correct two typographical errors contained in our July 13, 2020 CEA Grievance re: Disclosure of Names, Records, and Other Information.

The errors are as follows:

1. Page 2, Paragraph 1 – the second line should read "violations of CEA…" (not violations of LBA)
2. Page 2, Paragraph 3 – the eighth line should read "knowledge and consent of affected CEA represented employees." (not LBA represented employees)

I apologize for any confusion these errors may have caused.  Thank you.

Very truly yours,

Harry Greenberg

cc:   Chris Monahan

LAW OFFICES OF

# GREENBERG BURZICHELLI GREENBERG P.C.

HARRY GREENBERG
ROBERT J. BURZICHELLI *
SETH H. GREENBERG *

DANIEL DOESCHNER
SANDY JAINAUTH-BARONE *+

*ALSO ADMITTED IN NEW JERSEY
+ ALSO ADMITTED IN PENNSYLVANIA

3000 MARCUS AVENUE, SUITE 1W7
LAKE SUCCESS, NEW YORK 11042
PHONE: 516-570-4343
FAX: 516-570-4348
* * * * *
225 BROADWAY, SUITE 1515
NEW YORK, NEW YORK 10007
PHONE: 516-570-4343

WWW.GBGLAWOFFICE.COM
E-MAIL: FIRST INITIAL AND
LAST NAME@GBGLAWOFFICE.COM

July 13, 2020

***VIA ELECTRONIC & FIRST CLASS MAIL***

Hon. Dermot Shea
Commissioner
New York City Police Department
One Police Plaza, 14th Floor
New York, New York 10038

Deputy Commissioner John Beirne
Chairman, Personnel Grievance Board
New York City Police Department
One Police Plaza, 7th Floor
New York, New York 10038
E-mail: jbeirne@nypd.org

Re:    **CEA Grievance re: Disclosure of Names, Records, and Other Information**

Dear Commissioners Shea and Beirne:

This office is counsel to the Captains' Endowment Association ("CEA"). Please consider this correspondence the filing of a group grievance on behalf of all affected CEA represented employees, pursuant to Article XVIII of the CEA's Collective Bargaining Agreement with the City of New York.[1]

On or about June 23, 2020, Police Department representatives informed representatives of the five uniformed unions that the Police Department was planning to release information to the public consisting of complaints of police misconduct that resulted in disciplinary charges, including complaints and charges which are pending as well as those that have been investigated and/or heard but where the result was classified as "exonerated," "unsubstantiated," "unfounded," and "not guilty." I am informed that included among this bulk information release will be complaints filed with the Civilian Complaint Review Board ("CCRB"). In a second meeting held days later, the Police Department's Legal Bureau informed the five uniformed

---

[1] Article XVIII, Section 4 provides that where adjustments to grievable disputes at Step I and Step II of the grievance procedure are impracticable, such grievances "may be instituted at Step III." Additionally, "[g]rievances which affect substantial numbers of employees may be compressed by elimination of the fourth Step of the grievance procedure." Accordingly, this grievance is being filed at Steps III and IV simultaneously.

1

unions that, beginning on or about July 15, 2020, the Department would be publicly disclosing approximately 600 names of uniformed members of the service, of all ranks, who have charges pending, as well as potentially other information.

If and when effectuated, the actions of the Police Department would result in various violations of LBA represented employees' rights, in that it would: (1) improperly release information (alleged) about an officer while charges are pending, notwithstanding that such officer had not be afforded due process and the rules governing such process require such information be deemed confidential pending adjudication; (2) improperly disclose information regarding complaints and charges, including those classified as other than "guilty," to the extent they are required to have been sealed, removed, expunged, and/or otherwise destroyed from Police Department records; and (3) improperly disclose information regarding Schedule "A" and Schedule "B" command discipline to the extent to which they are required to have been sealed, removed, expunged, and/or destroyed from Police Department records.

These actions, therefore, violate the CEA's Collective Bargaining Agreement, NYPD Patrol Guide, and Rules of the CCRB incorporated by reference in the NYPD Patrol Guide. Specifically, but without limitation, the actions above, violate: Article XIV of the CEA's Collective Bargaining Agreement, including but not limited to Section 7(c) ("Personal Folder"); relevant and applicable Patrol Guide Procedures, including but not limited to Patrol Guide Procedure Nos. 206-02, 206-03, 206-14, 206-15, 206-18, 211-14, and all other rules, regulations, or procedures of the Police Department affecting terms and conditions of employment applicable to investigations and disciplinary procedures; as well as Rules of the CCRB which only permit disclosure to a complainant and only with such information "[i]f an allegation is substantiated and charges are recommended by the Board." (CCRB Rules, §1-53(c), related to "communications with and notifications to complainants regarding status of complaint.") Further, this grievance is intended to cover the failure of the Police Department to remove, destroy, expunge, and/or seal those complaints, charges, command disciplines, or other records which were required to have been removed, destroyed, expunged, and/or sealed and were not.

As a remedy, the CEA requests the Police Department: (1) cease and desist from the planned public disclosure or other release of any and all such information and/or records; (2) forthwith remove, destroy, expunge, and/or destroy all records required to be destroyed pursuant to the CEA's Collective Bargaining Agreement and/or applicable Patrol Guide or other rules and regulations; (3) comply with the applicable contractual provisions and Department rules, regulations, or procedures; and (4) take such further and other steps to ensure no such further actions or planned actions to disclose such information and/or records without the specific knowledge and consent of affected LBA represented employees.

By this correspondence, I am also requesting that the CEA and its affected represented employees be notified whenever a request for information is received by the Police Department involving such employees' personnel or other records is made and before any such information/record is disclosed.

As I am sure you can appreciate, once released, such disclosure cannot be undone. This may result in irreparable harm to employees affected, including with regard to their reputation,

privacy, and right to due process.  Thus, given the time sensitive nature of the matters addressed in this grievance and request, I ask that a response be provided forthwith.

Should you have any questions or seek to discuss this matter further, the CEA is or will make itself available to meet in-person or by phone.  We eagerly await your reply.

Very truly yours,

Harry Greenberg

cc:   Christopher Monahan, CEA President
      Sgt. Jesse Smith, NYPD Office of Labor Relations (via e-mail only)



*Police*
*Benevolent*
*Association*
Of The City Of New York, Inc.

**OFFICE OF THE GENERAL COUNSEL**

August 4, 2020

**VIA E-MAIL**
Susan Panepento, Esq.
Chair
Board of Collective Bargaining
100 Gold Street, 4th Floor
New York, NY 10038

     **Re:**    **PBA Request for Arbitration: Release of Police Officer Personnel Records, Violation of Article XVI, Section 7(c) and Section 8 of the Collective Bargaining Agreement**

Dear Ms. Panepento:

     I enclose a Request for Arbitration (the "RFA") and Waiver regarding the City of New York's (the "City") violation of Article XVI, Section 7(c) and Section 8 of the Collective Bargaining Agreement (the "Agreement") between the Police Benevolent Association of the City of New York, Inc. (the "PBA") and the City.

     The PBA is filing this Request with the Office of Collective Bargaining in accord with Article XXI, Section 8 of the Agreement.  However, this Request is not intended to be, and shall not be construed as, a request for the appointment of an arbitrator pursuant to Article XXI, Section 8 of the Agreement, and the PBA expressly reserves all of its rights with respect to that provision.  Rather, since the arbitration panel established under that section to hear disputes between these parties is currently vacant, the PBA will also be filing, unless there is an agreement between the parties as to the appointment of an arbitrator, a Petition with the New York State Supreme Court, pursuant to Section 7504 of the Civil Practice Law and Rules, requesting that the court appoint a neutral arbitrator to resolve this dispute.  The PBA will contact the City's Office of Labor Relations to discuss a possible agreement on an arbitrator appointment in this matter.

If you have any questions or concerns, please contact me at (212) 298-9194.

Very truly yours,

David W. Morris

Enclosures

cc: Steven Banks
   Patrick J. Lynch
   Michael T. Murray

## REQUEST FOR ARBITRATION

| | |
|---|---|
| **OFFICE OF COLLECTIVE BARGAINING**<br>**100 GOLD STREET - 4TH FLOOR**<br>**NEW YORK, N.Y. 10038**<br>PHONE (212) 306-7160  FAX (212) 306-7167 | **Docket Number**<br><br>**Date Filed** |

**INSTRUCTIONS:** Consult the New York City Collective Bargaining Law, Chapter 3, Title 12 of the Administrative Code of the City of New York ("NYCCBL"), § 12-312, and the Rules of the Office of Collective Bargaining (Rules of the City of New York, Title 61, Chapter 1) ("OCB Rules"), § 1-06. File original with OCB and serve one copy on the designated agent for the other party.

☐ **CHECK BOX IF YOU HAVE REQUESTED EXPEDITED ARBITRATION IN QUESTION 6(c).**

### 1.  NAME OF PUBLIC EMPLOYEE ORGANIZATION AND LOCAL

Name:  Police Benevolent Association of the City of New York, Inc.

Address: 125 Broad Street, 11th Floor, 10004

| Phone:  (212) 298-9100 | Fax: (212) 608-7824 | Email (optional): |
|---|---|---|

### 2.  NAME OF PUBLIC EMPLOYER

Name:  City of New York, Police Department

Address:  One Police Plaza, New York, NY 10038

| Phone:  (646) 610-5060 | Fax: | Email (optional): |
|---|---|---|

### 3.  NATURE OF DISPUTE

**(a)** Name(s) of agency which employ the grievant(s):

New York City Police Department

**(b)** Name(s) of grievant(s): Group Grievance

**(c)** A precise and concise statement of the grievance to be arbitrated:

See the attachment.

**(d)** Specify the remedy sought:

See the attachment.

### 4.  If this request is made by a municipal employee organization, are the waivers required by NYCCBL § 12-312(d) and OCB Rule § 1-06(b)(1)(iii) included? (see attached)

☑ Yes   ☐ No

Page 1 of 2

**5.   ATTACH THE FOLLOWING** (check appropriate boxes). Failure to provide documents may delay processing of request.

| | |
|---|---|
| ☑ The written grievance, if any | |
| ☐ The Step II decision, if issued | Date issued |
| ☑ The Step III decision, if issued | Date issued   July 15, 2020 |
| ☑ The contract provision and/or the rule or regulation alleged to have been violated | |

**6.**   **(a)**   Do the parties use a designated contract arbitrator?

    ☐ Yes   ☑ No

If "yes" please identify:

**(b)**   Do the parties use a rotating panel of arbitrators?

    ☑ Yes   ☐ No

**(c)**   Is this a request for expedited arbitration under the terms of the parties' agreement?

    ☐ Yes   ☑ No

**STATEMENT REQUESTING ARBITRATION:** The undersigned hereby requests impartial arbitration of the unresolved grievance described above.  A request is made for the designation of an arbitrator or arbitration panel to hear and decide the dispute.

**7.   PERSON FILING REQUEST**

| | |
|---|---|
| Name: David W. Morris | Title: Associate General Counsel |
| Address: 125 Broad Street, 11th Floor, New York, NY 10004 | |
| Phone: (212) 298-9194     Fax: (212) 608-7824 | Email (optional): |
| Signature | Date   August 4, 2020 |

OCB-6  Revised 12/22/03

## REQUEST FOR ARBITRATION
## (ATTACHMENT)

**(c) A precise and concise statement of the grievance to be arbitrated:**

Whether the City of New York ("City") violated Article XVI, Section 7(c) of the Collective Bargaining Agreement between the Police Benevolent Association of the City of New York, Inc. (the "PBA") and the City (the "Agreement") by publishing information regarding unfounded, exonerated, unsubstantiated, unadjudicated and non-final allegations of misconduct against police officers.

Whether the City violated Article XVI, Section 8 of the Agreement by publishing information regarding Schedule A Command Disciplines that resulted in a disposition other than guilty, or that are non-final.

**(d) Specify the remedy sought:**

We request that the arbitrator enter an award finding that the City violated Article XVI, Sections 7(c) and 8 of the Agreement, and ordering the City to: (i) cease and desist from publishing any information regarding unfounded, exonerated, unsubstantiated, unadjudicated and non-final allegations of misconduct against police officers; (ii) cease and desist from publishing information regarding Schedule A Command Disciplines that resulted in a disposition other than guilty, or that are non-final; (iii) make any police officer whose information has been improperly published in violation of Article XVI, Section 7(c) or 8 whole for any economic loss suffered as a result of the violation of the Agreement; and (iv) provide such other and further relief as is just and proper.

| WAIVER | |
|---|---|
| **OFFICE OF COLLECTIVE BARGAINING**<br>**100 GOLD STREET - 4TH FLOOR**<br>**NEW YORK, N.Y. 10038**<br>PHONE (212) 306-7160  FAX (212) 306-7167 | **Docket Number** |
| | **Date Filed** |

**INSTRUCTIONS:** Consult the New York City Collective Bargaining Law, Chapter 3, Title 12 of the Administrative Code of the City of New York ("NYCCBL"), § 12-312(d), and the Rules of the Office of Collective Bargaining (Rules of the City of New York, Title 61, Chapter 1) ("OCB Rules"), § 1-06(b).  File original with OCB and serve one copy on the designated agent for the other party.

**NOTE:**  A separate waiver must be filed for each individual grievant unless this is a group grievance, in which case the waiver may be filed by the authorized union representative only.

**Description of grievance sought to be arbitrated:**

See the attachment.

The undersigned employee organization and employee(s) aggrieved in this matter waive the right, if any, to submit the underlying dispute to any other administrative or judicial tribunal except for the purpose of enforcing the arbitrator's award.

NYC Police Benevolent Association
_____
Union

Patrick J. Lynch
_____
Representative (print name)

President
_____
Title

_____
Representative (signature)

_____
Grievant (print name)

_____
Grievant (signature)

Date: 8/4/2020
_____

OCB-7  Revised 1/19/16

**WAIVER**
**(ATTACHMENT)**

**Description of the grievance sought to be arbitrated:**

Whether the City of New York ("City") violated Article XVI, Section 7(c) of the Collective Bargaining Agreement between the Police Benevolent Association of the City of New York, Inc. (the "PBA") and the City (the "Agreement") by publishing information regarding unfounded, exonerated, unsubstantiated, unadjudicated and non-final allegations of misconduct against police officers.

Whether the City violated Article XVI, Section 8 of the Agreement by publishing information regarding Schedule A Command Disciplines that resulted in a disposition other than guilty, or that are non-final.



**OFFICE OF LABOR RELATIONS**

40 Rector Street, New York, N.Y. 10006-1705
nyc.gov/olr

**ROBERT W. LINN**
*Commissioner*

TO:        HEADS OF CONCERNED CITY DEPARTMENTS AND AGENCIES

FROM:    ROBERT W. LINN, COMMISSIONER

SUBJECT: EXECUTED CONTRACT: POLICE OFFICERS

TERM:    AUGUST 1, 2010 TO JULY 31, 2012

Attached for your information and guidance is a copy of the executed contract entered into by the Commissioner of Labor Relations on behalf of the City of New York and the Patrolmen's Benevolent Association on behalf of the incumbents of positions listed in Article I of said contract.

The contract incorporates terms of an agreement reached through collective bargaining negotiations and related procedures.

DATED: February 26, 2016

OFFICE OF LABOR RELATIONS
REGISTRATION
OFFICIAL                    CONTRACT

NO: 16001                              DATE:
                                       February 26, 2016

# Patrolmen's Benevolent Association
## 2010 - 2012 Agreement

__AGREEMENT__ made this 26th day of february 2016 by and between the City of New York (hereinafter called "the City" or "the Employer"), acting by the Commissioner of Labor Relations, and the Patrolmen's Benevolent Association of the City of New York, Inc. (hereinafter called "the Union" or the "PBA"), for the two year period from August 1, 2010 to July 31, 2012. The parties agree that this Agreement modifies the 2006-2010 collective bargaining agreement based upon the November 13, 2015 arbitration award ("Arbitration Award"). Nothing in this agreement is intended to amend or modify the content of the Arbitration Award.

__WHEREAS,__ the Police Officers employed by the City have duly designated the Union as their exclusive bargaining representative for the purpose of collective bargaining with the City with respect to wages, hours, and conditions of employment; and

__WHEREAS,__ the Union and the City desire to cooperate in establishing conditions which will tend to secure standards and conditions of employment consistent with the dignity of Police Officers, and to provide methods for fair and peaceful adjustment of disputes that may arise between the Union and the City; and

__WHEREAS,__ as a result of collective bargaining, the parties have reached an agreement which they desire to reduce to writing;

__NOW, THEREFORE,__ it is mutually agreed as follows:

## ARTICLE I - UNION RECOGNITION AND UNIT DESIGNATION

__Section 1.__

The City recognizes the Union as the sole and exclusive collective bargaining representative for the unit consisting of the employees of the New York City Police Department in the title of Police Officer, except those detailed as First, Second or Third Grade Detectives.

__Section 2.__

Except as otherwise provided herein, for purposes of this Agreement, the terms "employee" and "employees" or "Police Officer" shall be interchangeable and shall relate solely to employees in the unit described in Section 1 of this Article.

16001

a.   The Department will provide the Union with a copy of all Orders, Department Bulletins, "Open Door" issues, and press releases.  The details of delivery shall be worked out between the parties.

The Department will provide to the Union on a semi-annual basis a computer printout containing names and addresses of employees, listed alphabetically.

b.   The Union will provide the Department with a copy of Union publications, bulletins and press releases.

## Section 6.  Meal Areas

A representative of the Department and a representative of the PBA will meet to determine an adequate meal area for employees within each command and other Departmental places of assignment.  This does not contemplate rebuilding or extensive remodeling.

## Section 7.  Personal Folder

a.   The Personnel Bureau will provide the Union with a list of categories of items included in the Personal Folder with an indication of those confidential items which an employee is not permitted to review.

b.   Employees may view their folders on normal business days between the hours of 9 A.M. and 5 P.M. by appearing in person at the Employee Management Division, Personnel Bureau, 10th Floor, Police Headquarters.  To avoid delay, employees should call the Employee Management Division at least one day in advance.

c.   The Department will, upon written request to the Chief of Personnel by the individual employee, remove from the Personal Folder investigative reports which, upon completion of the investigation, are classified "exonerated" and/or "unfounded."

## Section 8.  Disciplinary Records

Where an employee has been charged with a "Schedule A" violation as listed in Patrol Guide 118-2 and such case is heard in the Trial Room and disposition of the charge at trial or on review or appeal therefrom is other than "guilty", the employee concerned may, after 2 years from such disposition, petition the Police Commissioner for a review for the purpose of expunging the record of the case. Such review will be conducted by a board composed of the Deputy Commissioner - Trials, Department Advocate, and the Chief of Personnel, or their designees.  The Board will make a recommendation to the Police Commissioner.  The employee concerned will be notified of the final decision of the Police Commissioner by the Deputy Commissioner - Trials.

## Section 9.  Disciplinary Procedure

The parties, through a joint subcommittee, shall develop procedures to insure that:

a.   All disciplinary charges shall be brought in a timely fashion pursuant to the current departmental regulations.





Of The City Of New York, Inc.

OFFICE OF THE PRESIDENT

July 13, 2020

**VIA E-MAIL & HAND DELIVERY**
John P. Beirne
Deputy Commissioner
Office of Labor Relations
New York City Police Department
One Police Plaza, Room 304
New York, NY 10038

Re:     Group Grievance, Release of Police Officer Personnel Records, Violation of Article
        XVI, Section 7(c) and Section 8 of the Collective Bargaining Agreement

Dear Commissioner Beirne:

We write on behalf of all members of the Police Benevolent Association of the City of
New York Inc. ("PBA") to object to the City of New York ("City") and New York City Police
Department ("NYPD" or "Department") imminent publication of information regarding
unsubstantiated, unfounded, exonerated and unadjudicated allegations against active and retired
police officers. The City's release of such information would be in violation of Article XVI,
Sections 7(c) and Section 8 of the Collective Bargaining Agreement between the PBA and the
City of New York ("Agreement").

On June 12, 2020, Chapter 96 of the Laws of 2020 ("Chapter 96") was signed into law.
Chapter 96 repealed Civil Rights Law 50-a, which, in sum, made police officer personnel records
confidential, and exempt from disclosure, inspection or review absent the subject police officer's
consent, or authorization by a court. Chapter 96 did not rescind or amend other exemptions to
disclosure provided pursuant to New York State's Freedom of Information Law ("FOIL", Public
Officer's Law § 84, *et seq.*), except that it amended the FOIL law to require agencies to redact
certain personal information, and to permit agencies to redact information regarding technical
infractions, from law enforcement records prior to disclosure. Chapter 96 also did not amend or
in any way disturb the rights of public employees or their collective bargaining agents pursuant
to the Taylor Law (Civil Service Law § 200, *et seq.*), the New York City Collective Bargaining

Law (New York City Administrative Code § 12-301, *et seq.*) or the agreements collectively bargained pursuant to those laws.[1]

At a press conference on June 17, 2020, Mayor Bill De Blasio announced that the City planned to release to the public all new NYPD Trial Room decisions, and information regarding approximately 1,100 disciplinary cases relating to members of the service, including the accused's names, charges, hearing dates and final dispositions. Mayor De Blasio also declared that the City planned to publish an online database containing detailed information regarding members' personnel records and disciplinary history.

On or about June 25, 2020, the NYPD sent an email message to all uniformed members of the service regarding Chapter 96 and other recently enacted legislation affecting law enforcement (the "June 25th Message"). The June 25th Message stated in part that "the new law [Chapter 96] requires the release of substantiated, unsubstantiated, unfounded and exonerated allegations." In response, on June 29, 2020 PBA President Patrick J, Lynch and General Counsel Michael T. Murray wrote to Police Commissioner Dermot Shea objecting to the Department's announced policy and urging it to apply the various exemptions allowed under FOIL to lawfully withhold documents related to unsubstantiated, unfounded, exonerated and unadjudicated allegations against police officers.

On or about July 2, 2020, the NYPD's Chief of Personnel's office summoned representatives of all of the uniformed unions for a meeting.[2] At the meeting, NYPD representatives informed the unions that the Department intended, as a first step in relation to what it viewed as its new disclosure obligations, to release summaries of all charges and specifications currently pending against uniformed members of the service. The PBA and the other uniformed unions strongly objected to the announcement on various legal and practical bases. In a subsequent meeting on July 9, 2020, the Department reiterated its prior position and again informed the unions that the summaries of pending disciplinary charges would be released on or about July 15, 2020, and that publication of additional information regarding all manner of personnel records, including unsubstantiated, unfounded and exonerated allegations, would follow at an as-yet undetermined, but imminent date.

## I.   The City Will Violate Article XVI Section 7(c) of the Agreement if it Releases Personnel Records

Article XVI, Section 7(c) of the Agreement provides:

---

[1] The PBA expressly reserves all rights under the Taylor Law, the NYCCBL, FOIL and other applicable law to enforce any rights that have been infringed upon by the City and the Department's policies relating to the release of personnel records.

[2] The Department initially informed the unions that the purpose of the meeting was to discuss recently passed legislation regarding the use of chokeholds when effecting arrests. The unions were informed only just before arriving for the meeting that the Department instead intended to discuss the disclosure of personnel records.

> The Department will, upon written request to the Chief of Personnel by the individual employee, remove from the Personal Folder investigative reports which, upon completion of the investigation, are classified "exonerated" and/or "unfounded."

The Personal Folder acts as a central repository for the personnel records of a police officer throughout his or her career. The purpose of Article XVI, Section 7(c) is to protect police officers from adverse consequences that may result from allegations of misconduct that have been determined to be false or unproven. The City's publication of final Trial Room decisions, databases or any other personnel record that includes information regarding unsubstantiated, unfounded and exonerated allegations would effectively nullify Article XVI, Section 7(c). Once the allegations are published by the Department and available to anyone for any purpose, removing them from the Personal Folder would be futile. The public allegations could be used by the Department to influence personnel decisions, including determinations relating to promotions, transfers, detail assignments and overtime eligibility. More troubling, the information will undoubtedly be used by members of the public, including anti-police advocates, to harm the reputation of police officers, undermine their ability to continue to effectively perform police work, prevent them from obtaining employment outside of the Department, and subject them and their families to harassment, and possibly violence.

The City's imminent publication of all *pending* disciplinary charges, or any summary, database or record containing information regarding those pending charges, would also negate the rights provided by Article XVI, Section 7(c). Many pending charges will ultimately result in a finding that the allegations are exonerated or unfounded. Yet the City intends to release the allegations, purportedly without any exception or practical consideration of the potential harm to police officers, before the officers even have an opportunity to defend against the charges and request that the record of the allegations be removed from their Personal Folders pursuant to Article XVI, Section 7(c). Information regarding those pending charges will be used to harm police officers, who will have no longer have an opportunity to clear their record by having them expunged.

## II. The City Will Violate Article XVI Section 8 of the Agreement if it Releases Personnel Records

Article XVI, Section 8 of the Agreement provides:

> Where an employee has been charged with a "Schedule A" violation as listed in Patrol Guide 118-2 and such case is heard in the Trial Room and disposition of the charge at trial or on review or appeal therefrom is other than "guilty", the employee concerned may, after 2 years from such disposition, petition the Police Commissioner for a review for the purpose of expunging the record of the case. Such review will be conducted by a board composed of the Deputy Commissioner - Trials, Department Advocate, and the Chief of Personnel, or their designees. The Board will make a recommendation to the Police Commissioner.

3

The employee concerned will be notified of the final decision of the Police Commissioner by the Deputy Commissioner - Trials.

The City's planned publication of Trial Room decisions, pending charges and any other records relating to Schedule A violations where there has been any disposition other than a guilty finding is in violation of Article XVI, Section 8. If the City releases records relating to Schedule A violations, whether the allegations are final or pending, the records will be available to anyone wishing to harm the career or reputation of a police officer. Police officers will be irreversibly deprived of their right under the Agreement to have those records expunged.

***

For the reasons set forth above, the City and NYPD's plan to imminently publish Trial Room decisions, pending disciplinary charges or summaries of such charges, databases or any other records that include information regarding unsubstantiated, unfounded and exonerated allegations, as well as records relating to Schedule A violations with dispositions other than guilty, will, if executed, be in clear violation of Article XVI Sections 7(c) and 8 of the Agreement. Accordingly, we request that the City and Department cease and desist from publishing that information.

Please contact me if you would like to discuss.

Very truly yours,

Patrick J. Lynch

cc: John Puglissi
    Michael T. Murray

4



**POLICE DEPARTMENT**

OFFICE OF LABOR RELATIONS
ONE POLICE PLAZA – ROOM 304
NEW YORK, NEW YORK 10038

OLR   2020-00155
IG    3653

July 15, 2020

Mr. Patrick J. Lynch
President
Patrolmen's Benevolent Association
125 Broad Street
New York, New York 10004

Re:   **Group Grievance, Release of
Police Officer Personnel Records,
Violation of Article XVI, Section
7c and Section 8 of the Collective
Bargaining Agreement**

Dear Mr. Lynch:

The Step III grievance submitted by the Association is denied. There has been no violation, misinterpretation, or misapplication of the current collective bargaining agreement, nor has there been any violation, misinterpretation, or misapplication of the rules and procedures of this Department. Under, Article XXI Section 4 of the CBA, which states "grievances which affect substantial numbers of employees may be compressed by elimination of the fourth step of the grievance procedure," this grievance may be brought to arbitration within 20 days.

Sincerely yours,

John P. Beirne
Deputy Commissioner

/sf

COURTESY  •  PROFESSIONALISM  •  RESPECT
Website: http://nyc.gov/nypd

Misc. 243-73 (04-09)

# REQUEST FOR ARBITRATION

| | |
|---|---|
| OFFICE OF COLLECTIVE BARGAINING<br>100 GOLD STREET, SUITE 4800<br>NEW YORK, N.Y. 10038<br>MAILING ADDRESS: PECK SLIP STATION, P.O. BOX 1018<br>NEW YORK, NY 10038<br>PHONE: (212) 306-7160 FAX: (212) 306-7167 | **Docket Number**<br><br>**Date Filed** |

**INSTRUCTIONS:** Consult the New York City Collective Bargaining Law, Chapter 3, Title 12 of the Administrative Code of the City of New York ("NYCCBL"), § 12-312, and the Rules of the Office of Collective Bargaining (Rules of the City of New York, Title 61, Chapter 1) ("OCB Rules"), § 1-06. File original with OCB and serve one copy on the designated agent for the other party.

☐ **CHECK BOX IF YOU HAVE REQUESTED EXPEDITED ARBITRATION IN QUESTION 6(c).**

### 1. NAME OF PUBLIC EMPLOYEE ORGANIZATION AND LOCAL

Name: Lieutenants Benevolent Association

Address: 40 Peck Slip, New York, New York 10038

Phone: (212) 964-7500    Email: lturco@nypd-lba.org

### 2. NAME OF PUBLIC EMPLOYER

Name:   City of New York (including the CCRB)    New York City Police Department

Address: 22 Cortlandt Street, New York, NY 10007    One Police Plaza, New York, NY 10038

Phone: (212) 306-7210    Email:

### 3. NATURE OF DISPUTE

**(a)** Name(s) of agency which employ the grievant(s):

New York City Police Department

**(b)** Name(s) of grievant(s): Louis Turco, President, all Lieutenants, all Lts. CDS and all Lts, SA

**(c)** A precise and concise statement of the grievance to be arbitrated:

SEE ATTACHED GRIEVANCE DATED JULY 13, 2020

**(d)** Specify the remedy sought:  Cease and desist from releasing any information to the public regarding personal information, including, but not limited to, complaints of police misconduct that resulted in disciplinary charges, including complaints and charges which are pending as well as those that have been investigated and/or heard where the result was classified as "exonerated", "unsubstantiated", "unfounded" and "not guilty". Compensatory and/or punitive money damages for any records that have been released in violation of the asserted contract provision and/or rules and regulations of the City, NYPD including, but not limited to the CCRB. SEE ATTACHED GRIEVANCE FOR A MORE COMPLETE DESCRIPTION AND REMEDY SOUGHT.

### 4. If this request is made by a municipal employee organization, are the waivers required by NYCCBL § 12-312(d) and OCB Rule § 1-06(b)(1)(iii) included? (see attached)

☑ Yes    ☐ No

Page 1 of 2

**5. ATTACH THE FOLLOWING** (check appropriate boxes). Failure to provide documents may delay processing of request.

| | |
|---|---|
| ☑ The written grievance, if any | July 13, 2020 |
| ☐ The Step II decision, if issued | Date issued |
| ☑ The Step III decision, if issued | Date issued   July 16, 2020 |
| ☐ The contract provision and/or the rule or regulation alleged to have been violated   SEE ATTACHED GRIEVANCE | |

**6. (a)** Do the parties use a designated contract arbitrator?                    ☐ Yes   ☑ No

If "yes" please identify:

**(b)** Do the parties use a rotating panel of arbitrators?                    ☐ Yes   ☑ No

**(c)** Is this a request for expedited arbitration under the terms of the parties' agreement?    ☐ Yes   ☑ No

**STATEMENT REQUESTING ARBITRATION:** The undersigned hereby requests impartial arbitration of the unresolved grievance described above. A request is made for the designation of an arbitrator or arbitration panel to hear and decide the dispute.

**7. PERSON FILING REQUEST**

| | |
|---|---|
| Name: Harry Greenberg | Title:  Counsel to LBA |
| Address:  3000 Marcus Avenue, Suite 1W7, Lake Success, New York 11042 | |
| Phone: (516) 570-4343 | Email: hgreenberg@gbglawoffice.com |
| Signature  *[signature]* | Date  */3/20* |

# WAIVER

| OFFICE OF COLLECTIVE BARGAINING<br>100 GOLD STREET, SUITE 4800<br>NEW YORK, N.Y. 10038<br>MAILING ADDRESS: PECK SLIP STATION, P.O. BOX 1018<br>NEW YORK, NY 10038<br>PHONE: (212) 306-7160 FAX: (212) 306-7167 | Docket Number |
| | Date Filed |

**INSTRUCTIONS:** Consult the New York City Collective Bargaining Law, Chapter 3, Title 12 of the Administrative Code of the City of New York ("NYCCBL"), § 12-312(d), (as amended June 28, 2012) and the Rules of the Office of Collective Bargaining (Rules of the City of New York, Title 61, Chapter 1) ("OCB Rules"), § 1-06(b).   File original with OCB and serve one copy on the designated agent for the other party.

**NOTE:**   A separate waiver must be filed for each individual grievant unless this is a group grievance, in which case the waiver may be filed by the authorized union representative only.

**Description of grievance sought to be arbitrated:**

SEE ATTACHED GRIEVANCE.

The undersigned employee organization and employee(s) aggrieved in this matter waive the right, if any, to submit the contractual dispute being alleged under a collective bargaining agreement to any other administrative or judicial tribunal except for the purpose of enforcing the arbitrator's award. This subdivision shall not be construed to limit the rights of any public employee or public employee organization to submit any statutory or other claims to the appropriate administrative or judicial tribunal.

Lieutenants Benevolent Association
Union

Louis Turco, et al.
Grievant (print name)

President
Title of Grievant

*[signature]*
Grievant (Signature)

Harry Greenberg
Representative (print name)

*[signature]*
Representative (signature)

Date: 8/3/20

OCB-7 Revised 10/2018



POLICE DEPARTMENT

OFFICE OF LABOR RELATIONS
ONE POLICE PLAZA · ROOM 304
NEW YORK, NEW YORK 10038

OLR   2020-00160
IG    3656

July 16, 2020

Mr. Harry Greenberg
Greenberg Burzichelli Greenberg P.C.
3000 Marcus Avenue, Suite 1w7
Lake Success, New York 11042

Re:   **LBA Grievance re: Disclosure of
Names, Records, and Other
Information**

Dear Mr. Greenberg:

The Step III grievance submitted by the association is denied. There has been no
violation, misinterpretation, or misapplication of the rules or procedures of this
Department nor has there been any violation, misinterpretation, or misapplication of the
current collective bargaining agreement. Under, Article XXI Section 4 of the CBA,
which states "grievances which affect substantial numbers of employees may be
compressed by elimination of the fourth step of the grievance procedure," this grievance
may be brought to arbitration within 20 days.

Sincerely yours,

John P. Beirne
Deputy Commissioner

/js

cc:   Louis Turco, LBA President

LAW OFFICES OF
# GREENBERG BURZICHELLI GREENBERG P.C.

HARRY GREENBERG
ROBERT J. BURZICHELLI *
SETH H. GREENBERG *
————
DANIEL DOESCHNER
SANDY JAINAUTH-BARONE *+

*ALSO ADMITTED IN NEW JERSEY
+ ALSO ADMITTED IN PENNSYLVANIA

3000 MARCUS AVENUE, SUITE1W7
LAKE SUCCESS, NEW YORK 11042
PHONE: 516-570-4343
FAX: 516-570-4348
* * * * *
225 BROADWAY, SUITE 1515
NEW YORK, NEW YORK 10007
PHONE: 516-570-4343

WWW.GBGLAWOFFICE.COM
E-MAIL: FIRST INITIAL AND
LAST NAME@GBGLAWOFFICE.COM

July 13, 2020

***VIA ELECTRONIC & FIRST CLASS MAIL***
Hon. Dermot Shea
Commissioner
New York City Police Department
One Police Plaza, 14th Floor
New York, New York 10038

Deputy Commissioner John Beirne
Chairman, Personnel Grievance Board
New York City Police Department
One Police Plaza, 7th Floor
New York, New York 10038
E-mail: jbeirne@nypd.org

Re:   **LBA Grievance re: Disclosure of Names, Records, and Other Information**

Dear Commissioners Shea and Beirne:

This office is counsel to the Lieutenants Benevolent Association ("LBA"). Please consider this correspondence the filing of a group grievance on behalf of all affected LBA represented employees, pursuant to Article XXI of the LBA's Collective Bargaining Agreement with the City of New York.[1]

On or about June 23, 2020, Police Department representatives informed representatives of the five uniformed unions that the Police Department was planning to release information to the public consisting of complaints of police misconduct that resulted in disciplinary charges, including complaints and charges which are pending as well as those that have been investigated and/or heard but where the result was classified as "exonerated," "unsubstantiated," "unfounded," and "not guilty." I am informed that included among this bulk information release will be complaints filed with the Civilian Complaint Review Board ("CCRB"). In a second meeting held days later, the Police Department's Legal Bureau informed the five uniformed

---

[1] Article XXI, Section 4 provides that where adjustments to grievable disputes at Step I and Step II of the grievance procedure are impracticable, such grievances "may be instituted at Step III." Additionally, "[g]rievances which affect substantial numbers of employees may be compressed by elimination of the fourth Step of the grievance procedure." Accordingly, this grievance is being filed at Steps III and IV simultaneously.

1

unions that, beginning on or about July 15, 2020, the Department would be publicly disclosing approximately 600 names of uniformed members of the service, of all ranks, who have charges pending, as well as potentially other information.

If and when effectuated, the actions of the Police Department would result in various violations of LBA represented employees' rights, in that it would: (1) improperly release information (alleged) about an officer while charges are pending, notwithstanding that such officer had not be afforded due process and the rules governing such process require such information be deemed confidential pending adjudication; (2) improperly disclose information regarding complaints and charges, including those classified as other than "guilty," to the extent they are required to have been sealed, removed, expunged, and/or otherwise destroyed from Police Department records; and (3) improperly disclose information regarding Schedule "A" and Schedule "B" command discipline to the extent to which they are required to have been sealed, removed, expunged, and/or destroyed from Police Department records.

These actions, therefore, violate the LBA's Collective Bargaining Agreement, NYPD Patrol Guide, and Rules of the CCRB incorporated by reference in the NYPD Patrol Guide. Specifically, but without limitation, the actions above, violate: Article XVI of the LBA's Collective Bargaining Agreement, including but not limited to Section 7(c) ("Personal Folder"), Section 8 ("Disciplinary Records"), and Section 9 ("Disciplinary Procedures"); relevant and applicable Patrol Guide Procedures, including but not limited to Patrol Guide Procedure Nos. 206-02, 206-03, 206-14, 206-15, 206-18, 211-14, and all other rules, regulations, or procedures of the Police Department affecting terms and conditions of employment applicable to investigations and disciplinary procedures; as well as Rules of the CCRB which only permit disclosure to a complainant and only with such information "[i]f an allegation is substantiated and charges are recommended by the Board." (CCRB Rules, §1-53(c), related to "communications with and notifications to complainants regarding status of complaint.") Further, this grievance is intended to cover the failure of the Police Department to remove, destroy, expunge, and/or seal those complaints, charges, command disciplines, or other records which were required to have been removed, destroyed, expunged, and/or sealed and were not.

As a remedy, the LBA requests the Police Department: (1) cease and desist from the planned public disclosure or other release of any and all such information and/or records; (2) forthwith remove, destroy, expunge, and/or destroy all records required to be destroyed pursuant to the LBA's Collective Bargaining Agreement and/or applicable Patrol Guide or other rules and regulations; (3) comply with the applicable contractual provisions and Department rules, regulations, or procedures; and (4) take such further and other steps to ensure no such further actions or planned actions to disclose such information and/or records without the specific knowledge and consent of affected LBA represented employees.

By this correspondence, I am also requesting that the LBA and its affected represented employees be notified whenever a request for information is received by the Police Department involving such employees' personnel or other records is made and before any such information/record is disclosed.

2

As I am sure you can appreciate, once released, such disclosure cannot be undone.  This may result in irreparable harm to employees affected, including with regard to their reputation, privacy, and right to due process.  Thus, given the time sensitive nature of the matters addressed in this grievance and request, I ask that a response be provided forthwith.

Should you have any questions or seek to discuss this matter further, the LBA is or will make itself available to meet in-person or by phone.  We eagerly await your reply.

Very truly yours,

Harry Greenberg

cc:   Louis Turco, LBA President
      Sgt. Jesse Smith, NYPD Office of Labor Relations (via e-mail only)

3