# EXHIBIT W

MEMORANDUM OF UNDERSTANDING
BETWEEN THE CIVILIAN COMPLAINT REVIEW BOARD (CCRB)
AND THE POLICE DEPARTMENT (NYPD) OF THE CITY OF NEW YORK
CONCERNING THE PROCESSING OF SUBSTANTIATED COMPLAINTS

IT IS AGREED BY AND BETWEEN THE PARTIES THAT:

1. Upon the effective date of this Memorandum of Understanding (MOU), CCRB shall undertake the administrative prosecution of all civilian complaints against NYPD uniformed officers which have been substantiated by CCRB and in which CCRB has recommended that Charges and Specifications be preferred on or after said date.

2. Notwithstanding the provisions of paragraph 1, in those limited instances where the Police Commissioner determines that CCRB's prosecution of Charges and Specifications in a substantiated case would be detrimental to the Police Department's disciplinary process, the Police Commissioner shall so notify CCRB. Such instances shall be limited to such cases in which there are parallel or related criminal investigations, or when, in the case of an officer with no disciplinary history or prior substantiated CCRB complaints, based on such officer's record and disciplinary history the interests of justice would not be served.

3. Any request by the Police Commissioner made in accordance with paragraph 2 of this MOU shall be made in writing to the CCRB and shall include a detailed explanation for such request and a statement detailing what discipline if any the Police Commissioner would pursue on such uniformed officer.

4. The CCRB may reject such request to refrain from prosecution within five business days of receipt of such request. Such rejection shall be made in writing and shall include a statement rebutting the Police Commissioner's explanation for his request.

5. The Police Commissioner may deny such rejection within five business days of receipt of such rejection. Such denial shall be made in writing to CCRB and shall include a detailed response to CCRB's rebuttal. Upon receipt of such denial the CCRB shall refrain from further prosecution of the case.

6. In any case substantiated by the CCRB in which the Police Commissioner intends to impose discipline that is of a lower level than that recommended by CCRB or by an NYPD Trial Commissioner, the Police Commissioner shall notify the CCRB, with notice to the Respondent, at least ten business days prior to the imposition of such discipline. Such notification shall be in writing and shall include a detailed explanation of the reasons for deviating from CCRB's recommendation including but not limited to each factor the Police Commissioner considered in making his decision. The CCRB and the Respondent may respond to such a notification within five business days of its receipt, after which the Police Commissioner shall make a final determination.

7. If during the course of its prosecution of a substantiated civilian complaint CCRB

1

becomes aware of possible misconduct falling outside its FADO jurisdiction, such as the making of a false statement, which is alleged to have been committed by the subject officer, CCRB shall immediately refer the allegation of other misconduct to NYPD for investigation and shall not itself undertake the prosecution of such allegation. CCRB shall provide assistance to NYPD as requested for purposes of investigation or prosecution of the alleged misconduct. If necessary, CCRB and the Department Advocate's Office (DAO) shall coordinate their prosecutions of such related cases.

8. The Police Commissioner shall retain in all respects the authority and discretion to make final disciplinary determinations.

I. Preparation for CCRB Administrative Prosecutions

9. CCRB shall establish a unit of appropriately qualified and experienced attorneys and support staff of sufficient number to undertake in a timely and effective manner the responsibility for administrative prosecution of substantiated civilian complaints. Attorneys and support staff shall be trained in all aspects of NYPD procedures and policies as they affect such administrative prosecution.

10. NYPD shall provide all reasonable assistance requested by CCRB in the creation of this unit, including training and guidance in both legal and administrative matters.

11. CCRB personnel shall in their administrative prosecution function familiarize themselves with and apply NYPD disciplinary policies and standards to the extent practicable and relevant.

II. Administrative Prosecution Process

12. For purposes of this MOU, the "Administrative Prosecution Process" shall be deemed to refer to all actions taken by CCRB in accordance with this MOU after substantiation of a civilian complaint and a recommendation that Charges and Specifications shall be preferred against the subject officer(s).

13. Upon substantiation by CCRB of one or more allegations of excessive force, abuse of authority, discourtesy or offensive language (FADO) contained in a civilian complaint against a uniformed member of the NYPD, CCRB shall notify the Police Commissioner of the substantiation and CCRB's disciplinary recommendation.

14. The Police Commissioner shall notify the DAO of such recommendation as soon as possible, and the DAO shall inquire as to whether the nature of the substantiated allegation and the status of the subject officer requires expedited prosecution of the substantiated case, for example, where the subject officer has filed for vested or service retirement, or is scheduled for imminent promotion. In such cases, or in similar cases where the need for such expedited prosecution arises during the pendency of the prosecution, the DAO shall advise CCRB's Chair and Executive Director of the need for expedited prosecution. CCRB shall make every reasonable effort to conclude the prosecution within the required time frame. If CCRB determines that it will not be able to conclude the prosecution within the required time frame,

2

CCRB will decline to prosecute the case and request that the DAO undertake the prosecution of such case.

15. In order to formally commence the administrative prosecution of a substantiated civilian complaint, Charges and Specifications shall promptly be drafted by CCRB and thereafter be served upon the subject officer by the DAO on behalf of CCRB.

16. During the course of its administrative prosecution, CCRB's prosecutorial staff may contact the DAO to request the assistance of NYPD personnel as needed to effectively evaluate, prepare, and prosecute the case. The DAO shall arrange for NYPD personnel to provide reasonable assistance to CCRB.

17. Should CCRB believe that suspension or modified assignment of the subject officer would be prudent during the pendency of prosecution, CCRB shall make such a recommendation to the Police Commissioner, who shall make a determination with regard thereto.

18. CCRB shall provide to the NYPD status reports on the prosecution of its cases, quarterly and as otherwise requested by the NYPD.

III.   Trial Process and Final Recommendation to Police Commissioner

19. At the conclusion of the CCRB administrative prosecution, in all instances other than cases culminating in a report and recommendation by an NYPD Trial Commissioner, CCRB shall forward to the Police Commissioner a final recommendation reflecting the results of its prosecution of the case. CCRB shall include all relevant forms, memoranda and background information to assist the Police Commissioner in making a final disciplinary determination.

20. In all instances the Police Commissioner may accept, reject, or modify the recommendation presented, or may ask CCRB for additional investigative or background information in its possession. He may also request further investigation or development of the record in the case to enable him to make a final disciplinary determination. If CCRB's recommendation is rejected or modified, CCRB will then be responsible for taking any appropriate follow-up action, such as proceeding with prosecution of the subject officer, engaging in additional investigation, or further developing the record in the case.

21. CCRB may conduct plea negotiations with subject officers and their attorneys, to be heard by an NYPD Trial Commissioner and presented to the Police Commissioner for final determination.

22. In all instances where the Police Commissioner rejects a negotiated plea, CCRB shall be responsible for implementing the Police Commissioner's decision, including negotiating the case consistent with the Police Commissioner's determination or proceeding with the prosecution of the subject officer.

23. Upon receipt of a report and recommendation by an NYPD Trial Commissioner, CCRB may provide to the Trial Commissioner a letter commenting on the Trial Commissioner's report

3

and recommendation, commonly referred to as a "Fogel" letter.

24. The DAO shall ensure that CCRB is notified of the final disciplinary result and specific penalty in each case within thirty calendar days of the Police Commissioner's final determination.

IV. <u>Confidentiality</u>

25. Documents provided to CCRB by NYPD or created by CCRB pursuant to this MOU that are by law police personnel records are therefore confidential pursuant to NYS Civil Rights Law §50-a. Such documents are also confidential information pursuant to NYC Charter §2604(b) (4). CCRB shall not disclose any such document to any person, organization or agency without first notifying the NYPD's Deputy Commissioner, Legal Matters and providing the Deputy Commissioner, Legal Matters a reasonable opportunity to review the proposed disclosure. This prohibition against disclosure shall not apply to disclosures to the NYPD Trial Commissioner, DAO, or the NYPD Internal Affairs Bureau. Nothing in this paragraph shall impair the ability of the parties to exchange information pursuant to paragraphs two through six of this MOU or to further disclose such information in furtherance of the intent of those paragraphs of this MOU to increase transparency in the disciplinary process related to civilian complaints.

26. CCRB shall treat as confidential all verbal information falling within the scope of NYS Civil Rights Law §50-a, NYC Charter §2604(b)(4), or other similar statute or rule, which is provided to or created by CCRB or NYPD in furtherance of an administrative prosecution. CCRB shall not disclose such information except as necessary in the course of the prosecution.

V. <u>General Provisions</u>

27. It is understood that the CCRB and NYPD must and shall amend their respective chapters of the Rules of the City of New York in conformance with the City Administrative Procedure Act to implement this MOU. The effective date of this MOU shall therefore be thirty days following the final publication of said rules in the City Record.

28. The DAO shall remain responsible for the administrative prosecution of all civilian complaints substantiated by CCRB in which Charges and Specifications are recommended before the effective date of this MOU.

29. Either party hereto may terminate this MOU upon written notice. Upon such notice, the parties shall make appropriate arrangements with respect to pending matters and shall act to repeal such rules as may be appropriate.

30. This MOU is not intended nor shall it be construed to create any rights or benefits in any third parties.

31. If at any time the parties to this MOU determine that this MOU cannot be implemented substantially in the manner set forth herein for any reason, administrative prosecution of substantiated civilian complaints shall be performed by NYPD and the parties shall act to amend

such rules as may be appropriate.

Agreed to as of  4/2/12

_____
Chair, Civilian Complaint Review Board

_____
Police Commissioner