# EXHIBIT X

# CCRB FOIL Manual



# MARCH 2019

<u>Introduction</u>

This manual describes the detailed responsibilities of the Records Access Officer at the New York City Civilian Complaint Review Board (CCRB) and the CCRB's procedures and policies in complying with the New York State Freedom of Information Law (FOIL). The Records Access Officer shall comply with the following responsibilities, procedures and policies when receiving, processing and replying to requests for production, inspection and copying of CCRB records pursuant to FOIL. The FOIL statute is located in the New York Public Officers Law, Article 6, §84-90 (https://www.dos.ny.gov/coog/foil2.html) and codified in 21 NYCRR Part 1401 (New York Codes, Rules and Regulations) and 43 RCNY 1 (Rules of the City of New York). The CCRB shall make available to the public the information and records required by FOIL as well as any records not otherwise protected from disclosure by law. The New York Department of State's Committee on Open Government (COOG) is responsible for overseeing and advising the government, public and news media on FOIL. More information about FOIL is available on the COOG website at https://www.dos.ny.gov/coog/.

<u>Records Access Officer</u>

The Records Access Officer, or other authorized CCRB employee, is responsible for ensuring compliance with the responsibilities, procedures and policies set forth. The designation of a Records Access Officer shall not be construed to prohibit CCRB employees who have in the past been authorized to make records or information available to the public from continuing to do so. The CCRB designates the below CCRB employee to serve as the CCRB's Records Access Officer:

[Name]
Records Access Officer
New York City Civilian Complaint Review Board (CCRB)
100 Church Street, 10th Floor
New York, NY 10007
foil@ccrb.nyc.gov

<u>Records Access Appeals Officer</u>

The Records Access Appeals Officer determines appeals regarding denial of access to records by the Records Access Officer. The CCRB designates the below CCRB employee to serve as the CCRB's Records Access Appeals Officer:

[Name]
Records Access Appeals Officer
New York City Civilian Complaint Review Board (CCRB)
100 Church Street, 10th Floor
New York, NY 10007
foil@ccrb.nyc.gov

<u>Records Access Officer Responsibilities & CCRB FOIL Procedures</u>

The Records Access Officer's responsibilities include, but are not limited to, the following:

1. Managing and maintaining the CCRB FOIL Inbox (FOIL@ccrb.nyc.gov), CCRB's platform on the NYC OpenRecords portal (https://a860-openrecords.nyc.gov/), the Records Access Officer's CCRB mailbox and the CCRB FOIL Drive.
    a. NYC OpenRecords portal access (see CCRB FOIL Drive → OpenRecords Portal Onboarding → NYC OpenRecords User manual)
        i. The Records Access Officer or other authorized CCRB employee shall request access to the NYC OpenRecords portal from a designated agency administrator (see CCRB FOIL Drive → OpenRecords Portal Onboarding → OpenRecords Copy of Agency Users)
        ii. The designated agency administrator shall add new agency users by contacting NYC OpenRecords technical support and providing the agency user's first name, last name, email and role (Administrator or User).
        iii. The designated agency administrator shall add any new agency users to the OpenRecords Copy of Agency Users spreadsheet.
        iv. After being added as an agency administrator or agency user, the Records Access Officer or other authorized CCRB employee shall use his/her CCRB email address and email password to gain access to the CCRB's platform on the NYC OpenRecords portal.
2. Coordinating CCRB's response to public records requests in accordance with CCRB procedures and policies and federal, state and local law.
3. Contacting persons, where necessary, seeking records to clarify request or to comply with CCRB procedures and policies and federal, state and local law.
    a. Where the requester has not provided enough information to reasonably describe or identify the records sought, the Records Access Officer may contact the requester and obtain, to the extent practicable, further information that would enable the Records Access Officer to respond to the request.
        i. If, after three attempts to contact the requester, no response is received, the Records Access Officer may deny, in whole or part, the request.
    b. Where necessary and feasible, the Records Access Officer shall attempt to reduce the volume of records and/or simplify the process of locating, retrieving or generating the records by contacting the requester to ascertain what records would satisfy his/her primary interest in obtaining the records.
    c. Where necessary, the Records Access Officer shall obtain proof of identity or written authorization (i.e., CPL § 160.50 release, HIPAA release, CVR § 50-b release, signed retainer, etc.) to prevent unwarranted invasion of personal privacy or improper disclosure of confidential information.
4. Complying with FOIL statutory time periods (see Public Officers Law § 89(3))
    a. Within five (5) business days of the receipt (date stamped by the CCRB mailroom in cases involving United States Postal Service (USPS) mail or overnight delivery service) of a written request for access to reasonably described records:

       i.  Furnish a written acknowledgment, in the same format the request was made, of the receipt of the request and a statement of the approximate date (reasonable under the circumstances of the request, but generally not to exceed 20 business days) when such request will be granted or denied, in whole or in part.

      ii.  Identify, to the extent practicable, any factors that bear on ability to grant or deny access to the records within a reasonable time.

  b.  A request is considered denied if the Records Access Officer fails to respond to the request within the statutory period or provides an unreasonable date, under the circumstances, to comply with such request.

5. Updating the FOIL Requests spreadsheet and CCRB FOIL Drive.

  a.  Enter new records requests into the "FOIL Requests Spreadsheet" (located in the CCRB FOIL Drive) and properly fill out all required columns.

  b.  For new records requests, create a new folder, titled with the name of the requester, and save in the appropriate "FOIL Requests [year]" folder in the CCRB FOIL Drive.

6. Searching for and locating records in accordance with FOIL and CCRB policies and procedures.

  a.  Before the expiration of the default five-day response period or the date specified in the written acknowledgment, thoroughly search for the requested records at the CCRB (e.g., paper case files, the Complaint Tracking System (CTS), Electronic Document Management System (EDMS), etc.) or designated offsite storage location.

  b.  Where the Records Access Officer cannot grant or deny the request, in whole or in part, by the date provided in the written acknowledgment, the Records Access Officer shall provide a written statement to the requester prior to such date specifying the reason(s) why the request could not be completed, and provide a date certain, within a reasonable time period given the circumstances of the request, when the request will be granted or denied.

7. Preparing requested records in accordance with FOIL and CCRB policies and procedures.

  a.  Upon locating the requested records, take the following actions:

      i.  Assess whether the requested records can be disclosed.

      ii.  Determine whether additional steps are necessary prior to disclosure (see section # 3 above)

     iii.  Deny, in whole or in part, access to the records and explain in writing the reason(s) for denial.

     iv.  Redact information that cannot be disclosed, where necessary and permitted.

      v.  Where access to requested records is granted, in whole or in part, make records promptly available for production, inspection or copying (subject to payment or offer to pay established fees, if any) to requester.

     vi.  If requested records are maintained on the Internet, a link to such records may be provided. However, the requester may still request that the records be provided in a printed form or in another reasonable information storage medium.

b. Where records cannot be located, explain, in writing, that:
   i. The agency is not the custodian of such records; or
   ii. The records cannot be found after diligent search.
c. Prepare records to be uploaded, attached or copied.
   i. In those instances where the records cannot be provided via email or the NYC OpenRecords portal, inform the requester that the records will be provided in another format (i.e., CD/DVD, USB provided by requestor, etc.) and sent to the address provided by the requester.
d. PDF all documents and save in the FOIL Drive
   i. FOIL request, if received via USPS mail or email
   ii. FOIL response/determination letter
   iii. CD/DVD disc, if applicable
   iv. Envelope addressed to the requester
   v. Any other applicable documents
e. Save copy of all digital records being sent in a folder in the FOIL Drive labeled with the name of the requester. Label Subfolders as follows:
   i. Audio
   ii. Video
   iii. Photos
   iv. Documents
   v. Any other applicable documents

8. Drafting FOIL response/determination letter.
   a. Opening Paragraph (see Appendix A for sample opening)
      i. The first paragraph should identify yourself as the Records Access Officer, state the records request that you are responding to, and state whether the request is being denied or granted, in whole or in part.
      ii. Where a request is granted in full, no reason needs to be stated. Where a request is denied in whole or in part, a reason(s) must be provided. Reason(s) must be provided for any redactions made to a record.
   b. Common CCRB FOIL Denial Responses (see Appendix A for sample responses)
      i. IAB referral
      ii. OCD referral
      iii. Open CCRB investigation
      iv. Open APU case
      v. No responsive records
      vi. Not enough information to identify records
   c. Commonly Used FOIL Exemptions (see Appendix A for sample responses)
      i. Specifically exempted from disclosure by state or federal statute [Public Officers Law § 87(2)(a)] (e.g., Civil Rights Law § 50-a, HIPAA, CPL § 160.50, etc.)
      ii. If records were disclosed it would constitute an unwarranted invasion of personal privacy under the provisions of subdivision two of section 89. [Public Officers Law § 87(2)(b)] (e.g., Requester not party to complaint, attorney does not assert client as party, etc.)
      iii. Are compiled for law enforcement purposes and if disclosed would (i) interfere with law enforcement investigations or judicial proceedings, (ii)

           deprive a person of a right to a fair trial or impartial adjudication, (iii)
           identify a confidential source or disclose confidential information relating
           to a criminal investigation or (iv) reveal non-routine criminal investigative
           techniques or procedures. [Public Officers Law § 87(2)(e)(i-iv)] (e.g.,
           Open APU case, certain police documents, etc.).

      iv. If disclosed could endanger the life or safety of any person [Public
           Officers Law § 87(2)(f)] (e.g., certain police documents, etc.).

      v. Inter-agency or intra-agency materials which are not final agency policy or
           determinations. [Public Officers Law § 87(2)(g)(iii)] (e.g., CCRB work
           product, Open investigations, etc.).

  d. Closing Paragraph (see Appendix A for sample closing)

      i. The final paragraph should mention that future FOIL requests should be
           submitted via the OpenRecords portal, the requestor's right to appeal, in
           writing, the Records Access Officer's decision within thirty (30) days and
           the contact information for the Records Appeals Officer.

9. Keeping current on FOIL litigation, case law and other applicable laws.
10. Conferring with the CCRB's General Counsel, or other senior employees in the General
    Counsel's Office, when the Records Access Officer needs assistance or guidance.
11. Forwarding non-FOIL requests to the proper CCRB unit for processing.
12. Maintaining an up-to-date subject matter list according to Public Officers Law § 87(3)(c)
    (see Appendix B for CCRB subject matter list).

  a. The subject matter list is a reasonably detailed list of all CCRB records by subject
      matter, whether or not those records are available pursuant to FOIL, which shall
      be sufficiently detailed to permit identification of the category or record sought.

  b. The subject matter list shall be updated annually, the date of the most recent
      update shall be conspicuously indicated on the list and the list shall be posted on
      the CCRB's website with such posting linked to the website of the NY
      Department of State Committee on Open Government.

## CCRB FOIL Policies

1. All request for access to CCRB records shall be in writing, addressed to the Records
    Access Officer. Requests may be submitted via electronic mail (FOIL@ccrb.nyc.gov),
    NYC OpenRecords portal (https://a860-openrecords.nyc.gov/), mail or in-person.

  a. The CCRB shall not accept verbal/telephone requests for access to records.

2. The contact information for the Records Access Officer and Records Access Appeals
    Officer and a link to the NYC OpenRecords portal shall be publicly posted on the CCRB
    website.
3. CCRB personnel shall direct any request for records from the public to the Records
    Access Officer or other authorized CCRB employee.
4. The CCRB shall not accept open-ended or ongoing FOIL requests.
5. The CCRB does not create new records in response to FOIL requests.
6. The CCRB retains authority to redact non-public portions of records prior to disclosure,
    where permitted.
7. Members of the public who come to the CCRB's offices to inspect and/or copy records
    are not permitted to remove original agency records from the premises.

8. The CCRB will only certify a record as a true copy upon request.
9. If records subject to disclosure pursuant to FOIL were obtained by the CCRB from a government agency, body, or entity, the CCRB may notify the agency, where necessary and appropriate, of the FOIL request and provide the agency with an opportunity to raise appropriate objections, if any, to the disclosure of the requested record(s).
10. Where the Records Access Appeals Officer has made the initial determination to deny access to records, the CCRB's General Counsel, or other authorized CCRB employee, shall act as the Records Access Appeals Officer.

## FOIL Appeals (see Public Offices Law § 89(4)(a))

1. Any person denied access to a record may within thirty days appeal in writing such denial to the Records Access Appeals Officer.
2. The Records Access Appeals Officer shall, within ten business days of the receipt of such appeal:
   a. Fully explain in writing to the person requesting the record the reason for further denial; or
   b. Provide access to the record sought, in whole or in part.
3. An appeal is considered denied if the Records Access Appeals Officer fails to respond to the appeal within the statutory period.
4. The Records Access Appeals Officer shall forward to the New York Department of State's Committee on Open Government (COOG) a copy of such appeal when received by the agency and the ensuing determination thereon. The address to the committee on open government is:

> Committee on Open Government
> New York Department of State
> One Commerce Plaza
> 99 Washington Avenue
> Suite 650
> Albany, NY 12231

## Hours and Location for Copying and Inspection

The CCRB is located at 100 Church Street, 10th Floor, New York, NY 10007, and is regularly open for business from 9:00 a.m. to 5:00 p.m. An appointment to inspect and copy records at CCRB's offices during business hours can be requested by contacting the Records Access Officer. If access to records is granted, there will be no charge to inspect the records, but a fee may be charged for the copying of records.

Alternatively, the Records Access Officer may, upon request, copy records and submit the same to the requesting party upon payment of any applicable fee, if any. The Records Access Officer shall provide a suitable location for inspection and copying and take reasonable steps to secure the confidentiality of personal information contained in the CCRB records.

Fees

Except when a different fee is otherwise prescribed by law, the CCRB may charge a fee for copying of records equal to the actual reproduction cost. In no case shall the fee charged for copying exceed twenty-five (25) cents per page for photocopies not exceeding 9 inches by 14 inches in size. The CCRB shall inform a requestor of the fee for copying a record and require that the fee be paid in advance of the preparation of the copying. The determination of the actual reproduction cost is provided in Public Officers Law, art 6, § 87(1)(c).

Severability

To the extent that these procedures conflict with any provision of law, the provisions of law shall apply. If any provision or application of these procedures is adjudged invalid by a court of competent jurisdiction, such determination shall not affect or impair the validity of the other provisions or applications of these procedures to any other person or circumstance.

# <u>Appendix A</u>

**<u>\*\*NOTE: These sample responses may need to be tailored to the specific request\*\*</u>**

## <u>Opening Paragraph</u>

I am the Records Access Officer for the New York City Civilian Complaint Review Board (CCRB). I have reviewed your request for records pursuant to the Freedom of Information Law (FOIL) for [state records requested]. Pursuant to FOIL, I am granting your request in part and respectfully denying your request in part [in whole].

## <u>General Description of CCRB</u>

The CCRB only has records pertaining to investigations and prosecutions of complaints made by members of the public against New York City Police Department (NYPD) officers for excessive force, abuse of authority, discourtesy and offensive language.

## <u>Delayed response to FOIL request</u>

The CCRB was unaware that you had submitted this Freedom of Information Law (FOIL) request because [ ]. We apologize for the delay in responding to your FOIL request.

## <u>IAB Referral</u>

Our records show that immediately after this incident was reported to the CCRB, it was referred to the New York City Police Department's (NYPD) Internal Affairs Bureau (IAB). The reason for the referral is that the complaint was not within the jurisdiction of complaints that can be investigated by the CCRB. The CCRB is empowered to investigate complaints against NYPD officers for allegations of force, abuse of authority, discourtesy, and offensive language. If we receive a complaint that does not fall into those categories, we refer the complaint to the appropriate entity. Since the complaint was referred to IAB, the CCRB has no documents other than those provided herewith in response to your FOIL request. Please contact NYPD directly for records related to the complaint.

## <u>OCD Referral</u>

Our records show that immediately after this incident was reported to the CCRB, it was referred to the New York City Police Department's (NYPD) Office of the Chief of Department (OCD). The reason for the referral is that the complaint was not within the jurisdiction of complaints that can be investigated by the CCRB. The CCRB is empowered to investigate complaints against NYPD officers for allegations of force, abuse of authority, discourtesy, and offensive language. If we receive a complaint that does not fall into those categories, we refer the complaint to the appropriate entity. Since the complaint was referred to OCD, the CCRB has no documents other

than those provided herewith in response to your FOIL request. Please contact NYPD directly for records related to the complaint.

## Open CCRB Investigation

At this time, the CCRB's investigation into this complaint is ongoing. Public Officers Law § 87(2)(g)(iii) permits the CCRB, as an independent City agency, to deny access to records that are "inter-agency or intra-agency materials which are not . . . final agency policy or determinations." Accordingly, we will not be providing records pertaining to this investigation until it is completed so as to not adversely affect the investigation. When you [your client] receive[s] a letter indicating that the investigation has been completed, please feel free to resubmit your FOIL request.

## Open APU Case

Although the CCRB investigation in the requested matter is completed, the case is still being handled by the CCRB's Administrative Prosecution Unit (APU). Public Officers Law § 87(2)(e)(i) permits the CCRB to deny access to records that "if disclosed, would interfere with law enforcement investigations or judicial proceedings." Our agency's work on your case is ongoing. So that there is no interference or adverse effect on our administrative prosecution of this case, we will not be providing any records until the APU has completed its prosecution of this matter. Once the APU case is completed, please feel free to resubmit your FOIL request.

## No responsive records

After diligently reviewing the CCRB's electronic case tracking system and conducting a number of searches using the information you provided, I have not identified any records responsive to your request.

## Not enough information to identify records

Your request under the Freedom of Information Law (FOIL) cannot be processed because it does not provide enough information to identify the records you would like to receive.

## Specifically exempted from disclosure by state or federal statute [Public Officers Law § 87(2)(a)]

Public Officers Law § 87(2)(a) permits the CCRB to deny access to records when they "are specifically exempted from disclosure by state or federal statute." Pursuant to Civil Rights Law § 50-a, police officer personnel records are exempt from disclosure unless a court has reviewed the records and determined that they should be released in the course of ongoing litigation. *New York Civil Liberties Union v New York City Police Dept.*, 32 N.Y.3d 556, 566 (2018). Police officer personnel records, which are confidential pursuant to Civil Rights Law § 50-a(1), are those records which are "used to evaluate performance toward continued employment or promotion"

of a police officer. Accordingly, CCRB records, which by their very nature are used to evaluate officer performance, are restricted from disclosure pursuant to Civil Rights Law § 50-a. *See Luongo v. Records Access Officer*, 161 A.D.3d 1079 (2d Dept. 2018); *Luongo v. Records Access Officer, Civilian Complaint Review Bd.*, 150 A.D.3d 13 (1st Dept. 2017). You are welcome to seek access to CCRB's investigative file through a court order properly issued pursuant to Civil Rights Law § 50-a and CPLR § 2307 or CPL § 610.20(3).

Further, these records cannot be redacted to remove identifying information about the police officer in order to comply with Civil Rights § 50-a. *New York Civil Liberties Union*, 32 N.Y.3d 556, 568 (2018) ("Civil Rights Law § 50-a provides the exclusive means for disclosure of confidential personnel records. The parties cannot sidestep its mandate through the expedient of redacted FOIL disclosure"); *New York Civil Liberties Union v. New York City Police Dept.*, 148 A.D.3d 642, 643 (1st Dept. 2017) ("the Court of Appeals held that where, as here, there is a 'specific exemption from disclosure by State ... statute,' an agency is not required to disclose records with identifying details redacted.'") (quoting *Matter of Short v. Board of Mgrs. of Nassau County Med. Ctr.*, 57 N.Y.2d 399, 401 (1982)).

**If disclosed would constitute an unwarranted invasion of personal privacy under the provisions of subdivision two of section 89 of this article [Public Officers Law § 87(2)(b)]**

Public Officers Law § 87(2)(b) permits the CCRB to deny access to records that "if disclosed would constitute an unwarranted invasion of personal privacy." Public Officers Law § 89(2)(c)(ii) does not consider disclosure an unwarranted invasion of personal privacy "when the person to whom a record pertains consents in writing to disclosure." Accordingly, any records in regard to another person are not be disclosed without their written consent.

**Are complied for law enforcement purposes and which, if disclosed, would: i. interfere with law enforcement investigations or judicial proceedings; ii. Deprive a person of a right to a fair trial or impartial adjudication; iii. Identify a confidential source or disclose confidential information relating to a criminal investigation; or iv. Reveal criminal investigative techniques or procedures, except routine techniques and procedures [Public Officers Law § 87(2)(e)(i-iv)]**

Public Officers Law § 87(2)(e) permits the CCRB to deny access to records that "are compiled for law enforcement purposes and which, if disclosed, would interfere with law enforcement investigations or judicial proceedings … disclose confidential information relating to a criminal investigation or reveal [non-routine] criminal investigative techniques or procedures …" Therefore, records compiled for law enforcement purposes are not being provided or have been redacted.

**If disclosed could endanger the life or safety of any person [Public Officers Law § 87(2)(f)]**

Public Officers Law § 87(2)(f) permits the CCRB to deny access to records that … "if disclosed could endanger life or safety of any person." Consequently, records which, if disclosed, may endanger life or safety of any person are not be being provided or have been redacted.

**Inter-Agency or intra-agency materials which are not final agency police or determinations [Public Officers Law § 87(2)(g)(iii)]**

Public Officers Law § 87(2)(g)(iii) permits the CCRB to deny access to records that are "inter-agency or intra-agency materials which are not . . . final agency policy or determinations." Accordingly, we do not disclose CCRB work product, opinions, recommendations, advice, or records which reflect the consultative and deliberative process. This includes records that the CCRB compiles, obtains, prepares or maintains during the course of an investigation. Such records are not being provided because they do not constitute final agency determinations.

**Closing Paragraph**

Future FOIL requests should be submitted via the OpenRecords portal at nyc.gov/openrecords. If you wish to appeal my decision, you must do so in writing within thirty (30) days to the CCRB Records Access Appeals Officer at: New York City Civilian Complaint Review Board, 100 Church Street, 10th Floor, New York, New York 10007 or via email to FOIL@ccrb.nyc.gov.

# **Appendix B**

Pursuant to NYS Public Officers Law, Article 6, § 87(3)(c) (also known as the Freedom of Information Law (FOIL)), 21 NYCRR § 11401.6 and 43 RCNY § 1-03(a), the following is a reasonably detailed current list by subject matter of all records in the possession of the New York City Civilian Complaint Review Board (CCRB), whether or not available under FOIL. This list is not a compilation of every record used to conduct daily business functions and does not imply that all records are available to the public. All government records are subject to the exemptions stipulated in FOIL. For more information about FOIL visit the Committee on Open Government website hosted by the New York State Department of State at http://www.dos.ny.gov/coog .This list is updated annually. This list was updated on January 31, 2019.

**Administration Unit Records** (Records such as Continuing Legal Education (CLE) information (including, but not limited to, accreditation forms, attendance sheets, certificates, course materials and evaluation materials), court orders, employee schedule and timekeeping documents, Equal Employment Opportunity (EEO) documents, internal and external correspondence, Management Information Systems (MIS) forms, policies and procedures, packing slips, personnel documents, property forms, provisioning forms, recruitment and hiring materials, subpoenas and training materials).

**Administrative Prosecution Unit (APU) Records** (Records such as case files, CLE information (including, but not limited to, accreditation forms, attendance sheets, certificates, course materials and evaluation materials), internal and external correspondence, inventory of records, legal transcripts and decisions, motions, policies and procedures, third-party documentation and training materials, unit calendars, unit memoranda and written material prepared by an attorney in the course of their legal work.

**Case Management Unit Records** (Records such as board minutes, internal and external correspondence, messenger receipts, policies and procedures, unit memoranda, visitor log book and voting sheets).

**Communications Unit Records** (Records such as general consent forms, graphics and illustrations used in public materials, internal and external correspondence, news articles, newsletters, press releases, remarks by agency spokespeople and social media information).

**General Counsel Records** (Records such as agreements, case logs and indexes, CLE information (including, but not limited to, certificates, accreditation forms and course materials), contracts, court orders, FOIL requests and responses, internal and external correspondence, legal case files, litigation materials, memoranda of law, recruiting and hiring materials, subpoenas, training materials, unit memoranda and written material prepared by an attorney in the course of their legal work.

**Investigation Unit Records** (Records such as activity logs, audio and video materials, case files, closing reports, complaint reports, internal and external correspondence, interview forms, investigative actions and plans, memoranda, policies and procedures, transcribed statements and third-party documentation).

**Mediation Unit Records** (Records such as activity logs, audio and video materials, case files, closing report, confidentiality agreements, internal and external correspondence, mediation calendar, mediation forms, resolution agreements, surveys and third-party documentation).

**Outreach and Intergovernmental Affairs Unit Records** (Records such as board meeting minutes, brochures, internal and external correspondence, monthly report, outreach presentation materials, outreach unit calendar, policies and procedures, recruitment and hiring materials, reports, sign-in sheets, surveys, unit memoranda).

**Operations Unit Records** (Records such as fleet documentation, internal and external correspondence, procurement documents and property documents).

**Policy and Advocacy Unit Records** (Records such as action plans, agency and unit memoranda, annual and semi-annual reports, APU reports, external data request, internal and external correspondence, issue-based reports, meeting minutes, monthly statistical reports and report outlines).

**Training and Development Unit Records** (Records such as internal and external correspondence, investigator training manuals, investigator training presentation materials, sign-up sheets and third-party training materials).