UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNIFORMED FIRE OFFICERS ASSOCIATION; UNIFORMED FIREFIGHTERS ASSOCIATION OF GREATER NEW YORK; CORRECTION OFFICERS' BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, INC.; POLICE BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, INC.; SERGEANTS BENEVOLENT ASSOCIATION; LIEUTENANTS BENEVOLENT ASSOCIATION; CAPTAINS ENDOWMENT ASSOCIATION; and DETECTIVES' ENDOWMENT ASSOCIATION, | Case No. 1:20-CV-05441-KPF  **DECLARATION OF SUSAN LERNER IN SUPPORT OF COMMUNITIES UNITED FOR POLICE REFORM'S OPPOSITION TO PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION** |
| Plaintiffs, | |
| -against- | |
| BILL de BLASIO, in his official capacity as Mayor of the City of New York; THE CITY OF NEW YORK; FIRE DEPARTMENT OF THE CITY OF NEW YORK; DANIEL A. NIGRO, in his official capacity as the Commissioner of the Fire Department of the City of New York; NEW YORK CITY DEPARTMENT OF CORRECTION; CYNTHIA BRANN, in her official capacity as the Commissioner of the New York City Department of Correction; DERMOT F. SHEA, in his official capacity as the Commissioner of the New York City Police Department; THE NEW YORK CITY POLICE DEPARTMENT; FREDERICK DAVIE, in his official capacity as the Chair of the Civilian Complaint Review Board; and THE CIVILIAN COMPLAINT REVIEW BOARD, | |
| Defendants. | |

Susan Lerner declares under penalty of perjury as follows.

1. I submit this sworn statement in support of Communities United for Police Reform's ("CPR") Opposition to Plaintiff's Request for a Preliminary Injunction. I have personal knowledge of the facts contained in this declaration, and, if called as a witness, am competent to testify to those facts, except as to matters expressly stated to be upon opinion and belief. As to those, I believe them to be true.

**Common Cause's Longstanding Commitment to Transparency and Accountability Across All Government**

2. I am the current Executive Director of Common Cause New York, which I joined in 2007. Common Cause is a nonpartisan, grassroots organization dedicated to upholding the core values of American democracy and ensuring a healthy and vibrant democracy that functions effectively. Common Cause is an open government group that advocates for transparency amongst all government entities. We work to create open, honest, and accountable government that serves the public interest; promote equal rights, opportunity, and representation for all; and empower all people to make their voices heard in the political process. Common Cause was founded in 1970. After Watergate, Common Cause was instrumental in federal and statewide transparency reform efforts. Common Cause was an original supporter and drafter of New York's Freedom of Information Law and others across the country.

3. As part of my work with Common Cause, I am frequently asked to provide commentary on the scope of disclosure of government records and analysis on ethical versus unethical conduct by government employees. My work also focuses on efforts to increase transparency across all levels of government. Based on my experience related to advocating for open government, government transparency, and government accountability, I submit this declaration in opposition to the law enforcement unions' attempt to roll back the repeal of § 50-a

because §50-a stands as an antithesis to five decades of work that Common Cause has done in the arena of government accountability.

4. More transparency is always good, but not simply for transparency's sake. Transparency is not only an end; it is also a means. Holding governments accountable is the ultimate goal of transparency. When the government hides misconduct, it is impossible for citizens to seek accountability. This is true at all levels of government, and of course applies when police departments actively conceal the disciplinary and misconduct records of its officers from the public.

### The Law Enforcement Unions' Attack on the Repeal of § 50-a Leads to a Lack of Transparency and an Inability to Seek Accountability

5. Although Common Cause was not always directly involved in repeal § 50-a efforts (mostly because organizations like CPR had the nuanced expertise to lead efforts), we supported the effort to repeal 50-a and the successful repeal of § 50-a directly aligns with Common Cause's organization goals. Key to Common Cause's mission is oversight and reform of government entities that seek to gain special treatment. For example, Common Cause has routinely criticized the Legislature for exempting itself from transparency rules. By the same token, the police are not entitled to special treatment when it comes to disclosure. Law enforcement's current attempt to curtail the repeal of § 50-a seeks just that: maintaining the special treatment that they have afforded themselves since the enactment of § 50-a.

6. When it comes to oversight and transparency, knowing the total quantum of complaints against any given officer, and within any given precinct and department is crucial. Knowing how many total complaints, how many were resolved, how many were not resolved, and why the complaints were not resolved is necessary for diagnosis of internal issues within a police system and to assess whether oversight and disciplinary efforts are effective or need

improvement.  In assessing the functioning of government, having unsubstantiated or unfounded complaints may even be more important, because these highlight where more information is needed.  It can help determine how to improve departmental processes.  Additionally, the very nature of the police investigative process—that the police's misconduct is investigated and adjudicated internally—may prevent additional evidence being produced to substantiate claims.  More claims may remain unsubstantiated—but that does not mean those claims should not be made known.

7. The fact that there is a substantial number of complaints within a department or about a specific officer indicates issues with accountability and the effectiveness of internal controls.  While an occasional complaint against a single officer may not be persuasive evidence of accountability problems, in cases where there are precincts that have received numerous complaints against multiple officers, all involving similar conduct indicates the need for internal reform, even—or especially—when the complaints are internally determined to be unfounded, unsubstantiated, exonerated, truncated, where misconduct is not fully investigated, or where a complaint is pending for an extended period of time.

8. The quantum of complaints demonstrates the need for oversight.  It also places the police department on notice that there are issues that need to be corrected internally.  When an officer has a lengthy disciplinary record, the department should be tracking and monitoring that officer to ensure that it is able to detect the warning signs of escalating behavior and to assure the public that improper conduct does not continue.  It is for these same reasons that a civilian's accumulation of traffic violations is tracked under the points system, or doctors with multiple complaints are more closely monitored by hospitals and licensing bodies.  Police should be similarly monitored for patterns of problematic behavior.

9. From a basic management perspective, if a private company the size of NYPD—with 30,000 officers—had the same quantum of complaints about its employees as the NYPD has about its officers, management experts would call for external audits and investigations, because that number of complaints indicate a problem on an organizational level. For the same reason, the high number of complaints against an NYPD officer is indicative of the need for independent investigation. Internal investigations are virtually impossible to conduct effectively—and in the context of a public entity, even more so when the process is secretive and public is kept in the dark. For example, when the NYPD does not discipline an officer with numerous complaints, and in fact, continues to promote this officer, this demonstrates the lack of oversight, and the need for external controls on police accountability.

**Public Perception Regarding Lack of Transparency Damages Institutional Credibility**

10. A lack of transparency damages the credibility of law enforcement as an institution. Where a government entity is completely opaque, this leads to citizens becoming cynical towards the entire system. We are currently suffering from this right now—particularly in Black and Brown communities, where citizens' complaints (if citizens even come forward) go into a black hole and do not result in meaningful changes.

11. Past history shows that when an officer does engage in serious misconduct, they have often been able to shield their misconduct using § 50-a. It is alarming that officers who should be subject to discipline instead are able to simply escape their bad reputations and move to a different police department. But research also shows that almost inevitably that officer will engage in similar conduct in the new jurisdiction, and accumulate similar complaints. This pattern of behavior has been allowed to continue because § 50-a has been used to block even inter-department access to records.

12.     Police officers are public servants and the complaints reflect how the officers interact with members of the public.  The public—which pays these officers' salaries—has an interest and right in knowing who is policing their community and what interests the department is spending its resources to protect.  Where the complaints indicate a lack of service to the public, the public should have access to this information.

13.     Demanding that public servants be accountable to the public is not a unique attack on police officers.  Common Cause vigorously advocates for systems of disclosure that allow the public to hold all public servants to an appropriately high standard of conduct.  We do not hesitate to bring questionable conduct to the attention of oversight bodies, such as New York City's Conflict of Interest Review Board, and to release the details of the conduct we find objectionable.  Police officers should not be held to a lower standard and not be permitted to hide behind § 50-a or argue for a roll back of its repeal, which was a significant victory for supporters of open government and advocates of transparency and accountability.

Executed on this 13th day of August, 2020, in Brooklyn, NY.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

*Susan Lerner*
Susan Lerner
