**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNIFORMED FIRE OFFICERS ASSOCIATION, et al., <br><br> *Plaintiffs*, <br><br> -v.- <br><br> DE BLASIO, et al., <br><br> *Defendants*. | Case No. 20-cv-05441 (KPF) <br><br> **DECLARATION OF ROYCE RUSSELL** |

ROYCE RUSSELL, declares pursuant to 28 U.S.C. § 1746:

1. I make this declaration at the request of Amicus Justice Committee, Inc., in opposition to Plaintiff's Motion for a Preliminary Injunction. This declaration is based on my personal knowledge.

2. I am a duly licensed member of the New York bar.

3. I have represented numerous plaintiffs in civil lawsuits against the City of New York and the NYPD arising from police misconduct.

4. I represented Constance Malcolm in her lawsuit against the City of New York, captioned *Estate of Ramarley Graham et al v. The City of New York et al.*, 1:13-cv-02015-PKC (filed March 26, 2013 S.D.N.Y.).

5. Civil plaintiffs suing for the harms suffered at the hands of police often seek police misconduct records to bolster their legal claims for compensation.

6. Prior to the repeal of § 50-a, Freedom of Information Law requests for police misconduct records, even when prepared and submitted with the assistance of attorneys, were often rebuffed with rejection or partial-rejection letters on the basis of § 50-a.

7. Prior to the repeal of § 50-a, civil plaintiffs often received limited access to disciplinary records, which affected the strength of their civil suits.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, New York this 14th day of August 2020.

_____
Royce Russell