# EXHIBIT B

# Justice Committee

JusticeCommittee.org        *        info@justicecommittee.org

TO: Members of the Legislature
FROM: Justice Committee
DATE: April 17, 2019
RE: Need for repeal of NYS Civil Rights Law 50-a (CRL 50-1) - A.2513 (O'Donnell)/S.3695 (Bailey)

---

The Justice Committee is a grassroots organization dedicated to ending police violence and systemic racism in New York City. For over three decades, the heart of our work has been to support and organize family members of New Yorkers killed by the police and empower them as advocates for social change. We also conduct know your rights trainings and other public education activities throughout New York City, build neighborhood capacity to monitor and document police activity and increase safety, and organize to change policy in order to decrease police violence and misconduct.

As an organization fighting for police accountability and transparency, the Justice Committee strongly supports A.2513/S.3695 to repeal New York State Civil Rights Law 50-a (50-a). 50-a is arguably the most secretive law of its kind in the country and local New York State departments and jurisdictions are increasingly misinterpreting it order to shield abusive officers and commands from public scrutiny.

Families who have lost loved ones to the police are some of those most impacted by this overly restrictive police secrecy law.

In 2014, Eric Garner, an unarmed, 43-year-old father, was killed by the NYPD in Staten Island. In the wake of Garner's death, 50-a was used as an excuse not to disclose disciplinary records and past substantiated CCRB complaints against Daniel Pantaleo, the officer who put Garner in a NYPD-banned chokehold, while multiple other officers tackled him and forced him to the ground. Eric Garner's family only knows about some of Pantaleo's past substantiated misconduct and the inadequate discipline for that misconduct because the information was leaked to media by a whistleblower. Pantaleo is still an NYPD officer and has collected tens of thousands of dollars in wage increases since he killed Garner.

In the case of Ramarley Graham, an unarmed, 18-year-old Black youth who was killed by the NYPD in his own home in front of his grandmother and 6-year-old brother in 2012, 50-a was used to withhold the names of the 12+ officers involved in killing Graham, assaulting his mother, holding his grandmother without access to her attorney for hours, and engaging in a wide range of other misconduct surrounding the case. As with Eric Garner's case, the officer who murdered Ramarley had past substantiated misconduct that was hidden from public view and had only received a slap on the wrist instead of serious discipline. Furthermore, when the NYPD departmental trial for Richard Haste, the officer who shot Ramarley, was finally scheduled and Ramarley's mother asked what charges Haste was facing, citing 50-a, Department Advocate Kevin Richardson denied her an answer and told her she'd have to sit through the trial and try to figure it out herself.

If Pantaleo and Haste's past misconduct had been dealt with seriously, it's possible Eric Garner and Ramarley Graham would still be alive today.

These are just a few examples. Across the state, the names and misconduct records of officers who kill and abuse New Yorkers as well as what discipline these officers receive - if any - and if they are still patrolling our streets with guns in hand are all hidden from survivors, families and communities.

Simply amending 50-a to limit the records kept confidential to those "created and used solely" for the purposes of evaluating the performance of officers is not enough. An amended 50-a statute - which could still have been used to shield Eric Garner and Ramarley Graham's killers - would continue to hide misconduct histories of officers who kill and brutalized New Yorkers. Shielding police misconduct from public scrutiny allows them to act as if they're above the law and encourages repeat offenses.

The public has the right to know the misconduct histories and whether or not there has been sufficient discipline of police officers who are supposedly meant to protect and serve us - and who are authorized to use deadly force against us - just as we have access to this information about many other professions, such as teachers, lawyers, doctors and many others. There are sufficient protections for officers' personal information in other NYS FOIL statutes, making any useful protections provided by 50-a redundant.

50-a is used regularly and increasingly used to shield misconduct of officers and departments across the state. This is a disservice to public safety and puts New York's communities of color disproportionately at risk. 50-a must be repealed.

**The Justice Committee fully supports A.2513 (O'Donnell)/S.3695 (Bailey)**

*For more information contact Yul-san Liem:* [yul-san@justicecommittee.org](mailto:yul-san@justicecommittee.org)*, 917.568.6547*