# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

Uniformed Fire Officers Association; Uniformed Firefighters Association of Greater New York; Correction Officers' Benevolent Association of the City of New York, Inc.; Police Benevolent Association of the City of New York, Inc.; Sergeants Benevolent Association; Lieutenants Benevolent Association; Captains Endowment Association; and Detectives' Endowment Association,

                              Plaintiffs,

      -against-

Bill de Blasio, in his official capacity as Mayor of the City of New York; the City of New York; Fire Department of the City of New York; Daniel A. Nigro, in his official capacity as the Commissioner of the Fire Department of the City of New York; New York City Department of Correction; Cynthia Brann, in her official capacity as the Commissioner of the New York City Department of Correction; Dermot F. Shea, in his official capacity as the Commissioner of the New York City Police Department; the New York City Police Department; Frederick Davie, in his official capacity as the Chair of the Civilian Complaint Review Board; and the Civilian Complaint Review Board,

                              Defendants.

------------------------------------------------------------------------x

**DECLARATION OF KERRY JAMIESON**

20 CV 05441 (KPF)

     **KERRY JAMIESON**, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

     1. I have been employed as Assistant General Counsel by the New York City Civilian Complaint Review Board ("CCRB") since August 2017. I am also the CCRB's Agency Privacy Officer and Records Access Appeals Officer. I previously served as Records Access Officer from approximately September 2017 to October 2018. My responsibilities include

responding to appeals from denials of Freedom of Information Law ("FOIL") requests, helping to develop agency policy, making sure that the agency is in compliance with various state and local laws and regulations, and handling certain employee-related matters.

2. On June 12, 2020, the New York State Legislature repealed New York Civil Rights Law § 50-a, lifting that statute's prohibition on disclosing certain personnel records, including disciplinary records, of members of the service of the NYPD.

3. Following the repeal of Civil Rights Law § 50-a, the CCRB began taking steps to make publicly available certain disciplinary records of members of service of the NYPD, particularly the CCRB disciplinary histories of current and former members of service. As Assistant General Counsel, I have been involved in the plans to determine whether to publicly disclose certain disciplinary records of members of service of the NYPD, and what those records would contain.

4. As of July 15, 2020 — the date that Justice Carol Edmead of the Supreme Court of the State of New York, New York County, issued a stay prohibiting the public release of certain types of disciplinary records — the CCRB planned to publicly release the following information in the format described below.

5. First, the CCRB planned to establish an online database that would allow members of the public to search for CCRB officer histories using various parameters, such as name, shield number, command, and number of substantiated complaints. The officer histories would be updated by the CCRB at a regular interval, to be determined (nightly or weekly), from the CCRB's internal case tracking database.

6. Second, before responding to the numerous FOIL requests the CCRB received following the repeal of Civil Rights Law § 50-a, the CCRB determined what information should

be included in the officer histories that it provided. The CCRB determined that the officer histories would contain information about closed CCRB and Administrative Prosecution Unit ("APU") cases that were substantiated, unsubstantiated, unfounded, and truncated,[1] but would not include mediated or mediation attempted cases, other misconduct noted, referred cases, or pending cases.

7. Third, for requests pursuant to FOIL for complaint reports, which are summaries of the complaint filed with the CCRB, the CCRB would release complaint reports for substantiated, unsubstantiated, exonerated, unfounded, and truncated cases. The same criteria would be applied as would be applied to officer histories. Complaint reports are generally one or two-page documents. The Records Access Officer would redact any complainant personal information from the record (unless the requesting party was the complainant, in which case, that complainant's name would not be redacted, but the names of other complainants in the case, if any, would be redacted).

8. Fourth, for requests pursuant to FOIL for the CCRB investigative file, the CCRB's Records Access Officer would respond to each request on a case-by-case basis pursuant to the CCRB's draft FOIL Manual, the particulars of the request and the person submitting the request.

9. Since the issuance of the July 15, 2020 stay by Justice Edmead and the subsequent temporary restraining order issued by this Court on July 22, 2020, the CCRB has not determined a date on which it will publicly release the items outlined in paragraphs 5-8, as it is presently restrained from making such disclosures. Absent a continuing injunction, the CCRB

---

[1] A "truncated" case is a case that was closed without a full investigation because the complainant/victim was unavailable or uncooperative, the complainant withdraws the complaint, the complainant and/or victim cannot be identified, or the case was closed pending litigation.

- 4 -

may modify the categories of materials it discloses to the public in accordance with applicable law.

Executed on:  New York, New York
August 5, 2020

_____
**KERRY JAMIESON**