# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

Uniformed Fire Officers Association, et al.,

                              Plaintiffs,

-against-

de Blasio, et al.,

                              Defendants.

------------------------------------------------------------------------x

**DECLARATION OF ROBERT BARROWS**

No. 20 CV 05441 (KPF)

**ROBERT BARROWS**, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

      1. I have been employed as an attorney by the New York City Police Department ("NYPD") since June 2012. Since November 2019, I have held the position of Director of Legal Operations and Projects in the Office of the Deputy Commissioner, Legal Matters. I am responsible for providing legal advice to NYPD executives on matters with agency-wide policy implications, personnel matters, and special projects.

      2. On June 12, 2020, the New York State Legislature repealed New York Civil Rights Law § 50-a, lifting that statute's prohibition against disclosing certain personnel records, including disciplinary records, of members of the service of the NYPD.

      3. Following the repeal of Civil Rights Law § 50-a, the NYPD began taking steps to make publically available certain disciplinary records of members of service.

      4. As Director of Legal Operations and Projects with the NYPD, I have been involved in the plans to publically disclose certain disciplinary records of members of service.

5. As of July 15, 2020 – the date Justice Carol Edmead, New York State Supreme Court, New York County, entered a stay precluding the release of certain types of disciplinary records – the NYPD planned to publically release the following information:

    i. Charges and Specifications that have been served on members of service but yet to be adjudicated;

    ii. Charges and Specifications that have been served on members of service and have been adjudicated, including the finding following adjudication and the penalty imposed;

    iii. The NYPD Deputy Commissioner of Trials Calendar would be updated to include, in addition to the member of service's name, rank, and the location of the hearing,[1] the Charges and Specifications against the member of service;

    iv. Written decisions following trials before the NYPD Deputy Commissioner of Trials, with redactions as required by law; and

    v. Responses to FOIL requests for the disciplinary records of members of service received following the repeal of New York Civil Rights Law § 50-a, where the requested disciplinary records resulted in substantiated final determinations.

6. As of July 15, 2020, NYPD was planning to include the items outlined above in paragraphs 5(i)-(v), on its public website, with some of the information to be included in a searchable public-facing database.

---

[1] Prior to the repeal of Civil Rights Law § 50-a, and to date, the NYPD Deputy Commissioner of Trials Calendar includes the member of service's name, rank, and the location of the hearing.

7. Since the imposition of the July 15, 2020 stay by the New York Supreme Court and the subsequent temporary restraining order issued on July 22, 2020, by the United States District Court for the Southern District of New York, NYPD has not determined a date on which it will publically release the items outlined above in paragraphs 5(i)-(iv), as it presently is restrained from making such disclosure.

8. Additionally, the NYPD maintains that it is not bound by the foregoing representation of items slated for public release, and respectfully reserves the right to modify its determination, in future, and absent any continuing injunction, as to the precise disciplinary records that would be publically disclosed in accordance with the law.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  New York, New York
              August 3, 2020

_____
**ROBERT BARROWS**