# Exhibit 7

# Municipal Labor Committee
125 Barclay Street, Room 540 / New York, NY 10007-2179 / (212) 815-1474

**CHAIRPERSON**
HARRY NESPPOLI
Local 831, I.B.T. Uniformed
Sanitationmen's Association, AFL-CIO

**CO-CHAIRPERSON**
HENRY A. GARRIDO
District Council 37, AFSCME, AFL-CIO

**EXECUTIVE VICE-CHAIR**
MICHAEL MULGREW
United Federation of Teachers, AFL-CIO

**SECRETARY**
GREGORY FLOYD
Local 237
City Employees Union, I.B.T., AFL-CIO

**TREASURER**
MARK CANNIZZARO
Council of School Supervisors &
Administrators

**VICE CHAIRPERSONS**
BARBARA BOWEN
Professional Staff Congress
City University of New York

JOSPEH COLANGELO
S.E.I.U. New York City Local 246

ROBERT CROGHAN
Organization of Staff Analysts

JUDITH A. CUTCHIN
New York State Nurses Association

GERARD FITZGERALD
Uniformed Firefighters Association

ELIAS HUSAMUDEEN
Correction Officers' Benevolent Association

MARTIN A. LYDON
District Council of Carpenters, AFL-CIO

JAMES LEMONDA
Local 854, Uniformed Fire Officers
Association, AFL-CIO

WILLIAM M. LYNN
International Union of Operating Engineers
Local 30, AFL-CIO

JOSEPH MANNION
Sanitation Officers Association

GLORIA MIDDLETON
Local 1180, NYC Administrative
Employees, CWA, AFL-CIO

FRANK PROSCIA, M.D.
Doctors Council

ROY RICHTER
Captains Endowment Association

PETER STEIN
Local 508, NYC Lifeguard Supervisors,
AFSCME, AFL-CIO

LOUIS TURCO
Lieutenants Benevolent Association

MAF MISBAH UDDIN
Local 1407, NYC Accountants, Statisticians
& Actuaries, AFSCME, AFL-CIO

ANTHONY WELLS
Local 371, Social Service Employees,
AFSCME, AFL-CIO

*Executive Secretary*
ELLEN MEDWID

August 14, 2020

**POSITION STATEMENT OF THE MUNICIPAL LABOR COMMITTEE OPPOSING THE RELEASE OF UNSUBSTANTIATED DISCIPLINARY FILES AND PERSONNEL RECORDS OF UNIFORMED CITY WORKERS**

Earlier this summer, the Legislature repealed § 50-a of the Civil Rights Law, which provided additional protections for the personnel records of certain uniformed public employees. Some member unions of the Municipal Labor Committee ("MLC") have already issued their own positions on that legislation and this statement does not take a stance on the measure.

Instead, the MLC seeks to comment on the City's unilateral decision to use the recent legislation as an excuse to affirmatively release not only disciplinary findings against police officers, firefighters and corrections officers, but also any unsubstantiated allegations leveled against these City workers. The release of unsubstantiated or yet to be adjudicated claims goes far beyond what the legislation intended. To be clear, the City has indicated it would make a wholesale data dump, indiscriminately making public all disciplinary files and documents, including those containing wholly unsubstantiated or unproven complaints. The City's unprecedented disclosure could well irreparably damage the privacy rights of thousands of City workers. Our union brothers and sisters might face public reprisal, reputational harm, future difficulty finding employment, or worse, on account of unsubstantiated allegations and entirely unproven complaints. This is unfair and unwarranted.

While public sector workers perform their jobs every day in the public domain, and the public is entitled to transparency, public employees are still entitled to (and have relied for decades on) certain privacy protections. New York's Freedom of Information Law and Personal Privacy Protection Law protect against this type of unwarranted invasions of privacy; collectively bargained-for agreements with the City contain specific privacy rights related to disciplinary procedures; and due process and fundamental fairness protections enshrined in the United States and New York Constitutions ensure that a worker's reputation, honor, and integrity will not be besmirched without ample notice and chance to defend his or her good name. **The City's plan to disclose unsubstantiated and unfounded complaints threatens these essential rights.**

In these precarious and uncertain times for New York City, transparency and accountability undoubtedly take on heightened importance. Yet, transparency must always be balanced with the privacy, safety and well-being of the public sector employees who protect and serve New Yorkers every day.