# Exhibit 16

| REQUEST FOR ARBITRATION | |
|---|---|
| OFFICE OF COLLECTIVE BARGAINING<br>100 GOLD STREET, SUITE 4800<br>NEW YORK, N.Y. 10038<br>MAILING ADDRESS: PECK SLIP STATION, P.O. BOX 1018<br>NEW YORK, NY 10038<br>PHONE: (212) 306-7160 FAX: (212) 306-7167 | Docket Number<br><br>Date Filed |

**INSTRUCTIONS:** Consult the New York City Collective Bargaining Law, Chapter 3, Title 12 of the Administrative Code of the City of New York ("NYCCBL"), § 12-312, and the Rules of the Office of Collective Bargaining (Rules of the City of New York, Title 61, Chapter 1) ("OCB Rules"), § 1-06. File original with OCB and serve one copy on the designated agent for the other party.

☐ CHECK BOX IF YOU HAVE REQUESTED EXPEDITED ARBITRATION IN QUESTION 6(c).

**1. NAME OF PUBLIC EMPLOYEE ORGANIZATION AND LOCAL**

Name: Sergeants Benevolent Association, Police Department, City of New York

Address: 35 Worth Street, New York, NY 10013

Phone: (212) 226-2180          Email:

**2. NAME OF PUBLIC EMPLOYER**

Name: City of New York, c/o Mayor's Office of Labor Relations

Address: 40 Rector Street, New York, New York 10006

Phone: (212) 306-7200          Email:

**3. NATURE OF DISPUTE**

(a) Name(s) of agency which employ the grievant(s):
   New York City Police Department

(b) Name(s) of grievant(s): Edward Mullins, Sergents Benevolent Association President on behalf of all members of the bargianing unit

(c) A precise and concise statement of the grievance to be arbitrated:
   Please see attached.

(d) Specify the remedy sought:
   Please see attached.

**4.** If this request is made by a municipal employee organization, are the waivers required by NYCCBL § 12-312(d) and OCB Rule § 1-06(b)(1)(iii) included? (see attached)

☑ Yes  ☐ No

Page 1 of 2

| 5. ATTACH THE FOLLOWING (check appropriate boxes). Failure to provide documents may delay processing of request. | |
|---|---|
| ☑ The written grievance, if any | |
| ☐ The Step II decision, if issued | Date issued |
| ☑ The Step III decision, if issued | Date issued   July 16, 2020 |
| ☑ The contract provision and/or the rule or regulation alleged to have been violated | |

6. (a) Do the parties use a designated contract arbitrator?   ☐ Yes   ☑ No

If "yes" please identify:

(b) Do the parties use a rotating panel of arbitrators?   ☐ Yes   ☑ No

(c) Is this a request for expedited arbitration under the terms of the parties' agreement?   ☐ Yes   ☑ No

**STATEMENT REQUESTING ARBITRATION:** The undersigned hereby requests impartial arbitration of the unresolved grievance described above. A request is made for the designation of an arbitrator or arbitration panel to hear and decide the dispute.

**7. PERSON FILING REQUEST**

| Name: Ronald G. Dunn, Esq. | Title: Attorney for SBA |
|---|---|
| Address: Gleason, Dunn, Walsh & O'Shea, 40 Beaver Street, Albany, New York  12207 | |
| Phone: (518) 432-7511 | Email: rdunn@gdwo.net |
| Signature | Date   July 28, 2020 |

## ATTACHMENT

The Sergeants Benevolent Association of the City of New York, Inc. ("SBA") represents a bargaining unit consisting of all Sergeants in the New York City Police Department ("NYPD"). The SBA and the NYPD are working under the terms of a Collective Bargaining Agreement for the period of June 1, 2005 to August 29, 2011 ("2005-2011 SBA Collective Bargaining Agreement") and a Memorandum of Agreement for the period August 30, 2011 through August 29, 2018 ("2011 – 2018 SBA MOA"). With an agreement executed in April 2016 the SBA and the City clarified how a stipend created by the 2011-2018 SBA MOA would be paid ("2016 SBA Stipend Agreement"). Copies of the 2005-2011 SBA Collective Bargaining Agreement, the 2011-2018 SBA MOA and the 2016 SBA Stipend Agreement are attached as **Exhibit A**, **Exhibit B** and **Exhibit C** respectively.

The grievance procedure is found in the 2005-2011 Agreement. The grievance procedure defines a grievance as including, but not limited to, "a claimed violation, misinterpretation or inequitable application of the provisions of this agreement...[and] a claimed violation, misinterpretation or misapplication of the rules, regulations, or procedures of the Police Department affecting terms and conditions of employment..." (See Exhibit A, Article XX, §1[a]).

The New York State Legislature repealed the provisions of the Civil Rights Law § 50-A ("CRL §50-A"). That repeal was signed into law by the Governor. CRL §50-A protected the Personnel Files of all Police Officers including Police Sergeants from public disclosure under the freedom of Information Law. Shortly after the repeal, Freedom of Information law requests were filed with the City demanding disclosure of

documents in Personnel Files for Police Officers including Police Sergeants including documents reflecting complaints that had been determined to be unfounded and Discipline Charges where the charges were either dismissed or there was a finding other than guilty. In a series of meetings with the City attended by representatives of all the Police Unions including the SBA the City informed the Unions that it intended to disclose all requested files including documents related to complaints that were dismissed or unfounded and discipline charges that were dismissed and/or the Police Officer including Police Sergeants were found other than guilty and agreements entered into based on a good faith belief and reliance that the document would not be disclosed publically.

On July 13, 2020, SBA President Edward Mullins submitted a grievance at Step 3 on behalf of all members of the bargaining unit represented by the SBA. That Grievance is attached as **Exhibit D**. With a letter dated July 16, 2020 Deputy Commissioner Beirne denied the grievance. A copy of the July 16, 2020 letter is attached as **Exhibit E**. The same July 16, 2020 Letter waived step 4 of the Grievance procedure and invited the SBA to proceed to arbitration.

The refusal of the City to exclude from production documents and records related to Complaints against Police Sergeants that have been unfounded or dismissed and Discipline Charges that have been dismissed or there has been a finding other than guilty and/or consist of agreements entered into on a good faith belief that the document would not be disclosed publically is a violation of Article III of the 2005-2011 Agreement as extended by the 2011 – 2018 SBA MOA.

## **REMEDY**

The grievance seeks an Order directing that the CITY and NYPD exclude from production in response to a Freedom of Information Demand any document or record related to complaints that are unfounded or dismissed, discipline charges that have been dismissed or there is a finding other than guilty, and agreements entered into based on a good faith belief and reliance that the document would not be released publically.