# Exhibit 17

# REQUEST FOR ARBITRATION

| OFFICE OF COLLECTIVE BARGAINING<br>100 GOLD STREET, SUITE 4800<br>NEW YORK, N.Y. 10038<br>MAILING ADDRESS: PECK SLIP STATION, P.O. BOX 1018<br>NEW YORK, NY 10038<br>PHONE: (212) 306-7160 FAX: (212) 306-7167 | Docket Number |
|---|---|
| | Date Filed |

**INSTRUCTIONS:** Consult the New York City Collective Bargaining Law, Chapter 3, Title 12 of the Administrative Code of the City of New York ("NYCCBL"), § 12-312, and the Rules of the Office of Collective Bargaining (Rules of the City of New York, Title 61, Chapter 1) ("OCB Rules"), § 1-06. File original with OCB and serve one copy on the designated agent for the other party.

☐  **CHECK BOX IF YOU HAVE REQUESTED EXPEDITED ARBITRATION IN QUESTION 6(c).**

## 1.  NAME OF PUBLIC EMPLOYEE ORGANIZATION AND LOCAL

| Name: | Lieutenants Benevolent Association | |
|---|---|---|
| Address: | 40 Peck Slip, New York, New York 10038 | |
| Phone: | (212) 964-7500 | Email: lturco@nypd-lba.org |

## 2.  NAME OF PUBLIC EMPLOYER

| Name: | City of New York (including the CCRB) | New York City Police Department |
|---|---|---|
| Address: | 22 Cortlandt Street, New York, NY10007 | One Police Plaza, New York, NY 10038 |
| Phone: | (212) 306-7210 | Email: |

## 3.  NATURE OF DISPUTE

**(a)** Name(s) of agency which employ the grievant(s):

New York City Police Department

**(b)** Name(s) of grievant(s): Louis Turco, President, all Lieutenants, all Lts. CDS and all Lts, SA

**(c)** A precise and concise statement of the grievance to be arbitrated:

SEE ATTACHED GRIEVANCE DATED JULY 13, 2020

**(d)**  Specify the remedy sought:  Cease and desist from releasing any information to the public regarding personal information, including, but not limited to, complaints of police misconduct that resulted in disciplinary charges, including complaints and charges which are pending as well as those that have been investigated and/or heard where the result was classified as "exonerated", "unsubstantiated", "unfounded" and "not guilty".  Compensatory and/or punitive money damages for any records that have been released in violation of the asserted contract provision and/or rules and regulations of the City, NYPD including, but not limited to the CCRB.  SEE ATTACHED GRIEVANCE FOR A MORE COMPLETE DESCRIPTION AND REMEDY SOUGHT.

## 4.  If this request is made by a municipal employee organization, are the waivers required by NYCCBL § 12-312(d) and OCB Rule § 1-06(b)(1)(iii) included? (see attached)

☑ Yes          ☐ No

**5. ATTACH THE FOLLOWING** (check appropriate boxes). Failure to provide documents may delay processing of request.

| | | |
|---|---|---|
| ☑ The written grievance, if any | July 13, 2020 | |
| ☐ The Step II decision, if issued | Date issued | |
| ☑ The Step III decision, if issued | Date issued   July 16, 2020 | |
| ☐ The contract provision and/or the rule or regulation alleged to have been violated   SEE ATTACHED GRIEVANCE | | |

**6. (a)** Do the parties use a designated contract arbitrator?   ☐ Yes   ☑ No

   If "yes" please identify:

**(b)** Do the parties use a rotating panel of arbitrators?   ☐ Yes   ☑ No

**(c)** Is this a request for expedited arbitration under the terms of the parties' agreement?   ☐ Yes   ☑ No

**STATEMENT REQUESTING ARBITRATION:** The undersigned hereby requests impartial arbitration of the unresolved grievance described above.  A request is made for the designation of an arbitrator or arbitration panel to hear and decide the dispute.

**7. PERSON FILING REQUEST**

| | |
|---|---|
| Name: Harry Greenberg | Title:  Counsel to LBA |
| Address:  3000 Marcus Avenue, Suite 1W7, Lake Success, New York 11042 | |
| Phone: (516) 570-4343 | Email: hgreenberg@gbglawoffice.com |
| Signature  *[signature]* | Date  *7/3/20* |

# WAIVER

| | |
|---|---|
| **OFFICE OF COLLECTIVE BARGAINING**<br>**100 GOLD STREET, SUITE 4800**<br>**NEW YORK, N.Y. 10038**<br>MAILING ADDRESS: PECK SLIP STATION, P.O. BOX 1018<br>NEW YORK, NY 10038<br>PHONE: (212) 306-7160 FAX: (212) 306-7167 | **Docket Number**<br><br>**Date Filed** |

**INSTRUCTIONS:** Consult the New York City Collective Bargaining Law, Chapter 3, Title 12 of the Administrative Code of the City of New York ("NYCCBL"), § 12-312(d), (as amended June 28, 2012) and the Rules of the Office of Collective Bargaining (Rules of the City of New York, Title 61, Chapter 1) ("OCB Rules"), § 1-06(b). File original with OCB and serve one copy on the designated agent for the other party.

**NOTE:** A separate waiver must be filed for each individual grievant unless this is a group grievance, in which case the waiver may be filed by the authorized union representative only.

**Description of grievance sought to be arbitrated:**

SEE ATTACHED GRIEVANCE.

The undersigned employee organization and employee(s) aggrieved in this matter waive the right, if any, to submit the contractual dispute being alleged under a collective bargaining agreement to any other administrative or judicial tribunal except for the purpose of enforcing the arbitrator's award. This subdivision shall not be construed to limit the rights of any public employee or public employee organization to submit any statutory or other claims to the appropriate administrative or judicial tribunal.

Lieutenants Benevolent Association
_____
Union

Louis Turco, et al.
_____
Grievant (print name)

President
_____
Title of Grievant

_Louis Turco_ _____
_____
Grievant (Signature)

Harry Greenberg
_____
Representative (print name)

_Harry Greenberg_
_____
Representative (signature)

Date: 8/3/20 _____

OCB-7 Revised 10/2018



POLICE DEPARTMENT

OFFICE OF LABOR RELATIONS
ONE POLICE PLAZA · ROOM 304
NEW YORK, NEW YORK 10038

OLR   2020-00160
IG      3656

July 16, 2020

Mr. Harry Greenberg
Greenberg Burzichelli Greenberg P.C.
3000 Marcus Avenue, Suite 1w7
Lake Success, New York 11042

Re:   **LBA Grievance re: Disclosure of
Names, Records, and Other
Information**

Dear Mr. Greenberg:

The Step III grievance submitted by the association is denied. There has been no
violation, misinterpretation, or misapplication of the rules or procedures of this
Department nor has there been any violation, misinterpretation, or misapplication of the
current collective bargaining agreement. Under, Article XXI Section 4 of the CBA,
which states "grievances which affect substantial numbers of employees may be
compressed by elimination of the fourth step of the grievance procedure," this grievance
may be brought to arbitration within 20 days.

Sincerely yours,

John P. Beirne
Deputy Commissioner

/js

cc:    Louis Turco, LBA President

COURTESY   ·   PROFESSIONALISM   ·   RESPECT
**Website: http://nyc.gov/nypd**

Misc. 243-75 (04-03)

LAW OFFICES OF

# GREENBERG BURZICHELLI GREENBERG P.C.

HARRY GREENBERG
ROBERT J. BURZICHELLI *
SETH H. GREENBERG *
—————
DANIEL DOESCHNER
SANDY JAINAUTH-BARONE *+

*ALSO ADMITTED IN NEW JERSEY
+ ALSO ADMITTED IN PENNSYLVANIA

3000 MARCUS AVENUE, SUITE 1W7
LAKE SUCCESS, NEW YORK 11042
PHONE: 516-570-4343
FAX: 516-570-4348
* * * * *
225 BROADWAY, SUITE 1515
NEW YORK, NEW YORK 10007
PHONE: 516-570-4343

WWW.GBGLAWOFFICE.COM
E-MAIL: FIRST INITIAL AND
LAST NAME@GBGLAWOFFICE.COM

July 13, 2020

***VIA ELECTRONIC & FIRST CLASS MAIL***
Hon. Dermot Shea
Commissioner
New York City Police Department
One Police Plaza, 14th Floor
New York, New York 10038

Deputy Commissioner John Beirne
Chairman, Personnel Grievance Board
New York City Police Department
One Police Plaza, 7th Floor
New York, New York 10038
E-mail: jbeirne@nypd.org

Re:   **LBA Grievance re: Disclosure of Names, Records, and Other Information**

Dear Commissioners Shea and Beirne:

This office is counsel to the Lieutenants Benevolent Association ("LBA").  Please consider this correspondence the filing of a group grievance on behalf of all affected LBA represented employees, pursuant to Article XXI of the LBA's Collective Bargaining Agreement with the City of New York.[1]

On or about June 23, 2020, Police Department representatives informed representatives of the five uniformed unions that the Police Department was planning to release information to the public consisting of complaints of police misconduct that resulted in disciplinary charges, including complaints and charges which are pending as well as those that have been investigated and/or heard but where the result was classified as "exonerated," "unsubstantiated," "unfounded," and "not guilty."  I am informed that included among this bulk information release will be complaints filed with the Civilian Complaint Review Board ("CCRB").  In a second meeting held days later, the Police Department's Legal Bureau informed the five uniformed

---

[1] Article XXI, Section 4 provides that where adjustments to grievable disputes at Step I and Step II of the grievance procedure are impracticable, such grievances "may be instituted at Step III."  Additionally, "[g]rievances which affect substantial numbers of employees may be compressed by elimination of the fourth Step of the grievance procedure."  Accordingly, this grievance is being filed at Steps III and IV simultaneously.

1

unions that, beginning on or about July 15, 2020, the Department would be publicly disclosing approximately 600 names of uniformed members of the service, of all ranks, who have charges pending, as well as potentially other information.

If and when effectuated, the actions of the Police Department would result in various violations of LBA represented employees' rights, in that it would: (1) improperly release information (alleged) about an officer while charges are pending, notwithstanding that such officer had not be afforded due process and the rules governing such process require such information be deemed confidential pending adjudication; (2) improperly disclose information regarding complaints and charges, including those classified as other than "guilty," to the extent they are required to have been sealed, removed, expunged, and/or otherwise destroyed from Police Department records; and (3) improperly disclose information regarding Schedule "A" and Schedule "B" command discipline to the extent to which they are required to have been sealed, removed, expunged, and/or destroyed from Police Department records.

These actions, therefore, violate the LBA's Collective Bargaining Agreement, NYPD Patrol Guide, and Rules of the CCRB incorporated by reference in the NYPD Patrol Guide. Specifically, but without limitation, the actions above, violate: Article XVI of the LBA's Collective Bargaining Agreement, including but not limited to Section 7(c) ("Personal Folder"), Section 8 ("Disciplinary Records"), and Section 9 ("Disciplinary Procedures"); relevant and applicable Patrol Guide Procedures, including but not limited to Patrol Guide Procedure Nos. 206-02, 206-03, 206-14, 206-15, 206-18, 211-14, and all other rules, regulations, or procedures of the Police Department affecting terms and conditions of employment applicable to investigations and disciplinary procedures; as well as Rules of the CCRB which only permit disclosure to a complainant and only with such information "[i]f an allegation is substantiated and charges are recommended by the Board." (CCRB Rules, §1-53(c), related to "communications with and notifications to complainants regarding status of complaint.") Further, this grievance is intended to cover the failure of the Police Department to remove, destroy, expunge, and/or seal those complaints, charges, command disciplines, or other records which were required to have been removed, destroyed, expunged, and/or sealed and were not.

As a remedy, the LBA requests the Police Department: (1) cease and desist from the planned public disclosure or other release of any and all such information and/or records; (2) forthwith remove, destroy, expunge, and/or destroy all records required to be destroyed pursuant to the LBA's Collective Bargaining Agreement and/or applicable Patrol Guide or other rules and regulations; (3) comply with the applicable contractual provisions and Department rules, regulations, or procedures; and (4) take such further and other steps to ensure no such further actions or planned actions to disclose such information and/or records without the specific knowledge and consent of affected LBA represented employees.

By this correspondence, I am also requesting that the LBA and its affected represented employees be notified whenever a request for information is received by the Police Department involving such employees' personnel or other records is made and before any such information/record is disclosed.

As I am sure you can appreciate, once released, such disclosure cannot be undone. This may result in irreparable harm to employees affected, including with regard to their reputation, privacy, and right to due process. Thus, given the time sensitive nature of the matters addressed in this grievance and request, I ask that a response be provided forthwith.

Should you have any questions or seek to discuss this matter further, the LBA is or will make itself available to meet in-person or by phone. We eagerly await your reply.

Very truly yours,

Harry Greenberg

cc:    Louis Turco, LBA President
       Sgt. Jesse Smith, NYPD Office of Labor Relations (via e-mail only)

3