

DLA Piper LLP (US)
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Anthony Paul Coles
T  (212) 335-4844
E  anthony.coles@us.dlapiper.com

August 17, 2020

Hon. Katherine Polk Failla
United States District Court, Southern District of New York
40 Foley Square
New York, NY 10007

**Re:**  *Uniformed Fire Officers Association, et al. v. Bill de Blasio, et al.*
         **No. 20-cv-05441 (KPF) (RWL)**

Dear Judge Failla:

On behalf of the Plaintiffs (the "Unions"), we write to oppose the letter motion from the Defendants dated August 17, 2020 seeking an order excluding the expert report and any accompanying testimony of Dr. Jon Shane. The Unions submitted Dr. Shane's expert report on August 14, 2020 (ECF No. 166) with their supplemental memorandum of law, which was due on that day under the schedule set by the Court. Defendants' motion should be denied:

*First*, Defendants claim Dr. Shane's report should be excluded because it is untimely under Fed. R. Civ. P. 26(a)(2)(A), but that is wrong because that Rule applies to an expert witness to be presented "at trial," not a witness at a preliminary injunction hearing. As one court explained in rejecting an objection to expert testimony at the preliminary injunction stage:

> Rule 26(a)(2) governs disclosure of expert testimony that a party "may use at trial." But Levine is not currently a trial witness. In view of the streamlined and expedited nature of preliminary injunction proceedings, the Court will not strike Levine's report for noncompliance with the rules applicable in preparation for trial.

*Norsworthy v. Beard*, 87 F. Supp. 3d 1164, 1182 (N.D. Cal. 2015); *see also, e.g.*, *Seattle Audubon Soc. v. Sutherland*, No. C06-1608MJP, 2007 WL 1655152, at *1 (W.D. Wash. June 5, 2007) ("Rule 26(a)(2)(C) sets the time frame in which disclosures must be made *before trial.* Rule 26(a)(2)(C) is inapplicable here, where the parties are not preparing for trial, but for a preliminary injunction hearing."); *Midwest Guar. Bank v. Guar. Bank*, 270 F. Supp.2d 900, 908 n.2 (E.D. Mich. 2003) ("Guaranty filed an objection to Mr. Mielock's declaration. Guaranty argues that the declaration does not comply with Federal Rule of Civil Procedure 26(b)(2)(B), dealing with pretrial expert disclosures. Given the expedited nature of a preliminary injunction hearing, Mr. Mielock's declaration will be permitted for the limited purpose of deciding the instant motion.").



Hon. Katherine Polk Failla
August 17, 2020
Page Two

*Second*, the Unions timely submitted Dr. Shane's report on the date the Court required for submissions, which was August 14. All parties submitted their briefs and supporting declarations and materials on that date.

*Third*, Defendants claim Dr. Shane's report and testimony is inadmissible under Fed. R. Evid. 702, but it is well-established that "on a motion for a preliminary injunction, the rules of evidence are not strictly applied." *Veramark Techs., Inc. v. Bouk*, 10 F.Supp.3d 395, 401 (W.D.N.Y. 2014); *see also Mullins v. City of New York*, 626 F.3d 47, 52 (2d Cir. 2010) ("The admissibility of hearsay under the Federal Rules of Evidence goes to weight, not preclusion, at the preliminary injunction stage."); *Fed. Trade Comm'n v. Vantage Point Servs., LLC*, 266 F. Supp. 3d 648, 657 (W.D.N.Y. 2017) (noting that different conclusions between preliminary injunction and summary judgment admissibility are not inconsistent).

*Fourth*, Defendants claim Dr. Shane does not have experience or knowledge to qualify as an expert, but Defendants' point is merely conclusory and ignores the depth of his qualifications, including the fact that he has previously been found qualified as an expert witness in federal court proceedings. (*See* Dr. Shane's CV attached as Ex. A to his Expert Report (ECF No 157-6).) "[T]he relevant reliability concerns [for an expert] may focus upon personal knowledge or experience." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999). Dr. Shane has extensive personal knowledge and experience with police departments and their practices:

- Dr. Shane is associate professor of criminal justice at John Jay College of Criminal Justice in New York City where he teaches doctoral, graduate, and undergraduate courses on, among other things, contemporary problems in community policing, police ethics, police and the community, law enforcement, and problem-oriented policing.

- He has a PhD degree (2008), as well as a Master of Arts degree (2005), in criminal justice from School of Criminal Justice, Rutgers University, Newark, NJ.

- He has written as well as instructed in the area of police performance and police disciplinary processes.

- He was the inaugural director and co-creator of the NYPD Executive Master's Program for command staff officers of the NYPD.

- He served as a police officer from 1989 to 2005, including in supervisory positions as a Sergeant, Lieutenant, and Captain in the Newark, New Jersey, Police Department.



Hon. Katherine Polk Failla
August 17, 2020
Page Three

- His supervisory responsibilities as a police Lieutenant and Captain included, among other things, initiating disciplinary procedures and personnel investigations, and monitoring and counseling subordinate personnel.

(*See* Shane Expert Report ¶¶ 3-9, and his CV (Ex. A to his report).)  Dr. Shane has "specialized knowledge [that] will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a).  There is no basis to exclude his report and testimony.

                              Very truly yours,

                              Anthony Paul Coles

cc:    All Counsel of Record (*via* ECF)
       failla_NYSDChambers@nysd.uscourts.gov