UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNIFORMED FIRE OFFICERS ASSOCIATION, *et al.*,<br><br>                      Plaintiffs,<br><br>              -v.-<br><br>DEBLASIO, *et al.*,<br><br>                      Defendants. | 20 Civ. 5441 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

On July 29, 2020, Communities United for Police Reform ("CPR") filed a motion to intervene in this action (Dkt. #41-48), which motion the Court held pending resolution of the preliminary injunction motion. The Court granted in part and denied in part the preliminary injunction on August 21, 2020. (Dkt. #197). The Court is now in receipt of CPR's letter requesting a formal ruling on its motion. (Dkt. #201). Defendants and Plaintiffs oppose intervention. (Dkt. #77-78).

Pursuant to Federal Rule of Civil Procedure 24, a movant may intervene as a matter of right under Rule 24(a) or with the Court's permission under Rule 24(b). Rule 24(a)(2) entitles a party to intervention of right when it timely moves for intervention and "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Section 24(b)(1)(B) permits, at the Court's discretion, intervention by a party who timely moves and "has a claim or defense that shares with the main action

a common question of law or fact." CPR sought intervention under both provisions.

With respect to the standard for intervention of right, the Court concludes that CPR has not overcome the "presumption of adequate representation" that exists "when there is an identity of interest between the putative intervenor and an existing party to the action." *Butler, Fitzgerald & Potter* v. *Sequa Corp.*, 250 F.3d 171, 180 (2d Cir. 2001). The existing Defendants share CPR's interest in ensuring the affected public agencies' compliance with New York's Freedom of Information Law following repeal of N.Y. Civil Rights Law § 50-a, and CPR has not shown evidence of "collusion, adversity of interest, nonfeasance, or incompetence" sufficient to overcome the presumption of adequacy of representation. *Id.* CPR's request to intervene as a matter of right is therefore DENIED.

Nonetheless, the Court found CPR's briefing opposing the Defendants' motion for a preliminary injunction to be substantially helpful in resolving the preliminary injunction motion because it presented unique information and insights. Thus, the Court concludes that CPR's participation moving forward would "significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *H.L. Hayden Co. of N.Y., Inc.* v. *Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986). Accordingly, CPR's motion for permissive intervention is GRANTED.

SO ORDERED.

Dated:     August 25, 2020
           New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge