UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2020

Motion Argued: August 18, 2020        Motion Decided: August 27, 2020

Docket No. 20-2400

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNIFORMED FIRE OFFICERS ASSOCIATION, UNIFORMED FIREFIGHTERS ASSOCIATION OF GREATER NEW YORK, POLICE BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, INC., CORRECTION OFFICERS' BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, INC., SERGEANTS BENEVOLENT ASSOCIATION, LIEUTENANTS BENEVOLENT ASSOCIATION, CAPTAINS ENDOWMENT ASSOCIATION, DETECTIVES' ENDOWMENT ASSOCIATION,

*Plaintiffs - Appellants*,

v.

BILL DE BLASIO, IN HIS OFFICIAL CAPACITY AS MAYOR OF THE CITY OF NEW YORK, CITY OF NEW YORK, NEW YORK CITY FIRE DEPARTMENT, DANIEL A. NIGRO, IN HIS OFFICIAL CAPACITY AS THE COMMISSIONER OF THE FIRE DEPARTMENT OF THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF CORRECTIONS, CYNTHIA BRANN, IN HER OFFICIAL CAPACITY AS THE COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, DERMOT F. SHEA, IN HIS OFFICIAL CAPACITY AS THE COMMISSIONER OF THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE DEPARTMENT, FREDERICK DAVIE, IN HIS OFFICIAL CAPACITY AS THE CHAIR OF THE CIVILIAN COMPLAINT REVIEW BOARD, CIVILIAN COMPLAINT REVIEW BOARD,

*Defendants - Appellees*,

1

CERTIFIED COPY ISSUED ON 08/27/2020

NEW YORK CIVIL LIBERTIES UNION,

      *Nonparty - Appellee,*[1]

THE NEW YORK TIMES COMPANY,

      *Intervenor.*[2]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before: NEWMAN, POOLER, HALL, *Circuit Judges*.

    Motion by unions representing uniformed New York City officers to stay, pending appeal, the District Court's July 29, 2020, order modifying the Court's July 22 order "such that [the order] no longer applies to non-party New York Civil Liberties Union" ("NYCLU"). The effect of the July 29 modification is to permit the NYCLU publicly to disclose information concerning disciplinary records of

---

[1] New York Civil Liberties Union ("NYCLU") filed an *amicus curiae* brief in the District Court and submitted papers in this Court in opposition to the Plaintiffs-Appellants' motion for a stay pending appeal. The NYCLU was not a party in the District Court and has not intervened in this Court. Nevertheless, as the entity that became subject to the District Court's restraint and the entity opposing the Plaintiffs-Appellants' stay motion, which seeks to render it subject to that restraint after being excluded from its coverage, the NYCLU is properly identified in this Court as "Nonparty-Appellee." *See, e.g., NML Capital, Ltd. v. Republic of Argentina,* 497 F. App'x 96 (2d Cir. 2012) (caption).

[2] The Clerk is requested to change the official caption as indicated above. Communities United for Police Reform ("CUPR") was inadvertently listed as an intervenor in the District Court's caption. CUPR filed a motion to intervene in the District Court; on August 11, District Judge Failla entered an order stating that CUPR would be permitted "provisionally to file papers," but that she would "hold" the intervention motion until the Plaintiffs' preliminary injunction motion was resolved. Dist. Ct. Dkt. No. 97. The motion to intervene was never granted.

2

approximately 81,000 New York City police officers, records alleged to contain unsubstantiated and nonfinal allegations.

Motion DENIED.

Courtney G. Saleski, Philadelphia, PA (Anthony P. Coles, New York, NY), DLA Piper LLP, for Plaintiffs-Appellants Uniformed Fire Officers Association, Uniformed Firefighters Association of Greater New York, Police Benevolent Association of the City of New York, Inc., Correction Officers' Benevolent Association of the City of New York, Inc., Sergeants Benevolent Association, Lieutenants Benevolent Association, Captains Endowment Association, Detectives' Endowment Association.

Molly K. Biklen, New York, NY (Christopher Dunn, Jordan Laris Cohen, New York, NY), New York Civil Liberties Union Foundation, for Nonparty-Appellee New York Civil Liberties Union.

Elina Druker, Asst. Corp. Counsel, New York, NY (James E. Johnson, Corp. Counsel of the City of New York, Richard Dearing, Scott Shorr, Assts. Corp. Counsel, New York, NY), for Defendants-Appellees Bill de Blasio, City of New York, New York City Fire Department, Daniel A. Nigro, New York City Department of Corrections, Cynthia Brann, Dermot F. Shea, New York City Police Department, Frederick Davie, and Civilian Complaint Review Board.

Alexandra Perloff-Giles, New York, NY (David E. McCraw, Al-Amyn Sumar, New York, NY), The New York Times Company, for Intervenor The New York Times Company.

(Corey Stoughton, The Legal Aid Society, New York, NY, Roger A. Cooper, Joseph M. Kay, Ye Eun Charlotte Chun, Cleary Gottlieb Steen & Hamilton LLP, New York, NY, for *amicus curiae* The Legal Aid Society, in support of Nonparty-Appellee New York Civil Liberties Union.)

(Katie Townsend, Bruce D. Brown, The Reporters Committee for Freedom of the Press, Washington, DC, for *amici curiae* The Reporters Committee for Freedom of the Press and 32 News Media Organizations, in support of Defendants-Appellees and Nonparty-Appellee New York Civil Liberties Union.)

JON O. NEWMAN, *Circuit Judge*:

This opinion concerns a motion to stay, pending appeal, the July 29, 2020, order of the District Court for the Southern District of New York (Katherine Polk Failla, District Judge), exempting the New York Civil Liberties Union ("NYCLU") from the District Court's July 22, 2020, order prohibiting the Defendants-Appellees from publicly disclosing records of civilian complaints against approximately 81,000

4

New York City police officers. The NYCLU obtained access to the records in a response to a request it made to New York City's Civilian Complaint Review Board ("CCRB") under New York's Freedom of Information Law ("FOIL").[3] On August 18, 2020, after oral argument on the stay motion, this Court entered an order denying the motion, noting that a written opinion would follow. This is that opinion.

The only issue necessary to be considered for disposition of the pending stay motion is whether the District Court had authority under Rule 65(d)(2)(C) of the Federal Rules of Civil Procedure to enter the disclosure prohibition against the NYCLU as an entity "in active concert or participation with" persons bound by a temporary restraining order ("TRO") or a preliminary injunction. The Defendants-Appellees in this Court are parties who are subject to a TRO, which arguably became a preliminary injunction, in litigation pending in the District Court.

We conclude that the District Court properly excluded the NYCLU from the disclosure prohibition because it was not "in active concert" with a party bound by a TRO or a preliminary injunction. The NYCLU could not be "in active concert" with such a party because it lawfully gained access to the information at issue before

---

[3] N.Y. Pub. Off. Law § 84 (McKinney 2019).

5

the July 22 disclosure prohibition was issued against it and obviously could not have known of a prohibition that did not then exist. Because the Appellants had no probability of success on the appeal from the July 29 order we denied the motion for a stay pending appeal, thereby terminating the emergency stay that a judge of this Court had entered pending consideration of the stay motion by a three-judge panel.

Background

The pending dispute arises out of the action of the New York legislature repealing section 50-a of the State's Civil Rights Law,[4] which had shielded from public disclosure personnel records of various uniformed officers including police officers.[5] On June 12, 2020 (all subsequent dates are in 2020), section 50-a was repealed. On July 8, the CCRB announced at its monthly open board meeting, conducted remotely, with counsel for the NYCLU present, that in the four weeks since the repeal of section 50-a, the CCRB had been preparing a public portal containing information from police misconduct complaints that it had received.

On July 9, the NYCLU submitted a FOIL request to the CCRB for the CCRB's database containing information about civilian complaints concerning police

---

[4] 2020 N.Y. Laws 96 § 1.
[5] N.Y. Civ. Rights Law § 50-a (McKinney) (repealed 2020).

6

misconduct. On July 14, in response to that request, the CCRB provided the NYCLU a link enabling it to download an Excel spreadsheet (the "database") containing information about complaints against approximately 81,000 New York City police officers. Upon receipt of this link, the NYCLU downloaded the database and began to prepare the information for availability to the public.

On the same day, July 14, several unions representing police, firefighting, and correctional officers ("Unions") (Plaintiffs-Appellants in this Court) filed a "petition/complaint" in the New York Supreme Court, seeking an injunction to prohibit various New York City agencies ("City") (Defendants-Appellees in this Court) from publicly disclosing what were described as "Unsubstantiated and Non-Final Allegations" against New York City police officers, firefighters, and corrections officers. The petition alleged, among other things, that public disclosure would violate collective bargaining agreements between the Unions and the City. The next day, July 15, Justice Carol R. Edmead issued a TRO prohibiting the City from publicly disclosing records concerning "Unsubstantiated and Non-Final

7

Allegations."⁶ Also on July 15, the City filed in the state court a Notice of Removal of the state court suit to the District Court.

On July 22, the District Court held a hearing on the Unions' request to extend the state court's TRO. Judge Failla first stated that, with respect to the state court's TRO, "[T]he clock starts again." Transcript of Dist. Ct. July 22 oral argument at 4 ("July 22 Tr."). During the hearing, she made a finding that the NYCLU was "acting in concert" with the defendants.⁷ *Id.* at 88. Her finding was based primarily, if not entirely, on the fact that the CCRB had disclosed the information so soon after the NYCLU's FOIL request had been made. At the conclusion of the hearing, she orally ordered the NYCLU not to disclose the information received from the CCRB. A July 22 minute entry on the District Court's docket reflected Judge Failla's oral order.

The next day, July 23, the NYCLU requested the District Court to modify the July 22 order by removing the provision that barred the NYCLU from publicly

---

⁶ The order stated, "[P]ending the issue of an Interim Stay before the United States District Court for the Southern District of New York, the Defendants/Respondents, and those acting in concert with them, are **Stayed** from publicly disclosing any records concerning Unsubstantiated and Non-Final Allegations or settlement agreements as defined in the instant Petition [the Unions' state court "Petition/Complaint"], entered into prior to June 12, 2020, relating to the appeal of N.Y. Civ. Rights Law § 50-a(1)." City's Notice of Removal (bold face italics in original).

⁷ In response to the NYCLU's contention that it was not subject to the District Court's injunctive power under Rule 65, Judge Failla acknowledged at the July 22 hearing that her finding had been based only on the oral arguments, and she requested a written submission on the Rule 65 issue the next day.

8

disclosing information about police misconduct. On July 28, the District Court held a hearing on the NYCLU's July 23 request. At that hearing, Judge Failla ascertained that the state court order had not issued until July 15, and that the NYCLU had requested and gained access to the misconduct complaints against the police officers before the state court issued its order. She also noted that, on June 30, the CCRB had disclosed to ProPublica information concerning complaints against more than 4,000 police officers.

Candidly acknowledging that her July 22 "finding" that the NYCLU had acted in concert with the City had been "speculation," Transcript of Dist. Ct. July 28 oral argument at 29, Judge Failla concluded that the NYCLU was not acting in concert with the City either when it requested or received the information at issue. Relying on Rule 65, she stated that she was modifying the July 22 order to exclude the NYCLU from its coverage. She also stated that she was staying her ruling for twenty-four hours to permit the Unions to seek a stay of her order from this Court. On July 29, the District Court entered an order implementing the oral rulings.

The Unions promptly filed a notice of appeal of the District Court's July 29 modification ruling and a motion for a stay pending appeal. On July 30, an applications judge granted the stay motion pending determination by a three-judge

9

panel. After receiving papers with respect to the motion, this panel heard oral argument on August 18. On August 20, this Court issued an order denying the stay motion, noting that an opinion would follow. That order terminated this Court's emergency stay entered July 30.

Discussion

*Appellate Jurisdiction*. Although none of the parties has questioned our jurisdiction, we are obliged to assure ourselves that appellate jurisdiction exists. *See Swede v. Rochester Carpenters Pension Fund*, 467 F.3d 216, 219 (2d Cir. 2006). The possible doubt arises because the pending motion[8] seeks to stay, pending appeal, a ruling, as applied to the NYCLU, that appears to be the denial of a TRO, and such a denial is ordinarily not appealable, *see Commodity Futures Trading Commission v. Walsh*, 618 F.3d 218, 225 n.3 (2d Cir. 2010); *Romer v. Green Point Savings Bank*, 27 F.3d 12, 15 (2d Cir. 1994); *Grant v. United States*, 282 F.2d 165, 167 (2d Cir. 1960).

The appeal is from the July 29 order ending the July 22 application of the disclosure prohibition to the NYCLU. The first question concerning appellate

---

[8] In this case, the Plaintiffs-Appellants' failure to move in the District Court for a stay pending appeal, as is normally required, *see* Fed. R. App. P. 8(a)(2)(A), does not preclude their seeking such relief in this Court. The District Court took the initiative in granting a brief stay of the July 29 order, inviting the Plaintiffs-Appellants to seek extension of that stay in this Court. There would have been no point in asking the District Court to extend the stay.

10

jurisdiction is the proper classification of the restraint that was applied to the NYCLU. Embedded in that question are several issues. Is the restraint an extension of the state court's July 15 order? Is it a new order of the District Court? Whichever it is, what is its duration? Is its duration measured by its starting and expected ending dates or only the starting and ending dates of its application to the NYCLU? Are there circumstances that warrant considering the restraint to be an appealable preliminary injunction?

At the July 22 hearing, the District Court said, "[T]he clock starts again," stating a new starting date and implying a new order. July 22 Tr. at 4. We disagree with both the statement and its implication. "An ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force  longer than the time limitations imposed by Rule 65(b),

11

measured from the date of removal." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439-40 (1974).[9]

In this case, the state court order remained in force after removal of the case to the District Court. Its starting date was July 15, the date of its issuance, and, unless extended by the District Court, would have ended on July 29, fourteen days after the July 15 notice of removal, as explained in *Granny Goose Foods*. We note that Rule 65(b)(2) was amended in 2009 to change the expiration of a TRO (unless extended) from ten to fourteen days. Fed. R. Civ. P. 65, 2009 advisory committee's note. The District Court extended the TRO to August 18, the date of a scheduled hearing on the Unions' motion for a preliminary injunction. On July 22, the District Court applied the TRO to the NYCLU as a nonparty in active concert with a party and excluded the NYCLU from the coverage of the TRO on July 29, an interval of only seven days.

---

[9] To explain its ruling, the Supreme Court added this footnote: "The following two illustrations should suffice to clarify this holding. Where the state court issues a temporary restraining order of 15 days' duration on Day 1 and the case is removed to federal court on Day 13, the order will expire on Day 15 in federal court just as it would have expired on Day 15 in state court. Where, however, a state court issues a temporary restraining order of 15 days' duration on Day 1 and the case is removed to the federal court on Day 2, the restraining order will expire on Day 12, applying the 10-day time limitation of Rule 65(b) measured from the date of removal. Of course, in either case, the district court could extend the restraining order for up to an additional 10 days, for good cause shown, under Rule 65(b)." 415 U.S. at 440 n.15.

We have recognized that the label applied to a restraint is not determinative, *see Grant*, 282 F.2d at 167, and that a restraint called a TRO may sometimes be regarded for purposes of appellate jurisdiction as a preliminary injunction, *see Huminski v. Rutland City Police Dep't*, 221 F.3d 357, 361 (2d Cir. 2000); *Romer*, 27 F.3d at 15. Among the factors relevant to the proper classification are "the duration of the order, whether it was issued after notice and hearing, and the type of showing made in obtaining the order," *Grant*, 282 F.2d at 167 (internal quotation marks omitted). Another relevant factor is where "a grant or denial of a TRO might have a serious, perhaps irreparable, consequence" *Romer*, 27 F.3d at 15 (internal quotation marks omitted).

In this case, we need consider only that last circumstance. The July 29 exclusion of the NYCLU from the July 22 application of the restraint to it enabled the NYCLU to make publicly available disciplinary report information adverse to thousands of police officers. If made, the disclosure could not be undone, thus rendering the consequences irreparable. Whether or not those consequences would inflict injury sufficient, when considered with other factors, to warrant a stay pending appeal, the disclosure would be a "serious, perhaps irreparable,

consequence," *id.*, that suffices to permit us to consider the July 29 order to be the denial of a preliminary injunction, which is appealable, *see* 28 U.S.C. § 1292(a)(1).

*Merits of the stay motion*. The factors relevant to granting a stay pending appeal are the applicant's "strong showing that he is likely to succeed on the merits," irreparable injury to the applicant in the absence of a stay, substantial injury to the nonmoving party if a stay is issued, and the public interest. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). The first two factors are the most critical, but a stay "is not a matter of right, even if irreparable injury might otherwise result," it is "an exercise of judicial discretion," and "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id*. at 433-34 (internal quotation marks omitted).

The Unions' attempt to subject the NYCLU to the restraint issued by the New York court and extended by the District Court depends on whether the NYCLU, which has never been a party to the Unions' lawsuit, acted "in active concert or participation" with a party to that suit. Fed. R. Civ. P. 65(d)(2). A nonparty that acts "in active concert or participation" with a party subject to an injunction is prohibited from "assisting in a violation of the injunction." *NML Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230, 243 (2d Cir. 2013).

However, Rule 65 explicitly provides that the nonparties that can be bound by a TRO or an injunction are only those "who receive actual notice of it." Fed. R. Civ. P. 65(d)(2). In this case, it is undisputed that when the NYCLU gained access to information from the CCRB, the NYCLU did not know about the injunction for the obvious reason that the injunction did not then exist. "Nor does an injunction reach backwards in time to action taken prior to the time it was issued." *Paramount Pictures Corp. v. Carol Publishing Group, Inc.*, 25 F. Supp. 2d 372, 375 (S.D.N.Y. 1998).

Like many others, the NYCLU responded to the repeal of New York's previous protection of the confidentiality of disciplinary records of public officers, including police officers, by making FOIL requests to the CCRB as soon as the CCRB announced that these records would become publicly available. When the NYCLU's FOIL request was made and when the CCRB promptly responded to it,[10] there was no TRO or injunction prohibiting the NYCLU, or anyone else, from seeking, receiving, or disseminating these records. On these undisputed facts, the NYCLU could not have been in "active concert" with a party to a TRO or an injunction.

---

[10] The Unions apprehend something nefarious from the fact that the CCRB responded just five days after receiving the NYCLU's FOIL request. There is no basis for any adverse inference. Repeal of section 50-a made it inevitable that FOIL requests would be made for the CCRB's records, the CCRB understandably prepared to respond to those requests, many requests were made, the availability of the information in readily transmittable form facilitated prompt responses, and prompt responses were made.

The Plaintiffs-Appellants have therefore shown no likelihood of success on the merits of their claims against the NYCLU, much less the "strong showing" required by *Nken*, 556 U.S. at 434. With likelihood of success totally lacking, the aggregate assessment of the factors bearing on issuance of a stay pending appeal cannot possibly support a stay. *United States v. Simcho*, 326 F. App'x 791, 794 (5th Cir. 2009) (stay pending appeal denied where appellant had shown no likelihood of success on the merits); *see Naser Jewelers, Inc. v. City of Concord*, 513 F.3d 27, 37 (1st Cir. 2008) (preliminary injunction denied without considering other relevant factors where plaintiff had shown no probability of success); *Person v. National Board of Elections*, 467 F.3d 141 (2d Cir. 2006) (same); *Gonzales v. National Board of Medical Examiners*, 225 F.3d 620 (6th Cir. 2000) (same); *Mil-Mar Shoe Co. v. Shonac Corp.*, 75 F.3d 1153, 1162 (7th Cir. 1996) (same).

Resolving this motion on the basis of Rule 65 makes it unnecessary to consider the substantial arguments of the NYCLU, the intervenor *New York Times*, and the several *amici curiae* that maintaining a prohibition against disclosure of lawfully acquired information of public significance would be an unconstitutional prior restraint.

The motion for a stay of the District Court's July 29 order pending appeal is denied, thereby terminating the emergency stay entered July 30.

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

17