

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Anthony Paul Coles
T  (212) 335-4844
E  anthony.coles@us.dlapiper.com

December 4, 2020

Hon. Katherine Polk Failla
United States District Court
　for the Southern District of New York
40 Foley Square
New York, NY 10007

**Re:**　*Uniformed Fire Officers Association, et al. v. Bill de Blasio, et al.*
　　　　**No. 20-cv-05441 (KPF) (RWL)**

Dear Judge Failla:

　　　　We write to bring to the Court's attention the recent decision of the Appellate Division of the New York Supreme Court (First Department) in *Empire Center for Public Policy v. New York City Police Pension Fund*, Case No. 2020-01575 (Nov. 24, 2020) ("Op."). This opinion, which bears on the pending motions to dismiss the First Amended Complaint ("FAC") in this action, is attached as Exhibit A to this letter.

　　　　In *Empire Center*, the City argued that the identities of retired officers, which the plaintiff intended to publicize on its website, should not be made public because disclosure "could endanger the life or safety of these retirees and/or their families." Resp.'s Mem. of Law in Support of Its Verified Answer at 2, *Empire Ctr. for Pub. Policy v. N.Y. City Police Pension Fund*, Index No. 156486/2018 (Sup. Ct., N.Y. Cnty. Sept. 27, 2018) (Doc. 27). It submitted affidavits "outlining the dangers faced by police officers generally, and detailing the risks retired officers faced, including thefts of handguns and assaults by persons they had arrested during their careers." Op. at 2. Based on these affidavits, the Appellate Division concluded that the agency properly applied Public Officers Law § 87(2)(f) (the "Safety Exemption") in withholding the officers' identities. *Id.*

　　　　In *Empire Center*, the City argued that the release of retired officer names alone would endanger those officers and their families, but it contends here that the claimed risks to officers from far more detailed releases are merely speculative. The City cannot reasonably maintain that these more detailed and widely publicized releases will not pose at least the same threats to the safety of officers as the release of officer identities alone.

　　　　Moreover, the City's affidavits support the Unions' position in this case that public identification of officers alongside accusations of misconduct poses particularized safety risks for the identified officers beyond the general hazards associated with police work. As the Appellate Division noted, the City's affidavits stated that retired officers may be assaulted "by persons they had arrested during their careers" or have handguns stolen from their homes if they are identified to the public. *Id.* For example, NYPD Inspector Michael Barreto affirmed that



Hon. Katherine Polk Failla
December 4, 2020
Page 2

"[i]t would clearly endanger the safety of retired police officers and their families, if the release of these retirees' names resulted in the discovery of their home addresses, whether through an internet search or otherwise, and that information in turn resulted in the burglary or robbery of these retirees' homes," where handguns are likely to be found.  Aff. of Michael Barreto in Support of Resp.'s Verified Answer at 5, *Empire Ctr. for Pub. Policy v. N.Y. City Police Pension Fund*, No. 156486/2018 (Sup. Ct., N.Y. Cnty. Sept. 27, 2018) (Doc. 23).  An attorney for the Corporation Counsel affirmed that "releasing the full names of these retired officers on the internet, as Empire Center intends to do, may provide criminal defendants and convicted felons with the information they need to take violent action and threaten the safety of these retired officers."  Aff. of Marilyn Richter in Support of Resp.'s Verified Answer at 4, *Empire Ctr. for Pub. Policy v. N.Y. City Police Pension Fund*, No. 156486/2018 (Sup. Ct., N.Y. Cnty. Sept. 27, 2018) (Doc. 25).  These affidavits support the Unions' position that identification of officers by name "will provide motivated and unstable individuals with all the information they need to track down specific police officers," FAC (ECF No. 226) ¶ 93, which the City labeled a "preposterous[]" argument, City Motion to Dismiss (ECF No. 233) at 20.

    *Empire Center* demonstrates that the City's treatment of the records at issue in this case is arbitrary and capricious.  *See* FAC ¶¶ 93-94.  The FAC alleges many of the same risks to officer safety recognized by the City's affiants in *Empire Center*.  *See id.* ¶¶ 94-97.  The City's inconsistent treatment of similar records in the face of similar safety risks "is not based on sound reason and lacks even a minimal level of analysis beyond the erroneous conclusion that the repeal of § 50-a permits unlimited disclosure (which it does not)."  *Id.* ¶ 98.

    We appreciate the Court's attention to this case.

                        Respectfully submitted,

                        */s/ Anthony P. Coles*

                        Anthony P. Coles
                        *Counsel for Plaintiffs*

cc:     All counsel of record (*via* ECF)
          failla_NYSDChambers@nysd.uscourts.gov