

**JAMES E. JOHNSON**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007-2601

KAMI Z. BARKER
Mobile: (646) 960-1103
kbarker@law.nyc.gov

December 7, 2020

**BY ECF**
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

          Re:    Uniformed Fire Officers Association, et al. v. Bill DeBlasio, et al.
                 20-cv-05441 (KPF) (RWL)

Dear Judge Failla:

      I am an Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, attorney for City Defendants in the above-referenced action. I write in response to Plaintiffs' December 4, 2020 letter, alerting the Court to recent Appellate Division First Department decision in Empire Ctr. for Pub. Policy v. N.Y. City Police Pension Fund, Case No. 2020-01575 (Nov. 24, 2020). See Dkt. No. 242. We note at the outset that the Empire Ctr. case solely addressed retired officers; the names and salaries of active officers are routinely disclosed and posted on the Internet, so none of the points in plaintiffs' letter apply to active officers. See e.g. https://www.seethroughny.net/ (last visited on December 7, 2020). As outlined more fully below, plaintiffs' letter and the decision in Empire Ctr. likewise has no bearing on the underlying case or defendants' motions to dismiss as to retired officers.

      Plaintiffs suggest that the Police Pension Fund's ("PPF") position on the life-and-safety exemption regarding retired officers in Empire Ctr. somehow undermines the defendants' position here. However, this ignores two key points: (1) the defendants here are distinct agencies from the PPF and thus free to exercise their discretion regarding FOIL exemptions differently from the PPF; and (2) the police disciplinary records at issue here are quite different from the summary pension information at issue in Empire Ctr., which also may properly bear on the discretionary judgment whether to invoke a FOIL exemption. Separately and together, these points demonstrate why Empire Ctr. has no legal relevance here.

First, plaintiffs wrongly attribute the PPF's argument in Empire Ctr. to the entire City of New York, once again blurring the independence between each City agency. Indeed, expecting the PPF, more than half of whose Board members are police union representatives, see https://www1.nyc.gov/html/nycppf/html/about_ppf/board.shtml, to apply discretionary FOIL exemptions in the same exact manner as the CCRB, an independent police watchdog, is irrational. Different agencies are permitted to reach different conclusions concerning the application and invocation of FOIL exemptions, in response to different FOIL requests, and those decisions lie strictly within the agency's discretion. The idea that the City is some monolithic organization, which must mechanistically apply a single uniform policy when formulating FOIL responses, is neither based in fact nor precedent. The PPF's decision to invoke the safety exemption in Empire Ctr. does not and cannot require every other City agency to invoke the same exemption any time retired officers' names would be disclosed. A decision holding otherwise would wreak havoc on City government. Indeed, it would undermine the ability of independent city agencies to exercise their delegated discretion and fulfill their differing missions to the public in their own spheres of expertise.

Second, the records at issue in Empire Ctr. are very different from those at issue here, which also logically may bear on an agency's determination whether to invoke the FOIL life-and-safety exemption. After all, the First Department has held that the exemption requires only a *possibility*—not a likelihood, as plaintiffs would need to demonstrate—of risk to life and safety. See Empire Ctr., Case No. 2020-01575 (First Dep't, Nov. 24, 2020), Dkt. No. 242-1; see also Connolly v. New York Guard, 175 A.D.2d 372, 373 (3d Dep't 1991); Matter of Stronza v. Hoke, 148 A.D.2d 900, 901 (3d Dep't 1989) (same). Context naturally matters to agencies' exercise of discretion in this area. The PPF case involved disclosure of pension benefit information, where it is hard to see how the disclosure is meaningfully limited by redacting names. Here, by contrast, police disciplinary records—and quite a different circumstance—are at issue. The two contexts thus do not involve substantially similar facts. In re Charles A. Field Delivery Serv., 66 N.Y.2d 516 (1985).

Moreover, plaintiffs mischaracterize the position of the PPF in Empire Ctr., claiming that "the City argued that the release of retired officer names alone would endanger those officers and their families..." This is false. In 2009 and again in 2014, the petitioner in Empire Ctr. requested that the PPF produce "the name; last employer; gross retirement benefit for each fiscal year; years of service (service credit); retirement date and date of commencement of retirement system membership" for every retired police officer. See Verified Answer at ¶ "42," Empire Ctr., No. 156486/2018 (Sup. Ct., N.Y. Cnty. Sept. 21, 2018) (Doc. 13). The PPF – not "the City," as plaintiffs claim – responded by invoking two FOIL exemptions: Public Officers Law (POL) §§ 89(7), which exempts the home addresses of public retirees from disclosure, and POL § 87(2)(f), which allows an agency to deny FOIL access to records that, if disclosed, may endanger the life or safety of any person. Ultimately, the PPF provided the information with the retirees' names redacted, and in 2018, the petitioner challenged the decision in an Article 78.

In its papers, the PPF argued that a retired officer's "name, *coupled with any additional piece of personal information*," see Miller Affidavit at ¶ "7," Empire Ctr., No. 156486/2018 (Sup. Ct., N.Y. Cnty. Sept. 21, 2018) (Doc. 22), such as a retired officer's last known employer, could provide begrudging criminals with enough information to locate retired police

officers. Because retired officers are more vulnerable than active duty officers due to, *inter alia*, receiving less protection from the NYPD, the PPF argued that the life-and-safety exemption was appropriate.  In this case, however, defendants have no intention of disclosing any personal information about plaintiffs' members other than their names. Indeed, complaints of misconduct and determinations thereof, particularly those from the CCRB, which arise from public interactions, cannot possibly be considered personal information. Thus, the PPF's argument in Empire Ctr. is inapposite and should be ignored.

Additionally, the underlying FOIL determination at issue in Empire Ctr. was made well before the repeal of § 50-a, which was the result of a major societal shift in the public value of police disciplinary records – not pension records. Thousands of New Yorkers and citizens around the nation marched for greater police transparency, and the Legislature responded by recognizing the immense public value of these records and repealing § 50-a. The purpose of the repeal is to ensure that members of the public can access these records to better understand the officers patrolling their neighborhoods. The decision to disclose records relating to police misconduct reflects NYPD and CCRB's judgment that public safety will be enhanced by rebuilding trust with the communities that the police serve. To require that disciplinary records be given the same weight as pension records in a FOIL response would be unjust. Certainly, plaintiffs' attempts to *require* defendants to invoke such an exemption when disclosing disciplinary records would pervert the New York Legislative direction.

As a separate point, many retired officers' names have already been made public and posted on the Internet. As plaintiffs admitted in their original motion for a preliminary injunction, "once information is public, it can never be made private again." Gambale v. Deutsche Bank AG, 377 F.3d 133, 144 (2d Cir. 2004) ("We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again."). Since the NYCLU disseminated the CCRB officer history database in August of this year, "the cat is out of the bag," as Your Honor aptly stated during a previous conference. Indeed, what is public can never be made private again, and whatever harm plaintiffs' retired members might have suffered from said publication could not be avoided by restricting defendants from publishing the very same data. Thus, forbidding defendants from publishing the disciplinary records or requiring them to invoke the safety exemption would not only fail to prevent the dissemination of these records, but would essentially grant the sole right to distribute this data to third parties, who have no responsibility for accuracy or completeness. This increases the probable spread of misinformation and decreases the public's eroding trust in government – the very thing the 50-a repeal sought to repair. Therefore, because third parties have already published these records, the public policy of FOIL requires that defendants err on the side of disclosure, and that is what they intend to do.

For these reasons, defendants request that the Court reject the arguments in plaintiffs' December 4, 2020 letter and grant the City Defendants' motion to dismiss, which was

fully submitted on November 20, 2020. We thank the Court for its consideration of this request.

                        Respectfully submitted,

        By:    **ECF**:        /s/
                        Kami Z. Barker
                        Assistant Corporation Counsel

cc:    DLA Piper (by ECF)
       Anthony Coles
       *Attorney for Plaintiffs*

       Orrick, Herrington & Sutcliffe LLP (by ECF)
       Alex V. Chachkes
       Margaret Wheeler-Frothingham
       *Attorneys for Defendant-Intervenor*
       *Communities United for Police Reform ("CPR")*