

January 14, 2021

*Via ECF*

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

**orrick.com**

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York  10007

**Alex V. Chachkes**

E  achachkes@orrick.com
D  +1 212 506 3748
F  +1 212 506 5151

      Re:   *United Fire Officers Association et al v. de Blasio et al*,
               No. 20-cv-05441-KPF

Dear Judge Failla:

I am counsel of record for Intervenor-Defendant Communities United for Police Reform (CPR) in the above referenced action.  CPR submits this Notice of Supplemental Authority to bring the Court's attention to a recent decision of the Supreme Court of Schenectady County in *Schenectady Police Benevolent Association v. City of Schenectady* (*Schenectady PBA*), Index No. 2020-1411 (Sup. Ct. Schenectady Cty. Dec. 29, 2020).  Like this case, *Schenectady PBA* is a police union's attempt to enjoin the release of disciplinary and misconduct records that the legislature made presumptively public when it repealed § 50-a.  The trial court dismissed the case with prejudice, rejecting allegations that disclosure would violate the Due Process Clause, the Equal Protection Clause, collective bargaining agreements (CBAs), and Article 78.  Slip Op. 10-15.  *Schenectady PBA* rejects many of the same claims and underlying legal premises the Unions advance here.

**"Substantiated" versus "Unsubstantiated."**  "It is of little consequence that records contain unsubstantiated charges or mere allegations."  Slip Op. 10.  "It is not the veracity of the allegations but, instead, whether they relate to the discharge of public duties which guides the analysis."  *Id.*

**CBAs.**  "It is axiomatic that the public right of access to records under FOIL cannot be bargained away in collective bargaining."  *Id.* at 12.



January 14, 2021
Page 2

***Stigma-Plus Claims.***  "[T]he disclosure of police personnel records, albeit possessing the potential for reputational damage, does not amount to a cognizable protected interest … without more, such as … the loss of employment."  *Id.*

***Privacy.***  "A finding that [the record at issue] be withheld or redacted on the basis that its release would constitute an unwarranted invasion of personal privacy … would render the legislature's repeal of [§ 50-a] utterly meaningless simply by the respondents theorizing that the record (or any portion thereof) is, in their opinion, 'private.'"  *Id.* at 14.

Ultimately, *Schenectady PBA* recognizes, "[i]n the balance between the public's right of access and the impact of disclosure upon the officer, the legislature has now made clear that the latter … must bow to the former."  *Id.* at 12.

Very truly yours,


/s/ Alex V. Chachkes
Alex V. Chachkes