

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

**orrick.com**

**Renee Phillips**

E  rphillips@orrick.com
D  +1 212 506 5153
F  +1 212 506 5151

**Christopher J. Cariello**

**ccariello@orrick.com**.com
E  ccariello@orrick.com
D  +1 212 506 3778

March 17, 2021

*Via ECF*

Hon. Katherine Polk Failla
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY, 10007

Re:     *Uniformed Fire Officers Association v. de Blasio*, 1:20-cv-05441-KPF

Dear Judge Failla:

Intervenor Communities United for Police Reform (CPR) requests a pre-motion conference regarding its anticipated Motion to Modify the Preliminary Injunction pursuant to Fed. R. Civ. P. 59(e), 60(b) and the Court's inherent authority.

On August 21, 2020, this Court enjoined release of records described in § 8 of certain collective bargaining agreements between the Unions and City. Dkt. 197. Section 8 refers to a subset of records of misconduct violations of the types enumerated in "Schedule A." Upon CPR's appeal from the preliminary injunction, the Second Circuit affirmed on a sole ground. *Uniformed Fire Officers Ass'n v de Blasio*, __ F. App'x __, 2021 WL 561505, *4 (2d Cir. Feb. 16, 2021). It held that "on this record"—that is, the preliminary injunction record that was before this Court—this Court did not err in finding that the Schedule A violations described in § 8 fall within FOIL's exemption for "technical infractions," N.Y. Pub. Officers § 86(9). *Id.* at *4.

But the Second Circuit's decision went on to provide that "[i]f CPR can show that 'Schedule A' violations include anything other than '[t]echnical infraction[s]' as defined by New York law, … it may move the District Court for appropriate relief, *see Weight Watchers Int'l, Inc. v. Luigino's, Inc.*, 423 F.3d 137, 141 (2d Cir. 2005)." *Id.* at *4. The *Luigino* case cited by the Second Circuit as an example of such "appropriate relief" involved a motion to modify a preliminary injunction. The Second Circuit's decision thus explicitly contemplates that CPR may move to modify the injunction on the ground that Schedule A embraces more than technical infractions, such that § 8—under the Unions' reading of the provision—impermissibly "bargain[s] away [the City's] FOIL obligations." *UFOA*,



Hon. Katherine Polk Failla
March 17, 2021

2021 WL 561505 at *4; *see id.* at *1 ("To the extent [the Unions'] claim implicates records that must be disclosed under FOIL, the NYPD cannot bargain away its disclosure obligations.").

"The power of a court of equity to modify a decree of injunctive relief is long-established, broad, and flexible." *N.Y.S. Ass'n for [] Children Inc. v. Carey*, 706 F.2d 956, 967 (2d Cir. 1983). A court may modify an injunction "if the circumstances, whether of law or fact, obtaining at the time of its issuance have changed." *Sys. Fed'n No. 91, Ry. Emp. Dep't, AFL-CIO v. Wright*, 364 U.S. 642, 647 (1961). "[T]he power of equity has repeatedly been recognized as extending also to cases where a better appreciation of the facts in light of experience indicates that the decree is not properly adapted to accomplishing its purposes." *King-Seeley Thermos Co. v. Aladdin Indus., Inc.*, 418 F.2d 31, 35 (2d Cir. 1969) (Friendly, J.).

Modification is merited here on precisely the ground the Second Circuit described: A significant proportion of records pertaining to "Schedule A" violations involves misconduct that cannot, as a matter of law, be subject to FOIL's technical infractions exemption. Such records should therefore be explicitly excluded from the existing injunction.

The relevant legal provisions make this plain. A technical infraction is:

> a minor rule violation by a person employed by a law enforcement agency as defined in this section as a police officer, peace officer, or firefighter or firefighter/paramedic, solely related to the enforcement of administrative departmental rules that (a) do not involve interactions with members of the public, (b) are not of public concern, and (c) are not otherwise connected to such person's investigative, enforcement, training, supervision, or reporting responsibilities.

N.Y. Pub. Officers Law § 86(9).

Several types of misconduct that could be classified as a Schedule A infraction could not possibly satisfy all three conditions.[1] For example, "[o]bvious neglect of care of firearms" or "[f]ailure to perform duties in connection with court appearances" plainly may be "of public concern." An "[a]bsence from … post or assignment" or a "failure to properly perform … patrol" plainly may be "connected to [an officer's] investigative [and]

---

[1] Section 8's reference to "Patrol Guide 118-2" as containing the list of Schedule A violations appears to be outdated. In the current Patrol Guide, such violations are listed in § 206-03. *See* https://on.nyc.gov/3eOBeRr.



Hon. Katherine Polk Failla
March 17, 2021

enforcement … responsibilities." The NYPD's recently released discipline matrix, moreover, includes certain "FADO" violations—i.e., violations within the jurisdiction of the Civilian Complaint Review Board—as Schedule A infractions, and FADO violations will virtually always involve "interactions with members of the public."[2]

Although the relevant legal provisions demonstrate to a virtual certainty that Schedule A is not legally limited to technical infractions, publicly available evidence does not fully demonstrate actual departmental practices on use of Schedule A. Nor does it reveal the extent to which records currently or prospectively enjoined from release cannot satisfy the technical infractions exemption, and therefore should be excluded from the injunction under the reasoning of the Second Circuit's decision. CPR therefore also respectfully requests that the Court permit limited discovery to assemble a factual record demonstrating that 'Schedule A' violations include [violations] other than '[t]echnical infraction[s]' as defined by New York law," *UFOA*, 2021 WL 561505 at *4. This discovery would be similar in scope and scale to that which the Court allowed the Unions to undertake prior to their preliminary injunction motion, and it could be conducted on an expedited basis.

CPR has contacted counsel for both the City and the Unions. Each party has indicated that it will provide its position in a separate letter. CPR respectfully requests that the Court set a pre-motion conference in due course.

Respectfully submitted,

/s/Renee Phillips                   /s/ Christopher J. Cariello
Renee Phillips                       Christopher J. Cariello

cc (via ECF):
All counsel of record

---

[2] New York City Police Department, Disciplinary System Penalty Guidelines 51, https://on.nyc.gov/38PVIp3 (Jan. 15, 2021). "FADO" stands for "**F**orce, **A**buse of Authority, **D**iscourtesy, and **O**ffensive Language." *Id.* at 4.