**MEMO ENDORSED**



| | **The City of New York** | |
|---|---|---|
| **JAMES E. JOHNSON** | **LAW DEPARTMENT** | **Dominque F. Saint-Fort** |
| *Corporation Counsel* | LABOR & EMPLOYMENT LAW DIVISION | Phone: (212) 356-2444 |
| | 100 Church Street, 2nd Floor | Fax: (212) 356-2439 |
| | NEW YORK, NEW YORK 10007 | Email: dosiant@law.nyc.gov |

March 22, 2021

**BY ECF**
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

        Re:    <u>Uniformed Fire Officers Association, et al. v. Bill DeBlasio, et al.</u>
               20-cv-05441 (KPF) (RWL)

Dear Judge Failla:

        We are Assistant Corporation Counsels in the office of James E. Johnson, Corporation Counsel of the City of New York, attorney for Defendants in the above-referenced action. We write in response to Intervenor Communities United for Police Reform's ("CPR") March 17, 2021 letter requesting a pre-motion conference regarding its anticipated Motion to Modify the Injunction pursuant to Fed. R. Civ. P. 59(e), 60(b). <u>See</u> ECF Dkt. No. 257. Defendants are amenable to a modification of the preliminary injunction, but strongly oppose CPR's request to re-open discovery in this action to support their motion.

        On August 21, 2020, Your Honor denied Plaintiffs' motion for a preliminary injunction in part and granted it in part, to extent that:

> "The NYPD and CCRB may not disclose records of Schedule A command discipline violations for cases heard in the trial room, for which the ultimate disposition of the charge at trial, or on review or appeal, is other than guilty, which records have been, are currently, or could be in the future the subject of a request to expunge the record of the case pursuant to Section 8, for those

        officers covered by the PBA, the SBA, and the LBA, collective bargaining agreements."

ECF Dkt. No. 216, at 23.  Since the issuance of that limited preliminary injunction, Defendants have learned that it is possible that a non-technical infraction, as defined under N.Y. Pub. Officers Law § 86(9), could result in a Schedule A Command Discipline.  Under the injunction, Defendants are enjoined from producing these documents in response to a FOIL request.

        In particular, on January 15, 2021, the NYPD released its "Disciplinary System Penalty Guidelines."[1]  In the guidelines, the NYPD identified that, "[a]ny minor FADO violation [could], in the opinion of the CCRB or NYPD [be] appropriate for a Schedule 'A' Command Discipline" – the discipline traditionally given for Schedule "A" violations.  Therefore, it is possible that a non-technical infraction could be disciplined as a Schedule "A" violation and, thus, be covered by the existing injunction.

        CPR contends that it requires additional discovery to determine whether it is possible that a non-technical infraction could be disciplined as a Schedule "A" violation.  However, there is no dispute as to whether this possibility exists, and thus there is no need to re-open discovery.  Further, given that a non-technical infraction could be disciplined as a Schedule "A" Command Discipline, and therefore covered by the current injunction, Defendants do not oppose a modification of the injunction to be limited to technical infractions, as defined by N.Y. Pub. Officers Law § 86(9).  Defendants, however, appreciate that modifying the injunction in this action is a complicated undertaking given the parameters of the FOIL Law, as well as the current arbitration proceedings related to Section 8 in PBA, the SBA, and the LBA collective bargaining agreements.

        As such, for the reasons set forth above, the Court should deny CPR's request for discovery.  Further, if the Court is inclined to grant CPR's request for a pre-motion conference, Defendants respectfully request that the conference take place after April 5, 2020 so that Defendants can continue internal discussions regarding modification language and potentially collaborate with CPR to draft mutually agreeable language to propose to the Court for its consideration.

        Respectfully,

*/s/ Dominique F. Saint-Fort*
Dominique F. Saint-Fort
Assistant Corporation Counsel

*/s/ Kami Barker*
Kami Barker
Assistant Corporation Counsel

cc:    All Counsel of Record (by ECF)

---

[1] Available at: https://www1.nyc.gov/assets/nypd/downloads/pdf/public_information/disciplinary-system-penalty-guidelines-effective-01-15-2021-compete-.pdf (last visited on March 19, 2021).

The Court is in receipt of the letter motion from Intervenor Communities United for Police Reform ("CPR") requesting a pre-motion conference regarding its anticipated Motion to Modify the Injunction (Dkt. #257), as well as Defendants' above response (Dkt. #258).  Plaintiffs declined to submit a responsive letter.

CPR's request for a conference is GRANTED.  The parties are ORDERED to appear for a telephonic conference on **April 13, 2021, at 12:00 p.m.**  At the specified date and time, the parties shall call (888) 363-4749 and enter access code 5123533#.  Please note, the conference line will not be available before 12:00 p.m.

The Clerk of Court is directed to terminate the motion at docket entry 257.

Dated:   March 29, 2021          SO ORDERED.
         New York, New York

                                 HON. KATHERINE POLK FAILLA
                                 UNITED STATES DISTRICT JUDGE